# DECLARATION OF HYOJONG CHOI IN SUPPORT OF VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF FOREIGN MAIN PROCEEDING

I, Hyojong Choi, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1. I am an attorney licensed, and in good standing, to practice in the Republic of Korea.

2. I have been retained by Toshiba Samsung Storage Technology Korea Corporation (the "Company"), with the authorization of the Korean Bankruptcy Court (as defined below), to represent the Company as its primary counsel in its Korean rehabilitation proceeding and as Korean counsel in connection with this Chapter 15 case.

3. I have been practicing law in Korea for 12 years. The focus of my practice is litigation, bankruptcy and corporate restructuring. I was educated in Korean law at Seoul National University. I have extensive experience with bankruptcy and corporate restructuring cases in Korea.

4. This declaration is comprised of matters that are statements of legal opinion and/or statements of fact. Where the matters stated in this declaration are statements of legal opinion, such statements reflect Korean law based on my education and years of experience practicing Korean law in Korea. Where the matters stated in this declaration are statements of fact they are either: (i) based on my personal knowledge, and are known to me to be true and accurate, or (ii) if not within my personal knowledge, are derived from documents and/or information supplied to me by or on behalf of the Petitioner

1

Dae-Sung Cho("Petitioner"), the trustee and foreign representative of the Company, and are true to the best of my knowledge, information and belief.

5.  I submit this declaration in support of the petition for recognition of a foreign main proceeding, and related relief made pursuant to Chapter 15 of title 11 of the United States Code (the "Bankruptcy Code").

6.  The Company was established on or about 2004 as Toshiba Samsung Storage Technology Korea Corporation. The Company is organized under the laws or the Republic of Korea, with a registered address at 14th floor 102 Shinwon-ro 88, (Shin-Dong, Digital Empier II) Youngtong-gu, Suwon-shi, Kyunggi-Do, Korea.

7.  The Company engaged in the business of research & development, manufacture, sale, export/import and provision of operation and maintenance technology service for optical disc devices (the "ODD"), and the application equipment and related parts.

8.  The Company operated global ODD business as of the date of filing the *Application for Commencement of Rehabilitation Proceedings* (the "Application"). Toshiba Corp., (the "Toshiba") a mother company of the Company, had a five-year free cross patent license agreement with LG Electronics, Inc., (the "LG") which also provided with the Company as Toshiba's subsidiary the benefit of free patent license. On its expiration at the end of 2011, Toshiba and LG commenced a discussion for the renewal of it and LG requested a royalty no less than $667M due to the Company's ODDs. Eventually, the renewal was not successful and LG filed a patent infringement suit, asserting their four (4) patents against the Company in the Federal District Court of Delaware on 22 August, 2012. A copy of LG's offer letter regarding LGE Optical Disc Drive Patent License is attached hereto as **Exhibit "A"**.

**The Korean Bankruptcy Proceeding**

9.   On May 12, 2016, the Company filed the Application in Korea under the Debtor Rehabilitation and Bankruptcy Act (as amended, the "DRBA"). A copy of the Application in English translation is attached hereto as **Exhibit "B"**

10.   The 6th Bankruptcy Division of the Seoul Central District Court (the "Korean Bankruptcy Court") received the Application and, on May 13, 2016, entered an *Order* preventing the Company from, *inter alia*, disposing of any assets and repaying any debts ("Preservation Order").

11.   The Preservation Order were effective pending the Korean Bankruptcy Court's entry of the *Order* commencing the rehabilitation proceeding with respect to the Company ("Commencement Order"), which was issued on June 16, 2016. Also on June 16, 2016, the Korean Bankruptcy Court entered an *Order* concerning the Trustee's authority to act during the Korean Bankruptcy Proceeding ("Trustee Authority Order"), and has specifically authorized the filing of this chapter 15 case.

12.   Upon entry of the Commencement Order, and in accordance with Article 74(3), 74(4) and 640 of the DRBA, Petitioner, as trustee, has power to conduct all of the Company's business, manage all of its property, and carry out relevant activities overseas for Korean bankruptcy purposes and procedures – all under the conditions prescribed by the relevant foreign legislation, subject to the Korean Bankruptcy Court's supervision. Accordingly, the Petitioner is authorized to act as "foreign representative" of the Company in this chapter 15 case. Certified copies of the Preservation Order, Commencement Order, and

Trustee Authority Order, in English translation, are attached hereto as **Exhibit "C"**, **Exhibit "D"**, and **Exhibit "E"** respectively.

### Reasons for and Anticipated Results of the Korean Bankruptcy Filing

13. The financial difficulties faced by Company have been caused primarily by (i) sharp decline in the global ODD demand, (ii) delay in shift to new business models, and (iii) failure to build an efficient organizational structure through timely restructuring.

14. The current difficulties of the Company resulted from recession in the ODD market, uncertain future business prospects, and other external factors rather than problems associated with the management of the Company. The resulting business and financial challenges will be addressed by the Company's self-help efforts; such as the establishment of an elastic business structure that can cope with challenging present conditions in the ODD industry, through cost reduction and postponed payment of debts. Accordingly, it is certain that operating the Company as a going concern in the rehabilitation proceeding rather than liquidating the company, due to temporary illiquidity and negative ODD market conditions, is in the interest of employees, customers, creditors and any other interested persons of the Company.

15. Further details regarding the Company and its Korean Bankruptcy Proceeding can be found in the Application attached hereto as **Exhibit "F"**

### Overview of Rehabilitation Proceedings under Korean Law

16. This section sets forth the parts of the DRBA that govern the

Company's Korean rehabilitation filing and related rehabilitation proceeding. Under Article 34 of the DRBA[1], the debtor company may file an application for commencement of a rehabilitation proceeding under the following circumstances: (i) where the debtor finds it impossible to repay its obligations in the repayment period without any serious hindrance to the continuation of its business, (ii) where it is feared that bankruptcy may accrue to the debtor. For circumstance (ii) above, a creditor or creditors holding claims amounting to ten percent (10%) or more of the company's pain-in capital or shareholders holding ten percent (10%) or more of the debtor company's total issued and outstanding shares may also file the application for commencement of a rehabilitation proceeding.

17. Upon commencement of the rehabilitation proceeding, new attachments by creditors of a debtor company's property are prohibited. DRBA Art. 58(1). Additionally, all current attachments by creditors on the properties of the debtor company are suspended. DRBA Art. 58(2). And upon commencement of the rehabilitation proceeding, litigation procedures on the debtor's assets shall be suspended. DRBA Art. 59(1).

18. Upon commencement of the rehabilitation proceeding, in principle, the court will appoint a trustee (in other words, "Custodian"). DRBA Art. 50. The court-appointed trustee is required to occupy, obtain, and manage the property belonging to the debtor company. DRBA Art. 89. Generally, the rehabilitation trustee exercises discretion in managing and administering the debtor company's property. DRBA Arts. 56, 61, 89.

19. The creditors of a debtor subject to a rehabilitation proceeding are

---

[1] The references cited herein are references to the DRBA, an English translation of which is attached hereto as **Exhibit "F"**.

required to assert their claims in that proceeding. DRBA Art. 147, 148. More specifically, upon the commencement of the rehabilitation proceeding, the trustee will prepare a list of the creditors' claims. If the claims are correctly specified in such list, the filing of proofs of claims will not be required. However, if the claims are not specified or specified incorrectly, the creditors must file their claims and proofs of claims within a period of time designated by the court. Thereafter, the trustee, the debtor and/or the rehabilitation creditors are entitled to inspect the existence, context and cause of filed and specified claims within a timeframe set by the court (the "Inspection Period"). If the trustee, the debtor, or a rehabilitation creditor does not accept the filing of a claim, the subject creditor must file an application for confirmatory action within one month from the last day of the Inspection Period. DRBA Art. 170(2). Once a confirmatory action is filed, the court reviews the filing and gives its decision. Any party that objects to the court's decision may file an objection within one month from receipt of the decision, following which the case is moved to the ordinary court and is reviewed in accordance with ordinary civil procedure.

20. After a draft of rehabilitation plan is prepared and submitted by trustee and/or rehabilitation creditors to the court, the interested parties meet to review the plan. Finally, the interested parties meet again to vote on the rehabilitation plan.

21. A rehabilitation plan may call for rescheduling of the debtor's debt over a period not to exceed, in principle, ten years, except when corporate debentures are issued pursuant to the rehabilitation plan. Any secured rehabilitation claims and unsecured rehabilitation claims which are not recognized under the court-approved plan would be irrevocably extinguished

even if the rehabilitation proceeding is subsequently terminated by the court.

22. In practice, if a debtor company completes the performance of its obligations under the rehabilitation proceeding or the court deems that the debtor company will perform its obligations without any problems, the court may terminate the rehabilitation proceeding with respect to the company at which point the company will no longer be subject to the proceeding. However, if the rehabilitation proceeding is discontinued due to the company's failure to comply with the rehabilitation plan and the grounds for bankruptcy exist, the court will terminate the rehabilitation plan and the grounds for bankruptcy exist, the court will terminate the rehabilitation proceeding and declare the company bankrupt.

23. Generally, companies in rehabilitation under the DRBA have an opportunity to achieve a collective outcome that is generally beneficial to company stakeholders such as creditors, customers and employees.

24. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Seoul, Republic of Korea on 27 June, 2016

_____
Hyojong Choi

Attorney at Law