# EXHIBIT B

# DEBTOR REHABILITATION AND BANKRUPTCY ACT

Act No. 7428, Mar. 31, 2005
Amended by Act No. 7892, Mar. 24, 2006
Act No. 7894, Mar. 24, 2006
Act No. 7895, Mar. 24, 2006
Act No. 8138, Dec. 30, 2006
Act No. 8635, Aug.  3, 2007
Act No. 8814, Dec. 27, 2007
Act No. 8829, Dec. 31, 2007
Act No. 8863, Feb. 29, 2008
Act No. 9346, Jan. 30, 2009
Act No. 9804, Oct. 21, 2009
Act No. 10219, Mar. 31, 2010
Act No. 10281, May 14, 2010
Act No. 10303, May 17, 2010
Act No. 10366, jun. 10, 2010
Act No. 10682, May 19, 2011
Act No. 11828, May 28, 2013
Act No. 12153, Jan.  1, 2014
Act No. 12591, May 20, 2014
Act No. 12595, May 20, 2014

**Article 1 (Purpose)**

The purpose of this Act is to efficiently rehabilitate debtors who are faced with livelihood collapse due to financial difficulties, and their businesses through coordination of legal relations among interested persons, including creditors, shareholders and equity holders, etc. and to fairly liquidate and divide assets of debtors who are deemed difficult to rehabilitate.

**Article 2 (Status of Foreigners and Foreign Corporation s)**

In the application of this Act, foreigners and foreign corporations shall have the same status as that of peoples of the Republic of Korea or corporations of the Republic of Korea.

**Article 3 (Jurisdiction)**

(1) Rehabilitation cases and bankruptcy cases, or individual rehabilitation cases shall be placed under the exclusive jurisdiction of the principal district court having jurisdiction over any of the following places: <Amended by Act No. 12595, May 20, 2014>

  1. The general jurisdiction of the debtor;

  2. The place where the debtor's principal office or place of business is located, or the place where an office or place of business at which the debtor is continuously employed is located;

  3. The location of the debtor's property (in cases of a claim, referring to the place in which a judicial claim may be filed), where any place falling under subparagraph 1 or 2 is unascertainable.

(2) Notwithstanding paragraph (1), a petition for rehabilitation or bankruptcy may be filed with the principal district court in the city in which is located the high court having jurisdiction over the location of the debtor's principal office or place of business. <Amended by Act No. 12595, May 20, 2014>

(3) Notwithstanding paragraph (1), any of the following petitions may be filed with the district court, according to the divisions in the following subparagraphs: <Amended by Act No. 12595, May 20, 2014>

  1. Where a rehabilitation case or bankruptcy case involving any affiliated company under subparagraph 3 of Article 2 of the Monopoly Regulation and Fair Trade Act is pending, an application for commencement of rehabilitation procedures or a petition for declaring bankruptcy for another affiliated company: the principal district court in which the rehabilitation case or bankruptcy case concerning the former affiliated company is pending;

  2. Where a rehabilitation case or bankruptcy case involving any corporation is pending, an application for commencement of the rehabilitation procedures or a petition for declaration of the bankruptcy of the representative of such corporation: the principal district court in which the rehabilitation case or bankruptcy case of that corporation is pending;

  3. Where a rehabilitation case, bankruptcy case, or individual rehabilitation case for any of the following persons is pending, an application for commencement of the rehabilitation procedures, a petition for bankruptcy, or an application for commencement of individual rehabilitation procedures for any other person provided for in the relevant item: the principal district court in which the rehabilitation, bankruptcy or individual rehabilitation case is pending:

    (a) The principal debtor and his/her guarantor;

    (b) A debtor and the person who is jointly liable with the debtor;

    (c) A debtor and his/her spouse.

(4) A rehabilitation or bankruptcy case concerning the debtor who is not an individual shall be placed under the exclusive jurisdiction of the collegiate division of the principal district court under the provisions of paragraphs (1) through (3). <Amended by Act No. 12595, May 20, 2014>

(5) A bankruptcy case concerning any inherited property shall be placed under the exclusive jurisdiction of the principal district court having jurisdiction over the place where the inheritance of such property commences.

(6) A bankruptcy case concerning any property which belongs to a limited-liability trust (hereinafter referred to as "limited-liability trust property"), which is created pursuant to Article 114 of the Trust Act, shall be placed under the exclusive jurisdiction of the principal district court having jurisdiction over the general jurisdiction of the truster (where at least two trusters exist, it refers to the general jurisdictional location of any one such person). *<Newly Inserted by Act No. 11828, May 28, 2013>*

(7) Where no competent court prescribed under paragraph (6) exists, the bankruptcy case shall be placed under the exclusive jurisdiction of the principal district court having jurisdiction over the location of the limited liability trust property (in cases of a claim, the place in which a judicial claim may be filed shall be deemed such location). *<Newly Inserted by Act No. 11828, May 28, 2013; Act No. 12595, May 20, 2014>*

(8) Every case placed under the jurisdiction of the Seoul Eastern District Court, the Seoul Southern District Court, the Seoul Northern District Court, or the Seoul Western District Court under the provisions of paragraphs (1) and (5) through (7), shall be placed under the exclusive jurisdiction of the Seoul Central District Court. *<Amended by Act No. 11828, May 28, 2013; Act No. 12595, May 20, 2014>*

(9) Notwithstanding paragraph (1), where the general jurisdictional location of an individual debtor under subparagraph 1 of Article 579, is Gangneung Si, Donghae Si, Samcheok Si, Sokcho Si, Yangyang Gun, or Goseong Gun, a petition for a bankruptcy declaration for the individual debtor or an application for commencement of an individual rehabilitation procedure may be filed with the branch court of the Chuncheon District Court. *<Newly Inserted by Act No. 12595, May 20, 2014>*

**Article 4 (Transfer Aimed at Avoiding Damage or Delay)**

When it is deemed necessary to avoid any substantial damage or delay, the court may exercise, its inherent jurisdiction to transfer any rehabilitation case, any bankruptcy case, or any individual rehabilitation case to the principal district court that falls under any of the following subparagraphs: *<Amended by Act No. 12595, May 20, 2014>*

　　1. The principal district court having jurisdiction over the debtor's other place of business or other offices, or the location of the debtor's property;

　　2. The principal district court having jurisdiction over the domicile or residence of the debtor;

　　3. The principal district court under Article 3 (2) or (3);

　　4. When the rehabilitation case, the bankruptcy case, or the individual rehabilitation case is pending in the relevant district court pursuant to pursuant to Article 3 (2) or (3), the principal district court under Article 3 (1).

**Article 5 (Cooperation Among Courts)**

In the procedures provided for in this Act, courts may seek legal cooperation among themselves.

**Article 6 (Declaration of Bankruptcy Following Discontinuation of Rehabilitation Procedures, etc.)**

(1) Where a decision to discontinue rehabilitation procedures is confirmed after the rehabilitation plan is authorized for a debtor who is not declared bankrupt, the court shall, when it is recognized that the fact of causing the bankruptcy of such debtor exists, declare him/her bankrupt by its authority.

(2) Where the decision falling under any of the following subparagraphs is confirmed on the debtor who is not declared bankrupt, the court may, when it is recognized that a cause for the bankruptcy of the debtor exists, declare him/her bankrupt by its authority or upon receiving an application filed by the debtor or any custodian:

    1. The decision to dismiss an application filed for commencing the rehabilitation procedures;

    2. The decision to discontinue the rehabilitation procedures before the rehabilitation plan is authorized;

    3. The decision not to authorize the rehabilitation plan.

(3) Where the bankruptcy is declared pursuant to the provisions of paragraphs (1) and (2), the commission of the register or the registration falling under any of the following subparagraphs shall be made together with the commission of the register or the registration of any bankruptcy:

    1. The commission of the register provided for in the provisions of Articles 23 (1), and 24 (4) and (5);

    2. The commission of the registration provided for in the provisions of Article 24 (4) and (5) that are applied mutatis mutandis under the provisions of Article 27.

(4) Where the bankruptcy is declared pursuant to the provisions of paragraph (1) or (2), when no application is filed for the suspension of any payment or any bankruptcy prior to the declaration of such bankruptcy in the application of the provisions of Part III, an act falling under any of the following subparagraphs shall be deemed the suspension of such payment and the application filed for bankruptcy and public-interest claims shall be deemed estate claims:

    1. An application filed for commencing the rehabilitation procedures;

    2. An act that is peformed by a director (including any executive officer and any other person corresponding thereto; hereinafter the same shall apply) of a corporate debtor that constitutes an offense of fraudulent bankruptcy as provided for in the provisions of Article 650.

(5) Where the bankruptcy provided for in the provisions of paragraph (2) is declared before it is decided to authorize the rehabilitation plan, in the application of the provisions of Part III, the report on rehabilitation claims and the inspection or the confirmation of the objection provided for in Part II shall be deemed the report on the bankruptcy claims and the inspection or the confirmation of the objection that are all performed under the bankruptcy procedures: Provided, That the same shall not apply to the objection raised to any claim, the inspection or the confirmation provided for in the provisions of Articles 134 through 138.

(6) When the declaration of bankruptcy referred to in the provisions of paragraph (1) or (2) is made, the litigation procedures that are taken by any custodian and any preservative custodian shall be suspended. In such cases, any trustee in bankruptcy and any other party may subrogate such litigation procedures.

(7) The bankruptcy is declared pursuant to the provisions of paragraph (1) or (2), any disposition, act, etc. that is taken and performed by any person falling under any of the following subparagraphs in the rehabilitation procedures pursuant to the provisions of Part II shall be deemed valid under the bankruptcy procedures in so far as they are not contrary to their nature. In this case, when it is deemed necessary, the court may prescribe the scope of the disposition, act, etc. that are deemed valid by its decision at the time

that it makes a declaration of bankruptcy:

    1. The court;

    2. The custodian, the protective custodian, an inspection commissioner, the Custodial Committee, a member of the Custodial Committee and the creditors' consultative council;

    3. The creditor, the secured creditor, a shareholder and an equity right holder (referring to employees of a company that is not a stock company and any other person who holds the position similar to that of the former; hereinafter the same shall apply);

    4. An interested person.

(8) When a decision to discontinue the rehabilitation procedures provided for in the provisions of Article 288 is confirmed after the bankruptcy procedures for a debtor who is declared bankrupt lose their effect on the grounds of a decision to authorize the rehabilitation plan, the court shall declare such debtor bankrupt by its authority.

(9) In cases falling under paragraph (8), in the application of the provisions of Part III, it shall be deemed that a petition is filed for bankruptcy at the time that a petition is filed for bankruptcy under the bankruptcy procedures that lose their effect by a decision to authorize the rehabilitation plan and public-interest claims shall be deemed estate claims.

(10) The provisions of paragraphs (3), (6) and (7) shall apply mutatis mutandis to cases falling under paragraph (8).

### Article 7 (Public-Interest Claims, etc. Where Bankruptcy Procedures Continue)

(1) When a decision falling under any of the following subparagraphs is confirmed on a debtor who is declared bankrupt and the bankruptcy procedures continue, public-interest claims shall be deemed estate claims:

    1. A decision to dismiss an application filed for commencing rehabilitation procedures;

    2. A decision to discontinue a rehabilitation procedures before an authorization is granted for a rehabilitation plan;

    3. A decision not to grant an authorization for a rehabilitation plan.

(2) The provisions of Articles 6 (5) through (7) shall apply mutatis mutandis where the decision falling under any of each subparagraph of paragraph (1) is confirmed on a debtor who is declared bankrupt and that the bankruptcy procedures continue.

### Article 8 (Delivery)

(1) Every judgment that is given pursuant to the provisions of this Act shall be delivered ex officio.

(2) Documents may be delivered by standard post to the domiciles of the debenture holders, shareholders or equity right holders of a corporate debtor, when they report such domiciles pursuant to this Act and to the domiciles that are contained on the debenture register, the shareholders' roll, the employees' roll or the register book or to the domiciles of which they notify the corporate debtor.

(3) Documents may be delivered by standard post to the domiciles of secured creditors who hold registered security rights when they report such domiciles pursuant to the provisions of this Act or to the

domiciles that are contained on the register book when they fail to report such domiciles.

(4) When the documents are delivered by standard post pursuant to the provisions of paragraphs (2) and (3), such documents shall be deemed delivered at the time when postal items can be routinely delivered.

(5) In cases falling under paragraphs (2) and (3), court officials of Grade IV, V, VI, or VII (hereinafter referred to as "court officials of Grade V, etc.") shall each prepare a written statement and enter the matters falling under each of the following subparagraphs in such written statement and shall each ascribe his/her name and affix his/her seal to such written statement:

　　1. The names and domiciles of persons who are eligible to accept the service of documents;

　　2. The date on which such documents are posted.

(6) The provisions of paragraphs (1) through (5) shall not apply when this Act expressly prescribes otherwise.

## Article 9 (Publication)

(1) The publication provided for in the provisions of this Act shall be by way of the Official Gazette or according to methods that are prescribed by the rules of the Supreme Court.

(2) The effect of the publication referred to in the provisions of paragraph (1) shall accrue on the day following the day on which it is published in the Official Gazette or on the day following the day on which it is made according to the methods that are prescribed by the rules of the Supreme Court.

(3) When any judgment is published pursuant to the provisions of paragraph (1), all persons concerned shall be deemed notified of such judgment: Provided, That the same shall not apply when this Act expressly prescribes otherwise.

## Article 10 (Publication in Lieu of Service)

(1) Where the provisons of this Act require service, when it is difficult to identify the place at which such service has to be made and the grounds that are prescribed by the rules of the Supreme Court exist, publication thereof may substitute such service.

(2) The provisions of paragraph (1) shall not apply when this Act expressly prescribes otherwise.

## Article 11 (Cases Where Both Publication and Service are Required)

(1) Where both publication and service are posting required pursuant to the provisions of this Act, such service may be made by posting documents.

(2) The publication referred to in the provisions of paragraph (1) shall have the effect of service such documents upon all of the persons concerned.

## Article 12 (Optional Argument and Ex Officio Inspection)

(1) Any trial provided for in the provisions of this Act may be held without any oral submissions.

(2) The court may conduct the necessary inspection of any rehabilitation case, bankruptcy case, individual rehabilitation case and international bankruptcy case.

## Article 13 (Immediate Appeal)

(1) Anyone who is interested in any judgment provided for in the provisions of this Act may immediately file an appeal against such judgment only when the provisions of this Act so prescribe.

(2) The immediate appeal referred to in the provisions of paragraph (1) shall be filed within 14 days from the date on which the judgment is published, when the judgment has been published.

(3) The immediate appeal referred to in the provisions of paragraph (1) shall have the effect of suspending any enforcement: Provided, That the same shall not apply where this Act expressly prescribes otherwise.

**Article 14 (Methods of Raising Objection)**

Every objection to a judgment made pursuant to the provisions of this Act shall be raised in writing.

**Article 15 (Establishment of Custodial Committee)**

The Custodial Committee mandated to perform properly and speedily the proceedings of the procedures provided for in the provisions of this Act shall be set up in district courts that each is prescribed by the rules of the Supreme Court.

**Article 16 (Composition, etc. of Custodial Committee)**

(1) The Custodial Committee shall be composed of not less than three but no more than fifteen members, including one chairperson.

(2) The term of office of the members of the Custodial Committee shall be three years.

(3) The members of the Custodial Committee shall be appointed by the head of a district court, from among any of the following persons: *<Amended by Act No. 10303, May 17, 2010>*

1. Persons who are qualified for attorneys-at-law or certified public accountants;

2. Persons who have at least 15 years of experience in a bank provided for in the Banking Act and a corporation prescribed by the Presidential Decree;

3. Persons who have experience as executive officers for a listed company;

4. Persons having acquired a master's degree or higher in law, business administration, economics, or any other similar academic field, who have at least seven years of experience in any field related thereto;

5. Persons having qualifications equivalent to those persons referred to in any of subparagraphs 1 through 4, who have sufficient knowledge of and experience in the relevant field.

(4) No person who falls under any of the following subparagraphs shall be appointed as a member of the Custodial Committee:

1. An incompetent or quasi-incompetent person or a person who has been declared bankrupt, who has not yet been reinstated;

2. A person in whose case five years have not elapse since his/her imprisonment without labor or heavier punishment declared by a court was completely executed (including where the punishment is deemed to be completely executed) or exempted;

3. A person sentenced to imprisonment without labor or heavier punishment, in whose case two years have not elapse since the period of the suspension of the execution of such punishment expired;

4. A person who is under the suspension of the execution of imprisonment without labor or heavier punishment;

5. A person whose qualification for member of the Custodial Committee is suspended or relinquished pursuant to any other Act or by a court judgment.

(5) Any decision of the Custodial Committee shall require a majority of its members and the concurrent votes of a majority of those present.

(6) The establishment, organization, and operation of the Custodial Committee, the required qualifications of the members of the Custodial Committee, the guarantee of their status, and the disciplinary action against them, etc. shall be prescribed by the Rule of the Supreme Court.

(7) The members of the Custodial Committee shall be deemed to be public officials in the application of the penalty provisions of the Criminal Act and other Acts.

**Article 17 (Work and Authority of Custodial Committee)**

(1) The Custodial Committee shall perform the work falling under each of the following subparagraphs under the direction of the court:

1. The presentation of its opinions on the selection and appointment of custodians, protective custodians, inspection commissioners, trustees in bankruptcy, rehabilitation commissioners and international bankruptcy custodians;

2. The supervision and evaluation of the appropriateness of the work performed by custodians, protective custodians, inspection commissioners, trustees in bankruptcy and rehabilitation commissioners;

3. The examination of any draft rehabilitation plan and any draft repayment plan;

4. The composition of the creditors' consultative council and the furnishing of information pertaining to creditors;

5. The assessment of the progress in the procedures provided for in this Act;

6. The work of the assembly of interested persons and the assembly of creditors;

7. Other work that is prescribed by the rules of the Supreme Court or other courts.

(2) The Custodial Committee may commission part of its work to its members in order to efficiently perform the work provided for in each subparagraph of paragraph (1).

(3) When the court recognizes that the work performed by any member of the Custodial Committee is inappropriate, the court may ask the Custodial Committee to commission other member to perform such work.

(4) When the Custodial Committee is not constituted, the matters falling under each of the following subparagraphs shall not apply:

1. Matters concerning the members of the Custodial Committee in Articles 6 (7), 18, 19 and 30 (1);

2. Matters concerning the Custodial Committee in Articles 6 (7), 42, 43 (1), (3) and (4), 50 (1), 62 (2), 87 (1). 92, 114 (4), 132 (3), 257 (3) and (4), 287 (3), 288 (2) and 355 (1).

**Article 18 (Commission of Clerical Services Involving Permission to Members of Custodial Committee)**

The court may commission the clerical services involving the permission and the clerical services involving the permission for bankruptcy procedures, both of which belong to its ordinary work, from among acts provided for in each subparagraph of Article 61 (1), to members of the Custodial Committee. In this case, necessary matters concerning the scope of the commission of the clerical services and the procedures for commissioning the clerical services shall be prescribed by the rules of the Supreme Court.

**Article 19 (Raising of Objection to Acts by Members of Custodial Committee)**

(1) Anyone who is dissatisfied with a decision or disposition made or taken by any member of the Custodial Committee after being commissioned pursuant to the provisions of Article 18 shall raise an objection to such member of the Custodial Committee.

(2) When the relevant member of the Custodial Committee considers that the objection raised according to the provisions of paragraph (1) has the justifiable grounds, he/she shall promptly take an appropriate disposition therefor and then notify the court thereof.

(3) When the relevant member of the Custodial Committee recognizes that the objection raised according to the provisions of paragraph (1) has no justifiable grounds, he/she shall refer the objection to the court within 3 days from the date on which he/she receives such objection.

(4) The objection that is raised according to the provisions of paragraph (1) shall not have the effect of suspending any execution.

(5) The court shall, upon receiving the objection raised pursuant to the provisions of paragraph (3), determine based on the justifiable grounds and if the court considers that the objection has the justifiable grounds, it shall order the relevant member of the Custodial Committee to take an appropriate disposition to address such objection and then notify the person who raises the objection of the gist of such appropriate disposition.

**Article 20 (Composition of Creditors' Consultative Council)**

(1) The Custodial Committee (referring to the court when the Custodial Committee is not constituted; hereafter the same in this Article shall apply) shall establish a creditors' consultative council composed of major creditors of the debtor after an application is filed for commencing rehabilitation procedures or a petition for bankruptcy is filed: Provided, That when the debtor is an individual or a small- and medium-sized businessman, the Custodial Committee may not set up such creditors' consultative council.

(2) The creditors' consultative council shall be composed of not more than 10 persons.

(3) When it is deemed necessary, the Custodial Committee may cause any minority creditor to participate in the creditors' consultative council as its member.

**Article 21 (Function, etc. of Creditors' Consultative Council)**

(1) The creditors' consultative council may perform any of the following acts through the coordination of creditors' opinions:

  1. The presentation of opinions with respect to rehabilitation procedures and bankruptcy procedures;

  2. The presentation of opinions with respect to the selection, appointment or dismissal of custodians, trustees in bankruptcy and protective custodians;

3. The presentation of opinions with respect to the selection and appointment of the auditor (including any member of the audit committee provided for in the provisions of Article 415-2 of the Commercial Act) of a debtor who is a corporation;

4. A claim brought for the physical inspection of the actual governance of any company after an authorization is granted for its rehabilitation plan;

5. Other matters concerning the rehabilitation procedures and the bankruptcy procedures that are demanded by the court;

6. Other acts that are prescribed by the Presidential Decree.

(2) The agenda of the creditors' consultative council shall be decided with the concurrent vote of a majority of the total members present.

(3) The court may determine that the debtor bear expenses necessary for the creditors' consultative council to carry out its activities.

(4) Necessary matters concerning the composition and operation of the creditors' consultative council shall be prescribed by the rules of the Supreme Court.

(5) When the creditors' consultative council is not constituted, matters concerning the creditors' consultative council in the provisions of Articles 50 (1), 62 (2), 132 (3), 203 (4), 259, 287 (3) and 288 (2) shall not apply.

### Article 22 (Provision of Materials to Creditors' Consultative Council)

(1) The court shall provide the creditors' consultative council with copies of documents concerning rehabilitation procedures or bankruptcy procedures, written decisions, audit reports and other major materials that are prescribed by the rules of the Supreme Court.

(2) Custodians or trustees in bankruptcy shall submit major documents quarterly that are designated by the court to the creditors' consultative council from among the documents that they submit to the court.

(3) The creditors' consultative council may ask any custodian or any trustee in bankruptcy to provide necessary materials to it under the conditions prescribed by the rules of the Supreme Court.

(4) Anyone who is requested to provide the necessary materials under the provisions of paragraph (3) shall provide such necessary materials under the conditions prescribed by the rules of the Supreme Court.

(5) When any creditor who is not affiliated with the creditors' consultative council requests materials, the creditors' consultative council shall provide him/her with such materials that it has received pursuant to the provisions of paragraphs (1) through (3).

### Article 23 (Commission of Registers of Corporations)

(1) In any of the following cases, which involves a corporate debtor, court official of Grade V, etc. shall promptly commission by their authority the registry office in the seat of the office and place of business place (when his/her principal office or place of business is located in any foreign country, refers to his/her office or place of business located in the Republic of Korea) of such debtor to register the case by providing such registry office with a written commission accompanied by related documents including a certified copy or an abstract of the written decision:

1. Where it is decided to commence rehabilitation procedures or declare bankruptcy;

2. Where a decision to revoke the decision to commence rehabilitation procedures, a decision to discontinue rehabilitation procedures or a decision not to grant an authorization for a rehabilitation plan is confirmed, variously;

3. Where it is decided to grant an authorization for a rehabilitation plan or to complete rehabilitation procedures;

4. Where new shares are issued pursuant to the provisions of Article 266, bonds are issued pursuant to the provisions of Article 268, an all- inclusive exchange of shares is performed pursuant to the provisions of Article 269, an all-inclusive transfer of shares is performed pursuant to the provisions of Article 270, companies are merged pursuant to the provisions of Article 271, any company is split or companies are merged after split pursuant to the provisions of Article 272 or a new company is incorporated pursuant to the provisions of Articles 273 and Article 274;

5. Where it is decided to revoke a bankruptcy, to discontinue a bankruptcy or to terminate a bankruptcy.

(2) When a disposition provided for in the provisions of Article 43 (3), 74 (1), 355 or 636 (1) 4 is taken to a corporate debtor, court official of Grade V, etc. shall use their authority to promptly commission the registry office in the seat of the office and place of business of such debtor to register such disposition by providing such registry office with a written commission accompanied by related documents including a certified copy or abstract of such disposition. The same shall apply where any registered disposition is changed or revoked.

(3) The names, titles, domiciles and offices of the custodian, the protective custodian, the trustee in bankruptcy or the international bankruptcy custodian shall be entered in the register of the disposition referred to in the provisions of paragraph (2). In this case, when any entered matter is changed, the court official of Grade V, etc. shall commission the registry office in the seat of the office and the place of business the debtor to register such change.

### Article 24 (Commission of Register, etc. of Registered Rights)

(1) In any of the following cases, the court official of Grade V, etc. shall use their authority to promptly commission the registry office to register the commencement of rehabilitation procedures or protective disposition by providing such registry office with a written commission accompanied by a certified copy or abstract of the written decision. The same shall apply where the protective disposition referred to in subparagraph 2 or 3 is changed or revoked or loses its effect:

1. Where it is decided to commence the rehabilitation procedures for a non-corporate debtor when any right that belongs to the debtor's property is registered;

2. The protective disposition provided for in the provisions of Article 43 (1) is taken over any registered right that belongs to the debtor's property to be disposed of;

3. The protective disposition provided for in the provisions of Article 114 (1) or (3) is taken over the registered right.

(2) Where the registered right is acquired, lost or changed before the implementation of a rehabilitation plan is carried out or a rehabilitation procedures provided for in this Act are completed, the court shall use its authority to promptly commission the registry office to register the acquisition, loss or change of such registered right: Provided, That the same shall not apply where anyone other than the debtor, any creditor, any secured creditors, any shareholder, any equity right holder, or any newly incorporated company is registered as a rightful claimant.

(3) The court official of Grade V, etc. shall, when they learn of the register of a non-corporate debtor who has been declared bankrupt, use their authority to commission without delay the registry office to register his/her bankruptcy by providing the registry office with a written commission accompanied by the certified copy of the written bankruptcy decision. The same shall apply where the court official of Grade V, etc. are aware of any registered right that belongs to the bankruptcy estate.

(4) Where any trustee in bankruptcy renounces his/her right over which his/her bankruptcy is registered from the bankruptcy estate and files an application for commissioning the register therof, the court official of Grade V, etc. shall commission the registry office to register the waiver of such right by providing the registry office with a written commission accompanied by a certified copy of the written permission for the waiver of the right.

(5) The provisions of paragraphs (1) and (3) shall apply mutatis mutandis to cases falling under Article 23 (1) 1 through 3 and 5.

(6) When a protective disposition is taken, canceled or changed with respect to a registered right that belongs to a debtor's property under individual rehabilitation procedures, the court official of Grade V, etc. shall use their authority to promptly commission the registry office to register such protective disposition by providing the registry office with a written commission accompanied by a certified copy or abstract of the written decision.

(7) Where a disposition provided for in the provisions of Article 636 (1) 3 or 4 is taken, when the court official of Grade V, etc. is aware of the registered right that belongs to the debtor's property, they shall use their authority to commission without delay by their authority the registry office to register such disposition by providing the registry office with a written commission accompanied by a certified copy or abstract of the written decision. The same shall apply where the disposition provided for in the provisions of Article 636 (1) 3 is taken before it is decided to approve the foreign bankruptcy procedures provided for in the provisions of Article 635 (1).

### Article 25 (Duties of Registry Offices and Exemption of Registration Tax)

(1) Every registry office shall, when it is commissioned to perform the registration pursuant to the provisions of Article 23 or 24, perform without delay the commissioned registration.

(2) Every registry office shall, where the bankruptcy of any debtor is registered, when it intends to register the authorization of a rehabilitation plan, use its authority to cancel the registration of the bankruptcy of such debtor.

(3) Every registry office shall, where it intends to register the revocation of any rehabilitation plan authorization, if it finds a register that is cancelled pursuant to the provisions of paragraph (2), use its authority to restore such register.

(4) Registration tax shall not be levied on the registers referred to in the provisions of paragraphs (1) through (3).

**Article 26 (Register of Negation)**

(1) When the act of causing registration is negated, any custodian, any trustee in bankruptcy or any holder of the right to negate in the individual rehabilitation procedures shall each file an application for the registration of such negation. The same shall apply where the register is negated.

(2) Registration tax shall not be levied on the register referred to in the provisions of paragraph (1).

(3) The provisions of Article 23 (1) 1 through 3 and 5 shall apply mutatis mutandis to the case of paragraph (1).

(4) Where any custodian or any trustee in bankruptcy voluntarily sells the property on which the negation referred to in the provisions of paragraph (1) is registered and the cause of voluntarily selling such property is registered, the court shall, upon receiving an application filed by interested persons, commission the registry office to cancel the registration of the negation under paragraph (1), the register that is effected by the act of the negation, the negated registration and other registrations that are effected subsequent to such registers, which cannot counter any rehabilitative creditor or any bankrupting creditor.

**Article 27 (Application Mutatis Muntandis of Registered Rights)**

The provisions of Articles 24 through 26 shall apply mutatis mutandis only to registered right over the property of a debtor, a bankruptcy estate or an individual organization undergoing rehabilitation.

**Article 28 (Perusal, etc. of Case Records)**

(1) Interested persons may claim the inspection and delivery of copies of case records (including documents and other items), written judgments, original or certified copies and abstracts of investigation records and certificates concerning cases.

(2) The provisions of paragraph (1) shall not apply to audiotapes or videotapes (including goods in which certain matters are recorded in a manner that audiotapes and videotapes are recorded; hereafter the same in this Article shall apply) among case records: Provided, That upon receiving an application filed by any interested person, the court may permit reproduction of them for him/her.

(3) Notwithstanding the provisions of paragraphs (1) and (2), anyone falling under any of the following subparagraphs shall be prohibited from filing the application referred to in the provisions of paragraphs (1) and (2) until a judgment that is prescribed in any item of the relevant subparagraph is given: Provided, that the same shall not apply where the person is an applicant for the commencement of rehabilitation procedures:

    1. An interested person other than the debtor:

        (a) A preservation disposition provided for in the provisions of Article 43 (1);

    (b) A preservation and management order provided for in the provisions of Article 43 (3);

    (c) A discontinuation order provided for in the provisions of Article 44 (1);

    (d) A general prohibition order provided for in the provisions of Article 45 (1);

    (e) A determination of a the application filed for commencing rehabilitation procedures;

  2. The debtor;

    (a) A judgment provided for in any item of subparagraph 1;

    (b) The designation of the date on which submissions are made with respect to an application for commencement of rehabilitation procedures;

    (c) The designation of the date on which the debtor is summoned to answer questions.

(4) When it is feared to greatly obstruct the maintenance and rehabilitation of the debtor's business and to cause severe damage to the debtor's property, the court may not refuse to permit the inspection, copying, delivery of the original, certified copies and abstracts or the reproduction of audiotapes and videotapes.

(5) An immediate appeal may be filed against the decision made not to grant the permission provided for in the provisions of paragraph (4).

### Article 29 (Inquiry about Property, etc. of Debtor)

(1) The court may, if it is deemed necessary, upon receiving an application filed by any custodian, any trustee in bankruptcy, or any interested person or by its inherent jurisdiction, inquire with any public institution, any financial institution and any organization, etc. that are each operating the computer network that holds information on the property and credit status of the debtor about the property that is held in the name of such debtor.

(2) When any interested person who is entitled to immunity files an application referred to in the provisions of paragraph (1), he/she shall specifically designate any public institution, any financial institution or any organization to which inquiries are made. In this case, the court shall order such person to prepay expenses involved in making such inquiries.

(3) The provisions of Article 74 (3) and (4) and Article 75 (1) of the Civil Execution Act shall apply mutatis mutandis to the inquires referred to in the provisions of paragraph (1).

(4) Matters concerning the scope of public institutions, financial institutions and organizations, etc. to which the inquires are made, procedures for making inquires, expenses that have to be prepaid by interested persons, the management of the results of the inquiries etc. shall be prescribed by the rules of the Supreme Court.

### Article 30 (Remunerations of Custodians, etc.)

(1) The persons falling under any of the following subparagraphs are eligible for prepaid expenses, remuneration or special compensation. In this case, the court shall determine the amount of such remuneration and such special compensation:

  1. Custodians, proxy custodians, protective custodians, trustees in bankruptcy and proxy trustees in bankruptcy;

    2. Inspection commissioners, rehabilitation commissioners and advisors;

    3. Members of the Custodial Committee who perform the duties of the aforementioned persons.

(2) The remuneration and the special compensation referred to in the provisions of paragraph (1) shall be the amount commensurate with their duties and responsibilities.

(3) An immediate appeal may be filed against the determination referred to in the provisions of paragraph (1).

## Article 31 (Compensation, etc. for Proxy Members of Custodial Committee)

(1) The court may permit the refunding of expenses or payment of compensation to the persons falling under any of the following subparagraphs within the scope of appropriateness. In this case, the court shall determine the amount of the expenses and the compensation:

    1. Creditors, secured creditors, shareholders, equity right holders, proxy members of the Custodial Committee or agents who are credited with having achieved restoration under bankruptcy procedures;

    2. Persons who are credited with having managed a bankruptcy estate or liquidation.

(2) An immediate appeal may be filed against a determination made pursuant to the provisions of paragraph (1).

## Article 32 (Suspension of Prescription)

In a case falling under any of the following subparagraphs, the effect of the suspension of a prescription accrues:

    1. Submission of the list provided for in the provisions of Article 147 and the participation in rehabilitation procedures: Provided, That the same shall not apply where any rehabilitation creditor or any rehabilitation secured creditor who is not entered on the list withdraws his/her report or his/her report is rejected;

    2. Participation in the bankruptcy procedures: Provided, That the same shall not apply where any bankruptcy creditor withdraws his/her report or his/her report is rejected;

    3. Submission of the list of the individual rehabilitation creditors provided for in the provisions of Article 589 (2) and participation in the individual rehabilitation procedures: Provided, That the same shall not apply where any individual rehabilitation creditor who is not entered on the list withdraws his/her application for the final inspection judgment or his/her application is turned down.

## Article 32-2 (Prohibition of Discriminatory Treatment)

Every person shall not receive any unfavorable treatment, such as restriction on employment, or dismissal, without any justifiable reason, just for grounds that the rehabilitation procedure, bankruptcy procedure, or individual rehabilitation procedure under this Act is underway.

## Article 33 (Mutatis Mutandis Application of Civil Procedures Act and Civil Execution Act)

When rehabilitation procedures, bankruptcy procedures, individual rehabilitation procedures and international bankruptcy procedures are not prescribed in this Act, the Civil Procedures Act and the Civil Execution Act shall apply mutatis mutandis to them.

**Article 34 (Application Filed for Commencing Rehabilitation Procedures)**

(1) In a case falling under any of the following subparagraphs, the debtor may file an application with the court for commencing the rehabilitation procedures:

1. Where the debtor finds it impossible to repay his/her obligations in the repayment period without any serious hinderance to the continuation of his/her business;

2. Where it is feared that bankruptcy may accrue to the debtor.

(2) In cases falling under paragraph (1) 2, the person prescribed in each item of the relevant subparagraph may also file an application for commencement of rehabilitation procedures according to the classification of each of the following subparagraphs:

1. When the debtor is a stock company or a limited-liability company:

(a) A creditor who holds a claim equivalent to not less than 1/10 of the capital;

(b) A shareholder or the equity right holder who holds the share or the equity share equivalent to not less than 1/10 of the capital;

2. When the debtor is not a stock company or a limited-liability company:

(a) A creditor who holds a claim equivalent to not less than 50 million won;

(b) An equity right-holder who holds an equity share of not less than 1/10 of the total amount of investment of any general partnership, any joint venture, any corporation or anyone corresponding thereto.

(3) The court may, when any creditor, any shareholder or any equity right holder files an application for commencement of rehabilitation procedures pursuant to the provisions of paragraph (2), order the debtor to submit materials concerning the management of his/her business and the current state of his/her property.

**Article 35 (Obligation to File Bankruptcy Petition and Application for Commencement of Rehabilitation Procedures)**

(1) The liquidator of any debtor may file an application for commencement of rehabilitation procedures even when he/she files a petition of the bankruptcy of such debtor pursuant to another Act.

(2) When a corporate debtor, who is under liquidation or is declared bankrupt files an application for commencement of rehabilitation procedures, the provisions of Article 229 (1), 285 (2), 519 or 610 of the Commercial Act shall apply mutatis mutandis thereto.

**Article 36 (Written Application)**

An application for commencement of rehabilitation procedures shall be filed in the form of a written application in which the matters falling under each of the following subparagraphs are entered:

1. The names and domiciles of the applicant and the legal representative;

2. Where the debtor is an individual, the name, the resident registration number (referring to the foreigner registration number or the domestic residence number in cases of anyone who has no resident registration number; hereinafter the same shall apply) and the domicile of such debtor;

3. Where the debtor is not an individual, the firm name, the location of the principal office or place of business (when the principal office or place of business is located overseas, refers to the principal office or place of business that is located in the Republic of Korea) and the name of the representative of the debtor (when the principal office or place of business is located overseas, this refers to the representative who resides in the Republic of Korea; hereinafter the same shall apply);

4. The purposes of the application;

5. The cause of commencing rehabilitation procedures;

6. The business objectives and the current business of the debtor;

7. The total number of shares or the total number of equity shares issued by the debtor, the amount of his/her capital, assets, obligations and current property;

8. Other procedures or any disposition involving the debtor's property, which is known to the applicant;

9. When the applicant holds an opinion on the rehabilitation plan, his/her opinion;

10. When any creditor files an application for commencement of rehabilitation procedures, the amount and the basis of the claim that he/she holds;

11. When any shareholder or any equity right holder files an application for commencement of rehabilitation procedures, the number or the amount of the shares or the equity shares that is held by him/her.

**Article 37 (Keeping of Documents)**

Documents concerning the application for commencement of rehabilitation procedures shall be kept in the court for perusal by interested persons.

**Article 38 (Explanations)**

(1) Anyone who files an application for commencement of rehabilitation procedures shall vindicate the fact that is the basis for the commencement of such rehabilitation procedures. In this case, when the foreign bankruptcy procedures provided for in the provisions of subparagraph 1 of Article 628 are in process on any debtor, such debtor shall be presumed to be subject to the fact that is the basis for such bankruptcy.

(2) When any creditor, any shareholder or any equity right holder files an application for commencement of rehabilitation procedures, he/she shall substantiate the amount of the claim or the number and the amount of shares or equity shares that he/she holds.

**Article 39 (Prepayment, etc. of Expenses)**

(1) When anyone files an application for commencement of rehabilitation procedures, the applicant shall prepay expenses involved in taking the rehabilitation procedures.

(2) The expenses referred to in the provisions of paragraph (1) shall be determined by the court taking into account the scale of the case, etc. In this case, when anyone other than the debtor files an application for commencement of rehabilitation procedures, the amount of expenses that are payable out of the debtor's property shall be taken into consideration after the rehabilitation procedures commence.

(3) When it is decided to commence the rehabilitation procedures after anyone other than the debtor files an application for commencement of such rehabilitation procedures, the applicant may have his/her expenses payed out of the debtor's property pursuant to the provisons of paragraph (1).

(4) The applicant's right to claim the payment of his/her expenses pursuant to the provisions of paragraph (3) shall be made a public-interest claim.

**Article 40 (Notifications, etc. to Supervisory Administrative Agency)**

(1) Where an application for commencement of rehabilitation procedures has been filed for a debtor which is a stock company, the court shall notify any of the following persons of the purport of such application: *<Amended by Act No. 8863, Feb. 29, 2008>*

    1. The administrative agency supervising the debtor's business;

    2. The Financial Services Commission;

    3. The head of a tax office having jurisdiction over the area where the debtor's principal office or place of business (if the debtor's principal office or place of business is located in a foreign state, it refers to its principal office or place of business located in the Republic of Korea) is located.

(2) If deemed necessary, a court may require any of the following persons to state his/her opinion on the rehabilitation procedures: *<Amended by Act No. 8863, Feb. 29, 2008; Act No. 10219, Mar. 31, 2010>*

    1. The administrative agency supervising the debtor's business;

    2. The Financial Services Commission;

    3. A person who is authorized to collect taxes with respect to any claim (including claims by which taxes are to be collected according to the example of collecting a national tax and in the same manner as the delinquent national or local taxes are collected, which take priority over general rehabilitation claims) by which taxes are to be collected pursuant to the National Tax Collection Act or the Framework Act on Local Taxes.

(3) A person who falls under each subparagraph of paragraph (2) may state his/her opinion on the rehabilitation procedures before the court.

**Article 41 (Questioning)**

(1) When an application is filed for commencement of rehabilitation procedures, the court shall question the debtor or the representative of such debtor.

(2) Notwithstanding the provisions of paragraph (1), the court may omit such questioning in cases falling under any of the following subparagraphs:

    1. Where such questioning of the debtor is feared to greatly delay the rehabilitation procedures on the grounds that the debtor or his/her representative resides overseas;

    2. Where it is impossible to locate the whereabouts of the debtor or his/her representative.

**Article 42 (Grounds for Turning Down Application Filed for Commencing Rehabilitation Procedures)**

In any of the following cases, the court shall turn down any application for commencement of rehabilitation procedures. In this case, the court shall hear the opinion of the Custodial Committee:

1. Where expenses necessary for rehabilitation procedures are not prepaid;

2. Where the application for rehabilitation procedures is not bona fide;

3. Where rehabilitation procedures are incompatible with the general interests of creditors.

**Article 43 (Provisional Seizure, Provisional Disposition and Preservation Disposition)**

(1) When an application is filed for commencing rehabilitation procedures, the court may grant an order of, through its inherent jurisdiction or upon receiving an application filed by interested persons, provisional seizure and provisional disposition on the debtor's business and assets or other disposition necessary to preserve the debtor's business and assets until a decision is made on the application for commencement of rehabilitation procedures. In this case, the court shall hear the opinion of the Custodial Committee.

(2) When any interested person files an application for the preservation disposition referred to in the provisions of paragraph (1), the court shall determine whether to grant the preservation disposition within seven days from the date on which the application therefor is filed.

(3) When it is deemed necessary in addition to the preservation disposition referred to in the provisions of paragraph (1), the court may order any preservative custodian to manage the debtor's business and assets after hearing the opinion of the Custodial Committee. In this case, the court shall select and appoint one or multiple preservative custodians.

(4) The court may alter or rescind the preservative disposition referred to in the provisions of paragraph (1) or the preservation and management order referred to in the provisions of paragraph (3) after hearing the opinion of the Custodial Committee.

(5) The judgment as well as the judgment on the dismissal of the application therefor provided for in the provisions of paragraphs (1) (3) and (4) shall be made by determination.

(6) An immediate appeal may be filed against the determination that is made pursuant to the provisions of paragraph (5).

(7) The immediate appeal referred to in the provisions of paragraph (6) shall not have the effect of suspending any execution.

(8) When the court issues the preservation and management orders referred to in the provisions of paragraph (3) or changes or rescinds such order, it shall publish such measures.

**Article 44 (Order for Suspension, etc. of Other Procedures)**

(1) Where an application is filed for the commencement of rehabilitation procedures, if deemed necessary, the court may, upon request by an interested person or ex officio, issue an order for the suspension of any of the following procedures until the decision on that application for commencement of the rehabilitation procedures is made: Provided, That in cases of the procedure referred to in subparagraph 2, the same shall not apply if such procedure is likely to do undue damage to any rehabilitation creditor or rehabilitation secured creditor who is the applicant for that procedure: <*Amended by Act No. 10219, Mar. 31, 2010*>

1. Any bankruptcy procedure for the debtor;

2. Any auction procedure for compulsory execution, provisional seizure, provisional disposition, or the exercise of security right (hereinafter referred to as "compulsory execution, etc. based on any rehabilitation claim or rehabilitation security right") on the basis of a rehabilitation claim or rehabilitation security right, which has already been in progress with respect to any property of the debtor;

3. Any litigation procedure with respect to any property of the debtor;

4. Any procedure pending in an administrative agency with respect to any property of the debtor;

5. Any disposition on taxes in arrears in accordance with the National Tax Collection Act or the Framework Act on Local Taxes, disposition for arrears according to the examples of national tax collection (including the examples of dispositions on national taxes or local taxes in arrears; hereinafter the same shall apply), or the disposal of any goods which are offered as a guarantee for tax liability. In such cases, the opinion of a person who is authorized to collect taxes shall be heard.

(2) The prescription shall not proceed during the period of suspending a disposition under the provisions of paragraph (1) 5.

(3) A court may alter or rescind an order for suspension prescribed in the provisions of paragraph (1).

(4) If deemed particularly necessary for the rehabilitation of a debtor, a court may, upon request by the debtor (referring to a preservative custodian, if appointed) or ex officio, issue an order for cancelling the suspension of compulsory execution, etc. based on a rehabilitation claim or rehabilitation security right. In such cases, the court may require the offering of a security.

**Article 45 (General Order Given to Prohibit Compulsory Execution, etc. Based on Rehabilitation Claims and Rehabilitation Security Rights)**

(1) When it is recognized that special circumstances are feared to prevent the full realization of the purposes of the rehabilitation procedures by the discontinuation order provided for in the provisions of Article 44 (1) after receiving an application for commencement of rehabilitation procedures, the court may order all rehabilitation creditors and rehabilitation secured creditors, by an application filed by interested persons or by its inherent jurisdiction, to bar the compulsory execution, etc. based on their rehabilitation claims or their rehabilitation security rights by the time a determination is made on the application filed for commencing rehabilitation procedures.

(2) The prohibition order (hereinafter referred to as "general prohibition order") referred to in the provisions of paragraph (1) shall be limited to cases where the disposition or the order falling under either of the following subparagraphs is already taken or given with respect to the debtor's major assets or the general prohibition order, the disposition or the order falling under either of the following subparagraphs is given, taken or given:

1. The preservation disposition provided for in the provisions of Article 43 (1);

2. The preservation and management order provided for in the provisions of Article 43 (3).

(3) When any general prohibition order is given, the compulsory execution, etc. based on any rehabilitation claim or any rehabilitation security right that has already been enforced against the debtor's

property shall be suspended.

(4) The court may alter or rescind the general prohibition order.

(5) When it is deemed particularly necessary to continue the debtor's business, the court may order the rescission of the compulsory execution based on any rehabilitation claim or any rehabilitation security right that has been suspended pursuant to the provisions of paragraph (3) upon receiving an application filed by the debtor (referring to the preservative custodian when he/she is selected and appointed). In this case, the court may require security to be furnished.

(6) An appeal may be immediately filed against the general prohibition order, the decision referred to in the provisions of paragraph (4) and the cancellation order referred to in the provisions of paragraph (5).

(7) The immediate appeal referred to in paragraph (6) shall not have the effect of suspending any execution.

(8) When the general prohibition order is given, the prescription of the rehabilitation claim and the rehabilitation security right shall not expire until the day on which two months have lapsed from the day following the day on which the effect of such order ceases.

### Article 46 (Publication and Service, etc. of General Prohibition Order)

(1) When a general prohibition order is granted or a decision to alter or rescind such order, the court shall publish such decision and serve a written decision on the relevant debtor (referring to the preservative custodian if such preservative custodian is selected and appointed) and the relevant applicant, respectively and also serve on the rehabilitation creditor, the rehabilitation secured creditor and the debtor (referring to the preservative custodian when he/she is selected and appointed) a written statement setting out the main passage of the decision as far as they are all known to the court.

(2) The general prohibition order and a decision to change or revoke the general prohibition order shall take effect from the time when a written decision is delivered to the debtor (referring to the preservative custodian when he/she is selected and appointed).

(3) When a judgment (excluding any decision to alter or rescind the general prohibition order) is granted against the cancellation order provided for in the provisions of Article 45 (5) and the immediate appeal provided for in the provisions of paragraph (6) of the same Article, the court shall serve a written judgment on each of the parties thereto. In this case, the provisions of Articles 10 and 11 shall not apply thereto.

### Article 47 (Exclusion of Application of General Prohibition Order)

(1) Where a general prohibition order is given and when it is recognized that the general prohibition order is feared to inflict undue damage on the rehabilitation creditor or the rehabilitation secured creditor who is the applicant for the compulsory execution, etc. based on the rehabilitation claim or the rehabilitation security right, the court may exclude the application of the general prohibition order on the rehabilitation creditor or the rehabilitation secured creditor by its inherent jurisdiction or upon receiving an application filed by the rehabilitation creditor or the rehabilitation secured creditor. In this case, the rehabilitation creditor or the rehabilitation secured creditor may enforce the compulsory execution, etc. against the

debtor's assets based on the rehabilitation claim or the rehabilitation security right, and the procedures for compulsory execution based on the rehabilitation claim or the rehabilitation security right that is exercised by the rehabilitation creditor or the rehabilitation secured creditor before the general prohibition order is given may continue.

(2) When the provisions of Article 45 (8) apply to anyone who is subject to the decision referred to in the provisions of paragraph (1), the "date on which the effect of the order ceases" in Article 45 (8) shall be deemed the "date on which the decision provided for in the provisions of Article 47 (1) is made."

(3) An immediate appeal may be filed against the judgment that is issued on the application filed pursuant to the provisions of paragraph (1).

(4) The immediate appeal referred to in paragraph (3) shall not have the effect of suspending any execution.

(5) When a judgment is issued on the application referred to in paragraph (1) and a judgment is issued on the immediate appeal referred to in paragraph (3), the court shall serve its written decision on each of the parties. In this case, the provisions of Article 10 shall not apply thereto.

### Article 48 (Restrictions on Withdrawal of Application for Commencement of Rehabilitation Procedures, etc.)

(1) Anyone who files an application for commencement of rehabilitation procedures may withdraw his/her application only up until a decision is made to commence the rehabilitation procedures.

(2) No one shall withdraw his/her application for commencement of rehabilitation procedures and his/her application for the preservation disposition without obtaining permission therefor from the court after the decision falling under any of the following subparagraphs is made:

1. A decision on the preservation disposition provided for in the provisions of Article 43 (1);

2. A decision on the preservation and management order provided for in the provisions of Article 43 (3);

3. A decision on the suspension order provided for in the provisions of Article 44 (1);

4. A decision on the general prohibition order provided for in the provisions of Article 45 (1).

### Article 49 (Decision on Commencement of Rehabilitation Procedures)

(1) When the debtor files an application for commencement of rehabilitation procedures, the court shall determine whether to commence such rehabilitation procedures within one month from the date such application is filed for commencement of rehabilitation procedures.

(2) The date and the time of the decision shall be setout in a written decision on the commencement of rehabilitation procedures.

(3) The effect of the decision on the commencement of rehabilitation procedures shall arise from the time such decision is made.

### Article 50 (Matters that Must Be Prescribed When Decision Made on Commencement of Rehabilitation Procedures)

(1) When it is decided that rehabilitation procedures shall commence, the court shall select and appoint one or multiple custodians after hearing the opinions of the Custodial Committee and the Creditors' Consultative Council and prescribe matters falling under each of the following subparagraphs:

    1. The date on which the first assembly of interested persons is held; in this case, the date shall be set within four months from the date on which a decision is made on the commencement of rehabilitation procedures;

    2. The period during which custodians have to prepare and submit the list provided for in the provisions of Article 147 (1); in this case, the period shall be between at least 2 weeks to not more than 2 months from the date on which a decision is made on the commencement of rehabilitation procedures;

    3. The reporting period for rehabilitation claims, rehabilitation security rights, shares or equity shares (hereinafter referred to as "reporting period" in this Part); in this case, the reporting period shall be between at least one week to not more than one month from the last day of the submission period that is set pursuant to the provisions of subparagraph 2;

    4. The inspection period for rehabilitation claims and rehabilitation security rights that are entered in the list or reported (hereinafter referred to as "inspection period" in this Part); in this case, the inspection period shall be between at least one week to not more than one month from the last day of the reporting period.

(2) The court may extend or shorten the period referred to in each subparagraph of paragraph (1) on the grounds of special circumstances.

### Article 51 (Publication and Service of Commencement of Rehabilitation Procedures)

(1) When the court decides to commence the rehabilitation procedures, it shall publish without delay matters falling under each of the following subparagraphs:

    1. The main sentence of the decision on the commencement of rehabilitation procedures;

    2. The name or trading name of the custodian;

    3. The period and the date that are set pursuant to the provisions of Article 50;

    4. For anyone who holds the debtor's assets for which the rehabilitation procedures commence or bears the debtor's obligations, a provision that he/she shall not transfer the assets to the debtor for whom the rehabilitation procedures commence. a provision that he/she shall not repay the debtor's obligations and an order providing that, within a certain period of time he/she must report to any custodian the fact that he/she holds the property of the debtor for whom the rehabilitation procedures commence or bears the debtor's obligations.

(2) The court shall serve a written statement that contains the matters referred to in each subparagraph of paragraph (1) upon the person or persons falling under each of the following subparagraphs:

    1. The custodian;

    2. The debtor;

    3. Rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders who are known to the court;

4. Persons who hold the debtor's assets for which rehabilitation procedures commence or bear the debtor's obligations.

(3) The provisions of paragraphs (1) and (2) shall apply mutatis mutandis to cases where any change accrues in the matters referred to in paragraph (1) 2 through 4: Provided, That a change in the inspection period may not be published.

(4) Anyone who fails to make the report provided for in the provisions of paragraph (1) 4 intentionally or negligently shall compensate for any damage incurred to the debtor's property by his/her failure.

### Article 52 (Notification of Commencement of Rehabilitation Procedures)

A court shall, when deciding the commencement of rehabilitation procedures for a debtor who is a stock company, notify an administrative agency supervising the debtor's business affairs, the Minister of Justice, the Minister of Justice, and the Financial Services Commission of the matters referred to in the subparagraphs of Article 51 (1). The same shall apply where any change is made on the matters referred to in Article 51 (1) 2 and 3. *<Amended by Act No. 8863, Feb. 29, 2008>*

### Article 53 (Immediate Appeal Filed against Determination on Application for Commencement of Rehabilitation Procedures)

(1) An immediate appeal may be filed against a determination on an application for commencement of the rehabilitation procedures.

(2) The provisions of Articles 43 through 47 shall apply mutatis mutandis to cases where an immediate appeal referred to in the provisions of paragraph (1) is filed against a decision to decline an application for commencement of rehabilitation procedures.

(3) The immediate appeal referred to in the provisions of paragraph (1) shall not have the effect of suspending any execution.

(4) When it is recognized that the procedures for the immediate appeal are in violation of Acts and the immediate appeal lacks grounds, the appellate court shall decline or dismiss such immediate appeal.

(5) When any immediate appeal is recognized to have grounds, the appellate court shall cancel the decision made by the court of original jurisdiction and remand the case to the court of origin.

### Article 54 (Cancellation of Decision on Commencement of Rehabilitation Procedures)

(1) When a decision to cancel a decision on the commencement of rehabilitation procedures is confirmed, the court shall publish without delay the main passage of such decision.

(2) The provisions of Articles 51 (2) and 52 shall apply mutatis mutandis to the case of paragraph (1).

(3) When a decision to cancel the decision on the commencement of rehabilitation procedures is confirmed, the custodian shall repay public-interest claims and in cases of the public-interest claims to which an objection is raised, deposit such public-interest claims for creditors.

### Article 55 (Capital Reduction, etc. after Commencement of Rehabilitation Procedures)

(1) The debtor shall be prohibited from performing an act falling under any of the following subparagraphs without resorting to rehabilitation procedures between the time the rehabilitation procedures commence to the time the rehabilitation procedures are completed:

1. The act of reducing the amount of capital or investment;

2. The act of admitting equitable interest holders or issuing new shares or bonds;

3. The act of increasing the amount of capital or investment;

4. The act of performing an all-inclusive exchange of shares or all-inclusive transfer of shares;

5. The act of performing any merger, any split, any merger by split or any change in organization;

6. The act of dissolving any company or keeping any company in existence;

7. The act of distributing profits or interest.

(2) Permission therefor shall be obtained from the court, when it is intended to amend the articles of incorporation of a corporate debtor without resorting to rehabilitation procedures between the time the rehabilitation procedures commence until the time the rehabilitation procedures are completed.

**Article 56 (Management of Business and Assets after Commencement of Rehabilitation Procedures)**

(1) When it is decided to commence rehabilitation procedures, the authority to conduct the debtor's business, and manage and dispose of his/her assets shall be exclusively vested in a custodian.

(2) The directors of a debtor who is an individual or the debtor who is not an individual shall be prohibited from infringing on, or interfering with the exercise of the authority of any custodian referred to in the provisions of paragraph (1).

**Article 57 (Furnishing of Information, etc.)**

A custodian shall furnish information and materials pertaining to the debtor's business and enterprise to anyone who intends to perform an act falling under any of the following subparagraphs under the conditions as prescribed by the Supreme Court: Provided, That when any justifiable grounds exist, the custodian may refuse to furnish such information and materials:

1. The act of acquiring by transfer the whole or part of the debtor's business, enterprise and major assets;

2. The act of acquiring by transfer, the debtor's shares or equity shares with the aim of taking over the debtor's governance right;

3. The act of performing an all-inclusive exchange and an all-inclusive transfer of the debtor's shares, any merger or merger by split of the debtor's business.

**Article 58 (Suspension, etc. of Other Procedures)**

(1) Where a decision to commence rehabilitation procedures is made, any of the following acts shall be prohibited:

1. A petition for bankruptcy or an application for the commencement of rehabilitation procedures;

2. Compulsory execution, etc. based on any rehabilitation claim or rehabilitation security right;

3. Any disposition for arrears, based on any claims by which taxes are to be collected according to the example of collecting a national tax and which do not take priority over general rehabilitation claims in collection.

(2) Where the commencement of rehabilitation procedures has been decided, any of the following procedures shall be suspended:

1. The bankruptcy procedure;

2. Compulsory execution, etc. based on any rehabilitation claim or rehabilitation security right;

3. Disposition for arrears, based on any claims by which taxes are to be collected according to the example of collecting a national tax and which do not take priority over general rehabilitation claims in collection.

(3) Where the commencement of rehabilitation procedures has been decided, any disposition for arrears against the debtor's property based on any rehabilitation claim or rehabilitation security right pursuant to the National Tax Collection Act or the Framework Act on Local Taxes, any disposition for arrears based on any claims by which taxes are to be collected according to the example of collecting a national tax and which take priority over general rehabilitation claims in collection, and any disposal of the goods which are offered as a guarantee for tax liability shall not be taken, and dispositions which have already been taken shall be suspended. In such cases, if deemed necessary, the court may, upon request by a custodian or ex officio, extend the period by up to one year: *<Amended by Act No. 10219, Mar. 31, 2010>*

1. A period from the date on which the commencement of rehabilitation procedures has been decided until the date on which the rehabilitation plan is authorized;

2. A period from the date on the commencement of rehabilitation procedures has been decided until the date on which the rehabilitation procedures are completed;

3. A period from the date on which the commencement of rehabilitation procedures has been decided until the date on which two years lapse thereafter.

(4) The prescription shall not proceed during the period when the disposition may not be taken or is under suspension pursuant to the provisions of paragraph (3).

(5) Where it is deemed that the rehabilitation is not likely to be obstructed, the court may, upon request by a custodian or a person who is authorized to collect taxes with respect to any claim provided for in Article 140 (2), or ex officio, order the continuation of the procedure or disposition which is suspended pursuant to the provisions of paragraph (2), and where deemed necessary for rehabilitation, the court may, upon request by a custodian or ex officio, order the cancellation of the procedure or disposition which is suspended pursuant to the provisions of paragraph (2), with or without any security required to be offered: Provided, That the same shall not apply to bankruptcy procedures.

(6) Claims for expenses against the debtor with respect to the procedures or dispositions which continue pursuant to the provisions of paragraph (5) shall be made public-interest claims.

**Article 59 (Suspension, etc. of Litigation Procedures)**

(1) When it is decided to commence rehabilitation procedures, litigation procedures on the debtor's assets shall be suspended.

(2) Any custodian or any other party may subrogate any litigation procedures that are unrelated to the rehabilitation claim or the rehabilitation security right among those litigation procedures suspended pursuant to the provisions of paragraph (1). In this case, the claim for litigation expenses on the debtor shall be made public-interest claims.

(3) When the rehabilitation procedures are completed prior to the subrogation referred to in the provisions of paragraph (2), the debtor shall take subrogation of the litigation procedures as a matter of course.

(4) When the rehabilitation procedures are completed after the subrogation is made pursuant to the provisions of paragraph (2), the litigation procedures shall be suspended. In this case, the debtor shall subrogate the litigation procedures.

(5) In cases falling under paragraph (4), any other party may also subrogate the litigation procedures.

(6) The provisions of paragraphs (1) through (5) shall apply mutatis mutandis to cases involving the debtor's property that are pending in the administrative agencies at the time that rehabilitation procedures commence.

**Article 60 (Transfer)**

(1) The rehabilitation court (referring to the district court in which a rehabilitation case is pending; hereinafter the same shall apply) may, when any lawsuit involving the debtor's assets is pending in another court at the time that the rehabilitation procedures commence, claim the transfer of such lawsuit to it by its decision. The same shall apply to cases where such lawsuit is pending in another court after the rehabilitation procedures commence.

(2) When the decision referred to in paragraph (1) is made, the court shall, upon receiving the claim for the transfer of the lawsuit, transfer it to the rehabilitation court.

(3) The transfer referred to in paragraph (2) may be peformed even during the interruption or the suspension of the litigation procedures.

(4) The provisions of paragraphs (1) through (3) shall not apply to any lawsuit that is pending in an appellate court.

**Article 61 (Act Needed to Obtain Permission from Court)**

(1) When any custodian intends to perform an act falling under any of the following subparagraphs and it is deemed necessary, the court may require him/her to obtain its permission therefor:

1. The act of disposing of any assets;

2. The act of acquiring any assets by transfer;

3. The act of leasing assets including the borrowing of any funds;

4. The act of cancelling or terminating any contract pursuant to the provisions of Article 119;

5. The act of filing a lawsuit;

6. The act of making a compromise or concluding any arbitration agreement;

7. The act of relinquishing any rights;

8. The act of approving public-interest claims or rights of re-acquisition;

9. Other acts designated by the court.

(2) Every custodian shall be prohibited from performing acts falling under any of the following subparagraphs without obtaining permission therefor:

1. The act of acquiring the debtor's business or assets by transfer;

2. The act of transferring his/her business or assets to the debtor;

3. The act of effecting any transaction with the debtor in the interest of himself and any third person.

(3) The acts referred to in each subparagraph of paragraph (1) or (2) that is performed without obtaining the court's permission therefor shall be invalidated: Provided, That such act cannot set aside with any bona fide third person.

### Article 62 (Transfer of Business, etc.)

(1) If it is deemed necessary to rehabilitate a debtor, any custodian may transfer the whole or the main part of the business or the enterprise of such debtor after obtaining the court's permission therefor after the rehabilitation procedures commence even before the rehabilitation plan is authorized.

(2) When the count grants the permission referred to in the provisions of paragraph (1), it shall hear the opinion of each person falling under the following subparagraphs:

1. The Custodial Committee;

2. The Creditors' Consultative Council;

3. The union that is organized by a majority of the debtor's workers;

4. When the union referred to in subparagraph 3 is not organized, the person who represents a majority of the debtor's workers.

(3) Where the permission referred to in the provisions of paragraph (1) is granted, the court shall determine ways to spend the transfer price.

(4) Where the permission referred to in paragraph (1) is granted, when the total amount of all obligations of the corporate debtor exceed his/her total amount of assets, the court may substitute such permission for a resolution passed at the general meeting of shareholders provided for in the provisions of Article 374 (1) of the Commercial Act by its inherent jurisdiction or upon receiving an application filed by the custodian. In this case, the provisions of Articles 374 (2) and 374-2 of the Commercial Act and the provisions of Article 165-5 (Special Cases concerning Appraisal Rights of Shareholders) of the Financial Investment Services and Capital Markets Act shall not apply thereto. *<Amended by Act No. 12595, May 20, 2014 >*

(5) The provisions of Article 61 (3) shall apply mutatis mutandis to any act that is performed without obtaining the permission referred to in the provisions of paragraph (1).

### Article 63 (Service, etc. of Decision on Permission to Transfer Business, etc. of Stock Company)

(1) The court shall, when it makes the decision provided for in the provisions of Article 62 (4), serve a written decision on any custodian and also serve a written statement containing summary of such decision on each of shareholders.

(2) The effect of a decision made pursuant to the provisions of Article 62 (4) shall accrue when it is served on the custodian.

(3) Any shareholder may immediately file an appeal against a decision that is made pursuant to the provisions of Article 62 (4).

### Article 64 (Act of Debtor after Commencement of Rehabilitation Procedures)

(1) When the debtor performs any legal act in relation to his/her assets after the rehabilitation procedures commence, he/she shall be prohibited from claiming any effects that accrue from the rehabilitation procedures.

(2) In applying the provisions of paragraph (1), the legal act that is performed by the debtor on the date on which the rehabilitation procedures commence shall be presumed as having been performed after the rehabilitation procedures have commenced.

**Article 65 (Acquisition of Right after Commencement of Rehabilitation Procedures)**

(1) Notwithstanding anyone acquiring rights in the debtor's assets based on his/her rehabilitation claim or his/her rehabilitation security right without resorting to the debtor's act after the rehabilitation procedures commence, he/she shall not claim the effect of his/her acquisition thereof in relation to the rehabilitation procedures.

(2) The provisions of Article 64 (2) shall apply mutatis mutandis to the acquisition referred to in the provisions of paragraph (1).

**Article 66 (Recording and Registration after Commencement of Rehabilitation Procedures)**

(1) Any recording and any provisional recording that are effected after the commencement of rehabilitation procedures on the grounds of the reason for recording that arises before the rehabilitation procedures commence for any real estate or any ship shall not claim their effects in relation to the rehabilitation procedures: Provided, That the same shall not apply where the register authority effects the principal recording without knowledge of the fact that the rehabilitation procedures have commenced.

(2) The provisions of paragraph (1) shall apply mutatis mutandis to the registration and the provisional registration of the establishment, transfer or change of rights.

**Article 67 (Repayment Made to Debtor after Commencement of Rehabilitation Procedures)**

(1) Any repayment made to the debtor without knowledge of the fact that rehabilitation procedures have commenced may claim its effect in relation to the rehabilitation procedures.

(2) Any repayment made to the debtor with knowledge of the fact that the rehabilitation procedures have commenced after such rehabilitation procedures commence may claim its effect only within the limit of the profits that accrue to the debtor's assets in relation to the rehabilitation procedures.

**Article 68 (Presumption of Good Faith or Bad Faith)**

In applying the provisions of Articles 66 and 67, it shall be presumed that the fact of the commencement of rehabilitation procedures is not known before the rehabilitation procedures are published and it shall be presumed that the fact thereof is known after the rehabilitation procedures are published.

**Article 69 (Co-Ownership Relationship)**

(1) Where the debtor jointly holds any property rights with any other person, notwithstanding they have an agreement that prohibits them from dividing such property right, any custodian may claim the division of such property rights at the time that rehabilitation procedures commence.

(2) In cases falling under paragraph (1), any co-owner may acquire the debtor's share after paying a fair price therefor.

**Article 70 (Reacquisition Rights)**

The commencement of rehabilitation procedures shall not affect the right to reacquire any assets that do not belong to the debtor from such debtor.

**Article 71 (Reacquisition of Sold Goods in Transit)**

(1) When any seller ships out his/her goods that is the object of the sale and purchase and rehabilitation procedures commence for the purchaser who fails to take over such goods at the destination of the goods after paying the price therefor in full, the seller may reacquire such goods. In this case, any custodian may require the delivery of such goods after paying the price therefor in full after obtaining permission therefor from the court.

(2) The provisions of paragraph (1) shall not exclude the application of the provisions of Article 119.

**Article 72 (Right to Reacquire by Commission Agents)**

The provisions of Article 71 (1) shall apply mutatis mutandis where any commission agent who is entrusted with the purchase of goods ships out such goods to anyone who entrusts such commission agent.

**Article 73 (General Reacquisition Rights)**

(1) When the debtor transfers his/her assets that are subject to reacquisition rights before rehabilitation procedures commence, the reacquisition right holder may claim the transfer of the rights to claim the performance of the benefit in return. The same shall apply where any custodian transfers any assets that are subject to reacquisition rights.

(2) In cases falling under paragraph (1), any custodian receives the performance of the benefit in return, the reacquisition right holder may claim the return of the assets that the custodian receives as the benefit in return.

**Article 74 (Selection and Appointment of Custodians)**

(1) The court shall select and appoint persons who are fully qualified to perform duties as custodians after hearing the opinions of the Custodial Committee and the creditors' consultative council.

(2) The court shall select and appoint individual debtors and debtors' non-individual representatives as custodians with the exception of instances falling under each of the following subparagraphs:

  1. When the debtor's bankruptcy is caused by the property's diversion, or concealment of assets or poor corporate governance by a person falling under any of the following subparagraphs, for which the latter is wholly responsible:

     (a) An individual debtor;

     (b) The director of a non-individual debtor;

     (c) The manager of the debtor;

  2. When the request from the Creditors' Consultative Council has any justifiable grounds;

  3. When the debtor's rehabilitation is necessary.

(3) Notwithstanding the provisions of paragraph (1), where the debtor is an individual, a small- and medium-sized businessman and any person who is prescribed by the rules of the Supreme Court, any custodian may not be selected or appointed: Provided, That where it is recognized that the grounds

referred to in any subparagraph of paragraph (2) exist at the time that the rehabilitation procedures are in progress, a custodian may be selected and appointed.

(4) Where no custodian is selected and appointed, the debtor (referring to the debtor's representative where the debtor is not an individual) shall be deemed the custodian provided for in the provisions of this Part.

(5) Where any custodian is selected and appointed, the court shall question the debtor or the debtor's representative, with the exception where acute circumstances exist.

(6) Any corporation may become a custodian. In this case, such corporation shall nominate a person from among its directors to perform the duties of the custodian and make a report thereon to the court.

**Article 75 (Performance of Duties by Multiple Custodians)**

(1) When multiple custodians are involved, they shall perform their duties jointly. In this case, they may share their duties after obtaining permission therefor from the court.

(2) When multiple custodians are involved, the wishes of third persons may be expressed to one custodian.

**Article 76 (Acting Custodians)**

(1) When it is deemed necessary, each custodian may select and appoint one or multiple acting custodians at his/her own risk to perform his/her duties.

(2) The selection and appointment of acting custodians as referred to in the provisions of paragraph (1) shall obtain permission therefor from the court.

(3) When the court grants the permission pursuant to the provisions of paragraph (2), it shall publish such permission. The same shall apply where the court alters or rescinds its permission to select and appoint acting custodians.

(4) Where the debtor is a corporation, when the permission provided for in the provisions of paragraph (2) is granted, the court official of Grade V, etc. shall promptly commission by their inherent jurisdiction the registry office to register the selections and appointments of acting custodians by providing such registry office with a written commission accompanied by a certified copy of the written decision. The same shall apply where the permission to select and appoint acting custodians is altered or rescinded.

(5) Acting custodians may perform any act on behalf of custodians, with the exception of any act involving any trial or related to any trial.

**Article 77 (Advisers)**

Custodians may, when it is deemed necessary, select and appoint legal and corporate governance experts as their advisers after obtaining permission therefor from the court.

**Article 78 (Standing to Sue)**

Every custodian shall be a party in the lawsuit involving the debtor's assets.

**Article 79 (Inspection, etc. by Custodians)**

(1) Every custodian may ask anyone falling under any of the following subparagraphs to report on the current state of the debtor's business and assets, and may inspect the debtor's books, documents, cash and goods:

   1. An individual debtor or his/her legal representative;

   2. The director, auditor, liquidator and any other person corresponding thereto of a debtor who is not an individual;

   3. The debtor's manager or employee.

(2) If it is deemed necessary, any custodian may select and appoint any appraiser to perform the appraisal after obtaining permission therefor from the court.

(3) Every custodian may, when he/she performs the inspection referred to in the provisions of paragraph (1), ask for the assistance of any executor after obtaining permission therefor from the court.

**Article 80 (Management of Postal Items and Cessation of their Management)**

(1) The court may commission any postal service agency, any transporter and any other person to deliver postal items, telegraphs and cargoes, any of which are sent to the debtor or to any custodian.

(2) The custodian may open the postal items, telegraphs and cargo that are delivered to him/her pursuant to the provisions of paragraph (1).

(3) The debtor may ask for the inspection of the postal items, telegrams and cargo provided for in the provisions of paragraph (2) and ask for the delivery of any of them to him/her that is unrelated to his/her property.

(4) The court may alter or rescind the commission referred to in the provisions of paragraph (1) upon receiving a claim filed by the debtor or by its inherent jurisdiction after hearing the opinion of the relevant custodian.

(5) When the rehabilitation procedures are completed, the court shall rescind the commission referred to in the provisions of paragraph (1).

**Article 81 (Supervision of Custodians)**

(1) Custodians shall be placed under the supervision of the court.

(2) The court shall deliver a written statement attesting the selection and appointment to each custodians.

(3) Every custodian shall, when he/she performs his/her duties, at the request of any interested person, produce his/her written statement referred to in the provisions of paragraph (2) to the latter.

**Article 82 (Obligations, etc. of Custodians)**

(1) Every custodian shall perform his/her duties with the due care of a good manager.

(2) When any custodian neglects to take the due care referred to in the provisions of paragraph (1), he/she shall be liable to indemnify any interested person for damage incurred by his/her negligence. In this case, when more than one custodian neglects to take such due care, they shall be jointly liable to indemnify him/her for such damage.

**Article 83 (Resignation and Dismissal of Custodians)**

(1) Every custodian may, when he/she has any justifiable grounds, resign as a custodian after obtaining permission therefor from the court.

(2) Upon receiving an application filed by any interested person, the court may dismiss any custodian by its inherent jurisdiction, on the grounds that fall under each of the following subparagraphs. In this case,

the court shall question such custodian:

1. When the grounds provided for in the provisions of Article 74 (2) 1 are found in relation to the custodian after he/she is selected and appointed as a custodian;

2. When the custodian violates the duties provided for in the provisions of Article 82 (1);

3. When the custodian is found to lack management ability;

4. When other extenuating grounds exist.

(3) An immediate appeal may be filed against a decision to dismiss any custodian under the provisions of paragraph (2).

(4) The immediate appeal referred to in the provisions of paragraph (3) shall not have the effect of suspending any execution.

(5) When the court selects and appoints a new custodian after dismissing a custodian pursuant to the provisions of paragraph (2), the provisions of Article 74 (2) shall not apply thereto.

**Article 84 (Obligation to Report Upon Completion of Duties)**

(1) When any custodian completes his/her duties, such custodian or his/her successor shall promptly make an accounting report to the court.

(2) Where pressing circumstances arise when any custodian completes his/her duties, such custodian or his/her successor shall take a necessary steps to manage the assets until the time his/her successor or the debtor is able to manage such assets.

**Article 85 (Authority of Preservative Custodians)**

When the preservation and the management orders provided for in the provisions of Article 43 (3) are given, the debtor's authority to run his/her business, manage his/her assets and take any disposition shall be exclusively vested in the preservative custodian until the time it is decided to commence the rehabilitation procedures.

**Article 86 (Mutatis Mutandis Application of Provisions Governing Custodians)**

(1) The provisions of Articles 61, 74, 75, 78 through 84, and 89 shall apply mutatis mutandis to preservative custodians.

(2) The provisions of Article 59 (1) and (2) shall apply mutatis mutandis where the preservation and the management orders are given and the provisions of Article 59 (3) through (5) shall apply mutatis mutandis where the effect of the preservation and the management orders respectively lose.

(3) The provisions of Articles 59 (1) through (5) shall apply mutatis mutandis to cases involving the debtor's assets that are pending in any administrative agencies at the time that the preservation and the management orders are given. In this case, the "time the rehabilitation procedures are completed" in the provisions of Article 59 (3) and (4) shall be deemed the "time the preservation and the management order ceases to have effect".

**Article 87 (Inspectors)**

(1) When it is deemed necessary, the court may select and appoint one or multiple inspectors after hearing the opinion of the Custodial Committee.

(2) The inspectors shall be selected and appointed from among persons of profound learning and experience in inspection, who have no interests in the rehabilitation procedures.

(3) When the court selects and appoints inspectors, it may require such inspectors to inspect the matters provided for in the provisions of Articles 90 through 92 for a fixed period and ask them to put forward their opinions as to whether it is appropriate to continue the rehabilitation procedures.

(4) When it is deemed necessary, the court may require the inspectors to inspect other matters than the matters referred to in the provisions of paragraph (3) and to report the result of such inspection.

(5) When reasonable grounds exist, the court may dismiss any inspector by its inherent jurisdiction or upon receiving an application filed by any interested person. In this case, the court shall question the relevant inspector.

**Article 88 (Mutatis Mutandis Application of Provisions Governing Inspectors)**

The provisions of Articles 79, and 81 through 83 (1) shall apply mutatis mutandis to the inspectors.

**Article 89 (Management of Debtor's Business and Property)**

Every custodian shall attend to the tasks of managing the debtor's business and assets immediately after he/she assumes his/her post.

**Article 90 (Appraisal of Asset Value)**

Every custodian shall appraise without delay the value of all of the assets that belong to the debtor at the time that rehabilitation procedures commence after he/she takes up his/her post. In this case, the relevant custodian shall allow the debtor to participate in the appraisal thereof, save when his/her participation is feared to delay the appraisal of such value.

**Article 91 (Preparation of Assets Inventory and Balance Sheet)**

Every custodian shall prepare an inventory of the debtor's assets and balance sheet at the time that the rehabilitation procedures commence and then submit them to the court immediately after assuming their posts.

**Article 92 (Inspection and Report by Custodians)**

Every custodian shall promptly inspect the matters falling under each of the following subpargraphs and then report the result of the inspection to the court and the Custodial Committee on or before the date on which the first assembly of interested persons is held:

1. Circumstances in which the debtor has to face the commencement of rehabilitation procedures;

2. Matters concerning the debtor's business and assets;

3. Whether circumstances exist that require the preservation disposition provided for in the provisions of Article 114 (1) or the final inspection judgment provided for in the provisions of Article 115 (1);

4. Other matters that are necessary for the debtor's rehabilitation.

**Article 93 (Other Reports, etc.)**

Every custodian shall report the current state of the management of the debtor's business and assets in addition to the matters provided for in the provisions of Articles 90 through 92 and other matters that are ordered by the court under the conditions as prescribed by the court and prepare the debtor's asset

inventory and balance sheet as of the date on which the rehabilitation plan is authorized and as of the time that is set by the court, and submit a certified copy of the debtor's asset inventory and balance sheet to the court.

### Article 94 (Appraisal of Fixed Assets Used for Business)

(1) Every custodian shall, when he/she prepares the debtor's asset inventory and balance sheet, prepare them according to accounting practices that are generally recognized as being fair and appropriate.

(2) Deleted. *<by Act No. 10281, May 14, 2010>*

### Article 95 (Keeping of Documents)

The documents that are submitted to the court pursuant to the provisions of Articles 87, and 91 through 93 shall be retained by the court for the purpose of offering them for inspection by interested persons.

### Article 96 (Suspension of Business)

Where the continuation of the debtor's business is recognized as being inappropriate on the grounds of special circumstances, any custodian may suspend the debtor's business after obtaining permission therefor from the court.

### Article 97 (Means, etc. to Keep Assets)

The court may prescribe means to keep money and other assets and necessary matters concerning cash revenues and expenditure.

### Article 98 (First Assembly of Interested Persons)

A custodian shall report the outlines of the matters specified in Article 92 at the first assembly of interested persons.

### Article 99 (Court's Hearing of Opinions)

At the first assembly of interested persons, the court shall hear the opinions of persons falling under each of the following subparagraphs with respect to the selection and appointment of custodians and inspectors, the management of the debtor's business and assets, and whether the continuation of rehabilitation procedures is appropriate:

1. Custodians and inspectors;

2. The debtor;

3. Rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders who are entered in the list provided for in the provisions of Article 147 (1) or reported.

### Article 100 (Negational Act)

(1) Any custodian may set aside acts falling under any of the following subparagraphs for the debtor's assets after rehabilitation procedures commence:

1. An act performed by the debtor with knowledge that such act damages any rehabilitation creditor or any rehabilitation secured creditor: Provided, That the same shall not apply where anyone who receives any benefit from the act without the knowledge that the act causes damage to such rehabilitation creditor or such rehabilitation secured creditor at the time that such act is performed;

2. An act that causes damage to any rehabilitation creditor or any rehabilitation secured creditor, furnishing any security or extinguishing any obligation, which is performed by the debtor after the payment is suspended, an application is filed for commencement of rehabilitation procedures or a petition is filed for bankruptcy; Provided, That it is limited to the time anyone who receives any benefit from the act is aware of the fact that the payment, etc. is suspended and the act causes damage to any rehabilitation creditor or any rehabilitation secured creditor at the time that such act is performed;

3. The act of furnishing any security or extinguishing any obligation, which is performed by the debtor within 60 days before or after the date on which the debtor suspends his/her payment, etc. and such act does not pertain to the debtor's obligations and the method and the time of such act do not belong to the debtor's obligation: Provided, That the same shall not apply where the debtor learns of the fact that the debtor's act undermines the equality with other rehabilitation creditor or other rehabilitation secured creditor at the time that he/she performs such act (when the act is performed after the payment is suspended, limited to a case where the debtor learns that such payment is suspended);

4. Any gratuitous act or act for valuable consideration that may be deemed identical to the former, which is performed by the debtor before or after 6 months from the date on which the debtor suspends his/her payment.

(2) The provisions of paragraph (1) shall not apply to the debtor's act of furnishing any security or extinguishing any obligation for anyone who holds the authority to collect claims provided for in the provisions of Article 140 (1) and (2).

### Article 101 (Special Rules Governing Act Performed for Specially Related Persons as Other Parties)

(1) In the application of the provisions of the proviso to Article 100 (1) 2, when any person who receives any benefit is in a special relationship with the debtor, the scope of which is prescribed by the Presidential Decree, (hereinafter referred to as "specially related person" in this Article), the specially related person shall be presumed to be aware of the fact that the payment, etc. are suspended and he/she causes damage to any rehabilitation creditor or any rehabilitation secured creditor at the time that he/she performs such act.

(2) In applying the provisions of Article 100 (1) 3, when any act is performed in relation to the specially related person as another party, "60 days" provided for in the provisions of the main sentence of the same subparagraph shall be deemed "one year" and in applying the proviso to the same subparagraph, it is presumed that the specially related person is aware of the fact that the debtor undermines equality with other rehabilitation creditors or other rehabilitation secured creditor at the time that the debtor performs the act that undermines such equality.

(3) In applying the provisions of Article 100 (1) 4, any act is performed in relation to the specially related person as another party, "60 days" provided for in the same subparagraph shall be deemed "one year."

### Article 102 (Exception of Payment of Obligations of Bill)

(1) The provisions of Article 100 (1) shall not apply where anyone who is entitled to claim payment of any bill by the debtor, if he/she fails to be paid such bill, loses his/her right on bills to be paid by one or

multiple debtors.

(2) In cases falling under paragraph (1), when any final obligor for compensation or anyone who commissions the issuance of bills learns of the payment suspension, etc. or fails to become aware due to negligence, any custodian may cause him/her to refund the amount paid by the debtor.

**Article 103 (Negation of Requirements for Establishing Alteration of Right and Requirements for Counteraction)**

(1) Where any necessary act is performed to establish, transfer or alter rights with the aim of countering any third person after payment, etc. is suspended, when such necessary act is performed with the knowledge that the payment, etc. is suspended after the lapse of 15 days from the date on which such necessary act is performed to establish, transfer or alter the rights, such necessary act may be set aside: Provided, That the same shall not apply where any principal registration or any principal recording is effected based on any provisional registration or any provisional recording after such provisional registration or such provisional registration is effected.

(2) The provisions of paragraph (1) shall apply mutatis mutandis to any registration or any recording that effects the acquisition of rights.

**Article 104 (Negation of Execution Act)**

The right to set aside may be exercised when the source of the execution right that holds the authority to execute the act subject to be set aside, or the act is performed by the act of execution.

**Article 105 (Methods of Exercising Right to Set Aside)**

(1) Every custodian shall exercise the right to set aside by means of lawsuit, a claim filed for avoidance or defence.

(2) The court may order any custodian to exercise the right to set aside by its inherent jurisdiction or upon receiving an application filed by any rehabilitation creditor, any rehabilitation secured creditor, any shareholder and any equity right holder.

(3) The lawsuit and the case of claim for avoidance shall be placed under the exclusive jurisdiction of the rehabilitation court.

**Article 106 (Claims Filed for Avoidance)**

(1) Every custodian shall, when he/she files a claim for avoidance, substantiate the factual basis for such avoidance.

(2) Any judgment that cites a claim for avoidance or declines a claim for negation shall be made based on a decision that is accompanied by reasons therefor.

(3) When the court makes the decision referred to in paragraph (2), it shall examine other parties.

(4) When the court decides to cite a claim for avoidance, it shall deliver a written decision thereon to each of the parties.

**Article 107 (Lawsuit Filed against Decision to Cite Claim for Avoidance)**

(1) Anyone who is dissatisfied with any decision to cite a claim for avoidance may file a lawsuit against such decision within one month from the date on which he/she takes the delivery of such decision.

(2) The period referred to in the provisions of paragraph (1) shall be invariable.

(3) The lawsuit referred to in the provisions of paragraph (1) shall be placed under the exclusive jurisdiction of the rehabilitation court.

(4) The judgment on the lawsuit filed pursuant to the provisions of paragraph (1) shall authorize, alter or revoke the decision to cite the claim for avoidance: Provided, That the same shall not apply where the lawsuit is declined on the grounds of being unlawful.

(5) When a judgment that authorizes the whole or part of the decision (limited to the part of the decision that is authorized in the judgment) to cite the claim for avoidance is confirmed, the decision shall have the same effect as the effect of the final decision. The same shall apply to the decision to cite the claim for avoidance where the lawsuit referred to in the provisions of paragraph (1) is not filed, is withdrawn or is declined within the period that is set pursuant to the provisions of the same paragraph.

**Article 108 (Effect, etc. of Exercise of Negation Right)**

(1) The exercise of the right to set aside shall restore the debtor's assets to their original status.

(2) Where the act provided for in the provisions of Article 100 (1) 4 is set aside, when the other party is not aware of the payment suspension, etc. at the time that such act is performed, a refund may be made within the limit of the existing benefits.

(3) Where the debtor's act is set aside, any other party may exercise his/her right according to the classification falling under any of the following subparagraphs:

　1. When the benefit in return that is paid to the debtor does not exist among the debtor's assets, the right to claim the refund of such benefit in return;

　2. When all of the profits that accrue from the benefit in return paid to the debtor exist among the debtor's assets, the right to claim the refund of the existing profits in the capacity of a public-interest creditor;

　3. When the profits that accrue from the benefit in return paid to the debtor does not exist among the debtor's assets, the right to claim the refund of the value of the benefit in return in the capacity of a rehabilitation creditor;

　4. When part of the profits that accrue from the benefit in return paid to the debtor exist among the debtor's assets, the right to claim the refund of the existing profits in the capacity of a public-interest creditor and the right to claim the refund of the difference between the benefit in return and the existing profits in the capacity of a rehabilitation creditor.

**Article 109 (Restoration of Claims of Other Parties)**

(1) Where an act of the debtor is set aside, when the other party refunds any payment that is made to him/her or refunds the value of such payment, the claim of the other party shall be restored to its original status.

(2) When an act of the debtor is set aside after the assembly of interested persons that is called to deliberate on a draft rehabilitation plan or it is decided to propose a written resolution provided for in the provisions of Article 240 in the agenda of such meeting, notwithstanding the provisions of 152 (3), the

other party may subsequently supplement his/her report within one month from the date on which the act of the debtor is set aside.

**Article 110 (Right to Set Aside against Subsequent Purchasers)**

(1) In cases falling under any of the following subparagraphs, the right to set aside may also be exercised against any subsequent purchaser:

1. Where the subsequent purchaser becomes aware of the fact forming the grounds for setting aside exists for the former at the time that the subsequent purchase is effected;

2. Where the subsequent purchaser is a specially related person provided for in the provisions of Article 101: Provided, That the same shall not apply where the subsequent purchaser does not become aware of the fact that the grounds for setting aside exists for the former at the time that the subsequent purchase is effected;

3. Where the subsequent purchaser effects the subsequent purchase on the grounds of a gratuitous act or an act for valuable consideration that may be deemed identical to a gratuitous act, when the grounds for setting aside exists for the former.

(2) The provisions of Article 108 (2) shall apply mutatis mutandis where the right to set aside is exercised pursuant to the provisions of paragraph (1) 3.

**Article 111 (Restrictions on Setting Aside Effected on Grounds of Knowledge of Payment Suspension)**

Any act that is performed one year prior to the date on which an application is filed for commencement of rehabilitation procedures shall not be set aside on the grounds of knowledge of the fact that the payment is suspended.

**Article 112 (Period for Exercise of Right to Set Aside)**

The right to set aside shall not be exercised when two years lapse from the date on which rehabilitation procedures commence. The same shall apply where ten years lapse from the date on which an act provided for in any subparagraph of Article 100 (1) is performed.

**Article 113 (Stay of Proceedings Filed by Creditors for Revocation)**

(1) Where a litigation filed by a rehabilitation creditor pursuant to Article 406 (1) of the Civil Act or Article 8 of the Trust Act, or a litigation of negation on the basis of the bankruptcy procedures is pending in the court at the time when the rehabilitation procedure commences, the proceedings thereof shall be interrupted. *<Amended by Act No. 11828, May 28, 2013>*

(2) The provisions of Article 59 (2) through (5) shall apply mutatis mutandis to the cases referred to in paragraph (1). In such cases, "debtor" in paragraphs (3) and (4) of Article 59 shall be deemed "rehabilitation creditor or trustee in bankruptcy." *<Amended by Act No. 11828, May 28, 2013>*

**Article 113-2 (Special Rules concerning Negation of Deed of Trust)**

(1) Where a debtor negates any trust deed done by himself/herself as a truster pursuant to the Trust Act, such negation shall be made in relation to the truster, beneficiary, or sequent purchaser, as the other party.

(2) Where a debtor negates any trust deed toward the truster as the other party for the reasons that such trust deed falls under Article 100 (1) 1, 2, or 3, the proviso to paragraph (1) 1, 2, or 3 of the same Article

shall not apply.

(3) Where a debtor negates any trust deed toward the beneficiary as the other party for the reasons that such trust deed falls under Article 100 (1) 1 or 2, "anyone who receives any benefit from the act" shall be construed as the beneficiary, who is the other party toward whom negation is made, in cases of applying the proviso to paragraph (1) 1 or 2.

(4) Only where grounds exist for the relevant negation in all beneficiaries (if a subsequent purchaser of the right to benefit exists, referring to the subsequent purchaser), a custodian may claim restitution of the trust property against the trustee. In such cases, a custodian may, against any trustee who is unaware of the said ground for negation, claim the restitution to the extent of existing part of the trust property.

(5) A custodian may, against any beneficiary (including subsequent purchasers, if any) who have notice of the said ground for negation at the time he/she has acquired the right to benefit, claim the restitution of his/her acquired right to benefit as property of the debtor.

(6) Where any trust property has been restituted by dint of the negation of any trust deed done by the debtor as a truster, a bona fide third party who has transacted with the trustee may exercise a claim deriving from the transaction as a public-interest creditor to the extent of the restituted trust property.

**Article 114 (Disposition Taken to Preserve Property of Corporate Directors, etc.)**

(1) When it is deemed necessary after a decision is made to commence the rehabilitation procedures for a corporate debtor, the court may, upon request by any custodian or ex officio, take a disposition to preserve the assets of directors, etc. in order to preserve the right to claim investments and to claim compensation for damage based on the responsibilities of directors, etc. to the debtor's promoters, directors (including a deemed director under the provisions of Article 401-2 (1) of the Commercial Act), auditors, inspectors or liquidators (hereafter, in this Article through Article 116 referred to as "directors, etc.").

(2) When a custodian does not become aware of the fact that the claim referred to in the provisions of paragraph (1) exists, he shall file an application with the court for a disposition taken to preserve such claim pursuant to the provisions of paragraph (1).

(3) When it is deemed expedient, the court may take the preservation disposition referred to in the provisions of paragraph (1) by its inherent jurisdiction or upon receiving an application filed by the debtor (when any preservative custodian is selected and appointed, this refers to such preservative custodian) even before a decision is made to commence rehabilitation procedures.

(4) The court may alter or rescind the preservation disposition referred to in the provisions of paragraph (1) or (3) after hearing the opinion of the Custodial Committee.

(5) An immediate appeal may be filed against the preservation disposition referred to in the provisions of paragraph (1) or (3) and the decision referred to in the provisions of paragraph (4).

(6) The immediate appeal referred to in the provisions of paragraph (5) shall not have the effect of staying any execution.

(7) When a judgment is given on the preservation disposition referred to in the provisions of paragraph (1) or (3) or on the decision referred to in the provisions of paragraph (4) and on the immediate appeal filed

against such decision, a written decision shall be delivered to each of the parties.

**Article 115 (Final Inspection Judgment on Right to Claim Compensation for Damage, etc.)**

(1) When it is deemed necessary after a decision is made to commence the rehabilitation procedures for a corporate debtor, the court may give a final and conclusive judgment by its inherent jurisdiction or upon receiving an application filed by any custodian, which calls for inspecting whether the right to claim investments by the directors, etc. or the right to claim compensation for damage based on the responsibility of directors exists and their contents.

(2) When a custodian becomes aware of the fact that the right of claim referred to in the provisions of paragraph (1) exists, he/she shall file an application with the court for the judgment referred to in the provisions of paragraph (1).

(3) When a custodian files the application referred to in the provisions of paragraph (1), he/she shall substantiate the factual grounds for such application.

(4) When the court commences the inspection and confirmation procedures by its inherent jurisdiction, it shall decide on the purposes thereof.

(5) When the application referred to in the provisions of paragraph (1) is filed and a decision is made to commence the inspection and confirmation procedures referred to in the provisions of paragraph (4), the stay of prescription shall give rise to the presumption that a claim has been filed for a judgment.

(6) Any judgment that dismisses a judgment on the inspection confirmation referred to in the provisions of paragraph (1) and an application for confirming the inspection shall be granted by a decision accompanying the reasons thereof.

(7) When the court makes the decision referred to in the provisions of paragraph (6), it shall examine interested persons in advance.

(8) The inspection confirmation procedures (excluding any inspection confirmation procedures after a decision is made on the inspection confirmation) shall be completed when the rehabilitation procedures concluded.

(9) When a decision is made on the inspection confirmation, a written decision shall be delivered to each of the parties.

**Article 116 (Lawsuit Filed to Raise Objection)**

(1) Anyone who is dissatisfied with a judgment on the inspection confirmation provided for in the provisions of Article 115 (1) may file a lawsuit against such judgement within one month from the date on which the judgment is delivered to him/her.

(2) The period referred to in the provisions of paragraph (1) shall be invariable.

(3) When persons who file the lawsuit referred to in the provisions of paragraph (1) are directors, etc., the custodians shall be adjoined as defendants and when custodians file the lawsuit, the directors shall be adjoined as defendants, respectively.

(4) The lawsuit referred to in the provisions of paragraph (1) shall be placed under the exclusive jurisdiction of the rehabilitation court. Arguments may be put forward only after one month lapses from

the date on which a decision is delivered on such lawsuit.

(5) When multiple lawsuits are pending simultaneously, the court shall combine arguments.

(6) A judgment on the lawsuit referred to in the provisions of paragraph (1) shall authorize, alter or rescind the decision of paragraph (1): Provided, That the same shall not apply where the lawsuit is declined on the grounds of unlawfulness.

(7) The judgment that authorizes or alters a decision on the inspection confirmation shall have the same effect as the effect of the confirmation judgment that orders execution with respect to compulsory execution.

### Article 117 (Effect of Final Inspection Judgment)

When the lawsuit provided for in the provisions of Article 116 (1) is not filed within the period provided for in the provisions of the same paragraph, is withdrawn or is declined, the judgment on the inspection confirmation shall have the same effect as the effect of the confirmation judgment that orders the execution.

### Article 118 (Rehabilitation Claims)

Claims falling under any of the following subparagraphs shall be made rehabilitation claims:

1. Asset claims based on grounds that arise before rehabilitation procedures commence for the debtor;

2. Interest that accrues after rehabilitation procedures commence;

3. Compensatory damages and penalties incurred by non-performance after rehabilitation procedures commence;

4. Costs incurred from participating in rehabilitation procedures.

### Article 119 (Options when Both Parties Fail to Fulfill Bilateral Contract)

(1) When the debtor and the other party to a bilateral contract have yet to complete performance of the contract at the time rehabilitation procedures commence, any custodian may cancel or terminate such bilateral contract and request the debtor to meet his/her obligations and require the other party to fulfill his/her obligations: Provided, That the custodian shall not cancel or terminate the bilateral contract after the assembly of interested persons held to deliberate on a draft rehabilitation plan or a decision is made to pass a written resolution on any case pursuant to the provisions of Article 240.

(2) In cases falling under paragraph (1), the other party may compel the custodian to cancel or terminate the bilateral contract or to provide a definitive answer as to whether the latter intends to implement the bilateral contract. In such cases, when the custodian fails to provide a definitive answer within 30 days from the date on which he/she is so compelled, the custodian shall be deemed to have relinquished his/her right to cancel and the right to terminate a right referred to in the provisions of paragraph (1).

(3) The court may extend or shorten the period referred to in the provisions of paragraph (2) by inherent jurisdiction or upon receiving an application filed by the custodian or the other party.

(4) The provisions of paragraphs (1) through (3) shall not apply to any collective agreement.

(5) Where the custodian cancels or terminates a contract to which the State is a party, concerning a project for improvement of defense capability under Article 3 of the Defense Acquisition Program Act, pursuant

to paragraph (1), he/she shall consult with the Administrator of the Defense Acquisition Program Administration. <*Newly Inserted by Act No. 12595, May 20, 2014*>

**Article 120 (Special Rules concerning Payment and Settlement System, etc.)**

(1) Where rehabilitation procedures commence with respect to any participant in the payment and settlement system designated by the Governor of the Bank of Korea (hereinafter in this paragraph referred to as "payment and settlement system") after consulting with the Financial Services Commission in order to ensure the completion of payment and settlement, the transfer order or payment, the performance, adjustment and deduction related thereto, the offer, disposal and appropriation of any security such as deposit money, and other settlements concerning the participant, shall become effective, notwithstanding the provisions of this Act, as determined by the person who operates the payment and settlement system, and shall not be subject to cancelation, termination, revocation, and negation. Detailed matters necessary for the designation of the payment and settlement system shall be prescribed by Presidential Decree. <*Amended by Act No. 8863, Feb. 29, 2008*>

(2) Where rehabilitation procedures commence with respect to any participant in the clearing and settlement system which is operated by any person engaged in clearing and settlement affairs of the transactions of securities and financial derivatives pursuant to the Financial Investment Services and Capital Markets Act or other statutes, or by other persons prescribed by Presidential Decree, the takeover, adjustment and deduction of any debt, the offer, disposal and appropriation of any security such as deposit money, and other clearing and settlement concerning the participant, shall become effective, notwithstanding the provisions of this Act, as determined by the person who operates the clearing and settlement system, and shall not be subject to cancelation, termination, revocation, and negation. <*Amended by Act No. 8635, Aug. 3, 2007*>

(3) Where rehabilitation procedures commence with respect to either of the parties who perform any of the following transactions (hereinafter in this paragraph referred to as "eligible financial transaction") on the basis of a single contract (hereinafter in this paragraph referred to as "framework contract") which provides fundamental matters concerning certain financial transactions, the completion and settlement of the eligible financial transaction shall become effective, notwithstanding the provisions of this Act, as determined by the parties in the framework contract, and shall not be subject to cancelation, termination, revocation, and negation, and transactions falling under subparagraph 4 shall not be subject to a suspension order or general prohibition order: Provided, That the same shall not apply where the debtor performs any eligible financial transaction in conspiracy with the counterpart, with the aim of causing harm to any rehabilitation creditor or rehabilitation secured creditor:

1. Transactions prescribed by Presidential Decree, which are financial derivatives transactions, such as forward deliveries, options, and swaps, the objects of which are the prices or interest rates of currencies, securities, contributed shares, general goods, credit risk, energy, weather conditions, freights, frequencies, environment, etc., or any indexes or indicators based on such prices or interest rates;

2. Spot exchange transaction, repurchase transaction of securities, security lending transactions and secured call transaction;

3. Any transaction which are mixed between transactions falling under subparagraphs 1 and 2;

4. The offer, disposal and appropriation of any security accompanied with the transactions falling under subparagraphs 1 through 3.

## Article 121 (Cancellation and Termination of Bilateral Contracts Unfulfilled by Both Parties)

(1) When any contract is canceled or terminated pursuant to the provisions of Article 119, the other party may exercise his/her right as a rehabilitation creditor on the compensation for damage.

(2) Where any contract is cancelled or terminated pursuant to the provisions of paragraph (1), when any benefit in return that is paid to the debtor exists among the debtor's assets, the other party may claim the refund of such benefit in return and where such benefit in return does not exist among debtor's assets, the other party may exercise his/her right as a public-interest creditor to claim the refund of the value thereof.

## Article 122 (Bilateral Contract Aimed at Continued Payments)

(1) The other party of a bilateral contract that requires the debtor to perform continued provision cannot not refuse to perform his/her obligations on the grounds that the debtor fails to repay any rehabilitation claim or any rehabilitation security right that accrues from the provision before an application is filed for commencing the rehabilitation procedures after such application is filed for commencing the rehabilitation procedures.

(2) The provisions of paragraph (1) shall not apply to any collective agreement.

## Article 123 (Takeover of Bills of Exchange, etc. After Commencement)

(1) Where rehabilitation procedures commence for a debtor who is an issuer of bills of exchange or an endorser, when any payer or any interim payer performs the takeover or the payment thereof without knowledge of such fact, the payer or the interim payer may exercise his/her right on a claim that accrues therefrom as a rehabilitation creditor.

(2) The provisions of paragraph (1) shall apply mutatis mutandis to securities that are primarily used to pay for checks, money, goods or securities.

(3) The provisions of Article 68 shall apply mutatis mutandis to the application of paragraphs (1) and (2).

## Article 124 (Rental Contracts, etc)

(1) When rehabilitation procedures commence for a debtor who is a renter, a disposition taken to make the prepayment of rent or to claim rent shall not claim its effect in relation to the rehabilitation procedures, with the exception of rent for the current term and the following term at the time that such rehabilitation procedures commence.

(2) Anyone who suffers damage on the grounds of his/her failure to claim its effect in relation to such rehabilitation procedures may exercise his/her right to claim compensation for such damage in the capacity of a rehabilitation creditor.

(3) The provisions of paragraphs (1) and (2) shall apply mutatis mutandis to surface rights.

(4) Where rehabilitation procedures commence for a debtor who is a landlord, when the tenant falls under any of the following subparagraphs, the provisions of Article 119 shall not apply to the latter:

1. When he/she meets the requirements for opposition provided for in the provisions of Article 3 (1) of the Housing Lease Protection Act;

2. When he/she meets the requirements for opposition provided for in the provisions of Article 3 of the Commercial Building Lease Protection Act.

**Article 125 (Mutual Accounts)**

(1) A mutual account shall be closed, when the rehabilitation procedures commence for either of the parties thereto. In this case, either party may close the account and claim the payment of any balance.

(2) A claim that is held by the other party of the debtor under the provisions of paragraph (1) shall be made a rehabilitation claim.

**Article 126 (Debtor Liable to Entirely Fulfill Obligations Jointly with Other Persons)**

(1) Where multiple persons are liable to entirely fulfill each individual obligation, when the rehabilitation procedures commence for the whole or part of such persons, the creditors may exercise their rights on the total amount of the claims they hold at the time that such rehabilitation procedures commence as rehabilitation creditors in each rehabilitation procedure.

(2) In cases falling under paragraph (1), even when persons who are liable to entirely fulfill each individual obligation complete repayment and extinguish their obligations to any creditor (hereafter in this Article referred to as "repayment, etc.")after the rehabilitation procedures commence, such creditors may exercise their rights on the total amount of the claims they hold at the time that the rehabilitation procedures commence, save when the total amount of the claims are extinguished.

(3) In cases falling under paragraph (1), anyone who holds the right to claim reimbursement from the debtor, which is possibly expected to be exercised in the future, may participate in the rehabilitation procedures for the total amount of his/her claim for reimbursements: Provided, That the same shall not apply where any creditor participates in the rehabilitation procedures for the total amount of the claim that he/she holds at the time that the rehabilitation procedures commence.

(4) Where any creditor participates in rehabilitation procedures pursuant to the provisions of paragraph (1) and anyone who holds the claim for reimbursement, who is possibly expected to exercise his/her right to claim such reimbursement from the debtor in future and the total amount of his/her claim is extinguished on the grounds of repayment, etc. to the creditor after the rehabilitation procedures commence, the creditor may exercise the right that he/she holds within the scope of his/her right to claim reimbursements.

(5) The provisions of paragraphs (2) through (4) shall apply mutatis mutandis where any third person who provides security for the debtor's obligations pays back such obligations to the creditors and holds the right to claim reimbursements, which he/she is expected to exercise on the obligations in the future.

**Article 127 (Obligations for Guarantee Borne By Debtor)**

When rehabilitation procedures commence for a debtor who is a guarantor, any creditor may exercise his/her right over the total amount of the claim that he/she holds at the time that such rehabilitation

procedures commence as a rehabilitation creditor.

**Article 128 (Participation in Rehabilitation Procedures for Persons Who Hold Unlimited Liabilities for Corporation's Obligations Where Rehabilitation Procedures Commence)**

Where it is decided to commence rehabilitation procedures for persons who hold unlimited liabilities for a corporation's obligations, the creditors of the relevant corporation may participate in the rehabilitation procedures for the total amount of claims that they hold at the time that the rehabilitation procedures commence.

**Article 129 (Participation in Rehabilitation Procedures by Persons Who Hold Limited Liabilities for Corporation's Obligations Where Rehabilitation Procedures Commence)**

(1) Where it is decided to commence rehabilitation procedures for employees who hold limited liabilities for a corporation's obligations, the creditors of the corporation shall be prohibited from participating in such rehabilitation procedures.

(2) Where it is decided to commence the rehabilitation procedures for any corporation, the creditors of such corporation shall be prohibited from exercising their rights on employees who hold limited liabilities for the corporation's obligations.

**Article 130 (In Cases of Partial Guarantee)**

Where multiple guarantors each bear part of the obligations, the provisions of Articles 126 and 127 shall apply mutatis mutandis to the part of the obligations they bear.

**Article 131 (Prohibition on Repayment of Rehabilitation Claims)**

The act (excluding any exemption) of extinguishing rehabilitation claims by repaying them, receiving the repayment thereof, etc. without following the provisions of the rehabilitation plan shall not be performed after the rehabilitation procedures have commenced, save when the provisions of this Act especially prescribe otherwise: Provided, That the same shall not apply where any custodian makes repayment after obtaining permission therefor from the court, and to a case that falls under the claim provided for in the provisons of Article 140 (2) and falls under any of the following subparagraphs:

1. Where a disposition for the recovery of arrears is taken, the disposal of any collateral property is performed or continuation thereof is permitted;

2. Where a third party debtor arbitrarily transfers the debtor's claims (including claims that are affected by the effect of seizure) that are seized according to a disposition for the recovery of arrears to the person who holds the authority to make collections in the period during which the disposition for the recovery of arrears is suspended.

**Article 132 (Permission to Repay Rehabilitation Claims)**

(1) When a small- and medium-sized businessman who is a transaction partner of the debtor is feared to face hardship in the continuation of his/her business unless he/she receives the repayment of a small-sum claim that he/she holds, the court may grant permission to pay back the whole or part of such small-sum claim to him/her upon receiving an application filed by any custodian, any preservative custodian or the debtor even before it decides to authorize a confirmation of the rehabilitation plan.

(2) When it is recognized that the debtor's rehabilitation is feared to face considerable hardship unless the rehabilitation claims are repaid, the court may permit the payment of the whole or part of such rehabilitation claims upon receiving an application filed by any custodian, any preservative custodian or the debtor even before it is decided to authorize a confirmation of the rehabilitation plan.

(3) When the court intends to grant the permission referred to in the provisions of paragraphs (1) and (2), it shall hear the opinions of the Custodial Committee and the creditors' consultative council and take into account all circumstances including current transactions between the debtor and the creditors, the debtor's current assets and the interests, etc. of interested persons.

## Article 133 (Rights of Rehabilitation Creditors)

(1) Every rehabilitation creditor may participate in rehabilitation procedures based on the claim that he/she holds.

(2) Every rehabilitation creditor shall hold a voting right on the claim provided for in the provisions of Articles 134 through 138 according to the amount that is calculated on the basis of those provisions and on other claims according to the amount of such other claims.

## Article 134 (Interest-Free Claim with Time Limit)

An interest-free claim, the deadline of which arrives after rehabilitation procedures commence shall be the amount obtained by deducting the interest from the amount of the claim after the total amount of the interest, based on the statutory interest and the principal are calculated to be the amount of the claim at the time that the deadline arrives during the period ranging from the time the rehabilitation procedures commence to the deadline.

## Article 135 (Claim For Money Payable by Periodic Installments)

The provisions of Article 134 shall apply mutatis mutandis to any claim for money payable by periodic installments, the amount and the period of which are not confirmed.

## Article 136 (Interest-Free Claims of Indefinite Time Limit, etc.)

Interest-Free claims, the time limits of which are indefinite shall be the amount that is appraised at the time that rehabilitation procedures commence. The same shall apply where the amount of the claim for money payable by periodic installment or the period, for which are indefinite.

## Article 137 (Non-Monetary Claims, etc.)

When the purpose of any claim is not monetary, the amount of any claim is indefinite and any claim is set in foreign currency, such claim shall be the amount appraised as at the time that rehabilitation procedures commence.

## Article 138 (Conditional Claims and Future Claims)

(1) Conditional claims shall be the amount appraised as at the time rehabilitation procedures commence.

(2) The provisions of paragraph (1) shall apply mutatis mutandis to future claims that can be exercised to the debtor.

## Article 139 (Calculation of Period of Priority Right)

When any priority rights are held on the amount of claim within a certain period, such certain period shall be calculated retroactively from the time rehabilitation procedures commence.

### Article 140 (Reduction of and Exemption from Fines and Taxes, etc.)

(1) With respect to the claims on any fine, minor fine, criminal proceedings costs, additional collection charge, and administrative fine, the rehabilitation plan shall not provide for any reduction and exemption, and matters affecting other rights.

(2) With respect to the claims by which taxes are to be collected pursuant to the National Tax Collection Act and the Framework Act on Local Taxes (including claims by which taxes are to be collected according to the example of collecting a national tax, which take priority over general rehabilitation claims in collection), where the rehabilitation plan provides that the collection of taxes or the conversion of any property into money is deferred for not more than three years, it shall be required to hear the opinions of a person who is authorized to collect taxes. *<Amended by Act No. 10219, Mar. 31, 2010>*

(3) With respect to the claims under the provisions of paragraph (2), where the rehabilitation plan provides for the deferral of collection of debts or the conversion of any property into money for more than three years, or provides for the devolution of debts, the tax reduction and exemption, or other matters that affect the said claims, the consent of the person who is authorized to collect public charges shall be required.

(4) With respect to the claims under the provisions of paragraph (2), the person who is authorized to collect debts may give consent under the provisions of paragraph (3).

(5) The prescription shall not proceed during the period in which the collection is deferred or the conversion of the property into money by the disposition for arrears is deferred, pursuant to the provisions of paragraphs (2) and (3).

### Article 141 (Rights of Rehabilitation Secured Creditors)

(1) A rehabilitation claim or a claim for any property against a person other than the debtors resulting from any cause arising before the rehabilitation procedure commences, which is secured by any such lien, pledge, mortgage, right to property transferred for security, right of provisional registered security, security right under the Act on Security over Movable Property, Claims, Etc., right to lease on a deposit basis, or priority right, as exists on the debtor's property at the time the rehabilitation procedure is commenced, shall be deemed a rehabilitation security right: Provided, That with respect to claims for any interest, or any damages or penalties caused by the failure to comply with any obligation, this shall only apply to the claims arising until one day before the commencement of the rehabilitation procedure is determined. *<Amended by Act No. 10366, Jun. 10, 2010>*

(2) The provisions of Articles 126 through 131, and 139 shall apply mutatis mutandis to rehabilitation security rights.

(3) A rehabilitation secured creditor may participate in the rehabilitation procedure, based on his/her rehabilitation security rights.

(4) A rehabilitation secured creditor may participate in the rehabilitation procedure as a rehabilitation creditor with respect to the portion in excess of the value (where any other senior security right exists, it

refers to the amount calculated by deducting the amount of the claim secured by that senior security right from the value of the subject matter of his/her security right; hereafter the same shall apply in this Article) of the subject matter of his/her security right, among the amount of his/her claim.

(5) A rehabilitation secured creditor shall have voting rights in proportion to the value of the subject matter of his/her security right: Provided, That where the amount of any secured claim of any rehabilitation secured creditor is less than the value of the subject matter of his/her security right, he/she shall have voting rights in proportion to the value of that secured claim.

(6) The provisions of Articles 133 (2), and 134 through 138 shall apply mutatis mutandis to the voting rights of rehabilitation secured creditors.

**Article 142 (Proxy Commissioners)**

(1) Rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders may individually or jointly select and appoint one or multiple proxies commissioners.

(2) The authority of every proxy shall be attested to in writing.

(3) Proxies may perform every act in rehabilitation procedures for rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders who select and appoint them.

(4) Where there are several proxies, they shall exercise their authority jointly. However wishes as expressed by any third person may be performed by anyone of them.

(5) When any proxy exercises his/her authority in a manner that is deemed grossly unfair, the court may revoke the permission referred to in the provisions of paragraph (1).

(6) Any rehabilitation creditor, any rehabilitation secured creditor, any shareholder and any equity right holder shall, when they dismiss any proxy, report without delay such fact to the court.

**Article 143 (Trustee Companies)**

(1) Every trustee company provided for in the provisions of the Security Debentures Trust Act may perform all acts involving the report of rehabilitation claims or rehabilitation security rights, the exercise of its voting right and other rehabilitation procedures for all of the debenture holders according to a resolution passed at a meeting of the debenture holders.

(2) When any trustee company performs the acts referred to in the provisions of paragraph (1) for all of the debenture holders, it need not indicate each of such debenture holders.

**Article 144 (Right of Setoff)**

(1) Where any rehabilitation creditor or any rehabilitation secured creditor bears obligations for the debtor at the time that rehabilitation procedures commence, when both of the claims and the obligations can be offset against each other prior to the expiration of the reporting period, the relevant rehabilitation creditor or the relevant rehabilitation secured creditor may perform such setoff without resorting to the rehabilitation procedures only within such reporting period. The same shall apply where the obligations are time-fixed.

(2) The rent and the obligation of the current term and the following term after the rehabilitation procedures of any rehabilitation creditor and any rehabilitation secured creditor commence may be offset

against each other pursuant to the provisions of paragraph (1): Provided, That when there is any security deposit, any rent and any obligation may be offset against each other thereafter.

(3) The provisions of paragraph (2) shall apply mutatis mutandis to land rents.

## Article 145 (Prohibition on Setoff)

In cases falling under any of the following subparagraphs, the setoff shall be prohibited from being performed:

1. Where any rehabilitation creditor or any rehabilitation secured creditor bears obligations for the debtor after the rehabilitation procedures commence;

2. Where any rehabilitation creditor or any rehabilitation secured creditor bears obligations for the debtor with knowledge of the fact that an application is filed for commencing rehabilitation procedures or a petition for bankruptcy is filed: Provided, That the same shall not apply to the instances falling under any of the following items:

(a) When such obligations are borne on grounds prescribed by Acts;

(b) When such obligations that are borne on grounds that accrue before any rehabilitation creditor or any rehabilitation secured creditor becomes aware of the fact that the payment is suspended, an application is filed for commencement of rehabilitation procedures or a petition for bankruptcy is filed;

(c) When such obligations are borne on grounds that arise not more than one year prior to the earliest of the time when rehabilitation procedures commence, and the time when bankruptcy is declared;

3. When debtors of the debtor, for whom rehabilitation procedures commence acquires any rehabilitation claim or any rehabilitation security right that is held by any other person after such rehabilitation procedures commence;

4. When debtors of the debtor, for whom rehabilitation procedures commence acquires any rehabilitation claim or any rehabilitation security right with knowledge of the fact that payment is suspended or a petition for bankruptcy is filed: Provided, That the same shall not apply to the time when such act falls under any item in subparagraph 2.

## Article 146 (Rights of Shareholders and Equity Right Holders)

(1) Every shareholder and every equity right holder may participate in rehabilitation procedures with the shares and the equity shares that he/she holds.

(2) Every shareholder and every equity right holder shall hold voting rights in proportion to the number or amount of shares or equity shares he/she holds.

(3) When the debtor's total obligations exceed his/her total assets at the time that rehabilitation procedures commence, shareholders and equity right holders shall not have any voting rights: Provided, That the same shall not apply where the total amount of the debtor's assets is in excess of the total amount of his/her obligations at the time that a draft plan for changing the rehabilitation plan provided for in the provisions of Article 282 is submitted.

(4) When the debtor's total obligations exceed his/her total assets at the time that a draft plan for amending the rehabilitation plan is submitted pursuant to the provisions of Article 282, shareholders and equity right holders shall not have any voting rights on such draft plan for amending the rehabilitation plan.

**Article 147 (List of Rehabilitation Creditors, Rehabilitation Secured Creditors, Shareholders and Equity Right Holders)**

(1) Every custodian shall prepare a list of rehabilitation creditors, the list of rehabilitation secured creditors, and the list of shareholders and equity right holders (hereinafter referred to as "lists" in this Part) and submit them within the period provided for in the provisions of Article 50 (1) 2.

(2) The matters falling under each of the following subparagraphs shall be noted in the lists:

    1. List of rehabilitation creditors:

        (a) The names and domiciles of rehabilitation creditors;

        (b) The details of and grounds for such rehabilitation claims;

        (c) The amount of voting rights;

        (d) When there are claims that have general priority rights, the gist thereof;

    2. List of rehabilitation secured creditors:

        (a) The names and domiciles of rehabilitation secured creditors;

        (b) The details of, and grounds for such rehabilitation security rights, the purposes for the security rights, their values and when anyone other than the debtor for whom the rehabilitation procedures commence is a debtor, his/her name and domicile;

        (c) The amount of voting rights;

    3. List of shareholders and equity right holders:

        (a) The names and domiciles of shareholders and equity right holders;

        (b) The kinds and the number of shares or equity shares.

(3) The court shall make it possible for interested persons to inspect the lists during the reporting period.

(4) Any custodian may alter or correct the matters noted on the lists after obtaining permission therefor from the court under the conditions prescribed by the rules of the Supreme Court by the last day of the reporting period.

**Article 148 (Report on Rehabilitation Claims)**

(1) Any rehabilitation creditor who intends to participate in the rehabilitation procedures shall report the matters falling under each of the following subpragraphs to the court and submit evidential documents thereof, or certified copies or abridged copies of such evidential documents to the court within the reporting period:

    1. His/her name and domicile;

    2. The details and grounds for his/her rehabilitation claim;

    3. The amount of his/her voting rights;

    4. When his/her claim holds a general priority right, the gist thereof.

(2) Any rehabilitation creditor shall report separately the portion of the general priority right among his/her rehabilitation claims.

(3) When any lawsuit is pending at the time that the rehabilitation procedures commence for rehabilitation claims, the relevant rehabilitation creditor shall report the court, parties, the case name and the case number, other than the matters that are prescribed in the provisions of paragraphs (1) and (2).

### Article 149 (Report on Rehabilitation Security Rights)

(1) Any rehabilitation secured creditor who intends to participate in rehabilitation procedures shall report the matters falling under each of the following subparagraphs to the court and submit evidential documents thereof, or certified copies or abridged copies of such documents to the court within the report period:

   1. His/her name and domicile;

   2. The details of, and grounds for his/her rehabilitation security right;

   3. The purpose for and value of his/her rehabilitation security right;

   4. The amount of his/her voting rights;

   5. When anyone is a debtor, other than the debtor for whom the rehabilitation procedures commence, the former's name and domicile.

(2) The provisions of Article 148 (3) shall apply mutatis mutandis to cases under paragraph (1).

### Article 150 (Report on Shares and Equity Shares)

(1) Any shareholder or any equity right holder who intends to participate in rehabilitation procedures shall report the matters falling under each of the following subparagraphs to the court and submit his/her share certificate or his/her equity share certificate and evidential documents or certified copies or abridged copies thereof to the court:

   1. His/her name and domicile;

   2. The kinds, the number or the amount of his/her shares or his/her equity shares.

(2) The court may order the list of shareholders to be closed to the public for a fixed period. In this case, the fixed period shall not exceed two months.

(3) The provisions of Article 148 (3) shall apply mutatis mutandis to cases under paragraph (1).

### Article 151 (Legal Fiction of Reporting)

Rehabilitation claims, rehabilitation security rights, shares or equity shares that are noted on the list shall be deemed to have been reported pursuant to the provisions of Articles 148 through 150.

### Article 152 (Post-Reporting Supplementations)

(1) When any rehabilitation creditor or any rehabilitation secured creditor fails to make the report within the reporting period on grounds for which he/she has no responsibility, he/she may supplement such report within one month after such grounds cease to be relevant.

(2) The period referred to in the provisions of paragraph (1) shall be an invariable period.

(3) The report referred to in the provisions of paragraph (1) shall not be made in instances falling under either of the following subparagraphs:

1. After an assembly of interested persons that is held to examine a draft rehabilitation plan comes to a close;

2. After a decision is made to refer a draft rehabilitation plan to a written resolution provided for in the provisions of Article 240.

(4) The provisions of paragraphs (1) through (3) shall apply mutatis mutandis to cases where any rehabilitation creditor or any rehabilitation secured creditor alters reported matters so as to cease loses of profits to any other rehabilitation creditor or any other rehabilitation secured creditor on the grounds for which the rehabilitation creditor or the rehabilitation secured creditor has no responsibility.

**Article 153 (Report on Rehabilitation Claims, etc. after Lapse of Reporting Period)**

(1) With respect to any rehabilitation claim and any rehabilitation security right that accrue after the lapse of the reporting period, a report thereon shall be made within one month from the date on which such claim and such right accrue.

(2) The provisions of Article 152 (2) through (4) shall apply mutatis mutandis to the report referred to in the provisions of paragraph (1).

**Article 154 (Change of Names)**

(1) Anyone who has acquired any rehabilitation claim or any rehabilitation security right that is entered in the list or is reported may change his/her reported name even after the lapse of the reporting period.

(2) Anyone who intends to change his/her name pursuant to the provisions of paragraph (1) shall report the matters falling under both of the following subparagraphs to the court or submit an evidential document or a certified copy or an abridged copy thereof to the court:

1. The name and domicile;

2. The right that he/she acquires, the date on which he/she acquires it and the cause for acquiring it.

**Article 155 (Additional Report on Shares and Equity Shares)**

(1) When it is deemed appropriate, the court may reset a reporting period after the lapse of a reporting period in order to allow for additional reports on shares or equity shares. In this case, the court shall publish the gist thereof and then deliver a written statement in which such gist is entered to the person falling under each of the following subparagraphs:

1. The custodian;

2. The debtor;

3. Any person who fails to make a report as a shareholder or an equity right holder with the knowledge of such report.

(2) The provisions of Articles 162 through 165 shall apply mutatis mutandis to cases under paragraph (1).

**Article 156 (Report on Fines and Taxes, etc.)**

(1) Anyone who holds claims provided for in the provisions of Article 140 (1) and (2) shall promptly report to the court the amount of such claims, the cause for his/her holding such claim and the details of his/her security rights.

(2) The provisions of Article 167 (1) shall apply mutatis mutandis to claims reported pursuant to the provisions of paragraph (1).

**Article 157 (Dissatisfaction with Fine, etc. Prior to Commencement of Rehabilitation Procedures)**

(1) When the cause of any claim that is reported pursuant to the provisions of paragraph (1) is a disposition for which an administrative trial, a lawsuit or an appeal is permitted, any custodian may file an application for appeal in a manner that the debtor is entitled to with regard to his/her claim.

(2) The provisions of Articles 172, 175 and 176 (1) shall apply mutatis mutandis to the application for appeal.

**Article 158 (Table of Rehabilitation Creditors, Rehabilitation Secured  Creditors and Shareholders and Equity Right Holders)**

The clerk, etc, of the court shall prepare a table of rehabilitation creditors, a table of rehabilitation secured creditors and a table of shareholders and equity right holders based on rehabilitation claims, rehabilitation security rights, shares or equity shares that are recorded on the list or reported, categorize them according to the nature of their rights and then the matters falling under each of the following subparagraphs in such tables:

    1. Table of rehabilitation creditors:

      (a) The names and domiciles of rehabilitation creditors;

      (b) The contents and grounds for rehabilitations claims;

      (c) The amount of voting rights;

      (d) When claims have general priority rights, the gist thereof;

    2. Table of rehabilitation secured creditor:

      (a) The names and domiciles of rehabilitation secured creditors;

      (b)The details of, and grounds for rehabilitation security rights, the reasons for and values of the security rights, and when any person who is a debtor other, than the debtor, his/her name and domicile;

      (c) The amount of voting rights;

    3. Table of shareholders and equity right holders:

      (a) The names and domiciles of shareholders and equity right holders;

      (b) The kinds, the number or amount of shares or equity shares.

**Article 159 (Delivery of Certified Copies)**

The court official of Grade V, etc. shall deliver to custodians the certified copies of the table of rehabilitation creditors, the table of rehabilitation secured creditors and the table of shareholders and equity right holders.

**Article 160 (Perusal of Documents During Inspection Period)**

The documents falling under each of the following subparagraphs shall be held in the court for inspection by interested persons during the inspection period:

1. The catalog;

2. Documents concerning reports and objections;

3. The table of rehabilitation creditors, the table of rehabilitation secured creditors, and the table of shareholders and equity right holders.

**Article 161 (Objections, etc. Raised to Rehabilitation Claims and Rehabilitation Security Rights)**

(1) Anyone falling under any of the following subparagraphs may raise a written objection to the court with respect to any rehabilitation claim and any rehabilitation security right entered in the list or reported within the inspection period:

1. The custodian;

2. The debtor;

3. Any rehabilitation creditor, any rehabilitation secured creditor, any shareholder and any equity right holder who are all entered in the list or are reported.

(2) When has been decided to alter the inspection period, the court shall deliver a written decision to each of the persons referred to in the provisions of paragraph (1).

(3) The delivery referred to in the provisions of paragraph (2) may be made in the same manner that any document is mailed.

**Article 162 (Inspection of Rehabilitation Claims and Rehabilitation Security Rights Reported after Reporting Period)**

The court shall set a special date (hereinafter referred to as "special inspection date") for inspecting any rehabilitation claim and any rehabilitation security right that are all reported pursuant to the provisions of Articles 152 (1) and 153 (1). In this case, expenses incurred to conduct such inspection shall be borne by the relevant rehabilitation creditor or the relevant rehabilitation secured creditor.

**Article 163 (Delivering Notification of Special Inspection Date)**

When the court decides to set the special inspection date, it shall deliver a written decision to the persons falling under each of the following subparagraphs:

1. The custodian;

2. The debtor;

3. The rehabilitation creditor, the rehabilitation secured creditor, the shareholder and the equity right holder who are all recorded on the list or are reported.

**Article 164 (Presence of Persons Concerned)**

(1) The representative of an individual debtor or the representative of the non-individual debtor shall be present on the special inspection date to state his/her opinion: Provided, That he/she may cause his/her agent to be present on the special inspection date when justifiable grounds therefor exist.

(2) Any rehabilitation creditor, any rehabilitation secured creditor, any shareholder, any equity right holder or his/her agent may be present on the special inspection date to raise objections to any other rehabilitation claim or any other rehabilitation security right.

(3) The agent referred to in the provisions of paragraphs (1) and (2) shall submit a written statement attesting to the authority for his/her agency.

**Article 165 (Presence of Custodians)**

The inspection of any rehabilitation claim and any rehabilitation security right shall not be conducted without the presence of the relevant custodian on the special inspection date.

**Article 166 (Confirmation of Rehabilitation Claims and Rehabilitation Security Rights, etc.)**

When no objection is raised by any custodian, any rehabilitation creditor, any rehabilitation secured creditor, any shareholder and any equity right holder during the inspection period or on the special inspection date, the features of the rights and the amount of the voting rights falling under both of the following subparagraphs shall be confirmed, and with respect to any claim with the priority rights, its priority right shall be confirmed:

1. Rehabilitation claims and rehabilitation security rights that are reported;

2. When any rehabilitation claim or any rehabilitation security right that is reported is nonexistent, the rehabilitation claim or the rehabilitation security right that is recorded on the list submitted by any custodian.

**Article 167 (Recording on Table of Rehabilitation Creditors and Table of Rehabilitation Secured Creditors)**

(1) The court official of Grade V, etc. shall record the results of the inspection of rehabilitation claims and rehabilitation security rights on the table of rehabilitation creditors and the table of rehabilitation secured creditors. The same shall apply to any objections raised by debtors.

(2) The court official of Grade V, etc. shall record the gist of confirmation in the evidential documents of the rehabilitation claims and the rehabilitation security rights that are confirmed and affix the court seal to each of them.

(3) The court official of Grade V, etc. shall, upon receiving a claim filed by any rehabilitation creditor or any rehabilitation secured creditor, deliver to him/her an abridged copy of the table of rehabilitation creditors or the table of rehabilitation secured creditors on their rights.

**Article 168 (Effect of Entries)**

When any rehabilitation claim and any rehabilitation security right that are confirmed are recorded in the table of rehabilitation creditors and the table of rehabilitation secured creditors, such entries shall have the same effect as the effect of a final judgment on all of them recorded on the tables.

**Article 169 (Notification of Objection)**

When an objection to any rehabilitation claim or any rehabilitation security right is raised, the court shall notify the rightful claimants of such objection.

**Article 170 (Final Judgement on Inspection of Rehabilitation Claims and Rehabilitation Security Rights)**

(1) When any custodian, any rehabilitation creditor, any rehabilitation secured creditor, any shareholder or any equity right holder raises an objection to any rehabilitation claim and any rehabilitation security right

that are recorded on the list or reported, the rightful claimant who holds the rehabilitation claim or the rehabilitation security right (hereinafter referred to as "objection to claims" in this Part) may file an application with the court for a final claim inspection judgment (hereinafter referred to in this Part as a "final claim inspection judgment") for the confirmation of his/her claim and rights with all of the objectors as the other parties: Provided, That the same shall not apply to cases under Articles 172 and 174.

(2) The application referred to in the main sentence of paragraph (1) shall be filed within one month from the last day of the inspection period or from the special inspection date.

(3) The final claim inspection judgment shall determine whether claims to which any objection is raised exist and the contents of such objection.

(4) When the court gives the final claim inspection judgment, it shall examine objectors.

(5) The court shall deliver a written decision on the final claim inspection judgment to each of the parties.

**Article 171 (Appeal against Final Claim Inspection Judgment)**

(1) Anyone who is dissatisfied with a final claim inspection judgment may file an appeal against such final claim inspection judgment within one month from the date on which he/she receives service of the written judgment thereon.

(2) The appeal referred to in the provisions of paragraph (1) shall be placed under the exclusive jurisdiction of the rehabilitation court.

(3) When anyone who files the appeal referred to in the provisions of paragraph (1) is a rightful claimant who holds any claim to which the objection is raised, all of the objectors shall be adjoined as defendants and when he/she is an objector, the rehabilitation creditors or the rehabilitation secured creditors shall be adjoined as defendants.

(4) No arguments can be presented for the appeal referred to in the provisions of paragraph (1) until after the lapse of one month from the date on which the written decision is served.

(5) When multiple lawsuits are pending on the same claim to which an objection is raised, the court shall combine arguments therefor.

(6) With respect to the appeal referred to in the provisions of paragraph (1), unless the appeal is unlawful, the court shall grant the final claim inspection judgment or make a ruling to amend such final claim judgment inspection.

**Article 172 (Taking Assignment of Lawsuit on Objection to Claims)**

(1) Where any lawsuit on claims to which an objection is raised is pending at the time that rehabilitation procedures commence, when any rehabilitation creditor or any rehabilitation secured creditor intends to have such claims confirmed, all of the objectors shall take over the litigation procedures as other parties of the lawsuit.

(2) The provisions of Articles 167 (3) and 170 (2) shall apply mutatis mutandis to any application that is filed for taking assignment of the litigation procedures.

**Article 173 (Restrictions on Assertions)**

Rehabilitation creditors or rehabilitation secured creditors may only assert matters that are recorded in the table of rehabilitation creditors and the table of rehabilitation secured creditors, which are pertain to the grounds and details of claims to which objections are raised in the final claim inspection judgment, in the lawsuit that is filed an appeal to the final claim inspection judgment provided for in the provisions of Article 171 (1) and the litigation procedures assignment of which is taken pursuant to the provisions of Article 172 (1).

**Article 174 (Objections Raised to Claims, etc. with Title Having Executory Power)**

(1) With respect to title with executory power or the final judgment among claims to which an objection is raised, an objector is asserting of objections thereto are limited to the litigation procedures that the debtor is permitted to take.

(2) Where a lawsuit on the rehabilitation claim or the rehabilitation security right referred to in the provisions of paragraph (1) is pending in the court at the time that rehabilitation procedures commence, when any objector intends to assert the objection provided for in the provisions of paragraph (1), the objector shall take assignment of the litigation procedures for the rehabilitation creditor or the rehabilitation secured creditor who holds the rehabilitation claim or the rehabilitation security right as the other party.

(3) The provisions of Article 170 (2) shall apply mutatis mutandis to the assertion of the objections referred to in the provisions of paragraph (1) or the taking of assignment provided for in the provisions of paragraph (2), and the provisions of Articles 171 (4) and (5) and 173 shall apply mutatis mutandis to paragraphs (1) and (2). In this case, "one month after the date on which the written decision is served" in Article 171 (4) shall be deemed "the last day of the inspection period involving the claim to which an objection is raised or the invariable period of one month from the special inspection date".

(4) Where the assertion of the objection provided for in the provisions of paragraph (1) is not made or the taking of assignment provided for in the provisions of paragraph (2) is not effected within the period provided for in the provisions of Article 170 (2) that are applied mutatis mutandis under the provisions of paragraph (3), when the objector is the rehabilitation creditor or the rehabilitation secured creditor, the objection provided for in the provisions of Article 161 (1) or 164 (2) shall be deemed nonexistent and when the objector is the custodian, it shall be deemed that the custodian recognizes the rehabilitation claim or the rehabilitation security right.

**Article 175 (Record of Result of Lawsuit Concerning Confirmation of Rehabilitation Claims and Rehabilitation Security Rights)**

The court official of Grade V, etc. shall, upon receiving an application filed by any custodian, any rehabilitation creditor, or any rehabilitation secured creditor, record the results of the lawsuit (when an appeal to the final claim inspection judgment is not filed or is declined within the period provided for in the provisions of Article 171 (1), this refers to the contents of the judgment) of the confirmation of the rehabilitation claim or the rehabilitation security right in the table of rehabilitation creditors and the table of rehabilitation secured creditors.

**Article 176 (Effect of Judgment, etc. in Lawsuit Filed for Confirmation of Rehabilitation Claims and Rehabilitation Security Rights)**

(1) The judgment in the lawsuit filed for the confirmation of the rehabilitation claims and the rehabilitation security rights shall have effect on all of rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders.

(2) When no appeal against the final claim inspection judgment is filed within the period provided for in the provisions of Article 171 (1) or is declined, the judgment shall have the same effect as that of the final judgment on all of the rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders.

**Article 177 (Reimbursement of Legal Costs)**

When any profit accrues to the debtor's assets from the lawsuit (including the final claim inspection judgment) on confirmation of rehabilitation claims or rehabilitation security rights, any rehabilitation creditor, any rehabilitation secured creditors, any shareholder, any equity right holder may claim for reimbursement of the legal costs as public-interest creditors within the scope of such profit.

**Article 178 (Value of Subject Matter of Lawsuit Filed for Confirmation of Rehabilitation Claims or Rehabilitation Security Rights)**

The value of the subject matter of a lawsuit filed for the confirmation of any rehabilitation claim or any rehabilitation security right shall be determined by the rehabilitation court taking into account the estimated amount of the profits to accrue from the rehabilitation plan.

**Article 179 (Claims that Become Public-Interest Claims)**

(1) Any of the following claims shall be made public-interest claims: <*Amended by Act No. 8138, Dec. 30, 2006; Act No. 8829, Dec. 31, 2007; Act No. 9346, Jan. 30, 2009; Act No. 9804, Oct. 21, 2009; Act No. 12595, May 20, 2014*>

1. Claims for expenses incurred in a judgment for joint profits of any rehabilitation creditor, any rehabilitation secured creditor, any shareholder and any equity right holder;

2. Claims for expenses incurred in performing the management of the debtor's business and assets and the disposal of his/her assets after the rehabilitation procedures commence;

3. Claims for expenses incurred in implementing the rehabilitation plan: Provided, That any expenses that incurred after the completion of the rehabilitation procedures shall be excluded;

4. Claims for any expenses, remuneration, compensation and special compensation provided for in the provisions of Articles 30 and 31;

5. Claims for funds borrowed by any custodian in order to manage the debtor's business and assets after the rehabilitation procedures commence and any claim that accrues from any other act;

6. Claims that accrue to the debtor from clerical work or unlawful gains after the rehabilitation procedures commence;

7. Claims held by other parties when any custodian fulfills obligations pursuant to the provisions of Article 119 (1);

8. Claims that accrue from the supply made by the other party of a bilateral contract that obliges the continued supply before the rehabilitation procedures commence after an application is filed for commencing them;

9. Tax that falls under any of the following items and the deadline for payment thereof has yet to arrive at the time rehabilitation procedures commence:

    (a) Taxes withheld: Provided, That the tax imposed on any bonus that is deemed reverted to the representative pursuant to the provisions of Article 67 of the Corporate Tax Act shall be limited to tax collected at source;

    (b) Value-added tax, individual consumption tax, liquor tax.

    (c) Education tax and special tax for agricultural and fishing villages, levied and collected according to the example of a disposition taken to impose and collect the main tax;

    (d) Local tax collected and paid by the person liable for the special collection;

10. The wages, severance pay and disaster compensation of the debtor's workers;

11. The right to claim reimbursement of the bailment moneys and the money spent to guarantee the identities of the debtor's workers, which accrue from causes arising before rehabilitation procedures commence;

12. The borrowing of funds and procurement of materials that are performed by the debtor or any preservative custodian after obtaining permission therefor from the court after an application is filed for commencement of rehabilitation procedures and prior to the commencement of rehabilitation procedures and other claims that accrue from acts that are inevitable in continuing the debtor's business;

13. Expenses determined by the court as necessary for the creditors' consultative council to carry out its activities pursuant to the provisions of Article 21 (3);

14. Supporting allowances to the debtor and his/her dependents;

15. Other inevitable expenses to incurred for the debtor, which are not referred to in the provisions of subparagraphs 1 through 14.

(2) In granting permission for borrowing of funds under paragraph (1) 5 and 12, the court shall hear opinions of interested parties. *<Newly Inserted by Act No. 9804, Oct. 21, 2009>*

**Article 180 (Reimbursement, etc. of Public-Interest Claims)**

(1) Public-interest claims shall be reimbursed at any time without undergoing the rehabilitation procedures.

(2) Public-interest claims shall be reimbursed in preference to any rehabilitation claims and rehabilitation security rights.

(3) In any of the following cases, the court may order the suspension or cancellation of compulsory execution or provisional seizure of any property of the debtor on the basis of a public-interest claim, with or without any security being provided upon request by any custodian, or ex officio:

    1. Where any compulsory execution or provisional seizure significantly obstructs rehabilitation and the debtor has other property that may be readily liquidated;

2. Where it becomes clear that the debtor's property lacks equity value to reimburse the total amount of the public-interest claims.

(4) A court may alter or rescind an order for suspension prescribed in the provisions of paragraph (3).

(5) An immediate appeal may be filed against an order for suspension or revocation under the provisions of paragraph (3), and against a decision under the provisions of paragraph (4).

(6) No immediate appeal under paragraph (5) shall have the effect of suspending any execution.

(7) Where it becomes clear that the debtor's property lacks equity value to reimburse the total amount of the public-interest claims, claims for the funds borrowed with permission from the court in order to continue the debtor's business, among the claims falling under Article 179 (1) 5 and 12, shall preferentially be reimbursed, and other public-interest claims shall, regardless of the order of priority prescribed by statutes, be reimbursed in proportion to their amounts that are not yet reimbursed: Provided, That this shall not affect the effects of any such lien, pledge, mortgage, security right referred to in the Act on Security over Movable Property, Claims, Etc., and priority rights, as are for public-interest claims. <*Amended by Act No. 9804, Oct. 21, 2009; Act No. 10366, Jun. 10, 2010*>

**Article 181 (Other Claims after Commencement)**

(1) With respect to any property claim that accrues from causes arising after rehabilitation procedures commence, which is not a public-interest claim, a rehabilitation claim or a rehabilitation security right (hereinafter referred to as "other claims after the commencement"), the act of repaying such claim, taking the repayment of such claim or extinguishing such claim (excluding the act of excluding) shall be prohibited from being performed from the time when the rehabilitation procedures commence to the time when the repayment period has ended (referring to the time when the rehabilitation procedures are completed where the rehabilitation procedures are completed before it is decided to grant an authorization for the rehabilitation plan and the time when the repayment is completed where repayment based on the rehabilitation plan is completed before the period has expired).

(2) No application may be filed for any auction with the aim of compulsorily executing, provisionally seizing, provisionally disposing of the debtor's assets or exercising security rights against the debtor's assets based on other claims after the rehabilitation procedures commence during the period referred to in the provisions of paragraph (1).

**Article 182 (Notification of Date)**

(1) The court shall notify persons falling under each of the following subparagraphs of the date on which the assembly of interested persons is to be held:

1. Custodians;

2. Inspectors;

3. The debtor;

4. Rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders who are recorded on the list or are reported;

5. When any person bears any obligation or furnishes any security for the rehabilitation, such person.

(2) Notwithstanding the provisions of paragraph (1), the court may not notify any rehabilitation creditor, rehabilitation secured creditor, shareholder and equity right holder who is prohibited from exercising his voting rights as of the date on which the assembly of interested persons is held. In cases of the first assembly of interested persons, the court may not notify any person who takes the delivery pursuant to the provisions of Article 51 (2) of the date on which the assembly of interested persons is held.

**Article 183 (Notification of Date)**

A court shall notify an administrative agency supervising the business affairs of the debtor who is a stock company, the Minster of Justice, and the Financial Services Commission, of the date on which the assembly of interested persons is to be held. *<Amended by Act No. 8863, Feb. 29, 2008>*

**Article 184 (Presiding over by Court)**

The court shall preside over assemblies of interested persons.

**Article 185 (Announcement of Date and Purposes)**

(1) The court shall announce the date on which the assembly of interested persons is to be held and the agenda of such meeting.

(2) When a declaration is made on the postponement or the continuation of the assembly of interested persons, the delivery and the announcement thereof may be omitted.

**Article 186 (Combination of Date for Assembly of Interested Persons and Special Inspection Date)**

When it is deemed appropriate, the court may combine the date of the assembly of interested persons and the special inspection date ex officio or upon receiving an application filed by the custodian therefor.

**Article 187 (Objection against Voting Rights)**

Anyone falling under following subparagraphs may raise an objection to voting right of any rehabilitation creditor, rehabilitation secured creditor, shareholder and any equity right holder at the assembly of interested persons: Provided, That the same shall not apply to voting right of any rehabilitation creditor or any rehabilitation secured creditor who holds the rehabilitation claim or the rehabilitation security right confirmed in the inspection procedures provided for in the provisions of Section 3 of Chapter IV of this Part:

1. The custodian;

2. Any rehabilitation creditor, rehabilitation secured creditor, shareholder and any equity right holder who are all recorded on the list or are reported.

**Article 188 (Exercise of Voting Rights)**

(1) Every rehabilitation creditor or every rehabilitation secured creditor who holds the rehabilitation claim or the rehabilitation security right that is confirmed may exercise his/her voting rights according to the amount thereof or the number thereof that is confirmed and every shareholder or equity right holder who holds the voting rights to which no objection is raised may exercise those voting rights according to the amount or the number recorded on the list or are reported.

(2) With respect to any voting rights to which an objection is raised, the court shall determine whether to permit the exercise of the voting rights and the amount or the number on which the voting rights is permitted to be exercised.

(3) The court may amend the determination referred to in the provisions of paragraph (2) at any time upon receiving an application filed by interested persons or by its inherent jurisdiction.

(4) The determination referred to in the provisions of paragraphs (2) and (3) need not be delivered.

### Article 189 (Exercise of Voting Right in Descent)

(1) Any voting right holder may exercise his/her voting right in descent.

(2) In cases under paragraph (1), every holder of voting rights shall report in writing the gist thereof to the court at least seven days prior to the assembly of interested persons is held.

### Article 190 (Exclusion of Unjust Voting Right Holders)

(1) When it is deemed that any rehabilitation creditor, rehabilitation secured creditor, shareholder and equity right holder has acquired his/her rights for the purpose of making unfair gains, including the giving and taking of asset gains with respect to any resolution in light of the time at which the right is acquired, the price therefor is paid and of other circumstances, the court may prohibit him/her from exercising his/her voting rights.

(2) The court shall examine the relevant holder of voting rights before it takes the disposition pursuant to the provisions of paragraph (1).

### Article 191 (Persons Prohibited from Exercising his/her Voting Rights)

Anyone falling under any of the following subparagraphs shall be prohibited from exercising his/her voting rights:

1. Anyone whose rights are not affected by the rehabilitation plan;

2. Anyone who holds a claim provided for in the provisions of Article 140 (1) and (2);

3. Anyone who holds the claim provided for in the provisions of subparagraphs 2 through 4 of Article 118;

4. Anyone who is prohibited from exercising his/her voting rights pursuant to the provisions of Articles 188 and 190;

5. Anyone who is protected pursuant to the provisions of Article 244 (2).

### Article 192 (Exercise of Voting Rights by Proxy)

(1) Any rehabilitation creditor, rehabilitation secured creditor, shareholder and any equity right holder may cause his/her agent to exercise those voting rights. In this case, the agent shall submit a written statement attesting to his/her agency authority.

(2) The provisions of Article 189 (2) shall apply mutatis mutandis to cases where the agent fails to exercises the delegated voting right as delegated.

### Article 193 (Contents of Rehabilitation Plan)

(1) The matters falling under of the following subparagraphs shall be prescribed in the rehabilitation plan:

    1. Any change to all or part of the rights of any rehabilitation creditor, rehabilitation secured creditor, shareholder or any equity right holder;

    2. The repayment of public-interest claims;

    3. Means of raising fund to repay the debtor's obligations;

    4. The purpose for using profits, that exceed the amount anticipated in the rehabilitation plan;

    5. When any other claims are known after the rehabilitation procedures commence, the details thereof.

(2) The matters falling under any of the following subparagraphs may be prescribed in the rehabilitation plan:

    1. The transfer of any business or any assets, any investment or any rent and the commission of any corporate governance;

    2. Any amendment of the articles of incorporation;

    3. Any change in directors and the chief executive officer. (When the debtor is not a stock company, anyone who holds the authority to represent the debtor shall be included);

    4. A decrease in the capital;

    5. The issuance of new shares or bonds;

    6. The all-inclusive exchange, transfer, merger, split and merger by split of shares;

    7. Dissolution;

    8. The incorporation of a new company;

    9. Other matters necessary for the rehabilitation.

(3) When an agreement is reached among all or some creditors on the repayment order of claims that they hold by the date preceding the date on which the first assembly of interested persons is held, any provisions shall not be prescribed against claims repayment order for which is agreed within a scope so as not to damage other creditors under the rehabilitation plan. In such cases, the creditors shall submit data attesting to their agreement to the court by the date preceding the date on which the first assembly of interested persons is held.

**Article 194 (Rights of Rehabilitation Creditors, etc.)**

(1) When any change is made in the rights of any rehabilitation creditor, rehabilitation secured creditor, shareholder or any equity right holder, such change in rights shall be expressly stated in the rehabilitation plan and the details of the altered rights shall be prescribed after the change thereof.

(2) When the rights of a rehabilitation creditor, a rehabilitation secured creditor, a shareholder or an equity right holder are not affected by the rehabilitation plan, the rights of such person shall be explicitly stated in the rehabilitation plan.

**Article 195 (Deadline for Obligations)**

Where any obligations are borne and the deadline for any obligations are postponed according to the rehabilitation plan, the time limit of such obligations, when such obligations are secured, shall not exceed the period of the existence of the secured assets. When no security exists or it is not possible to determine on the period of the existence of such security, the period of existence thereof shall not exceed 10 years:

Provided, That the same shall not apply to cases where bonds are issued under the conditions prescribed by the rehabilitation plan.

**Article 196 (Furnishing of Security and Bearing of Obligations)**

(1) When the debtor or anyone other than the debtor furnishes any security for the rehabilitation, the person who furnishes such security shall be expressly mentioned in the rehabilitation plan and the details of such security shall be prescribed in the rehabilitation plan.

(2) When anyone other than the debtor assumes obligations, becomes a guarantor thereof and bears obligations, etc, for the rehabilitation, he/she shall be expressly mentioned and the details of the obligations shall be prescribed in the rehabilitation plan.

**Article 197 (Unconfirmed Rehabilitation Claims, etc.)**

(1) When any rehabilitation claim or any rehabilitation security right to which an objection is raised and the confirmation procedures therefor are not completed, appropriate measures therefor shall be prescribed in the rehabilitation plan, taking into account the possibility of confirming such claim and such rights.

(2) Appropriate measures shall be prescribed in the rehabilitation plan for claims that are reportable pursuant to the provisions of Article 109 (2).

**Article 198 (Repaid Rehabilitation Claims, etc.)**

Any rehabilitation claim and any rehabilitation security right that are repaid pursuant to the provisions of the proviso to Articles 131 and 132 (1) and (2) among the rehabilitation claims and the rehabilitation security rights shall be expressly mentioned in the rehabilitation plan.

**Article 199 (Public-Interest Claims)**

Any public-interest claims that are already repaid shall be expressly mentioned in the rehabilitation plan and public-interest claims that are scheduled to be repaid in the future shall also be prescribed in the rehabilitation plan.

**Article 200 (Transfer, etc. of Business or Assets)**

(1) In cases falling under any of the following subparagraphs, the subject matter, the price thereof, the other party and other matters shall be prescribed in the rehabilitation plan:

1. Where the whole or part of the debtor's business or assets are transferred, invested or rented;

2. Where the whole or part of the management of the debtor's business is commissioned;

3. Where any contract under which the profits and losses are shared with any other person and any other contract corresponding to the former are concluded, changed or canceled;

4. Where the whole or part of another person's business and assets are acquired by transfer.

(2) In cases under paragraph (1), where the proceeds are distributed to any rehabilitation creditor, rehabilitation secured creditor, shareholder and equity right holder, the methods of such distribution shall also be prescribed.

**Article 201 (Rights on Which Dispute Is Not Settled)**

When any dispute on the rights that belong to the debtor are not settled, matters concerning the acceptance of the compromise or the mediation or the performance of lawsuit and methods of exercising the rights

custodians shall be prescribed in the rehabilitation plan.

### Article 202 (Amendment of Articles of Incorporation)

When the articles of incorporation of the debtor are amended, the details of the change in the articles of incorporation shall be prescribed in the rehabilitation plan.

### Article 203 (Change in Directors, etc.)

(1) When directors of a corporate debtor are selected and appointed or the chief executive officer thereof (when the debtor is not a stock company, anyone who holds the authority to represent the debtor shall be included; hereafter in this Article referred to as "chief executive officer") is selected, the persons who are selected and appointed or to be selected, their terms of office or methods of their selection and appointment shall be prescribed in the rehabilitation plan.

(2) When anyone who is to remain in his/her position among the directors or the chief executive officer of a corporate debtor, he/she shall be designated, along with his/her term of office, in the rehabilitation plan: Provided, That when rehabilitation procedures commence on the grounds of the flight or concealment of the assets or intentional, poor corporate governance, etc. that are perpetrated and performed by any director or chief executive officer, such persons shall not be entitled to retain their positions.

(3) In cases under paragraphs (1) and (2), when multiple chief executive officers jointly represent the debtor, the gist thereof shall be prescribed in the rehabilitation plan.

(4) The court shall select and appoint the auditor of a corporate debtor after hearing the opinion thereof of the creditors' consultative council. In this case, the court shall determine his/her term of office.

(5) The terms of office for the directors referred to in the provisions of paragraph (1) shall not exceed one year.

### Article 204 (Matters Concerning Selection and Appointment of Directors, etc.)

The rehabilitation plan concerning methods of selection, appointment or the manner of retention of office of directors, the chief executive officer or auditors of corporate debtors or any new company (excluding any new company incorporated by merger or merger by split shall be excluded) shall conform to the principle of equity and also conform to the overall interests of rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders.

### Article 205 (Capital Reductions of Stock Companies or Limited-Liability Companies)

(1) When the capital of a debtor who is a stock company is reduced, matters falling under both of the following subparagraphs shall be prescribed in the rehabilitation plan:

　　1. The amount of capital to be reduced;

　　2. Means of reducing the capital.

(2) The reduction of capital under paragraph (1) shall be determined in consideration of the following matters: *<Amended by Act No. 12595, May 20, 2014>*

　　1. Assets and liabilities, and profit-making capability of the debtor;

　　2. Matters concerning the issuance of new stocks provided for in Article 206.

(3) Deleted. *<by Act No. 12595, May 20, 2014>*

(4) When rehabilitation procedures commence due to an act for which any director or any manager of the debtor who is a stock company is totally responsible, the rehabilitation plan shall include that the capital is to be reduced by retiring not less than 2/3 of shares held by shareholders, their relatives and shareholders with a special relationship, the scope of which is prescribed by Presidential Decree, any of whom exercise influence over the conduct that causes the rehabilitation procedures; or by amalgamating not less than 3 shares into one share.

(5) When new shares are issued pursuant to the provisions of Article 206 after the capital reduction referred to in the provisions of paragraph (4), the shareholders provided for in the provisions of paragraph (4) shall not be permitted to underwrite the newly issued shares: Provided, That stock options provided for in the provisions of Article 340-2 of the Commercial Act may be granted to the shareholders referred to in the provisions of paragraph (4).

(6) The provisions of paragraphs (1) through (4) and the main sentence of paragraph (5) shall apply mutatis mutandis to limited-liability companies.

**Article 206 (Issuance of New Shares by Stock Companies and Limited-Liability Companies)**

(1) Where the debtor, who is a stock company, issues new shares without requiring rehabilitation creditors, rehabilitation secured creditors or share-holders to make new payments or investment in kind, each of the following matters shall be provided for in the rehabilitation plan:

    1. The type and number of new shares;

    2. Matters concerning the allotment of new shares;

    3. The amount of capital and reserve to be increased due to the issuance of new shares;

    4. The amount of liabilities to be decreased due to the issuance of new shares.

(2) Where the debtor, who is a stock company, issues new share after requiring rehabilitation creditors, rehabilitation secured creditors, or share-holders to make new payments or investment in kind, each of the following matters shall be provided in the rehabilitation plan:

    1. The matters under paragraph (1) 1 and 3;

    2. The paid-in amount, matters concerning the allotment of new shares, and the date set for payment of new shares;

    3. Where there exists any person who makes new investment in kind, the person, property which is the object of such investment, the price of the property, and the types and number of shares to be granted thereto.

(3) Where the debtor, who is a stock company, issues new shares, except in cases under paragraphs (1) and (2), any of the following matters shall be provided in the rehabilitation plan:

    1. The matters under paragraph (1) 1;

    2. The matters under paragraph (2) 3;

    3. The issue price of new sharer and the date set for payment of new shares;

4. The amount not added to the capital, among the issue price of new shares.

(4) Where new shares are issued pursuant to the provisions of paragraph (1), any of the following provisions shall not apply: <Amended by Act No. 8635, Aug. 3, 2007; Act No. 10682, May 19, 2011>

1. Article 37 and subparagraph 1 of Article 38 of the Banking Act;

2. Article 19 of the Insurance Business Act;

3. Article 344 of the Financial Investment Services and Capital Markets Act;

4. Article 24 of the Act on the Structural Improvement of the Financial Industry;

5. Other statutes that place restrictions on investment, acquisition of securities, and the management of the property by financial institutions (referring to the financial institutions under Article 2 of the Act on the Efficient Disposal of Non-Performing Assets, etc. of Financial Companies and the Establishment of Korea Asset Management Corporation and Article 2 of the Act on the Structural Improvement of the Financial Industry).

(5) The provisions of paragraphs (1) through (3) shall apply mutatis mutandis to limited-liability companies.

### Article 207 (All-Inclusive Exchange of Shares of Stock Companies)

When the debtor who is a stock company performs a total exchange of shares with another company, the matters falling under any of the following subparagraphs shall be prescribed in the rehabilitation plan:

1. The trading name of the other company;

2. Where other company becomes a full parent company, as detailed under the provisions of Article 360-2 (1) of the Commercial Act (hereinafter referred to as "full parent company"), when the other company amends its articles of incorporation by way of the total exchange of shares. the regulations therefor;

3. Matters concerning the total number and types of shares and the number of shares by type that are newly issued by the company that becomes a full parent company for the total exchange of shares and the distribution of newly issued shares to shareholders by the company that becomes a full subsidiary (hereinafter referred to as "full subsidiary") as defined under the provisions of Article 360-2 (1) of the Commercial Act;

4. Matters concerning the amount of capital and reserve to be raised by the company that becomes a full parent company;

5. When it is prescribed to pay money or distribute bonds to shareholders of the other company, the regulations therefor;

6. The date and time on, and at which the general meeting of shareholders is held to approve a resolution for a written contract under which the total exchange of shares is performed with any other company (where the company performs the total exchange of shares without obtaining approval therefor at the general meeting of shareholders, the gist thereof);

7. The date on which the total exchange of shares is performed;

8. When the other company distributes its profits by the date on which the total exchange of shares is performed or distributes the profits in cash pursuant to the provisions of Article 462-3 (1) of the Commercial Act, the limited amount thereof;

9. When the company that becomes a full parent company pursuant to the provisions of Article 360-6 of the Commercial Act transfers its shares, the total number and the types of shares, and the number of shares by type that are to be transferred;

10. When the company that becomes a full parent company appoints directors and an auditor, their names and their resident registration numbers.

### Article 208 (Total Transfer of Shares of Stock Companies)

When the debtor who is a stock company incorporates a new company that is a full parent company through a total transfer of shares, the matters falling under each of the following subparagraphs shall be prescribed in the rehabilitation plan:

1. The trading name of the newly incorporated company;

2. The articles of incorporation of the newly incorporated company;

3. Matters concerning the types and the number of shares that are issued by the newly incorporated company for the total transfer of shares, the distribution of shares by the debtor who becomes a full parent company to rehabilitation creditors, rehabilitation secured creditors or shareholders;

4. Matters concerning the amount of capital and reserve of the newly incorporated company;

5. When it is decided to pay cash or distribute bonds to the shareholders of the debtor who becomes a full subsidiary, the regulations therefor;

6. The time frame during which total transfer of shares is performed;

7. When the debtor who becomes a full subsidiary distributes his/her profits by the date on which the total transfer of shares is peformed and the profits are distributed in cash pursuant to the provisions Article 462-3 (1) of the Commercial Act, the limited amount thereof;

8. The names and resident registration numbers of the directors and auditors of the newly incorporated company.

### Article 209 (Issuance of Bonds by Stock Companies)

When a debtor who is a stock company issues bonds, the matters falling under each of the following subparagraphs shall be prescribed in the rehabilitation plan:

1. The total amount of bonds;

2. The value of each of the bonds, the interest rate of the bonds, methods of redeeming the bonds and the deadline for redeeming the bonds, methods of paying the interest thereon and the details of the bonds;

3. Methods to issue the bonds and when the bonds are issued by causing rehabilitation creditors, rehabilitation secured creditors or shareholders to make new payments or without causing them to do so, the matters concerning the distribution of such new payments;

    4. When the bonds are collateralized, the details of the security rights.

**Article 210 (Mergers of Companies by Absorption)**

When a debtor, who is a company, merges with any other company and either of them survives the merger, the matters falling under each of the following subparagraphs shall be prescribed in the rehabilitation plan:

    1. The trading name of the other company;

    2. The types and the number of shares and equity shares that are issued by the surviving company when it merges with any other company, and matters concerning restrictions on the rights of shareholders and equity right holders to underwrite newly issued shares, or equity shares and when it is decided to grant such rights to any third person, matters concerning such rights;

    3. The types, the number and the distribution of shares or equity shares that are issued to the rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders of any company that is extinguished by merger and matters concerning the distribution of such shares or equity shares;

    4. The amount of capital and reserve that are expected to be raised in the surviving company;

    5. When it is decided to pay cash or distribute bonds to the shareholders and equity right holders of any company that is extinguished by merger, the regulations therefor;

    6. The date and the time on, or at which the general meeting of shareholders or the general meeting of employees is held to resolve on the approval of a written merger contract;

    7. The date on which a merger is effected;

    8. Where surviving company decides to amend the articles of incorporation due to merger, the regulations therefor;

    9. When the other company distributes its profits or distributes the profits in cash due to merger pursuant to the provisions of Article 462-3 (1) of the Commercial Act, the amount limited thereof;

    10. When any director or any auditor (including audit committee members; hereafter in this Article through Article 213 the same shall apply) who is to take office in the surviving company due to merger is selected, his/her name and resident registration number.

**Article 211 (Incorporation of Companies by Mergers)**

When the debtor, who is a company incorporates a new company after his/her company merges with another company, the matters falling under each of the following subparagraphs shall be prescribed in the rehabilitation plan:

    1. The trading name of the other company;

    2. The trading name, purposes, the locations of the principal office and the branch offices, the amount of capital and reserve and methods of notification of the newly incorporated company;

    3. The types and the number of shares and equity shares that are issued by the newly incorporated company and their distribution;

4. When matters concerning restrictions on the rights of shareholders and equity secured creditors to underwrite shares or equity shares that are newly issued by the newly incorporated company at the time that the company is newly incorporated and matters concerning the underwriting of such shares or equity shares by any specific third person are prescribed, the matters thereof;

5. The types and the number of shares or equity shares that are issued for rehabilitation creditors and rehabilitation secured creditors, the shareholders and equity right holders of the debtor or the shareholders and equity right holders of the other company and matters concerning their distribution;

6. When it is decided to pay cash or distribute bonds to shareholders and equity right holders of each company, the regulations therefor;

7. The date and the time on, and at which the general meeting of shareholders or the general meeting of employees of any other company is held to resolve on the approval for a merger contract;

8. The date on which the merger is effected;

9. When the other company distributes its profits or its profits in cash on the grounds of merger pursuant to the provisions of Article 462-3 (1) of the Commercial Act, the limited amount thereof;

10. When any director and any auditor who are to take office in any company that survives the merger are selected, their names and resident registration numbers.

**Article 212 (Splits of Stock Companies)**

(1) When a debtor, who is a stock company, incorporates a new company after a split of its stock company, the matters falling under each of the following subparagraphs shall be prescribed in the rehabilitation plan:

1. The firm name, purposes, the locations of the principal office and the branch offices, the number of shares to be issued, the value per share, the amount of capital and reserve and the methods of notification of the newly incorporated company;

2. The total number and the types of shares and the number of shares by type that are issued by the newly incorporated company;

3. The matters concerning restrictions on the rights of shareholders to underwrite new shares issued by any new company, which are prescribed at the time that such new company is incorporated and when the right to underwrite new shares is granted to any specific third person, the matters with regard thereto;

4. When the shares of any newly incorporated company are distributed to the rehabilitation creditors, rehabilitation secured creditors or shareholders of the debtor without causing them to make new payments, the matters concerning the total number and the types of shares and the number of shares by type that are issued, and the distribution of such shares and when the shares are combined or divided by their distribution, the matters with regard thereto;

5. When it is decided to pay cash and distribute bonds to the shareholders of the debtor, the regulations therefor;

6. The assets and the value thereof, which are transferred to the newly incorporated company;

7. When anything is prescribed pursuant to the provisions of Article 530-9 (2) of the Commercial Act, the details thereof;

8. Persons who are expected to become directors, the chief executive officer and auditors of the newly incorporated company, ways to select and appoint them and their terms of office. In this case, their terms of office shall not exceed one year;

9. When the newly incorporated company issues bonds, the matters referred to in each subparagraph of Article 209;

10. When shares are issued by causing rehabilitation creditors, rehabilitation secured creditors, shareholders or any third person to pay for them. the matters concerning the amount of their payments, the distribution of such shares and the dates of their payments;

11. When anyone makes investment in kind, his/her name and resident registration number, the property that is the object of such investment, the price thereof and the types and the number of shares that are distributed in return;

12. The matters that are intended to be entered in the articles of incorporation of the newly incorporated company;

13. The amount of capital and reserve;

14. The date on which the split is effected.

(2) When the debtor remains existence after a split, the matters falling under each of the following subparagraphs with respect to the debtor shall be prescribed in the rehabilitation plan:

1. The amount of capital and reserve to be reduced;

2. Ways to reduce the capital;

3. The assets that are transferred on the due to the spit and their value;

4. The total number of shares issued after the split;

5. When the total number of shares issued by the debtor is reduced, the total number and the kinds of shares and the number of shares by kind, which are reduced;

6. Other matters that result in an amendment of in the articles of incorporation.

## Article 213 (Split and Merger of Stock Companies)

(1) When a debtor, who is a stock company, is split and part of such stock company is merged with another company and such other company remains in existence and other company is split and part of such other company merges with the debtor who is a stock company and such debtor remains in existence, the matters falling under each of the following subparagraphs shall be prescribed in the rehabilitation plan:

1. The trading name of the other company;

2. When the total number of shares that the surviving company has to issue on the grounds of the split and merger increases, the matters concerning the total number of shares that increases, the types of shares and the number of shares by type that increase and restrictions on the rights of shareholders to underwrite such shares and the right of any third person to underwrite newly issued shares is given, the

regulations therefor;

3. The matters concerning the total number, types of new shares and the number of shares by type issued for the rehabilitation creditors, rehabilitation secured creditors and shareholders of the debtor who is split or the distribution of such shares, and when the combination or the division of shares is performed on the grounds of their distribution, the matters thereabout;

4. When it is decided to prescribe the payment of cash and the distribution of bonds to shareholders of any company that is to split, the matters thereabout;

5. Matters concerning the total amount of capital and reserve of the surviving company, which is raised;

6. The assets and their value that the debtor who is split transfers to the surviving company;

7. When it is prescribed pursuant to the provisions of Article 530-9 (3) of the Commercial Act, the matters with regard thereto;

8. The date and time on, and at which the general meeting of shareholders of the other company is held to resolve on the approval of a written split and merger contract;

9. The date on which the split and the merger are effected;

10. Where the other company survives, when the directors and auditors of such company are selected, their names and resident registration numbers;

11. Other matters that result in an amendment of the articles of incorporation of the surviving debtor.

(2) When the debtor is split and part of the debtor is merged with another company or part of another company to form a new company, when the other company is split and part of such other company is merged with the debtor or part of the debtor to form a new company, the matters falling under each of the following subparagraphs shall be prescribed in the rehabilitation plan:

1. The trading name of the other company;

2. The trading name, purposes, the locations of the principal office and branch offices, the number of shares to be issued, the value per share, the amount of capital and reserve, and methods of notification of the newly incorporated company;

3. Matters concerning restrictions on the rights of shareholders to underwrite shares that are issued by the newly incorporated company at the time that the new company is incorporated and when it is prescribed that the right to underwrite new shares is granted to any third person, the matters with regard thereto;

4. The assets and their value, which are transferred by the debtor or the other company to the newly incorporated company;

5. When anything is prescribed pursuant to the provisions Article 530-9 (2) of the Commercial Act, the details thereof;

6. Other matters to be entered in the articles of incorporation of the newly incorporated company;

7. Matters concerning the total number and the types of shares, and the number of shares by type issued for the rehabilitation creditors, rehabilitation secured creditors and shareholders of the debtor or the shareholders of the other company, and when the shares are combined or split upon distribution, the

matters with regard thereto;

8. When it is prescribed to pay cash or distribute bonds to the debtor or the shareholders of the other company, the matters with regard thereto;

9. The date and the time on, and at which the general meeting of shareholders of the other company is held to resolve on the approval for a written split and merger contract;

10. The date on which the split and the merger are effected;

11. Persons who are expected to become directors, the chief executive officer and auditors of the newly incorporated company, their selection and appointment, methods of selecting them and their terms of office. In this case, their terms of office shall not exceed one year.

(3) The provisions of Article 212 shall apply mutatis mutandis to cases where the part that is not subject to the split and merger of the debtor provided for in the provisions of paragraphs (1) and (2) is prescribed.

**Article 214 (Asset Spinoff of Stock Companies)**

The provisions of Articles 212 and 213 shall apply mutatis mutandis to cases where the debtor, who is a stock company to be split, acquires all of the shares of any company that is incorporated on the grounds of split or merger by split.

**Article 215 (Incorporation of New Company by Stock Companies or Limited- Liability Companies)**

(1) When a new company (limited to any stock company or any limited-liability company. hereafter in this Article the same shall apply) is incorporated by causing rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders to underwrite its shares or its equity shares instead of causing them to make new payments or make investment in kind therein, the following matters under each of the following subparagraphs shall be prescribed in the rehabilitation plan:

1. The trading name, purposes, the locations of the principal office and branch offices and methods of notification of the newly incorporated company;

2. The kinds and the number of shares and equity shares issued by the newly incorporated company;

3. The value per share or per investment;

4. Matters concerning restrictions on the rights of shareholders to underwrite shares or equity shares or the rights of equity right holders to underwrite equity shares, each of which are issued by the newly incorporated company at the time that the new company is incorporated, and when the right of any third person to do so is prescribed, the matters with regard thereto;

5. Matters concerning the types, the number and the distribution of shares or equity shares issued for rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders;

6. Other matters that are entered in the articles of incorporation of the newly incorporated company;

7. The amount of capital and amount of reserve of the newly incorporated company;

8. The assets, and their value, that are transferred from the debtor to the newly incorporated company;

9. Persons who are expected to become directors, the chief executive officer and auditors in the newly incorporated company, their selection and appointment, methods of selecting them and their terms of office. In this case, their terms of office shall not exceed one year;

10. When the newly incorporated company issues bonds, the matters provided for in each subparagraph of Article 209.

(2) With the exception of cases under paragraph (1), when a new company is incorporated without resorting to the total exchange of shares, any merger, any split or any split by merger, the matters falling under each of the following subparagraphs shall be prescribed in the rehabilitation plan:

1. The matters referred to in paragraph (1) 1 through 3, 6, and 8 through 10;

2. The types and the number of shares or equity shares issued at the time the new company is incorporated and when rehabilitation creditors, rehabilitation secured creditors or equity right holders are permitted to underwrite shares or equity shares without causing them to make new payments or make investments in kind, the matters referred to in paragraph (1) 5;

3. When anyone makes a new investment in kind, his/her name and resident registration number, the assets that are the object of his/her investment and the value thereof, and the types and number of shares and equity shares each provided in return for his/her investment.

**Article 216 (Dissolution)**

When the debtor dissolves his/her company without resorting to any merger, any split or any split by merger. the gist thereof and the time of the dissolution of his/her company shall be prescribed in the rehabilitation plan.

**Article 217 (Fair and Equal Differentiation)**

(1) The restoration plan shall provide differentiation in terms of its fairness and equality taking into account the ranking order of the rights referred to in the provisions of each of the following subparagraphs:

1. Rehabilitation security rights;

2. General preferential rehabilitation claims;

3. Rehabilitation claims, other than the rehabilitation claims referred to in subparagraph 2;

4. The rights of shareholders and equity right holders, the details of which call for the preferential distribution of the residual property;

5. The rights of shareholders and equity right holders, other than the rights referred to in the provisions of subparagraph 4.

(2) The provisions of paragraph (1) shall not apply to claims provided for in the provisions of Article 140 (1) and (2).

**Article 218 (Principles of Equality)**

(1) The conditions of the rehabilitation plan shall allow for equality between persons who hold rights of the same nature: Provided, That the same shall not apply to instances falling under any of the following subparagraphs:

1. When consent is obtained from a person who suffers disadvantage;

2. When the principles of equality are not undermined even if any rehabilitation creditor, any rehabilitation secured creditor whose claims are minor in terms of amount, or any person who holds a

claim provided for in the provisions of subparagraphs 2 through 4 of Article 118 are differently prescribed or differentiated;

3. When the principles of equality are not undermined even if persons who hold rights of the same kind are differentiated.

(2) Where a claim falling under any of the following subaparagraphs is prescribed differently from other rehabilitation claims or is differentiated in the rehabilitation plan, it is recognized that such does not undermine the principles of equality, and such claim may be handled more disadvantageously than other rehabilitation claim:

1. A claim that accrues from a consumer cash loan extended to a person with a special relationship, whose scope is prescribed by the Presidential Decree, with the debtor before rehabilitation procedures commence;

2. A claim regarding guarantee obligations where the debtor becomes a guarantor without compensation for the person in a special relationship, the scope of which is prescribed by the Presidential Decree, with the former before rehabilitation procedures commence;

3. A claim for indemnification that accrues from a guarantee liability for the debtor where the person in a special relationship, whose scope is prescribed by the Presidential Decree, with the debtor becomes a guarantor for the debtor before rehabilitation procedures commence.

**Article 219 (Setting Aside of Act of Giving Special Profits)**

The act of giving special profits to any rehabilitation creditor, rehabilitation secured creditor, shareholder and equity right holder in his/her name, or the name of any third person, without resorting to the rehabilitation plan shall be set aside.

**Article 220 (Submission of Draft Rehabilitation Plan)**

(1) When the value is deemed higher where the debtor's business continues than its value where the debtor's business is liquidated, the court shall order any custodian to submit without delay a draft rehabilitation plan, the contents of which are geared toward the continuation of the debtor's business through debtors being in existence, the exchange of shares. the transfer of shares, merger, split, split by merger, the incorporation of a new company and the transfer of business on or after the date on which the first assembly of interested persons is held within a fixed period.

(2) When the court determines to grant the order referred to in the provisions of paragraph (1), it shall publish the details of such decision and the gist provided for in the provisions of Article 221 (1).

(3) The court may extend the fixed period referred to in the provisions of paragraph (1) by its inherent jurisdiction or upon receiving an application therefor.

(4) When any custodian is unable to develop the draft rehabilitation plan, he/she shall advise the court his/her inability to do so within the period referred to in the provisions of paragraph (1) or (3).

(5) The period set by the court pursuant to the provisions of paragraph (1) shall not exceed four months: Provided, That if the debtor is an individual, the period shall not exceed two months.

(6) The extension of the period referred to in the provisions of paragraph (3) shall not exceed two months: Provided, That if the debtor is an individual or a small- and medium-sized enterpriser, the extension of the period shall not exceed one month.

**Article 221 (Submission of Draft Rehabilitation Plan by Rehabilitation Creditors, etc.)**

(1) Anyone falling under any of the following subparagraphs may develop and submit a draft rehabilitation plan to the court within the period provided for in the provisions of Article 220 (1):

    1. The debtor;

    2. Any rehabilitation creditor, rehabilitation secured creditor, shareholder and any equity right holder, each of whom are recorded on the list or are reported.

(2) The provisions of Article 220 (3) and (6) shall apply mutatis mutandis to cases under paragraph (1).

**Article 222 (Draft Rehabilitation Plan Whose Details Aim for Liquidation or Business Transfer, etc.)**

(1) When the value of the debtor's business is deemed higher where the business is liquidated than its value when the debtor's business continues, the court may, upon receiving an application filed by a person falling under any of the following subapragraphs, permit the development of a rehabilitation plan, the details of which are geared toward liquidation (including the transfer of the whole or part of the business and the asset spinoff of the business): Provided, That the same shall not apply where it causes damage to general creditors' interests:

    1. The custodian;

    2. The debtor;

    3. Any rehabilitation creditor, rehabilitation secured creditor, shareholder and any equity right holder each of whom are recorded on the list and are reported.

(2) The provisions of paragraph (1) shall apply mutatis mutandis to cases where it becomes manifestly difficult to develop a draft rehabilitation plan, the details of which are geared toward the continuation of the business through debtors being in existence, merger, split, split by merger and the incorporation of a new company, etc. after rehabilitation procedures commence.

(3) The court may revoke the permission referred to in the provisions of paragraph (1) or (2) at any time prior to the draft rehabilitation plan being placed in a resolution.

(4) The provisions of Article 236 (4) shall apply mutatis mutandis to the permission referred to in the provisions of paragraphs (1) and (2).

**Article 223 (Prior Submission of Draft Rehabilitation Plan)**

(1) Any creditor who holds a claim corresponding to not less than 1/2 of the debtor's obligations may develop a rehabilitation plan and submit it to the court from the time when rehabilitation procedures commence until the date preceding the date on which the fist assembly of interested persons is held.

(2) The court shall keep the draft rehabilitation plan (when the draft rehabilitation plan is revised pursuant to the provisions of Article 228 or 229 (2), this refers to the revised draft rehabilitation plan; hereinafter in this Article referred to as "prior draft plan") in the court in order for interested persons to inspect it.

(3) Creditors other than creditors who have submitted the prior draft plan, may express their intentions to agree to the prior draft plan in writing to the court by the date preceding the date on which the assembly of interested persons is held to resolve on the draft rehabilitation plan.

(4) Where the total amount of claims held by a creditor who has submitted the prior draft plan, or who has agreed to the prior draft plan is equivalent to not less than 2/3 of rehabilitation claims and rehabilitation security rights that are recorded on the list or reported by the date preceding the date on which the first assembly of interested persons is held, the period that is set by the court pursuant to the provisions of Article 220 (1) shall not exceed two months, notwithstanding the provisions of paragraph (5) of the same Article and the extension of the period referred to in the provisions of paragraph (3) of the same Article shall not exceed one month, notwithstanding the provisions of paragraph (6) of the same Article.

(5) When the prior draft plan is submitted, the relevant custodian need not submit the draft rehabilitation plan after obtaining exemption thereof from the court or may withdraw the draft rehabilitation plan that he/she has submitted to the court.

(6) Any creditor who submits the prior draft plan or expresses an intention to agree to the prior draft plan (including any creditor who expresses his/her intention of agreeing to the prior draft plan provided for in the provisions of paragraph (3) after the date on which the assembly of interested persons is held) shall be deemed to have agreed to it when the prior draft plan is approved by a resolution at the assembly of interested persons that is called for the adoption thereof: Provided, That when the contents of the prior draft plan are revised so as to be disadvantageous for creditors, circumstances are greatly changed and serious grounds exist, such creditors may withdraw their agreements after obtaining the court's permission therefor by the day preceding the date on which the assembly of interested persons is held.

**Article 224 (Assembly of Interested Persons Held to Examine Draft Rehabilitation Plan)**

When the draft rehabilitation plan is submitted, the court shall call an assembly of interested persons to examine such draft rehabilitation plan on a fixed date: Provided, That the same shall not apply to cases where it is placed on a written resolution provided for in the provisions of Article 240.

**Article 225 (Hearing of Opinions with Respect to Draft Rehabilitation Plan)**

The court shall hear the opinions of any of the following persons concerning the draft rehabilitation plan after hearing an explanation of the draft rehabilitation plan from the submitters of such draft rehabilitation plan at the assembly of interested persons provided for in the provisions of Article 224:

    1. The custodian;

    2. The debtor;

    3. Rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders who are entered in the list or are reported.

**Article 226 (Opinions of Supervisory Administrative Agencies, etc.)**

(1) The court may, if deemed necessary, request an administrative agency supervising the debtor's business, the Minister of Justice, the Minister of Justice, the Financial Services Commission, and any other administrative agencies to state their opinions with respect to the draft rehabilitation plan. *<Amended*

*by Act No. 8863, Feb. 29, 2008>*

(2) With respect to the draft rehabilitation plan that provides for the matters requiring permission, authorization, license, and other dispositions of administrative agencies, the court shall hear the opinions on such matters from the relevant administrative agencies.

(3) An administrative agency supervising the debtor's business, the Minister of Justice, the Minister of Justice, and the Financial Services Commission may, at any time, state their opinions on the draft rehabilitation plan to the court. *<Amended by Act No. 8863, Feb. 29, 2008>*

### Article 227 (Opinions of Debtor's Union, etc.)

The court shall hear the opinion of the person falling under each of the following subparagraphs with respect to a draft rehabilitation plan:

    1. A union comprised of a majority of the debtor' workers;

    2. When the union referred to in subparagraph 1 is nonexistent, the person who represents a majority of the debtor's workers.

### Article 228 (Revision of Draft Rehabilitation Plans)

Any submitter of a draft rehabilitation plan may revise the draft rehabilitation plan after obtaining permission from the court therefor by the date on which an assembly of interested persons is held to examine a draft rehabilitation plan or by the date on which it is decided to place a draft rehabilitation plan on a written resolution pursuant to the provisions of Article 240.

### Article 229 (Order Given to Revise Draft Rehabilitation Plans)

(1) The court may order any submitter of a draft rehabilitation plan to revise it ex officio or upon receiving an application filed by interested persons.

(2) When an order is issued by the court pursuant to the provisions of paragraph (1), any submitter of a draft rehabilitation plan shall revise it within the deadline set by the court.

### Article 230 (Resumption of Assembly of Interested Persons)

(1) When the revision provided for in the provisions of Article 229 is made after the date on which the assembly of interested persons is held to examine the draft rehabilitation plan, the court may call an assembly of interested persons to examine a draft revision on a fixed date.

(2) The provisions of Article 225 shall apply mutatis mutandis to the assembly of interested persons referred to in the provisions of paragraph (1).

### Article 231 (Exclusion of Draft Rehabilitation Plan)

Where the draft rehabilitation plan falls under any of the following subparagraphs, the court may not place the draft rehabilitation plan under the examination or on the resolution of the assembly of interested persons:

    1. If the draft rehabilitation plan is in violation of the Act;

    2. If the draft rehabilitation plan is unfair or is not in conformity with the principles of equality;

    3. If it is impossible to implement the draft rehabilitation plan.

**Article 232 (Assembly of Interested Persons Called to Resolve on Draft Rehabilitation Plan)**

(1) When the court does not order the revision of the draft rehabilitation plan that goes through an examination of the assembly of interested persons pursuant to the provisions of Article 224 or 230, the court shall call an assembly of interested persons to resolve on the draft rehabilitation plan after setting the date therefor.

(2) In cases under paragraph (1), the court shall deliver in advance a copy or summary of the draft rehabilitation plan to persons falling under each of the following subparagraphs:

    1. The custodian;

    2. The debtor;

    3. Rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders (excluding anyone not entitled to exercise his/her voting rights) who are entered in the list or are reported;

    4. Any person who bears any obligations or provides security for the rehabilitation.

(3) The delivery referred to in the provisions of paragraph (2) may be performed in the same manner as documents are mailed.

(4) The provisions of Article 8 (4) and (5) shall apply mutatis mutandis to the delivery referred to in the provisions of paragraph (3).

**Article 233 (Presence of Persons who Bear Obligations for Rehabilitation)**

(1) Anyone who bears any obligation or provides any security for rehabilitation shall be present to state the gist thereof on the date provided in the provisions of Article 232 (1): Provided, That he/she may cause his/her agent to be present when justifiable grounds thereof exist.

(2) The agent referred to in the proviso to the provisions of paragraph (1) shall submit a written statement attesting his/her agency authority.

(3) When it is placed in a written resolution pursuant to the provisions of Article 240, the terms of an agreement of any person who bears any obligations or provides a security shall be prescribed in the draft rehabilitation plan after obtaining such agreement from such person instead of the statement referred to in the provisions of paragraph (1).

**Article 234 (Amendment of Draft Rehabilitation Plan)**

Any submitter of the draft rehabilitation plan may amend such draft rehabilitation plan at the assembly of interested persons provided for in the provisions of Article 232 (1) after obtaining permission therefor from the court only when such change does not disadvantageously affect rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders.

**Article 235 (Timing of Resolution)**

The draft rehabilitation plan shall not be placed in a resolution before the inspection period expires.

**Article 236 (Methods of Resolution and Categorization of Rehabilitation Creditors, etc.)**

(1) When a resolution is placed on the agenda of an assembly of interested persons pursuant to the provisions of Article 232 (1), or a written resolution is placed on the agenda pursuant to the provisions of

Article 240, rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders shall participate in such resolution as a group as categorized pursuant to the provisions of paragraphs 2, 3 and 5.

(2) Rehabilitation creditors, rehabilitation secured creditors, shareholders, equity right holders shall be categorized into the groups falling under each of the following subparagraphs for their participation in the development and the passing of resolutions on the draft rehabilitation plan: Provided, That the same shall not apply to anyone who holds a claim provided for in the provisions of Article 140 (1) and (2):

    1. Rehabilitation secured creditors;

    2. Rehabilitation creditors who hold general priority rights;

    3. Rehabilitation creditors other than rehabilitation creditors referred to in the provisions of subparagraph 2;

    4. Shareholders and equity right holders who hold shares or equity shares that carry priority provisions for the distribution of the residual property;

    5. Shareholders and equity right holders other than the shareholders and the equity right holders provided for in the provisons of subparagraph 4.

(3) The court may categorize persons who fall under at least two subparagraphs into one group or persons who fall under one subparagraph into at least two groups taking into account the nature of the rights held by the persons referred to in each subparagraph of paragraph (2) and the relation of interest: Provided, That rehabilitation secured creditors, rehabilitation creditors, shareholders and equity right holders shall each be categorized into another group.

(4) Anyone falling under any of the following subparagraphs may state his/her opinion with respect to the categorization referred to in the provisions of paragraph (3):

    1. The custodian;

    2. The debtor;

    3. Any rehabilitation creditor, any rehabilitation secured creditor, any shareholder and any equity right holder who are all recorded on the list or are reported.

(5) The court may alter the categories referred to in the provisions of paragraphs (2) and (3) at any time before the draft rehabilitation plan is placed in a resolution.

(6) The provisions of Article 163 shall apply mutatis mutandis to the delivery of the decision referred to in the provisions of paragraphs (3) and (5): Provided, That when a declaration is made on the date on which the assembly of interested persons is held, the delivery need not be made.

### Article 237 (Requirements for Adoption)

A draft rehabilitation plan shall be adopted at an assembly of interested persons, according to each of the following groups:

    1. Group of rehabilitation creditors:

        Consent shall be obtained from the persons holding the voting rights equivalent to at least 2/3 of the total amount of the voting rights of the rehabilitation creditors who are entitled to excercise their

voting rights;

2. Group of rehabilitation secured creditors:

(a) With respect to the draft rehabilitation plan under the provisions of Article 220, consent shall be obtained from the persons holding the voting rights equivalent to at least 3/4 of the total amount of the rehabilitation secured creditors who are entitled to excercise their voting rights;

(b) With respect to the draft rehabilitation plan under the provisions of Article 222, consent shall be obtained from the persons holding the voting rights equivalent to at least 4/5 of the total amount of the rehabilitation secured creditors who are entitled to excercise their voting rights;

3. Group of shareholders or equity right holders:

Consent shall be obtained from the persons holding the voting rights equivalent to at least 1/2 of the total number of the voting rights of shareholders or equity right holders who are entitled to excercise their voting rights at an assembly of interested persons to approve the draft rehabilitation plan.

**Article 238 (Designation of Extended Deadline)**

Where an assembly of interested persons fails to resolve on the draft rehabilitation plan, when persons falling under the following subparagraphs agree to extend the deadline, the court may set an extended deadline by its inherent jurisdiction or upon receiving an application filed by the custodian or the debtor and any rehabilitation creditor, any rehabilitation secured creditor, any shareholder and any equity right holder who are entitled to exercise their voting rights:

1. Persons who hold voting rights equivalent to not less than 1/2 of the total voting rights of the rehabilitation creditors who are entitled to exercise their voting rights from among group of rehabilitation creditors;

2. Persons who hold voting rights equivalent to not less than 2/3 of the total voting rights of the rehabilitation secured creditors who are entitled to exercise their voting rights from among the group of rehabilitation secured creditors;

3. Persons who hold voting rights equivalent to not less than 1/3 of the total voting rights of the shareholders and equity right holders who are entitled to exercise their voting rights from among the group of shareholders and equity right holders.

**Article 239 (Timing of Resolution)**

(1) The draft rehabilitation plan shall be resolved upon within two months from the fist day of the assembly of interested persons provided for in the provisions of Article 232 (1).

(2) When it is deemed necessary, the court may extend the period referred to in the provisions of paragraph (1) by its inherent jurisdiction or upon receiving an application filed by any submitter of the draft rehabilitation plan. In this case, the period shall not exceed one month.

(3) The draft rehabilitation plan shall be resolved upon within one year from the date on which rehabilitation procedures commence: Provided, That the court may extend the period within the scope of 6 months on the grounds of expediency.

**Article 240 (Resolutions in Writing)**

(1) If it is deemed appropriate when the draft rehabilitation plan is submitted, the court may determine the gist of a written resolution into which the draft rehabilitation plan is placed (hereinafter in this Part referred to as "written resolution"). In this case, the court shall publish the gist thereof.

(2) When the written resolution referred to in the provisions of paragraph (1) is decided, the court deliver a copy or a summary of the draft rehabilitation plan to each of the persons provided for in Article 182 (1) and also deliver a written statement to each of the voting right holders, requesting them to confirm in writing as to whether they agree with the draft rehabilitation plan, their opinions with respect to whether authorization is granted and whether they agree with the designation of the extended deadline if the draft rehabilitation plan is not resolved within the period set by the court (hereafter referred to as "response period" in this Article). In this case, the response period shall not exceed two months from the date on which the decision referred to in the provisions of paragraph (1) is made.

(3) The delivery referred to in the provisions of paragraph (2) may be made in the same manner as documents are mailed.

(4) When the draft rehabilitation plan is delivered pursuant to the provisions of paragraph (2), it shall be deemed that the assembly of interested persons held to examine the draft rehabilitation plan provided for in the provisions of Article 224 comes to an end.

(5) When the written agreement of voting right holders to the draft rehabilitation plan delivered to the court within the response period meet the requirements for a resolution provided for in the provisions of Article 237, the draft rehabilitation plan shall be deemed resolved upon.

(6) The provision of Articles 188 (1) through (3) and 189 shall apply mutatis mutandis to every written resolution.

(7) When the extended deadline provided for in the provisions of Article 238 is designated for the draft rehabilitation plan that is not resolved upon by means of a written resolution, the draft rehabilitation plan shall be placed in a resolution on the continuation date and it shall not be placed in a written resolution again.

**Article 241 (Survival of Corporation If Draft Rehabilitation Plan Adopted)**

When rehabilitation procedures commence and the draft rehabilitation plan is resolved upon for a debtor who is an incorporated association or an incorporated foundation that is under liquidation or is declared bankrupt, such incorporated association may continue to exist according to the regulations governing the amendment of its articles of association and such incorporated foundation may continue to exist after obtaining an authorization therefor from the administrative agency in charge of incorporated foundations.

**Article 242 (Whether or Not to Grant Authorization of Rehabilitation Plans)**

(1) Where a draft rehabilitation plan is adopted at an assembly of interested persons, the court shall make a decision on whether or not to grant authorization of the rehabilitation plan, on the date of such adoption or on the date of decision declared by the court immediately after the adoption.

(2) Any of the following persons may, on the date referred to in the provisions of paragraph (1), state their opinions on whether or not to grant authorization of the rehabilitation plan: <*Amended by Act No. 8863, Feb. 29, 2008*>

1. Persons falling under any of the subparagraphs of Article 182 (1);

2. The administrative agency supervising the debtor's business, the Minister of Justice, the Minister of Justice, and the Financial Services Commission.

(3) Where a decision on setting the date on which whether or not to grant authorization of the rehabilitation plan is made by the court declaration, it shall be permitted that such decision is not publicly notified or delivered.

(4) Where a draft rehabilitation plan has been adopted by means of a written resolution, the court shall, without delay, make a decision on whether or not to grant authorization of the rehabilitation plan.

(5) Where the court has made a decision on whether or not to grant authorization of the rehabilitation plan pursuant to the provisions of paragraph (4), it shall deliver the document stating the text of such decision and the summary of ratio decidendi, to the persons falling under any of the subparagraphs of Article 182 (1).

### Article 243 (Requirements for Authorizing Rehabilitation Plans)

(1) The court may determine to grant authorization of the rehabilitation plan only in cases where the requirements falling under each of the following subparagraphs are met:

1. The rehabilitation procedures or the rehabilitation plan shall conform to the provisions of Acts;

2. The rehabilitation plan shall be fair, equitable and executable;

3. The resolution on the rehabilitation plan shall be passed in a sincere and fair manner;

4. Repayment methods according to the rehabilitation plan shall be in terms geared towards making repayments more advantageously than repayments would be made to each creditors when the debtor's business is liquidated: Provided, That the same shall not apply to cases where the creditors agree to payment methods;

5. The rehabilitation plan, the terms of which are geared for a merger or merger by split, requires a resolution passed by a general meeting of shareholders and a general meeting of employees of the other company, which approves any merger contract or a merger by split contract: Provided, That the same shall not apply to cases where the relevant company does not require such approval resolution of the general meeting of shareholders or the general meeting of employees;

6. Matters requiring permission, authorization, license or other disposition of administrative agencies in the rehabilitation plan shall be consistent with opinions of administrative agencies provided for in the provisions of Article 226 (2) with respect to major points;

7. With respect to the rehabilitation plan, the terms of which are geared toward an exchange of shares, a general meeting of shareholders of the other company is required to pass a resolution that approves such total exchange of shares: Provided, That the same shall not apply to cases where the company performs the total exchange of shares pursuant to the provisions of Articles 360-9 and 360-10 of the Commercial

Act.

(2) Even in cases where the procedures for determining whether to grant authorization for the rehabilitation plan are in violation of the provisions of Acts, when it is deemed inappropriate not to grant authorization for the rehabilitation plan taking into account the extent of the violation, the current state of the debtor and all other circumstances, the court may determine to grant such authorization.

**Article 244 (Authorization in Cases of Group in Disagreement)**

(1) Where a resolution on a draft rehabilitation plan is passed at an assembly of interested persons or the draft rehabilitation plan is placed in a written resolution under Article 240, even when any group fails to reach agreement thereon among persons who hold voting rights that exceed the statutory amount and number, the court may amend the draft rehabilitation plan, prescribe provisons aimed at protecting the rights of the rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders of such group in a manner falling under any of the following subparagraphs and determine to grant authorization for the rehabilitation plan:

1. The means by which assets subject to security rights are transferred to a newly incorporated company or any other person or is withheld for the debtor while keeping the security rights intact for the rehabilitation secured creditors;

2. The means by which assets subject to security rights for rehabilitation secured creditors, the debtor's assets to be appropriated for the repayment of claims for rehabilitation creditors and the debtor's assets that is to be appropriated for the distribution of residual property for shareholders and equity right holders are all sold at a price that exceeds fair value (with respect to assets that are subject to security rights, any burden incurred by such rights shall be deemed nonexistent) that is set by the court and the balance obtained by subtracting costs of sale from the sale proceeds is used for repayment, distribution and deposit;

3. The means by which proceeds of the fair trade price of the rights that is set by the court are distributed to the rightful claimants;

4. The means by which the rightful claimants are fairly and equally protected according to the means referred to in the provisons of subparagraphs 1 through 3.

(2) Where a resolution is passed at an assembly of interested persons on the draft rehabilitation plan or the draft rehabilitation plan is placed in a written resolution pursuant to the provisions of Article 240, when it is clear that it is impossible to obtain from any group the agreement necessary to meet the requirements for resolving upon the draft rehabilitation plan, the court, upon receiving an application filed by the person developing the draft rehabilitation plan, shall prescribe provisions that aim for protecting the rights of such group of rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders by means of the ways referred to in the provisons of each subparagraph of paragraph (1) and permit developing the draft rehabilitation plan.

(3) When the application referred to in the provisions of paragraph (2) is filed, the court shall hear the opinions of the applicant and not less than one rightful claimant of the group from which it is evidently

impossible to obtain an agreement.

**Article 245 (Declaration, etc. of Determination on Whether to Grant Authorization of Rehabilitation Plan)**

(1) The court shall declare its decision on whether or not to grant authorization of the rehabilitation plan and shall publicly notify the text of such decision and the summary of ratio decidendi, and the rehabilitation plan or the summary thereof. In such cases, the delivery thereof may not be omitted.

(2) The provisions of Article 41 (1) shall apply mutatis mutandis to cases on which a decision under the provisions of paragraph (1) is made.

(3) Notwithstanding the provisions of paragraph (1), where any decision on whether or not to grant authorization of the rehabilitation plan has been made with respect to the written resolution under the provisions of Article 240, the court shall deliver the text of such decision and the summary of ratio decidendi, and the rehabilitation plan and the summary thereof to either of the following persons: <Amended by Act No. 8863, Feb. 29, 2008>

1. The persons falling under any of the subparagraphs of Article 182 (1);

2. The administrative agency supervising the debtor's business, the Minister of Justice, and the Financial Services Commission, where the debtor is a stock company.

**Article 246 (Timing when Rehabilitation Plans Take Effect)**

The rehabilitation plan shall take effect from the time a decision is made to grant authorization thereof.

**Article 247 (Appeal)**

(1) An immediate appeal may be filed against a decision on whether to grant authorization of the rehabilitation plan: Provided, That the same shall not apply to any rehabilitation creditor, any rehabilitation secured creditor, any shareholder and any equity right holder who are not recorded in the list or are not reported.

(2) Any rehabilitation creditor, any rehabilitation secured creditor, any shareholder and any equity right holder who do not hold voting rights shall, when they file for an immediate appeal pursuant to the provisions of paragraph (1), substantiate that they are a rehabilitation creditor, a rehabilitation secured creditor, a shareholder and an equity right holder, respectively.

(3) Any appeal against a decision to grant authorization of the rehabilitation plan shall not affect the implementation of such rehabilitation plan: Provided, That when the appellate court or the rehabilitation court deems that the appeal has grounds and the need is substantiated to urgently prevent any irrecoverable loss caused by the implementation of the rehabilitation plan, they may require any security to be furnished, suspend the whole or part of the rehabilitation plan without requiring such security to be furnished and take other necessary dispositions until it determines such appeal upon receiving an application therefor.

(4) When an appeal is filed against a decision to grant authorization for the rehabilitation plan, the rehabilitation court may order the appellant to deposit, by way of bonds, fund, or securities recognized by the court within the scope that is prescribed by the rules of the Supreme Court for a fixed period.

(5) In cases under paragraph (4), when the appellant fails to furnish the security within the period set by the court, the court shall dismiss the appeal by its determination.

(6) When the appeal referred to in the provisions of paragraph (4) is dismissed, the debtor is declared bankrupt or the rehabilitation procedures continue, the funds or securities furnished as a security shall revert to the bankruptcy estate.

(7) Any protest against the judgment on the immediate appeal referred to in the provisions of paragraph (1) shall be governed by the provisions of Article 442 of the Civil Procedure Act. In this case, the provisions of paragraphs (1) through (6) shall apply mutatis mutandis to such protest.

### Article 248 (Where Decision Not to Grant Authorization for Rehabilitation Plan is Confirmed)

The provisions of Articles 291 and 292 shall apply mutatis mutandis to cases where a decision not to grant authorization for the rehabilitation plan is confirmed.

### Article 249 (Entires in Table of Rehabilitation Creditors, etc.)

When a decision to grant authorization for the rehabilitation plan is confirmed, the court official of Grade V, etc. shall enter the rights recognized in the rehabilitation plan in the table of rehabilitation creditors and in the table of rehabilitation secured creditors and in the table of shareholders and equity right holders.

### Article 250 (Scope of Effect of Rehabilitation Plan)

(1) The rehabilitation plan shall effect persons falling under each of the following subparagraphs:

　　1. The debtor;

　　2. Any rehabilitation creditor, any rehabilitation secured creditor, any shareholder and any equity right holder;

　　3. Anyone who bears obligations or furnishes security for rehabilitation;

　　4. Any newly incorporated company (excluding any company that is incorporated by merger or merger by split).

(2) The rehabilitation plan shall not affect the rights or security falling under either of the following subparagraphs:

　　1. Rights held by any rehabilitation creditor or any rehabilitation secured creditor against a guarantor of the debtor for whom rehabilitation procedures commence and on any person who bears any obligation jointly with the debtor for whom rehabilitation procedures commence;

　　2. The security furnished by any person other than the debtor for any rehabilitation creditor or any rehabilitation secured creditor.

### Article 251 (Immunity of Rehabilitation Claims, etc.)

When it is decided to grant authorization for the rehabilitation plan, the debtor shall be exempted from his/her responsibilities under all of the rehabilitation claims and rehabilitation security rights, with the exception of rights recognized pursuant to the rehabilitation plan or the provisions of this Act and the rights of shareholders and equity right holders, and all security rights over the debtor's assets shall be extinguished: Provided, That the same shall not apply to claims provided for in the provisions of Article 140 (1).

**Article 252 (Alteration of Rights)**

(1) Where a decision on the authorization of the rehabilitation plan has been made, the rights of rehabilitation creditors, rehabilitation secured creditors, shareholders, and equity right holders shall be altered according to the rehabilitation plan.

(2) Articles 339 and 340 (3) of the Commercial Act shall apply mutatis mutandis to the money, other things, shares or equity shares, claims, other rights, and share certificates which shareholders or equity right holders will receive by the alteration of rights under the provisions of paragraph (1). *<Amended by Act No. 12591, May 20, 2014>*

**Article 253 (Rights of Rehabilitation Creditors and Rehabilitation Secured Creditors)**

The rights of rehabilitation creditors and rehabilitation secured creditors that are prescribed according to the rehabilitation plan shall be recognized only for persons who hold rehabilitation claims or rehabilitation security rights that are all confirmed.

**Article 254 (Rights of Shareholders and Equity Right Holders who are Not Reported)**

The rights of shareholders and equity right holders that are recognized according to the rehabilitation plan shall also apply to the rights of shareholders and equity right holders who fail to report their shares and equity shares.

**Article 255 (Effect of Entries in Table of Rehabilitation Creditors, etc.)**

(1) The entries of the table of rehabilitation creditors or the table of rehabilitation secured creditors that govern the rights recognized according to the rehabilitation plan on the basis of rehabilitation claims or rehabilitation security rights shall take effect in the same manner as the final judgment on persons falling under each of the following subparagraphs when a decision to grant authorization for the rehabilitation plan is confirmed:

1. The debtor;

2. Rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders;

3. Anyone who bears obligations or furnishes security for the rehabilitation;

4. The newly incorporated company (excluding any company that is incorporated by merger or merger by split).

(2) Anyone who holds the rights referred to in the provisions of paragraph (1), the terms of which are geared at claiming the payment of funds and any other performance, may perform compulsory execution on the debtor and any person who bears any obligation for the rehabilitation according to the table of rehabilitation creditors or the table of rehabilitation secured creditors after the rehabilitation procedures are completed. In this case, the guarantor may lodge an objection against such compulsory execution pursuant to the provisions of Article 437 of the Civil Act.

(3) The provisions of Articles 2 through 18, 20 and 28 through 55 of the Civil Execution Act shall apply mutatis mutandis to cases under paragraph (2): Provided, That the lawsuit provided for in the provisions of Articles 33, 44 and 45 of the Civil Execution Act shall be placed under the exclusive jurisdiction of the rehabilitation court.

**Article 256 (Invalidation of Suspended Procedures)**

(1) When it is decided to grant authorization for the rehabilitation plan, the auction procedures for the bankruptcy procedures, the compulsory execution, the provisional seizure, the provisional disposition and the exercise of security right, etc. that are suspended respectively pursuant to the provisions of Article 58 (2) shall lose their effect: Provided, That the same shall not apply to procedures or dispositions that continue pursuant to the provisions of paragraph (5) of the same Article.

(2) Estate claims (excluding any estate claims falling under subparagraphs 2 and 9 of Article 473) that lose their effect pursuant to the provisions of paragraph (1) in the bankruptcy procedures shall be deemed a public-interest claim.

**Article 257 (Implementation of Rehabilitation Plan)**

(1) When it is decided to grant authorization for the rehabilitation plan, the custodian shall implement the rehabilitation plan without delay.

(2) When a new company is incorporated according to the rehabilitation plan, the custodian shall perform the duties of the promoters and incorporators members.

(3) The Custodial Committee shall assess whether the rehabilitation plan is appropriately implemented each year and submit the results of such assessment to the court.

(4) The Custodial Committee may present to the court its opinion with respect to the completion or the discontinuation of the rehabilitation procedures.

**Article 258 (Court's Order Given to Implement Rehabilitation Plan)**

(1) The court may issue persons falling under any of the following subparagraphs orders necessary to implement the rehabilitation plan:

1. The debtor;

2. Any rehabilitation creditors, any rehabilitation secured creditors, any shareholders and any equity right holders;

3. Anyone who bears obligations or furnishes security for the rehabilitation;

4. A newly incorporated company (excluding any new company that is incorporated by merger or merger by split);

5. The custodian.

(2) When it is deemed necessary to ensure the implementation of the rehabilitation plan, the court may require a considerable amount of security to be furnished for persons who hold claims pursuant to the provisions of this Act or according to the rehabilitation plan and any other persons who hold rehabilitation claims to which an objection is raised and rehabilitation security rights for which the confirmation procedures are not yet completed.

(3) The provisions of Articles 122, 123, 125 and 126 of the Civil Procedures Act shall apply mutatis mutandis to the security referred to in the provisions of paragraph (2).

**Article 259 (Inspection of Debtor)**

In cases falling under any of the following subparagraphs, the court may order any inspection commissioner to inspect assets and the current business of the debtor by its inherent jurisdiction or upon receiving an application filed by the creditors' consultative council:

    1. Where the rehabilitation plan is not implemented properly;

    2. Where it is necessary to determine whether to cease or discontinue the rehabilitation procedures;

    3. Where it is necessary for amending the rehabilitation plan.

**Article 260 (Exclusion of Provisions of Statutes Governing Resolutions, etc. of General Meetings)**

In the implementation of the rehabilitation plan, notwithstanding the provisions of statutes or the articles of incorporation, a general meeting of an incorporation, a general meeting of shareholders, a general meeting of employees (including a general meeting of specific class of shareholders and a general meeting of employees corresponding thereto) or a meeting of the board of directors of the debtor who is a corporation need not resolve on anything.

**Article 261 (Special Cases Concerning Business Transfer, etc.)**

(1) When any of the following acts is prescribed in the rehabilitation plan pursuant to the provisions of Article 200, any of such acts may be performed according to the rehabilitation plan:

    1. The conclusion, amendment or revocation of contracts falling under any of the following items or the conclusion, amendment or revocation of contract corresponding to the former:

        (a) Contracts by which the whole or part of the business or assets of the debtor are transferred, invested or rented;

        (b) Contracts by which the whole or part of the management of the debtor's business is delegated;

        (c) Contracts by which the profits and losses of the business are shared with other persons and other contracts corresponding to the former;

    2. Agreements by which the whole or part of the business or the assets of other persons are acquired by transfer.

(2) Articles 374 (2) and 374-2 of the Commercial Act and Article 165-5 of the Financial Investment Services and Capital Markets Act shall not apply to cases under paragraph (1). *<Amended by Act No. 12595, May 20, 2014>*

**Article 262 (Special Cases Concerning Amendment to Articles of Incorporation)**

Where any amendments to the articles of incorporation of the debtor are prescribed in the rehabilitation plan pursuant to the provisions of Article 202, such articles of incorporation shall be amended according to the rehabilitation plan when it is decided to grant authorization for the rehabilitation plan.

**Article 263 (Special Case Concerning Change in Directors, etc.)**

(1) Where the selection and appointment of directors and the selection of the chief executive officer are prescribed in the rehabilitation plan pursuant to the provisions of Article 203, they shall be deemed selected and appointed at the time authorization is granted for the rehabilitation plan.

(2) Where means of selecting and appointing directors or of selecting the chief executive officer are prescribed in the rehabilitation plan pursuant to the provisions of Article 203, such directors may be

selected and appointed and the chief executive officer may be selected according to the means prescribed in the rehabilitation plan. In this case, the provisions of other statutes and the articles of incorporation governing the selection and appointment of directors and the selection of the chief executive officer shall not apply.

(3) When the court selects and appoints any auditor pursuant to the provisions of Article 203 (4), the provisions of other statues and the articles of incorporation governing the selection and appointment of auditors shall not apply to the selection and appointment of such auditors.

(4) Any director or any chief executive officer who is not prescribed in the rehabilitation plan as to remain in his/her position shall be deemed dismissed at the time that authorization is granted for the rehabilitation plan. Any auditor who is not selected and appointed pursuant to the provisions of Article 203 (4) shall be deemed dismissed at the time the court selects and appoints an auditor pursuant to the provisions of Article 203 (4).

(5) The terms of office for directors or the chief executive officer who are selected or appointed pursuant to the provisions of paragraphs (1) and (2), the terms of office for directors or the chief executive officer who are or are decided to stay in their positions and means by which the chief executive officer represents the board shall be prescribed in the rehabilitation plan and the terms of office of any auditor who is selected and appointed pursuant to the provisions of Article 203 (4) shall be prescribed by the court.

**Article 264 (Special Cases Concerning Decrease in Capital)**

(1) When any decrease in capital is prescribed in the rehabilitation plan pursuant to the provisions of Article 205, such capital may be decreased according to the rehabilitation plan.

(2) The provisions of Articles 343 (2), 439 (2) and(3), 440, 441, 445 and 446 of the Commercial Act shall not apply to cases under paragraph (1). The cases provided for in the proviso to Article 443 (1) of the same Act shall be placed under the jurisdiction of the rehabilitation court.

(3) In cases under paragraph (1), an application filed for rectifying the register on the grounds of a decrease in the debtor's capital shall be accompanied by a certified copy or an abridged copy of a written decision to grant authorization for the rehabilitation plan.

**Article 265 (Special Cases Concerning Issuance of New Shares without Payment, etc. therefor)**

(1) When it is prescribed in the rehabilitation plan pursuant to the provisions of Article 206 (1) and (4) that the debtor issue new shares without requiring rehabilitation creditors, rehabilitation secured creditors or shareholders to make new payments or investments in kind, the rightful claimants shall become shareholders at the time that it is decided to grant authorization for the rehabilitation plan: Provided, That when any specific timing is prescribed in the rehabilitation plan, the rightful claimants shall become shareholders at such specific time.

(2) The provisions of the articles of incorporation governing the underwriting of newly issued shares shall not apply to cases under paragraph (1).

(3) The provisions of Articles 440 through 444 of the Commercial Act shall apply mutatis mutandis to cases where there is an uneven number of shares to be distributed to shareholders. In this case, cases

provided for in the proviso to Article 443 (1) of the same Act shall be placed under the jurisdiction of the rehabilitation court and the provisions of Article 83 of the Non-Contentious Case Litigation Procedure Act shall apply mutatis mutandis to such cases.

### Article 266 (Special Cases concerning Issuance of New Shares for which Payments, etc. are Made)

(1) When it is prescribed in the rehabilitation plan that the debtor issues new shares pursuant to the provisions of Article 206 (2) and (3), he/she may issue such new shares according to the rehabilitation plan.

(2) The provisions of Articles 418, 422, 424, 424-2, 428, and 429 through 432 of the Commercial Act shall not apply to the cases under paragraph (1).

(3) The provisions of the articles of incorporation that govern rights to underwrite newly issued shares shall not apply to cases under paragraph (1) and cases provided for in the provisions of Article 306 of the Commercial Act that are applied mutatis mutandis under Article 425 (1) of the same Act shall be placed under the jurisdiction of the rehabilitation court.

(4) The provisions of Article 419 of the Commercial Act shall apply mutatis mutandis to the cases under paragraph (1). In this case, "share certificates" in Article 419 (2) of the Commercial Act shall be deemed "share certificates or debentures."

(5) When new shares are issued by requiring rehabilitation creditors, rehabilitation secured creditors or shareholders to make new payments or make investments in kind, the rightful claimants thereof may pay the amount or make investments in kind as prescribed in the rehabilitation plan.

(6) The provisions of Article 265 (3) shall apply mutatis mutandis to cases where there is an uneven number of shares to be distributed to shareholders by requiring them to make payments and investments in kind: Provided. That the amount corresponding to the investment in kind to be made or the amount to be paid for a broken lot of shares shall be deducted from the price to be paid to the previous shareholders.

(7) In cases falling under paragraph (1), the written commission for the register of a change accruing from the issuance of shares by the debtor or an application thereof shall be accompanied by a certified copy or an abridged copy of the written decision authorizing the rehabilitation plan, a written statement attesting to the subscription and takeover of shares and a certificate attesting to the custody of payments.

### Article 267 (Special Cases concerning Issuance of Bonds without Payments, etc. by Stock Companies)

(1) When it is prescribed in the rehabilitation plan that the debtor who is a stock company issues bonds without requiring rehabilitation creditors, rehabilitation secured creditors or shareholders to make new payments pursuant to the provisions of Article 209, these rightful claimants shall become bond right holders when it is decided to grant authorization for the rehabilitation plan.

(2) The provisions of Article 471 of the Commercial Act shall not apply to the cases under paragraph (1).

(3) In cases falling under paragraph (1), the amount of bonds that are issued for rehabilitation creditors or rehabilitation secured creditors according to the provisions of the rehabilitation plan shall not be included in the total amount of the bonds provided for in the provisions of Article 470 of the Commercial Act.

**Article 268 (Special Cases Concerning Issuance of Bonds with Payments, etc. by Stock Companies)**

(1) With the exception of cases provided for in the provisions of Article 267, when it is prescribed in the rehabilitation plan that the debtor who is a stock company issues bonds under Article 209, the debtor may issue such bonds according to the rehabilitation plan.

(2) When bonds are issued by requiring rehabilitation creditors, rehabilitation secured creditors or shareholders to make new payments, these rightful claimants shall become bond right holders at the time the amount prescribed in the rehabilitation plan is paid.

(3) The provisions of Articles 266 (4) and 267 (2) and (3) shall apply mutatis mutandis to the cases under paragraph (1).

(4) In the cases under paragraph (1), a written commission or an application for the registration of convertible bonds or warrant bonds shall be accompanied by the written statements falling under each of the following subparagraphs:

　　1. A certified copy or an abridged copy of the written decision to grant an authorization for the rehabilitation plan;

　　2. A written statement attesting to the subscription and underwriting of convertible bonds or warrant bonds;

　　3. A written statement attesting to the payment for each convertible bond or each warrant bond.

**Article 269 (Special Cases concerning Total Exchange of Shares of Stock Companies)**

(1) When it is prescribed in the rehabilitation plan that the debtor who is a stock company perform a total exchange of shares with another company pursuant to the provisions of Article 207, the debtor may perform such total exchange of shares according to the rehabilitation plan.

(2) In cases under paragraph (1), rehabilitation creditors or rehabilitation secured creditors who receive a distribution of shares of the company that becomes a full parent company shall become the underwriters of shares at the time that authorization is granted for the rehabilitation plan and become shareholders at the time that the total exchange of shares becomes effective.

(3) The provisions of Articles 360-4, 360-5, 360-4 and 380-14 of the Commercial Act shall not apply to cases under paragraph (1).

(4) In cases under paragraph (1), when the provisions of Article 360-8 of the Commercial Act apply to the debtor, the "approval provided for in the provisions of Article 360-3 (1)" in the same Article shall be deemed "the authorization granted for the rehabilitation plan, the terms of which are geared toward the total exchange of shares."

(5) The provisions of paragraphs (1) through (4) shall not affect the application of the Commercial Act to the other company that is the other party to the total exchange of shares.

(6) In cases under paragraph (1), when the debtor becomes a full parent company, the written commission or the application for registration of the company change that accrues from the total exchange of shares shall be accompanied by documents falling under each of the following subparagraphs:

1. A certified copy or an abridged copy of the written decision to grant authorization for the rehabilitation plan;

2. The contract for the total exchange of shares.

(7) In cases under paragraph (1), when the other company that is the other party in the total exchange of shares becomes a full parent company, the application for the change registration that arises from the total exchange of shares of the company shall be accompanied by documents falling under each of the following subparagraphs:

1. A certified copy or an abridged copy of the written decision to grant authorization for the rehabilitation plan;

2. The minutes of the general meeting of shareholders of the company (when the company performs a total exchange of shares without obtaining approval therefor from the general meeting of shareholders, the minutes of the meeting of the board of directors of the company).

**Article 270 (Special Cases concerning Total Transfer of Shares of Stock Companies)**

(1) When the total transfer of shares by the debtor who is a stock company is prescribed in the rehabilitation plan pursuant to the provisions of Article 208, the debtor may perform such total transfer of shares according to the rehabilitation plan.

(2) In cases under paragraph (1), rehabilitation creditors or rehabilitation secured creditors who receive a distribution of shares of a newly incorporated company that is a full parent company shall become the underwriters of shares at the time that authorization is granted for the rehabilitation plan, and shall become shareholders at the time that the total transfer of shares becomes effective.

(3) The provisons of Articles 360-17, 360-18, 360-5 that are applied mutatis mutandis under Article 360-22 of the same Act and 360-23 of the Commercial Act shall not apply to cases under paragraph (1).

(4) In cases under paragraph (1), with respect to the application of the provisions of Article 360-19 of the Commercial Act to companies, the "resolution provided for in the provisions of Article 360-16 (1)" in the same Article shall be deemed the "authorization granted for the rehabilitation plan the contents of which are geared toward the total transfer of shares."

(5) The written commission or the application for register of incorporation arising from the total transfer of shares shall be accompanied by the documents falling under each of the following subparagraphs:

1. A certified copy or an abridged copy of the written decision to grant authorization for the rehabilitation plan;

2. The minutes of the meeting of the board of directors with respect to the chief executive officer.

**Article 271 (Special Cases concerning Mergers)**

(1) When it is prescribed in the rehabilitation plan that the debtor is to merge with another company pursuant to the provisions of Article 210 or 211, the debtor may merge with any other company according to the rehabilitation plan.

(2) In cases under paragraph (1), rehabilitation creditors or rehabilitation secured creditors who receive the distribution of shares or equity shares of any surviving company after merger or any new company that is

incorporated by merger shall become underwriters of the shares or equity shares at the time it is decided to grant authorization for the rehabilitation plan and the shareholders or employees thereof at the time that the merger becomes effective.

(3) The provisons of Articles 522-2, 522-3, 527-5, 527-6 and 529 of the Commercial Act and the provisions of Article 165-5 of the Financial Investment Services and Capital Markets Act shall not apply to cases under paragraph (1). *<Amended by Act No. 12595, May 20, 2014>*

(4) Cases provided for in the provisions of Article 530 (3) of the Commercial Act or the proviso to Article 443 (1) that is applied mutatis mutandis under Article 603 of the same Act shall be placed under the jurisdiction of the rehabilitation court.

(5) Notwithstanding the provisions of Article 530 (2) or 603 of the Commercial Act, the provisions of Articles 237 through 240, 374 (2), 374-2 (2) through (4) and 439 (3) of the same Act shall not apply mutatis mutandis to paragraph (1).

(6) The provisions of paragraphs (1) through (5) shall not affect the application of the Commercial Act to the company that is the other party to merger.

(7) The provisions of Article 267 shall apply mutatis mutandis to cases where bonds are distributed to shareholders pursuant to provisions of subparagraph 5 of Article 210 or subparagraph 6 of Article 211. In this case, the shareholders become the debenture holders when the merger becomes effective.

(8) In cases under paragraph (1), the written commission or the application for the register of the dissolution or the change in the debtor on the grounds of merger shall be accompanied by documents falling under each of the following subparagraphs:

  1. A certified copy or an abridged copy of the written decision to grant authorization for the rehabilitation plan;

  2. The merger contract.

(9) In cases under paragraph (1), the written commission or the application for the company registration that is newly incorporated by merger shall be accompanied by any of the following documents:

  1. A certified copy or an abridged copy of the written decision to grant authorization for the rehabilitation plan;

  2. The merger contract;

  3. The articles of incorporation;

  4. The minutes of the general meeting of incorporation;

  5. The minutes of the meeting of the board of directors with respect to the chief executive officer;

  6. The written statement attesting to the qualifications of incorporating members selected and appointed by the other debtor who is the other party to merger.

**Article 272 (Special Cases concerning Merger or Merger by Split)**

(1) When it is prescribed in the rehabilitation plan that the debtor who is a stock company is to be split, or part of the debtor who is a stock company is to be merged by split with another company or part of another company pursuant to the provisions of Articles 212 through 214. the debtor may perform the merger or the

merger by split as prescribed in the rehabilitation plan.

(2) In cases under paragraph (1), the surviving debtor after the merger by spit or the shareholders, rehabilitation creditors or rehabilitation secured creditors of the debtor who receive a distribution of shares of the company that is newly incorporated by the merger by split shall become underwriters of the shares at the time that it is decided to grant authorization for the rehabilitation plan, and shall become shareholders at the time that the merger by split becomes effective.

(3) The provisions of Articles 530-7 and 522-3 of the Commercial Act and the provisions Article 165-5 of the Financial Investment Services and Capital Markets Act shall not apply to cases under paragraph (1), and cases provided for in the provisions of the proviso to Article 443 (1) of the Commercial Act that apply mutatis mutandis to Article 530-11 (1) of the same Act shall be placed under the jurisdiction of the rehabilitation court. *<Amended by Act No. 12595, May 20, 2014>*

(4) Notwithstanding the provisions of Articles 530-9 and 530-11 of the Commercial Act, the provisions of Articles 237 through 240, 374 (2), 439 (3), 522-3, 527-5 and 529 of the same Act shall not apply mutatis mutandis to cases under paragraph (1).

(5) The provisions of paragraphs (1) through (4) shall not affect the application of the Commercial Act to the company that is the other party to the merger by split.

(6) The provisions of Article 267 shall apply mutatis mutandis to cases where bonds are distributed to shareholders pursuant to the provisions of subparagraph 5 of Article 212 (1) or Article 213 (1) 4 or (2) 8. In this case, the shareholders shall become the debenture holders at the time the merger or the merger by split becomes effective.

(7) In cases under paragraph (1), the written commission or the application for registration of the debtor's dissolution or the registration of change on the grounds of split shall be accompanied by a certified copy or an abridged copy of the written decision to grant authorization for the rehabilitation plan. The written commission or the application for registration of the debtor's dissolution or registration of change on the grounds of the merger by split shall be accompanied by the written split and merger contract in addition to a certified copy or an abridged copy of the written decision to grant authorization for the rehabilitation plan.

(8) In cases under paragraph (1), the written commission or the application for registration of incorporation on the grounds of the merger by split shall be accompanied by documents falling under each of the following subparagraphs:

   1. A certified copy or an abridged copy of the written decision to grant authorization for the rehabilitation plan;

   2. The written split and merger contract;

   3. The articles of incorporation;

   4. The minutes of the general meeting of incorporation;

   5. The minutes of the meeting of the board of directors with respect to the chief executive officer.

**Article 273 (Special Cases Concerning Incorporations of New Companies without New Investments)**

(1) When it is prescribed in the rehabilitation plan that a new company is to be incorporated only with an investment made by the debtor who is a stock company after splitting the debtor pursuant to the provisions of Article 212 (1) or 214, or it is prescribed in the rehabilitation plan that a new company is incorporated by requiring rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders to underwrite shares or equity shares instead of getting them to make new payments or investments in kind, the new company shall be formally incorporated when it prepares the articles of incorporation and have its incorporation entered on the register after obtaining a certification from the rehabilitation court.

(2) In cases under paragraph (1), the debtor's assets that are prescribed to be transferred to the newly incorporated company in the rehabilitation plan when the new company is incorporated shall be transferred to the newly incorporated company and the rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders of the debtor who all receive the distribution of shares, equity shares or bonds of the newly incorporated company shall become shareholders, equity right holders or debenture holders of the newly incorporated company.

(3) The provisions of Articles 263 (1), (2) and (5) and 265 (3) and 268 shall apply mutatis mutandis to cases under paragraphs (1) and (2).

(4) In cases under paragraph (1), the written commission that is aimed at placing the newly incorporated company on the register shall be accompanied by documents falling under each of the following subparagraphs:

  1. A certified copy or an abridged copy of the written decision to grant authorization for the rehabilitation plan;

  2. The articles of incorporation;

  3. When means of selecting and appointing directors or auditors and of selecting the chief executive officer are prescribed in the rehabilitation plan, the document pertaining to their selection and appointment;

  4. When any transfer agent is employed on payroll, a written statement attesting to his/her employment.

**Article 274 (Other Special Cases concerning Incorporation of New Companies)**

(1) With the exception of cases provided for in the provisions of Article 273, when it is prescribed in the rehabilitation plan that the debtor who is a stock company is split to incorporate a new company pursuant to the provisions of Article 212 (1) or 214 and it is prescribed in the rehabilitation plan that a new company is to be incorporated pursuant to the provisions of Article 215 without resorting to any merger, split or merger by split, a new company may be incorporated according to the rehabilitation plan.

(2) The provisions of Articles 288, 291 through 293, 295 (1), 296, 299, 300, 302 (2) 4, 310, 311, 313 (2), 314, 315, 321 through 324, 327 and 328 shall not apply to cases under paragraph (1).

(3) In cases under paragraph (1), a certification for the articles of incorporation shall be obtained from the rehabilitation court. Cases provided for under the provisions of 306 of the Commercial Act shall be placed under the jurisdiction of the rehabilitation court. A general meeting of incorporation shall not amend the

articles of incorporation in violation of the purposes of the rehabilitation plan. The debtor shall assume the responsibilities of the promoters provided for in the provisions of Article 326 of the same Act.

(4) In cases under paragraph (1), when the debtor, rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders are requested to underwrite shares or equity shares without being required to make new payments or investments in kind, or they are requested to underwrite bonds without being required to make new payments, the rightful claimants shall become shareholders, equity right holders or debenture holders at the time that a new company is incorporated.

(5) In cases under paragraph (1), when rehabilitation creditors, rehabilitation secured creditor, shareholders or third persons are requested to underwrite shares by being required to make new payments and investments in kind, any shares that they have not underwritten among the shares that are to be issued for them may be subtracted from the total number of shares enlisting issued at the time that a new company is incorporated without enlisting new shareholders unless this measure is contrary to the provisions of Article 289 (2) of the Commercial Act.

(6) The provisions of Articles 263 (1), (2) and (5), 265 (3), 266 (4) through (6), 267 (3) and 268 shall apply mutatis mutandis to cases under paragraphs (1) through (5).

(7) In cases under paragraph (1), the written commission or the application for registration of any newly incorporated company shall be accompanied by documents falling under each of the following subparagraphs:

    1. The document provided for in each subparagraph of Article 273 (4);

    2. The written statement attesting to the subscription and underwriting of shares;

    3. The inspection report of directors and any auditors and other documents attached thereto;

    4. The minutes of the general meeting of incorporation;

    5. The written statement attesting to the custody of payments in any financial institution.

**Article 275 (Special Cases concerning Dissolution)**

(1) When it is prescribed in the rehabilitation plan that the debtor is dissolved pursuant to the provisons of Article 216 without resorting to the merger, the division or the merger by split, the debtor shall be dissolved at the time stipulated in the rehabilitation plan.

(2) In cases under paragraph (1), the application for registration of dissolution register shall be accompanied by a certified copy or an abridged copy of the written decision to grant authorization for the rehabilitation plan.

**Article 276 (Transfer of Rights to Underwrite Shares, etc.)**

When rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders hold rights to underwrite shares, equity shares or bonds of the debtor or any newly incorporated company according to the rehabilitation plan, they may transfer such rights to any other persons.

**Article 277 (Exclusion of Application of Financial Investment Services and Capital Markets Act)**

Where the debtor who is a stock company, or the new company issues shares or bonds, the provisions of Article 119 of the Financial Investment Services and Capital Markets Act shall not apply. *<Amended by Act*

No. 8635, Aug. 3, 2007>

**Article 278 (Special Cases concerning Restrictions on Disposal of Factory Assets, etc.)**

When the debtor's property is disposed of according to the rehabilitation plan, statutes governing restrictions on the disposal of factory assets and any other assets or the property that belong to any assets shall not apply thereto.

**Article 279 (Succession of Rights by Means of Permission and Authorization, etc.)**

When it is prescribed in the rehabilitation plan that the debtor is to transfer any rights and any obligations that accrue from any permission, authorization, license and any other disposition that he/she has acquired from administrative agencies, the newly incorporated company shall succeed to such rights and such obligations, notwithstanding the provisions of other statutes.

**Article 280 (Succession to Tax Liabilities)**

When it is prescribed in the rehabilitation plan that any newly incorporated company succeeds to the debtor's tax liabilities, the newly incorporated company shall bear responsibility for paying such tax liabilities and the debtor's tax liabilities shall be extinguished thereafter.

**Article 281 (Severance Pays, etc.)**

(1) Persons who were directors, the chief executive officer, auditors and workers of the debtor and who continue to work for any newly incorporated company as directors, the chief executive officer, auditors and workers after rehabilitation procedures commence shall not receive payment of their severance pay, etc. on the basis of their retirements from the debtor.

(2) The period during which the persons referred to in the provisions of paragraph (1) have worked for the debtor shall be deemed the period during which they have worked for the newly incorporated company.

**Article 282 (Amendment of Rehabilitation Plan)**

(1) When the need arises to amend the matters that are prescribed in the rehabilitation plan on the grounds of inevitability after it is decided to grant authorization for the rehabilitation plan, the court may change the rehabilitation plan upon receiving an application filed by any custodian, the debtor or any rehabilitation creditors, any rehabilitation secured creditors, any shareholder or any equity right holder, each of whom are all entered on the list or reported only before rehabilitation procedures are completed.

(2) When an application is filed for amending the rehabilitation plan pursuant to the provisions of paragraph (1), which is deemed to prejudice any rehabilitation creditor, rehabilitation secured creditor, shareholder, or equity right holder on the grounds of such amendment, the provisions governing the procedures for submitting the draft rehabilitation plan shall apply mutatis mutandis thereto: Provided, That in such cases, any rightful claimant who is not prejudiced by any amendment to the rehabilitation plan need not be required to participate in such procedures.

(3) The provisions of Articles 246 and 247 shall apply to cases where it is decided to amend the rehabilitation plan.

(4) In cases falling under either of the following subparagraphs, anyone who agrees to the previous rehabilitation plan shall be deemed to agree to the amended rehabilitation plan:

1. Where he/she is absent from the assembly of interested persons that is called to resolve on amendment to the draft rehabilitation plan;

2. Where he/she fails to send a response in the written resolution procedures for an amendment to the draft rehabilitation plan.

### Article 283 (Discontinuation of Rehabilitation Procedures)

(1) When repayments commence according to the rehabilitation plan, the court shall decide to discontinue the rehabilitation procedures by its inherent jurisdiction or upon receiving an application filed by the person falling under either of the following subparagraphs:

1. The custodian;

2. Any rehabilitation creditor or any rehabilitation secured creditor who is entered in the list or reported.

(2) The court shall, when it makes the decision referred to in the provisions of paragraph (1), publish the main passage of such decision and a summary of the grounds. In this case, the delivery thereof need not be made.

(3) The provisions of Article 40 (1) shall apply mutatis mutandis to cases where the decision referred to in the provisions of paragraph (1) is made.

### Article 284 (Prohibition on Participation in Corporate Governance by Directors, etc.)

Directors or the chief executive officer who fail to retain their positions pursuant to the provisions of the proviso to Article 203 (2) shall be prohibited from being selected or appointed as directors or being selected as the chief executive officer of the debtor even after it is decided to discontinue the rehabilitation procedures.

### Article 285 (Discontinuation Prior to Order Given to Submit Draft Rehabilitation Plan)

When the value of the debtor's business, when it is liquidated, is deemed evidently higher than the value thereof when the debtor's business continues, the court shall determine to discontinue the rehabilitation procedures by its inherent jurisdiction or upon receiving an application that is filed by the custodian and rehabilitation creditors or rehabilitation secured creditors who are entered in the list or are reported, even before the first assembly of interested persons is held without ordering the submission of the draft rehabilitation plan provided for in the provisions of Article 220 (1): Provided, That the same shall not apply to cases where the court permits developing a draft rehabilitation plan, the details of which are geared toward the liquidation, etc. provided for in the provisions of Article 222.

### Article 286 (Discontinuation before Authorization Granted for Rehabilitation Plan)

(1) In cases falling under any of the following subparagraphs, the court shall determine to discontinue rehabilitation procedures by its inherent jurisdiction:

1. Where the draft rehabilitation plan is not submitted within the period or extended period respectively, set by the court or all of the draft;

2. Where the draft rehabilitation plan is voted against or is not resolved upon at the assembly of interested persons within two months or the extended period from the first day of the assembly of interested persons;

3. The draft rehabilitation plan is not resolved upon at the assembly of interested persons within the period provided for in the provisions of Article 239 (3);

4. When it is decided to place the draft rehabilitation plan in a written resolution pursuant to the provisions of Article 240 (1), however the draft rehabilitation plan is not resolved upon according to the written resolution: Provided, That when the continuation date provided for in the provisions of Article 238 is designated with respect to the draft rehabilitation plan that is not resolved upon by a written resolution, it shall mean the time the written resolution is not passed at the assembly of interested persons on the continuation date rehabilitation plans that are submitted within the period are so poorly developed that it does not justify placing them before the examination or in a resolution of the assembly of interested persons.

(2) When the value of the debtor's business when if is liquidated is deemed evidently higher than the value thereof when the debtor's business continues after an order is given to submit the draft rehabilitation plan, the court may decide to discontinue the rehabilitation procedures by its inherent jurisdiction or upon receiving an application filed by any custodian before it is decided to grant authorization for the rehabilitation plan.

**Article 287 (Discontinuation by Application)**

(1) When it is evidently clear that the debtor is able to fully fulfil his/her obligations to rehabilitation creditors and rehabilitation secured creditors who are entered in the list or are reported, the court shall determine to discontinue the rehabilitation procedures upon receiving an application filed by persons falling under any of the following subparagraphs:

1. The custodian;

2. The debtor;

3. Any rehabilitation creditor or any rehabilitation secured creditor, each of whom are entered in the list or are reported.

(2) The applicant shall substantiate the factual grounds for discontinuing the rehabilitation procedures referred to in the provisions of paragraph (1).

(3) When the application referred to in the provisions of paragraph (1) is filed, the court shall notify the debtor, the Custodial Committee, the creditors' consultative council, rehabilitation creditors and rehabilitation secured creditors who are entered in the list and are reported of the gist of such application, request them to present any opinions they may have with respect to the application and keep documents concerning the application in the court for inspection by the interested persons.

(4) The court shall be prohibited from determining to discontinue the rehabilitation procedures unless at least one month has lapsed after the notification referred to in the provisions of paragraph (3) is delivered.

**Article 288 (Discontinuation after Authorization Granted for Rehabilitation Plan)**

(1) When it is evidently impossible to implement the rehabilitation plan after it is decided to grant authorization for the rehabilitation plan, the court shall determine to discontinue the rehabilitation procedures by its inherent jurisdiction or upon receiving an application field by the custodian,

rehabilitation creditors or rehabilitation secured creditors entered in the list or reported.

(2) The court may hear opinions of the Custodial Committee, the creditors' consultative council and interested persons on a fixed date before it makes the decision referred to in the provisions of paragraph (1): Provided, That when the court fails to specify the fixed date, it shall provide each of them with an opportunity to present their opinions within a specified deadline.

(3) The decision to specify the date or the deadline referred to in the provisions of paragraph (2) shall be published and such fixed date or such specified deadline shall be delivered to persons who are known as persons who hold the rights recognized in the rehabilitation plan on the basis of the rehabilitation claims or rehabilitation security rights that are confirmed respectively.

(4) The discontinuation of the rehabilitation procedures referred to in the provisions of paragraph (1) shall not affect the implementation of the rehabilitation plan and effects that accrue from the provisions of this Act.

**Article 289 (Publication of Discontinuation Decision)**

When the court it decides to discontinue the rehabilitation procedures, it shall publish the main passage of such decision and a summary of the grounds thereof. In this case, no delivery need be made.

**Article 290 (Appeal)**

(1) The provisions of Article 247 (1), (2) and (4) through (7) shall apply mutatis mutandis to the appeal filed against the decision to discontinue the rehabilitation procedures.

(2) The provisions of Article 40 (1) shall apply mutatis mutandis to cases where a decision to discontinue the rehabilitation procedures is confirmed.

**Article 291 (Repayment of Public-Interest Claims)**

When a decision to discontinue the rehabilitation procedures is confirmed, the custodian shall pay public-interest claims out of the debtor's assets

and with respect to the payment of any public-interest claim to which an objection is raised, the payment in question shall be deposited for creditors, except in cases where bankruptcy must be declared pursuant to the provisions of Article 6 (1).

**Article 292 (Effect of Entires in Tables, etc. of Rehabilitation Creditors)**

(1) When a decision to discontinue rehabilitation procedures is confirmed pursuant to the provisions of Article 286 or 287, with respect to the determined rehabilitation claims or determined rehabilitation security rights, the entries in the table of rehabilitation creditors or the table of rehabilitation secured creditors shall have the same effect as that of a final judgment on the debtor: Provided, That the same shall be limited to cases where the debtor does not raise any objection to such claims and such rights during the inspection period of the rehabilitation claims and the rehabilitation security rights or on the special inspection date.

(2) Rehabilitation creditors or rehabilitation secured creditors may perform the compulsory execution on the debtor based on the table of rehabilitation creditors or the table of rehabilitation secured creditors except in cases where the debtor is declared bankrupt pursuant to the provisions of Article 6 after the

completion of the rehabilitation procedures.

(3) The provisions of Article 225 (3) shall apply mutatis mutandis to the cases under paragraph (2).

**Article 293 (Provisions Applicable Mutatis Mutandis)**

The provisions of Article 255 (2) and (3) shall apply mutatis mutandis to cases where a decision to discontinue the rehabilitation procedures is confirmed pursuant to the provisions of Article 288 (1).

**Article 294 (Holders of Right to File Petition for Bankruptcy)**

(1) Any creditor or the debtor may file a petition for bankruptcy.

(2) When any creditor files a petition for bankruptcy, he/she shall substantiate the existence of his/her claim and the factual grounds for such bankruptcy.

**Article 295 (Holders of Rights to File Petition for Bankruptcy of Corporation)**

(1) With respect to any corporation that is incorporated pursuant to the Civil Act and other Acts, any director may file a petition for bankruptcy, with respect to any general partnership or any joint venture, any partner with unlimited liability may file a petition for bankruptcy and, with respect to any stock company or any limited-liability company, any director may file a petition for bankruptcy, respectively.

(2) Any liquidator may file a petition for bankruptcy on any corporation under liquidation.

**Article 296 (Petition for Bankruptcy Filed by Directors, Etc.)**

When no petition for bankruptcy has been filed by any of the directors, partners with limited liability or liquidators, the fact that is the cause of such bankruptcy shall be substantiated.

**Article 297 (Mutatis Mutandis Application to other Corporations)**

The provisions of Articles 295 and 296 shall apply mutatis mutandis to any corporation, other than the corporations provided for in the provisions of Article 295, any incorporated association or any foundation that is not a corporation, each of which have its representative or custodian.

**Article 298 (Petition for Bankruptcy Filed after Corporation Dissolution)**

With respect to any corporation, any petition for bankruptcy shall be filed in any period during which the delivery or the distribution of its residual assets have not been completed even after such corporation is dissolved.

**Article 299 (Holders of Rights to File Petition for Bankruptcy on Inherited Assets)**

(1) Any inheritance creditor, anyone who receives any legacy, inheritor, inherited assets custodian, and executor of a will may file a petition for bankruptcy against any inherited assets.

(2) When any inherited assets custodian, any executor of a will or any inheritor, where the qualified acceptance is made or the property is separated, finds it difficult to fully pay back obligations with the inherited property to any inheritance creditor and any person who receives the legacy, they shall promptly file a petition for bankruptcy.

(3) Any inheritor, any inherited assets custodian or any executor of a will shall, when each of them files a petition for bankruptcy, substantiate the factual grounds for such bankruptcy.

**Article 300 (Bankruptcy Petition Period for Inherited Assets)**

With respect to inherited property, a petition for bankruptcy may be filed only within the period during which a claim may be filed for dividing up the assets pursuant to the provisions of Article 1045 of the Civil Act. In this case, when the qualified acceptance is made or the assets are divided up during the period, a petition for bankruptcy may be filed with the period during which the repayment to any inheritance creditor and any person who receives the legacy is not completed.

### Article 301 (Where Bankruptcy Is Declared Overseas)

When the debtor has already been declared bankrupt overseas at the time that a petition for bankruptcy is filed against him/her, the factual grounds for bankruptcy shall be presumed to exist.

### Article 302 (Written Petition)

(1) Every petition for bankruptcy shall be filed in a written statement containing matters falling under each of the following subpargraphs:

1. The names and domiciles of the applicant and his legal representative;

2. Where the debtor is an individual, his/her name, resident registration number and domicile;

3. Where the debtor is not an individual, the trading name, the location of the principal office or the place of business of the debtor and the name of the representative;

4. The purport of the petition;

5. The grounds for the petition;

6. The purposes of the debtor's business and his/her current business;

7. The total number of shares or equity shares that are issued by the debtor, the amount of his/her capital and the current state of his/her assets, his/her obligations and property;

8. Other procedures for or any dispositions on the debtor's property, of which the applicant is aware;

9. When any creditor files a petition for bankruptcy, the amount of, and the ground for the claim that is held by him;

10. When any shareholder or any equity right holder files a petition for bankruptcy, the number and the amount of shares or equity shares that are held by him/her.

(2) The written statement referred to in the provisions of paragraph (1) shall be accompanied by documents falling under each of the following subpargraphs: Provided, That it is impossible to annex the document at the time that the written statement is filed, such document shall be submitted promptly after the reasons therefor are substantiated:

1. The list of creditors;

2. The list of assets;

3. The list concerning the revenue and expenditure of the debtor;

4. Other documents that are prescribed by the rules of the Supreme Court.

### Article 303 (Prepayment of Expenses for Bankruptcy Procedures)

When anyone files a petition for bankruptcy, he/she shall prepay the amount as expenses necessary for the bankruptcy procedures, which is recognized as being appropriate by the court.

**Article 304  (Provisional Payment of Expenses for Bankruptcy Procedures)**

When anyone who files a petition for bankruptcy is not a creditor, the expenses for the bankruptcy procedures may be provisionally paid from the national treasury. The same shall apply to cases when any prepayment falls short of the fixed amount, when the court makes a declaration of bankruptcy by its inherent jurisdiction and when the petitioner of bankruptcy is the creditor and the court declares the debtor bankrupt, notwithstanding the nonpayment of the expenses.

**Article 305 (Grounds for General Bankruptcy)**

(1) When the debtor is insolvent, the court shall declare him/her bankrupt by its inherent jurisdiction or upon receiving an application.

(2) When the debtor suspends making his/her payment, it shall be presumed that he/she is unable to make such payment.

**Article 306 (Grounds for Corporate Bankruptcy)**

(1) With respect to any corporation, even when the total amount of its liabilities exceeds the total amount of its assets, such corporation may be declared bankrupt.

(2) The provisions of paragraph (1) shall not apply to the period during which any general partnership and any joint venture remains solvent.

**Article 307 (Grounds for Bankruptcy regarding Inherited Assets)**

When it is unable to fully repay the obligations to any inheritance creditor and anyone who receives a legacy with their inherited property, the court shall makes a declaration of bankruptcy by its determination upon receiving an application.

**Article 308 (Inheritance after Petition for Bankruptcy or Declaration of Bankruptcy)**

When any inheritance commences after a petition for bankruptcy is filed or the bankruptcy is declared, the bankruptcy procedures continue on the inherited assets.

**Article 309 (Grounds for Dismissal)**

(1) The court may, in instances falling under any of the following subparagraphs, dismiss any petition for bankruptcy:

1. When the petitioner fails to meet the expenses for the bankruptcy procedures;

2. When rehabilitation procedures or individual rehabilitation procedures are pending in the court and the means of resorting to such procedures is compatible with the interests of all of creditors;

3. When the debtor is not responsible for the cause of the bankruptcy;

4. When it is impossible to locate the petitioner;

5. When the petition is deemed to be not genuine.

(2) Even in cases where the debtor is responsible for the cause of bankruptcy, when it is recognized that the petition for bankruptcy amounts to an abuse of bankruptcy procedures, the court may dismiss the petition for bankruptcy after going through oral examination.

**Article 310 (Declaration of Bankruptcy)**

The year, month, date and time of the declaration of bankruptcy shall be entered in the written statement of the bankruptcy decision.

### Article 311 (Time When Bankruptcy Takes Effect)

Bankruptcy shall take effect from the time that such bankruptcy is declared.

### Article 312 (Matters Needed to be Prescribed at Declaration of Bankruptcy)

(1) The court shall select and appoint the trustee in bankruptcy at the time that bankruptcy is declared and prescribe the matters falling under each of the following subparagraphs:

1. The period during which claims are to be reported. In this case, such period shall be from not less than two weeks to not more than three months from the date on which the bankruptcy is declared;

2. The date on which the first assembly of creditors is to be held. In such cases, the date shall be set within four months from the date on which the bankruptcy is declared;

3. The date on which the claims are to be inspected. In this case, the period of between not less than one week to not more than one month is required between such date and the last date of the period during which the claims are reported pursuant to the provisions of subparagraph 1.

(2) The dates referred to in the provisions of paragraph (1) 2 and 3 may coincide.

### Article 313 (Publication and Service of Declaration of Bankruptcy)

(1) The court shall, when it makes a declaration of bankruptcy, publish without delay the matters falling under each of the following subparagraphs:

1. The main passage of the decision on the bankruptcy;

2. The name, domicile and office of the trustee in bankruptcy;

3. The period and the date provided for in the provisions of Article 312;

4. The gist of an order that is given to the effect that the debtor of the debtor who is declared bankrupt and the owner of the assets that belong to the bankruptcy estate are prohibited from making any repayments or transferring any assets to the debtor who is declared bankrupt;

5. The gist of an order that is given to the effect that the debtor of the debtor who is declared bankrupt and the owner of the assets that belongs to the bankruptcy estate report the matters falling under each of the following items to the trustee in bankruptcy within the fixed period:

(a) Matters concerning the obligations they bear;

(b) Matters concerning the assets they own;

(c) When the holders have the right to foreclose outside bankruptcy, matters concerning the claims that they hold.

(2) The court shall deliver a written statement in which the matters referred to in the provisions of paragraph (1) are entered to each creditor, the debtor and each asset owner who the court is aware of.

(3) The provisions of paragraphs (1) and (2) shall apply mutatis mutandis to cases where any change takes place in the matters referred to in paragraph (1) 2 through 5.

(4) Anyone who neglects making the report provided for in the provisions of paragraph (1) 5 shall compensate for the damage caused by his/her negligence to the bankruptcy estate.

**Article 314 (Notification of Corporate Bankruptcy)**

(1) Where any corporation is declared bankrupt, when permission for its incorporation and business which is its objectives is obtained from any administrative agency, the court shall notify such administrative agency of the declaration of its bankruptcy.

(2) The provisions of paragraph (1) shall apply mutatis mutandis to cases where a decision to revoke any bankruptcy or to discontinue any bankruptcy is confirmed or a decision to terminate any bankruptcy is made.

**Article 315 (Notification to Prosecutors)**

If it is deemed necessary, the court may notify prosecutors of the fact of its declaration of bankruptcy.

**Article 316 (Immediate Appeal Filed against Judgment on Petition for Bankruptcy)**

(1) An immediate appeal may be filed against any judgment on a petition for bankruptcy.

(2) The provisions of Articles 323 and 324 shall apply mutatis mutandis to cases where an immediate appeal is filed against the decision to dismiss the petition for bankruptcy.

(3) The immediate appeal referred to in the provisions of paragraph (1) shall not have the effect of suspending any execution.

(4) When the procedures for filing the immediate appeal are in violation of Acts and the immediate appeal is deemed groundless, the appellate court shall dismiss or turn down such immediate appeal by its decision.

(5) When the immediate appeal is deemed well grounded, the appellate court shall revoke its original decision and remand the case to the court of origin.

**Article 317 (Declaration of Bankruptcy and Simultaneous Discontinuation of Bankruptcy)**

(1) When the appropriation of funds for expenses for bankruptcy procedures with any bankruptcy estate is deemed insufficient, the court shall determine to declare such foundation bankrupt and to discontinue such bankruptcy simultaneously.

(2) In cases falling under paragraph (1), the court shall publish the main sentence of the bankruptcy decision, the main sentence of the decision to discontinue the bankruptcy procedures and the summary of the reasons thereof.

(3) An immediate appeal may be filed against the decision referred to in the provisions of paragraph (1).

(4) The immediate appeal referred to in the provisions of paragraph (3) shall not have the effect of suspending any execution.

(5) The provisions of Articles 313 through 315 shall apply mutatis mutandis to cases where the decision to discontinue the bankruptcy procedures referred to in the provisions of paragraph (1) is confirmed.

**Article 318 (Exception of Simultaneous Discontinuation of Bankruptcy Procedures)**

The provisions of Article 317 shall not apply to cases where the prepayment of the amount sufficient to fully appropriate funds for expenses for the bankruptcy procedures is made.

**Article 319 (Arrest of Debtor whose Bankruptcy Is Declared)**

(1) When it is deemed necessary, the court may order the arrest of a debtor who is declared bankrupt.

(2) The provisions of the Criminal Procedure Act governing the arrest shall apply mutatis mutandis to the arrest referred to in the provisions of paragraph (1).

(3) An immediate appeal may be filed against the decision referred to in the provisions of paragraph (1).

### Article 320 (Arrest of Legal Representative, etc. of Debtor who is Declared Bankrupt)

The provisions of Article 319 shall apply mutatis mutandis to persons falling under any of the following subparagraphs:

    1. The legal representative of a debtor who is declared bankrupt;

    2. The director of a debtor which is declared bankrupt;

    3. The manager of the debtor who is declared bankrupt;

    4. In cases of the inherited assets that undergo bankruptcy, the inheritor, the legal representative and the manager.

### Article 321 (Obligation of Debtor, etc. to Explain)

(1) Any of the following persons shall provide necessary explanations for the bankruptcy at the request of the trustee in bankruptcy, any audit committee member, or the assembly of creditors:

    1. The debtor and his/her agent;

    2. The debtor's director;

    3. The debtor's manager;

    4. In cases of the bankruptcy regarding any inherited assets, the inheritors, their agents, the manager of the inherited assets and the executor of the will.

(2) The provisions of paragraph (1) shall apply mutatis mutandis to anyone to whom the qualifications referred to in the provisions of the previous paragraph (1) apply.

### Article 322 (Arrest Before Declaration of Bankruptcy)

(1) When a petition for bankruptcy is filed, the court may order the arrest of the debtor and the person provided for in the provisions of Article 320 even before the debtor is declared bankrupt.

(2) The provisions of Article 319 (2) and (3) shall apply mutatis mutandis to cases under paragraph (1).

### Article 323 (Preservation Disposition before Declaration of Bankruptcy)

(1) The court may order the provisional seizure, the provisional disposition and other necessary preservation dispositions regarding the debtor's assets, even before the debtor is declared bankrupt by its inherent jurisdiction or upon receiving an application filed by the interested persons. The same shall apply to cases where the court declares the debtor bankrupt by its inherent jurisdiction.

(2) The court may alter or rescind the dispositions referred to in the provisions of paragraph (1).

(3) The judgment on the matters referred to in the provisions of paragraphs (1) and (2) shall be made by determination.

(4) An immediate appeal may be filed against the judgment referred to in the provisions of paragraphs (1) and (2).

(5) The immediate appeal referred to in the provisions of paragraph (4) shall not have the effect of suspending any execution.

**Article 324 (Order Given to Suspend limitation of Liability Procedures)**

(1) When it is deemed necessary in cases where a petition for bankruptcy is filed, the court may order the suspension of the limitation of liability procedures (hereafter referred to as "liability procedures" in this Article, and Articles 326 and 327) provided for in Part V of the Commercial Act and the Act on the Procedure for Limiting the Liability of Shipowners, etc. by its inherent jurisdiction or upon receiving an application filed by the interested persons until a decision is made on the petition for bankruptcy: Provided, That the same shall not apply to cases where it is decided to commence the limitation of liability procedures.

(2) The court may cancel the suspension decision referred to in the provisions of paragraph (1).

**Article 325 (Publication and Service of Revocation of Bankruptcy)**

(1) When a decision to revoke the bankruptcy is confirmed, the court shall publish the main passage of such decision.

(2) The provisions of Articles 313 (2), 315 and 547 shall apply mutatis mutandis to cases under paragraph (1).

**Article 326 (Suspension of Bankruptcy Procedures until Decision to Discontinue Limitation of Liability Procedures is Confirmed)**

When it is decided to discontinue the limitation of liability procedures that has commenced for a debtor who is declared bankrupt, the bankruptcy procedures shall be suspended until such decision is confirmed.

**Article 327 (Measures in Cases of Discontinuation of Limitation of Liability Procedures)**

(1) When a decision to discontinue the limitation of liability procedures that has commenced for a debtor who is declared bankrupt is confirmed, the court shall prescribed the matters falling under both of the following subparagraphs for creditors with limited liability:

1. The period during which claims are reported. In this case, such period shall last for between not less than one week up to not more than 2 months from the date on which a decision to discontinue the limitation of liability procedures is confirmed;

2. The date on which claims are inspected. In this case, the period of from not less than one week up to not more than 1 month between such date and the last date of the reporting period that is set pursuant to the provisions of subparagraph 1 shall be set.

(2) The court shall publish a period and the date referred to in the provisions of paragraph (1).

(3) The court shall deliver the written statement in which the matters falling under each of the following subparagraphs are entered to each of creditors who learn of the publication:

1. The period and the date referred to in the provisions of paragraph (1);

2. The matters referred to in the provisions of Article 313 (1) 1 and 313 (1) 2.

(4) The written statement in which the period and the date referred to in the provisions of paragraph (1) are entered shall be delivered to the persons falling under each of the following subparagraphs:

    1. The trustee in bankruptcy;

    2. The debtor who is declared bankrupt;

    3. Each of the bankruptcy creditors who are reported.

  (5) The provisions of paragraphs (2), (3) and the main sentence of paragraph (4) shall apply mutatis mutandis to cases where the period and the date referred to in the provisions of paragraph (1) are altered.

### Article 328 (Dissolved Corporations)

  Every corporation that is dissolved shall be deemed to still exist within the scope of the purposes of bankruptcy.

### Article 329 (Legal Act after Debtor is Declared Bankrupt)

  (1) Any legal act performed by a debtor who is declared bankrupt on the assets that belongs to the bankruptcy estate after he/she is declared bankrupt cannot defeat claims of bankruptcy creditors.

  (2) Any legal act that is performed by a debtor on the date on which a debtor is declared bankrupt shall be presumed to be performed after the debtor is declared bankrupt.

### Article 330 (Acquisition of Rights after Declaration of Bankruptcy)

  (1) Even in cases where rights to assets that belong to any bankruptcy estate are acquired after it is declared bankrupt without resorting to the debtor's legal acts, the acquisition of such rights cannot defeat bankruptcy creditors claims.

  (2) The provisions of Article 329 (2) shall apply mutatis mutandis to the rights acquired pursuant to the provisions of paragraph (1).

### Article 331 (Registration and Recording, etc. after Bankruptcy Declaration)

  (1) Any registration or any provisional registration that is effected after bankruptcy is declared by fulfilling obligations that accrue before that bankruptcy is declared with respect to any real estate or any ship cannot defeat bankruptcy creditors' claims: Provided, That the same shall not apply to any registration that is effected by the registration authority without knowledge of the fact that such bankruptcy has been declared.

  (2) The provisions of paragraph (1) shall apply mutatis mutandis to the recording or the provisional recording of the establishment, transfer or change of rights.

### Article 332 (Repayment Made to Debtor after Bankruptcy Declaration)

  (1) Any repayment made to the debtor after he/she is declared bankrupt without knowledge of his/her bankruptcy may defeat claims of bankruptcy creditors.

  (2) Any repayment made to the debtor after he/she is declared bankrupt with knowledge of his/her bankruptcy may defeat claims of bankruptcy creditors within the limitation of the profits that the bankruptcy estate receives.

### Article 333 (Underwriting and Paying Bills after Declaration of Bankruptcy)

  (1) Where the issuer or the endorser of bills of exchange is declared bankrupt, when the payer or the preliminary payer underwrites or pays the bills of exchange without knowledge of the fact, he/she may exercise his/her rights as a bankruptcy creditor on the claim that accrues from such act.

(2) The provisions of paragraph (1) shall apply mutatis mutandis to the securities that are geared forwards paying checks, cash, goods and other securities.

**Article 334 (Presumption of Good Faith or Bad Faith)**

When the provisions of Articles 331 through 333 are applied, it shall be presumed that before the declaration of bankruptcy is published, the fact thereof is not known and it shall be presumed that after the declaration of bankruptcy is published, the fact thereof is known.

**Article 335 (Options concerning Bilateral Contract Unfulfilled by Both Parties)**

(1) When a debtor and the other party to a bilateral contract have yet to complete fulfillment of the contract at the time they are each declared bankrupt, the bankruptcy trustee shall cancel or terminate the relevant bilateral contract or require the fulfillment of the other party's obligations after fulfilling the debtor's obligations.

(2) In cases falling under paragraph (1), the other party may demand that the bankruptcy trustee cancel or terminate the contract or provide confirmation as to whether he/she will fulfill the contract within a reasonable period after stipulating such reasonable period. In such cases, when the bankruptcy trustee does not confirm within such reasonable period, the contract shall be deemed canceled or terminated.

(3) Where the bankruptcy trustee cancels or terminates a contract to which the State is a party, concerning a project for improvement of defense capability under Article 3 of the Defense Acquisition Program Act pursuant to paragraph (1), he/she shall consult with the Administrator of Defense Acquisition Program Administration. *<Newly Inserted by Act No. 12595, May 20, 2014>*

**Article 336 (Special Rules concerning Payment and Settlement System, etc.)**

The provisions of Article 120 shall apply mutatis mutandis where any participant of the payment and settlement system and the liquidation settlement system or any party of the competent financial transaction, each of which are prescribed in the same Article, are declared bankrupt. In such cases, "where rehabilitation procedures commence" in Article 120 (1) through (3) shall be deemed "case where bankruptcy is declared" and "rehabilitation creditors or rehabilitation secured creditors" in the proviso to Article 120 (3) shall be deemed "bankruptcy creditors or the holders of the rights to foreclose outside of bankruptcy".

**Article 337 (Cancellation and Termination by Trustee in Bankruptcy and Right of Other Parties)**

(1) When the contract is cancelled or terminated pursuant to the provisions of Article 335, the other party may exercise his/her rights to claim compensation for damage as a bankruptcy creditor.

(2) Where the contract is canceled or terminated pursuant to the provisions of paragraph (1), when any benefit in return that is taken by the debtor exists in the bankruptcy estate, the other party shall claim the refund thereof and when such benefit in return is nonexistent, the other party may exercise his/her rights on its value as an estate creditor.

**Article 338 (Regular Purchase and Sale of Marketable Goods in Exchange)**

(1) Where the failure to effect the purchase and sale of marketable goods in exchange on a fixed date, at a fixed time or within a fixed period makes it impossible to attain the purposes of the contract, when such

time arises after the declaration of bankruptcy, the contract shall be deemed canceled. In this case, the amount of compensation for loss shall be determined according to the difference between the market price and the price of the purchase and sale at the time that a transaction of the same kind is effected in the same place.

(2) The provisions of Article 337 (1) shall apply mutatis mutandis to the compensation for loss referred to in the provisions of paragraph (1).

(3) In cases under paragraph (1), when the exchange differently prescribes any thing, such thing shall be governed by the prescription.

### Article 339 (Where Civil Acts Prescribe Right to Terminate or Cancel)

The provisions of Article 335 (2) shall apply mutatis mutandis to the exercise of the right to terminate or the right to cancel that is held by the other party or the trustee in bankruptcy pursuant to the provisions of Article 637, 663 or 674 of the Civil Act.

### Article 340 (Rental Contracts)

(1) When any tenant is declared bankrupt, the disposition taken to pay any rent or to claim any rent cannot defeat the claims of any bankruptcy creditor, with the exception of the payment of rent or the claim for rent of the current term and the following term.

(2) Anyone who suffers loss due to his/her inability to counter any bankruptcy creditor pursuant to the provisions of paragraph (1) may exercise his/her right to claim compensation for such loss as a bankruptcy creditor.

(3) The provisions of paragraphs (1) and (2) shall apply mutatis mutandis to the surface right.

(4) Where the tenant is declared bankrupt and the tenant falls under any of the following subparagraphs, the provisions of Article 335 shall not apply:

1. When he/she meets the requirements for the counter provided for in the provisions of Article 3 (1) of the Housing Lease Protection Act;

2. When he/she meets the requirements for the counter provided for in the provisions of Article 3 of the Commercial Building Lease Protection Act.

### Article 341 (Contract for Work)

(1) Where the debtor is obliged to perform any work according to a contract, the bankruptcy trustee may require him/her to perform that work by providing the debtor with necessary materials. In such cases, if the debtor is not required to perform the work personally, he/she may have any third person perform the work on his/her behalf.

(2) In cases falling under paragraph (1), the remuneration that the debtor is to receive from the other party to the contract shall belong to the bankruptcy estate.

### Article 342 (Delegation Contracts)

Where a delegating person is declared bankrupt, when the delegated person performs the delegated clerical work without receiving the notification of his/her bankruptcy and without knowledge of his/her bankruptcy, the delegated person may exercise his/her right on any claim that accrues to the delegating

person who is declared bankrupt from the delegated clerical work as a bankruptcy creditor.

**Article 343 (Mutual Accounting)**

(1) Mutual accounting shall be brought to a close when either of the parties thereof is declared bankrupt. In this case, each party may close the mutual accounting and claim the payment of any balance.

(2) When the debtor holds the claim referred to in the provisions of paragraph (1), such claim shall revert to the bankruptcy estate and when the other part holds the claim, such claim shall become a bankrupt claim.

**Article 344 (Bankruptcy of Co-Owners)**

(1) When any co-owner is declared bankrupt, even if an agreement prohibiting any split exists, such split may be effected without resorting to bankruptcy procedures.

(2) In cases under paragraph (1), any other co-owner who is not declared bankrupt may acquire the shares of the person who is declared bankrupt after paying a sustainable price therefor.

**Article 345 (Management of Property of Spouse, etc.)**

The provisions of Article 829 (3) and (5) of the Civil Act shall apply mutatis mutandis to cases where anyone who manages his/her spouse's assets is declared bankrupt and the provisions of Article 924 of the same Act shall apply mutatis mutandis to cases where anyone who exercises parental authority is declared bankrupt, respectively.

**Article 346 (Bankruptcy, Qualified Approval and Property Division)**

Declaration of bankruptcy with regard to any inheritor or any inherited assets shall not affect qualified acceptance or asset division: Provided, That the procedures therefor shall be suspended until a decision to cancel the bankruptcy or to discontinue the bankruptcy is confirmed or a decision to complete the bankruptcy is confirmed.

**Article 347 (Takeover of Lawsuit Involving Assets Belonging to Bankruptcy Estate)**

(1) Any lawsuit pending in the court at the time that the assets that belong to the bankruptcy estate is declared bankrupt may be taken over by the trustee in bankruptcy or the other party. The same shall apply to cases where a lawsuit is filed on a claim that is held by the other party when the trustee in bankruptcy fulfills his/her obligations pursuant to the provisions of Article 335 (1).

(2) The expenses of the lawsuit provided for in the provisions of paragraph (1) shall be appropriated by estate claims.

**Article 348 (Effects of Compulsory Execution and Preservation Disposition)**

(1) Any compulsory execution, provisional seizure or provisional disposition, either of which is performed on assets that belong to the bankruptcy estate based on bankruptcy claims shall lose its effects against the bankruptcy estate Provided, That the trustee in bankruptcy may continue compulsory execution procedures for the bankruptcy estate.

(2) Expenses incurred by the trustee in bankruptcy to continue compulsory execution procedures pursuant to the provisions of the proviso to paragraph (1) shall be appropriated by estate claims and in the lawsuit on an objection that is raised by any third person to such compulsory execution, the trustee in bankruptcy

shall be adjoined as a defendant.

**Article 349 (Effect of Disposition for Arrears)**

(1) Where a deposition for arrears is taken against any property which belongs to the bankruptcy estate before the declaration of bankruptcy, on the basis of any claim (including claims by which taxes are to be collected according to the example of collecting a national tax, which takes priority over general rehabilitation claims in collection) by which taxes are collected pursuant to the National Tax Collection Act or the Framework Act on Local Taxes, the declaration of bankruptcy shall not interfere with the continuation of such disposition. *<Amended by Act No. 10219, Mar. 31, 2010>*

(2) After the declaration of bankruptcy, a deposition for arrears shall not be taken against any property which belongs to the bankruptcy estate, on the basis of any claim by which taxes are to be collected pursuant to the National Tax Collection Act or the Framework Act on Local Taxes (including claims by which taxes are to be collected according to the example of collecting a national tax). *<Amended by Act No. 10219, Mar. 31, 2010>*

**Article 350 (Effect on Administrative Cases)**

(1) When any case is pending in any administrative agency at the time that the assets that belongs to the bankruptcy estate are made subject to bankruptcy, the procedures for such case shall be suspended by the time the takeover thereof or the bankruptcy procedures are completed.

(2) The provisions of Article 347 shall apply mutatis mutandis to cases under paragraph (1).

**Article 351 (Disposition Taken to Preserve Assets of Corporate Directors)**

(1) Where the debtor who is a corporation is declared bankrupt, the court may, when it is deemed necessary, take a disposition to preserve the assets of directors, etc. by its inherent jurisdiction or upon receiving an application filed by the trustee in bankruptcy in order to preserve the rights to claim investments by the debtor's promoters, directors (including deemed directors pursuant to the provisions of Article 401-2 (1) of the Commercial Act), auditors, examiners or liquidator (hereafter referred to as "directors, etc" in this Article through Article 353) or the right to claim compensation for loss based on the responsibilities of the directors, etc.

(2) When the trustee in bankruptcy becomes aware of the existence of the claims referred to in the provisions of paragraph (1), he/she shall request the court to take a disposition to preserve such claims referred to in the provisions of paragraph (1).

(3) When it is deemed urgent, the court may take a disposition to preserve the assets referred to in the provisions of paragraph (1) by its inherent jurisdiction or upon receiving an application filed by the debtor even before the debtor is declared bankrupt.

(4) The court may decide to alter or rescind the preservation disposition referred to in the provisions of paragraph (1) or (3) after hearing the opinions of the Custodial Committee.

(5) An immediate appeal may be filed against the preservation disposition referred to in the provisions of paragraph (1) or (3) and the decision referred to in the provisions of paragraph (4).

(6) The immediate appeal referred to in the provisions of paragraph (5) shall not have the effect of suspending any execution.

(7) When a judgment is made on the immediate appeal filed against the preservation disposition referred to in the provisions of paragraph (1) or (3) and the decision referred to in the provisions of paragraph (4), a written judgment shall be delivered to each of the parties.

### Article 352 (Final Inspection Judgment on Right to Claim Compensation for Loss, etc.)

(1) When it is deemed necessary in cases where the debtor, who is a corporation is declared bankrupt, the court may issue a judgment calling for inspection and determination as to whether the right to claim investments by directors, etc. and the right to claim compensation for loss based on the responsibilities of directors, etc. exist and the nature of such rights.

(2) When the trustee in bankruptcy becomes aware of the claim rights referred to in the provisions of paragraph (1), he/she shall file an application with the court for the judgment referred to in the provisions of paragraph (1).

(3) When the trustee in bankruptcy files the application referred to in the provisions of paragraph (1), he/she shall substantiate the factual grounds thereof.

(4) When the court commences the inspection and confirmation procedures by its inherent jurisdiction, it shall decide on their purport.

(5) When the application referred to in the provisions of paragraph (1) is filed or it is decided to commence the inspection and confirmation procedures referred to in the provisions of paragraph (4), it is deemed that a claim is filed for a judgment on the interruption of prescription.

(6) Any judgment that dismisses the final inspection judgment referred to in the provisions of paragraph (1) and the application filed for the inspection and confirmation shall be made by a decision that is accompanied by the grounds thereof.

(7) When the court makes the decision referred to in the provisions of paragraph (6), it shall examine interested persons in advance.

(8) The inspection and confirmation procedures (excluding any inspection and confirmation procedures after an inspection and confirmation decision is made) shall be completed when the bankruptcy procedures are completed.

(9) When an inspection and confirmation decision is made, the written decision shall be delivered to the parties.

### Article 353 (Lawsuit Filed for Objection)

(1) Anyone who is dissatisfied with the final inspection judgment provided for in the provisions of Article 352 (1) may file a lawsuit raising an objection to such judgment within one month from the date on which he/she receives the delivery of the judgment.

(2) The period referred to in the provisions of paragraph (1) shall be an invariable period.

(3) When the director, etc. files the lawsuit referred to in the provisions of paragraph (1), the trustee in bankruptcy shall be adjoined as a defendant and when the trustee in bankruptcy files the lawsuit, the

director, etc. shall be the defendant, etc., respectively.

(4) The lawsuit referred to in the provisions of paragraph (1) shall be placed under the exclusive jurisdiction of the bankruptcy court (referring to the district court in which the bankruptcy case is pending; hereinafter the same shall apply) and arguments shall not be put forward until after the lapse of one month from the date on which the decision is delivered.

(5) When multiple lawsuits are pending, the court shall merge arguments.

(6) The judgment that is given in the lawsuit referred to in the provision of paragraph (1) shall authorize, alter and rescind the decision under the same paragraph: Provided, That the same shall not apply to cases where the lawsuit is dismissed on the grounds of its unlawful.

(7) The judgment that authorizes or changes a decision on the inspection and confirmation shall have the same effect as that of a judgment ordering the implementation of compulsory execution.

## Article 354 (Effect of Final Inspection Judgment)

When the lawsuit provided for in the provisions of Article 353 (1) is not filed or, is withdrawn or dismissed within the period provided for in the provisions of the same paragraph, the final inspection judgment shall have the same effect as that of a final judgment ordering the implementation.

## Article 355 (Selection and Appointment of Trustees in Bankruptcy)

(1) The court shall select and appoint every trustee in bankruptcy after hearing the opinion of the Custodial Committee.

(2) Any corporation may become a trustee in bankruptcy. In this case, the corporation shall designate one of its director to perform his/her duties as a trustee in bankruptcy and report its designation to the court.

## Article 356 (Number of Trustees in Bankruptcy)

The trustee in bankruptcy shall be one person: Provided, That multiple trustees in bankruptcy may be selected and appointed when the court recognizes the need to select and appoint them.

## Article 357 (Qualification Certificates)

(1) The court shall deliver to every trustee in bankruptcy a written statement attesting to their selection and appointment.

(2) Every trustee in bankruptcy shall, while performing his/her duties, produce the written statement referred to in the provisions of paragraph (1) at the request of any of the interested persons.

## Article 358 (Supervision of Court)

Every trustee in bankruptcy shall be placed under the supervision of the court.

## Article 359 (Standing to Sue)

The trustee in bankruptcy shall become a party in and lawsuit involving the bankruptcy estate.

## Article 360 (Performance of Duties by Multiple Trustees in Bankruptcy)

(1) When there is at least one trustee in bankruptcy is not less than one, they shall perform their duties jointly. In this case, they may share their duties after obtaining permission therefor from the court.

(2) When multiple trustees in bankruptcy perform their duties, the expression of will of any third person may be made to one trustee in bankruptcy.

**Article 361 (Obligations, etc. of Trustees in Bankruptcy)**

(1) Every trustee in bankruptcy shall perform his/her duties with the due care of a good manager.

(2) When any trustee in bankruptcy neglects such due care, he/she shall be liable to compensate for loss caused to interested persons. In this case, while multiple trustees in bankruptcy are involved in the neglect of such due care, they shall be collectively liable to compensate for result at loss.

**Article 362 (Agents for Trustees in Bankruptcy)**

(1) When it is deemed necessary, every trustee in bankruptcy may select and appoint an agent at his/her own ri, in order to cause him/her to perform his/her duties.

(2) Permission shall be obtained from the court for selecting and appointing any agent referred to in the provisions of paragraph (1).

(3) Where the debtor is a corporation, and the permission referred to in the provisions of paragraph (1) is granted, the court official of Grade V, etc. shall promptly commission the registry office by their inherent jurisdiction to register the selection and appointment of the agent by providing the registry office with a written commission accompanied by a certified copy of the written decision. The same shall apply to cases where the permission for selecting and appointing such an agent is altered or rescinded.

(4) The agent referred to in the provisions of paragraph (1) may perform any act on behalf of the trustee in bankruptcy with the exception of acts involving any trial.

**Article 363 (Resignation of Trustee in Bankruptcy)**

Any trustee in bankruptcy may resign after obtaining permission therefor from the court when there are justifiable grounds for his/her resignation.

**Article 364 (Dismissal of Trustee in Bankruptcy)**

(1) The court may dismiss any trustee in bankruptcy by its inherent jurisdiction and by a resolution of the assembly of creditors or upon receiving an application filed by any member of the audit committee. In this case, the court shall examine the trustee in bankruptcy.

(2) An immediate appeal may be filed against the decision to dismiss the trustee in bankruptcy pursuant to the provisions of paragraph (1).

(3) The immediate appeal referred to in the provisions of paragraph (2) shall not have the effect of suspending any execution.

**Article 365 (Obligation to Report Accounting)**

(1) When the trustee in bankruptcy completes his/her duties, he/she or the inheritor shall promptly make a report on his/her accounting to an assembly of creditors.

(2) When the debtor, the trustee in bankruptcy, or the successor of the trustee in bankruptcy do not raise any objections to the accounting at the assembly of creditors, such accounting report shall be deemed approved.

(3) Every trustee in bankruptcy shall submit the accounting report and the written opinions of members of the audit committee thereon to the court by three days prior to the assembly of creditors being held in order for interested persons to inspect them.

**Article 366 (Emergency Disposition Upon Completion of Duties)**

Where the duties of the trustee in bankruptcy are completed, when an emergency situation occurs, the trustee in bankruptcy and the inheritors shall take necessary measures to manage the assets until the time what the successor trustee in bankruptcy and the debtor manage such assets.

**Article 367 (Convocation)**

The court shall call the assembly of creditors under its inherent jurisdiction or upon receiving an application filed by the trustee in bankruptcy or any member of the audit committee. The same shall apply to cases where an application is filed by any bankruptcy creditor who holds not less than 1/5 of the amount of total claims as appraised by the court.

**Article 368 (Publication of Date and Agenda of Meeting)**

(1) The court shall publish the date and the agenda of the assembly of creditors.

(2) When an extension or continuation of the assembly of creditors is announced, the delivery and the publication of such announcement need not be made.

**Article 369 (Presiding Over by Court)**

The assembly of creditors shall be presided over by the court.

**Article 370 (Requirements for Passing Resolutions)**

(1) A resolution of the assembly of creditors requires the agreement of persons who hold not less than 1/2 of the total amount of the claims held by bankruptcy creditors who attend the assembly of creditors and are entitled to exercise their voting rights.

(2) Anyone who has any special interest in the resolution of the meeting of creditors can not exercise his/her voting rights.

**Article 371 (Independent Exercise of Voting Rights)**

(1) Bankruptcy creditors may exercise their voting rights independently.

(2) In cases under paragraph (1), the bankruptcy creditors shall report in writing the purposes of their meeting to the court seven days prior to the date on which the assembly of creditors is held.

**Article 372 (Vicarious Exercise of Voting Rights)**

(1) Bankruptcy creditors may exercise their voting rights through their agents. In such cases, such agents shall submit written statements attesting to their proxy rights.

(2) The provisions of Article 371 (2) shall apply mutatis mutandis to cases where agents independently exercise their voting rights.

**Article 373 (The Amount of Claims over which Voting Rights Can be Exercised)**

(1) The bankruptcy creditors may exercise their voting rights according to the confirmed amount of their claims.

(2) When the trustee in bankruptcy or any bankruptcy creditor raises an objection to the amount of claims that can not be repaid by the exercise of unconfirmed claims, condition precedent claims, future claims, the court shall determine whether to permit them to exercise their voting rights and the amount on which the voting rights are exercised.

(3) The court may alter the decision referred to in the provisions of paragraph (2) at any time upon receiving an application filed by interested persons.

(4) The decision referred to in the provisions of paragraph (2) or (3) need not be delivered when a declaration is made.

(5) The bankruptcy creditors cannot exercise their voting rights on the claims provided for in the provisions of Article 446.

## Article 374 (Effect in Lieu of Agreement of Members of Audit Committee)

(1) Agreement by the audit committee members may be substituted for a resolution of the assembly of creditors.

(2) When the resolution of the assembly of creditors differs from the opinions of the audit committee members, the resolution shall prevail over such opinions.

## Article 375 (Prohibition on Execution of Resolution)

(1) When any resolution of the assembly of creditors runs counter to the general interests of the bankruptcy creditors, the court may prohibit the resolution from being executed by its inherent jurisdiction or upon receiving an application filed by trustees in bankruptcy, members of the audit committee, or bankruptcy creditors.

(2) When any bankruptcy creditor who does not have voting rights files the application referred to in the provisions of paragraph (1), he/she shall substantiate that he/she is a bankruptcy creditor.

(3) When a decision is declared on the prohibition referred to in the provisions of paragraph (1), the delivery thereof need not be made.

(4) An immediate appeal may be filed against the decision referred to in the provisions of paragraph (1).

## Article 376 (Resolution on Establishment of Audit Committee)

Where it is proposed at the first assembly of creditors that the audit committee be set up, the first assembly of creditors may resolve on whether to set up the audit committee and the number of its members: Provided, That such resolution may be altered at the assembly of creditors after the first assembly of creditors.

## Article 377 (Qualifications, etc. for Members of Audit Committee)

(1) The members of the audit committee shall be selected and appointed at an assembly of creditors.

(2) All of the members of the audit committee are required to be experts in law and corporate governance who have no interest in the bankruptcy procedures.

(3) Any resolution on the selection and appointment of the members of the audit committee shall obtain an authorization thereof from the court.

## Article 378 (Methods of Performing Duties)

(1) Where the number of members of the audit committee is not less than 3, the performance of their duties shall be decided by the agreement of a majority of them.

(2) Any member of the audit committee who is related by special interest shall be prohibited from participating in the decision referred to in the provisions of paragraph (1).

**Article 379 (Performance of Duties of Members of Audit Committee)**

(1) Members of the audit committee shall oversee the performance of the duties of the trustees in bankruptcy.

(2) Each member of the audit committee may request the trustee in bankruptcy to make a report on the bankruptcy estate and inspect the current state of the bankruptcy estate at any time.

(3) When any member of the audit committee finds a fact that will inflict substantial loss upon any bankruptcy creditor, he/she shall promptly make a report thereon to the court or at an assembly of creditors.

**Article 380 (Dismissal of Members of Audit Committee)**

(1) Any member of the audit committee may be dismissed from his/her post by a resolution of an assembly of creditors.

(2) When substantial grounds exist, the court may dismiss any member of the audit committee upon receiving an application filed by interested persons.

(3) An immediate appeal may be filed against the judgment on the dismissal of any member of the audit committee provided for in the provisions of paragraph (2).

(4) The immediate appeal referred to in the provisions of paragraph (3) shall not have the effect of suspending any execution.

**Article 381 (Mutatis Mutandis Provisions)**

The provisions of Articles 30 (1) and 361 shall apply mutatis mutandis to the members of the audit committee.

**Article 382 (Bankruptcy Estate)**

(1) All assets held by the debtor at the time he/she is declared bankrupt shall revert to the bankruptcy estate.

(2) Any claim based on grounds arising before the debtor is declared bankrupt and is to be exercised by the debtor in the future shall revert to the bankruptcy estate.

**Article 383 (Assets not Belonging to Bankruptcy Estate)**

(1) Any assets that cannot be seized shall not revert to the bankruptcy estate.

(2) The court may exempt the assets falling under either of the following subparagraphs from reverting to the bankruptcy estate upon receiving an application filed by an individual debtor:

1. Any portion that does not exceed the amount prescribed by the Presidential Decree within the scope of the amount preferentially repayable pursuant to the provisons of Article 8 of the Housing Lease Protection Act, which is the claim for refund of the security money for lease of a building used by the debtor or his/her defendants for residential purposes;

2. The portion of specific assets the amount of which does not exceed the amount prescribed by the Presidential Decree, which is used to cover the living costs of the debtor and his/her dependants for 6 months.

(3) The application referred to in the provisions of paragraph (2) shall be filed in a written statement accompanied by the exempted assets, inventory and materials necessary for substantiation within 14 days from the date on which the bankruptcy is declared after a petition for bankruptcy is filed.

(4) Where the application referred to in the provisions of paragraph (2) is filed before the bankruptcy is declared or where the application referred to in the provisions of paragraph (2) is filed after the bankruptcy is declared, the court shall decide whether to grant the exemption, and on the scope of such exemption within 14 days from the date on which such application is filed.

(5) When the decision referred to in the provisions of paragraph (4) is made, the court shall deliver a written decision to the debtor and each of the creditors who are known.

(6) An immediate appeal may be filed against the decision referred to in the provisions of paragraph (4).

(7) The immediate appeal referred to in the provisions of paragraph (6) shall not have the effect of suspending any execution.

(8) Where an exception application is filed before the bankruptcy is declared, the court may order the suspension or the prohibition of any compulsory execution, provisional seizure or provisional disposition on the exempted assets referred to in the provisons of paragraph (2) based on the bankruptcy claims by its inherent jurisdiction or upon receiving an application filed by the debtor by the time bankruptcy is declared.

(9) When the exemption decision is confirmed, the procedures suspended pursuant to the provisions of paragraph (8) shall lose their effect.

(10) With respect to the assets exempted pursuant to the provisions of paragraph (4), any compulsory execution, provisional seizure or provisional disposition based on bankruptcy claims shall not be performed by the deadline when the immunity application may be filed pursuant to the provisions of Article 556 (1).

### Article 384 (Authority to Perform Management and Disposal)

The authority to manage and dispose of a bankruptcy estate shall be held by the trustees in bankruptcy.

### Article 385 (Absolute Acceptance after Bankruptcy Declaration)

Where any inheritance commences for a debtor before the debtor is declared bankrupt, the debtor's absolute acceptance after he/she is declared bankrupt shall have the effect of performing a qualified acceptance on the bankruptcy estate.

### Article 386 (Renunciation of Inheritance After Bankruptcy Declaration)

(1) Where the inheritance commences for a debtor before he/she is declared bankrupt, any inheritance that is renounced by the debtor after he/she is declared bankrupt shall have the effect of a qualified acceptance on the bankruptcy estate.

(2) Notwithstanding the provisions of paragraph (1), the trustee in bankruptcy may recognize the effect of the renunciation of inheritance. In this case, the trustee in bankruptcy shall report the gist thereof to the court within three months from the date on which he/she becomes aware of such renunciation of inheritance.

**Article 387 (Bankruptcy and General Legacy)**

The provisions of Articles 385 and 386 shall apply mutatis mutandis to a general legacy.

**Article 388 (Bankruptcy and Specific Legacy)**

(1) Where any specific legacy is held by the debtor before he/she is declared bankrupt, when the debtor does not approve of or renounces such specific legacy at the time that he/she is declared bankrupt, the trustee in bankruptcy may approve of or renounce the specific legacy on behalf of the debtor.

(2) The provisions of Article 1077 (1) of the Civil Act shall apply mutatis mutandis to cases under paragraph (1).

**Article 389 (Bankruptcy against Inherited Assets)**

(1) When any inherited assets are subject to declaration of bankruptcy, all of such inherited assets that pertain to such declaration of bankruptcy shall revert to the bankruptcy estate.

(2) Where any inherited assets are subject to a declaration of bankruptcy, the rights held by the predecessor over the inheritor and no rights held by the inheritor over the predecessor shall be extinguished.

(3) When the inherited assets are subject to declaration of bankruptcy, the inheritor thereof shall be deemed accepted on a qualified basis: Provided, That the same shall not apply to cases where the inheritor is deemed accepted absolutely pursuant to the provisions of subparagraph 3 of Article 1026 of the Civil Act.

**Article 390 (Disposal of Inheritor's Assets)**

(1) When the inherited assets are declared bankrupt after the inheritor disposes of the whole or part of such inherited assets, rights to benefits in return held by the inheritor shall revert to the bankruptcy estate.

(2) In cases under paragraph (1), when the inheritor has already received the benefits in return, he/she shall return such benefits in return to the bankruptcy estate: Provided, That when the inheritor is not aware of the grounds of bankruptcy or the petition for bankruptcy when he/she receives the benefits in return, such inheritor may return such benefits in return within the limitation of the existing interest thereof.

**Article 391 (Negatable Act)**

Any trustee in bankruptcy may set aside acts falling under any of the following subparagraphs for the bankruptcy estate:

1. An act performed by the debtor with knowledge that such act causes loss to bankruptcy creditors: Provided, that the same shall not apply to cases where any beneficiary from the act does not become aware of the fact that the debtor's act causes loss to the rehabilitation creditors at the time such act is performed;

2. An act by the debtor that causes loss to bankruptcy creditors and an act of furnishing any security or extinguishing any obligation by the debtor after he/she files an application for suspending payments or a petition for bankruptcy: Provided, That it is limited to the event when any beneficiary from the act learns of the fact that the debtor files an application for suspending payments or a petition for bankruptcy at the time that the debtor performs such act;

3. The act of furnishing any security or extinguishing any debt by the debtor, which does not pertain to the debtor's obligations and whose means and time do not pertain to the debtor's obligations before or after 60 days from the date on which the debtor files an application for suspending payments or a petition for bankruptcy: Provided, That the same shall not apply to cases where creditors are not aware of the fact that the debtor files an application for suspending payments or a petition for bankruptcy and causes loss to them at the time that he/she performs such act;

4. A gratuitous act or act for consideration that can be deemed identical to the former, performed by the debtor before or after six months from the date on which he/she files an application for suspending payments or files a petition for bankruptcy.

**Article 392 (Special Rules Governing Acts Performed with Specially Related Persons as Other Parties)**

(1) When anyone who derives a profit in cases of applying the provisions of the proviso to subparagraph 2 of Article 391 is a person who is in a special relationship with the debtor (hereinafter referred to as "specially related person"), the scope of which is prescribed by the Presidential Decree, the specially related person shall be presumed to be aware of the fact that the debtor files the application for suspending payments or a petition for bankruptcy at the time that the debtor performs such act.

(2) In the application of the provisions of subparagraph 3 of Article 391, with respect to the act performed with the specially related person as the other party, "60 days" provided for in the main sentence of the same subparagraph shall be made "one year" and in the application of the proviso to the same subparagraph, it shall be presumed that the specially related person is aware of the fact that the debtor files an application for suspending payments or a petition for bankruptcy and causes loss to bankruptcy creditors at the time that he/she performs such act.

(3) In cases under applying the provisions of subparagraph 4 of Article 391, when any act is performed with a specially related person as the other party, "six months" provided for in the same subparagraph shall be made "one year."

**Article 393 (Exception of Payment on Promissory Notes)**

(1) The provisions of Article 391 shall not apply to cases where anyone who is entitled to payment on promissory notes from the debtor fails to receive such payment from him/her, making it possible for one or multiple persons to face the loss of his/her rights or their rights over the debtor for such payment on promissory notes.

(2) In cases under paragraph (1), when any person who is obligated to make final payment or any person who commissions the issuance of promissory notes becomes aware of the fact that the debtor files an application for suspending payments or a petition for bankruptcy or does not become aware of the fact due to negligence at the time that such promissory notes are issued, the trustee in bankruptcy may require such person to refund the amount paid by the debtor.

**Article 394 (Requirements for Establishing Alteration of Rights or Negation of Requirements for Counter)**

(1) Where any registration or any recording that has the effect of establishing, transferring or altering rights is effected after the debtor files an application for suspending payments or a petition for bankruptcy, when the act of incurring obligations by way of such registration or such recording is performed with the knowledge that the debtor files an application for suspending payments or a petition for bankruptcy, such act may be set aside: Provided, That the same shall not apply to cases where any principal registration or any principal recording is effected after any provisional registration or any provisional recording is effected based on the former.

(2) Where the act of establishing, transferring or altering the right is performed out of the need to counter any third person after the debtor files an application for suspending payments or a petition for bankruptcy, when such act is performed with the knowledge that the debtor files an application for suspending payments or a petition for bankruptcy after the lapse of 15 days from the date on which the act of establishing, transferring or altering the right is performed, the provisions of paragraph (1) shall apply to such cases.

**Article 395 (Negation of Act of Execution)**

The right to set aside may be exercised when a title holding the executory power over an act that is subject to being set aside exists or when the act is based on the act of execution.

**Article 396 (Means of Exercising Negation Rights)**

(1) The right to set aside shall be exercised by the trustee in bankruptcy by means of lawsuit, the claim of for setting aside or protest.

(2) The court may order the trustee in bankruptcy to exercise the right to set aside by its inherent jurisdiction or upon receiving an application filed by bankrupt creditors.

(3) The lawsuits and cases of claims for negation referred to in the provisions of paragraph (1) shall be placed under the exclusive jurisdiction of the bankruptcy court.

(4) The provisions of Articles 106 and 107 shall apply mutatis mutandis to the claims for setting aside referred to in the provisions of paragraph (1).

**Article 397 (Effect of Exercise of Negation Right)**

(1) The effect of exercising the right of setting aside shall restore the bankruptcy estate to its original status.

(2) Where the act provided for in the provisions of subparagraph 4 of Article 391 is set aside, when the other party is bona fide at the time that the other party performs the act, the refund may be made within the limits of the existing profit.

**Article 398 (Status of Other Party)**

(1) Where the debtor's act is set aside, when the benefits in return that is paid to him/her is included in the bankruptcy estate, the other party may claim a refund thereof and when any profit that accrues from the benefit in return exists in the bankruptcy estate, the debtor may exercise his/her rights as an estate creditor within the limits of such profit.

(2) Where the debtor's act is set aside, when no profit accrues from the benefits in return, the other party may exercise his/her rights as a bankruptcy creditor to have the value of such profit refunded. In cases where the value of the benefits in return is higher than that of the existing profit, the same shall apply to the difference between them.

**Article 399 (Restoration of Claim of other Party)**

Where the debtor's act is set aside, when the other party returns any payment that he/she has received or refunds its value, the other party's claim shall be restored to its original status.

**Article 400 (Right of Negation where Inherited Assets Subject to Bankruptcy)**

Where any inherited assets are subject to a declaration bankruptcy, the provisions of Articles 391, 392, 393, 398 and 399 shall apply mutatis mutandis to an act performed by any predecessor, any inheritor, the custodian of the inherited assets and the executor of the will with respect to the inherited assets.

**Article 401 (Negation of Repayment, etc. to Person who Takes Legacy)**

Where the inherited assets are subject to a declaration of bankruptcy, when the act of making any repayment and extinguishing any obligation to the person who takes the legacy causes loss to any bankruptcy creditor who holds preferential claims, such act may be set aside.

**Article 402 (Repayment to other Party of Negation)**

Where the inherited assets are subject to a declaration of bankruptcy, when the act performed by the predecessor, any inheritor, the custodian of the inherited assets and the executor of a will on the assets property is set aside, the residual assets shall be distributed according to the value of the rights to the other party of the act that is set aside after making a repayment to the inheritance creditor.

**Article 403 (Right of Negation on Subsequent Purchasers)**

(1) In cases falling under any of the following subparagraphs, the right to set aside may be exercised on a subsequent purchaser:

  1. When the subsequent purchaser is aware that the grounds for the setting aside on the former exists at the time that the subsequent purchase is made;

  2. When the subsequent purchaser is a specially related person provided for in the provisions of Article 392: Provided, That the same shall not apply to instances when the subsequent purchaser is unaware of the grounds for the setting aside on the former;

  3. Where the subsequent purchaser performs the subsequent purchase by means of a gratuitous act or an act for consideration that is deemed identical to the former, when the grounds for setting aside on the former exists.

(2) The provisions of Article 397 (2) shall apply mutatis mutandis to cases where the right to set aside is exercised pursuant to the provisions of paragraph (1) 3.

**Article 404 (Restrictions on Negation on Grounds of Awareness of Payment Suspension)**

Any act that is performed one year prior to the date on which bankruptcy is declared cannot be set aside on the grounds of awareness of the fact that the payment is suspended.

**Article 405 (Period During Which Negation Right is Exercised)**

The right to set aside shall not be exercised after two years lapse from the date on which bankruptcy is declared. The same shall apply to cases where ten years lapse from the date on which the act provided for in each subparagraph of Article 391 is performed.

**Article 406 (Interruption of Revocation Litigation, etc. Filed by Creditors)**

(1) Where a litigation filed by any bankruptcy creditor pursuant to the provisions of Article 406 (1) of the Civil Act or Article 8 of the Trust Act is pending in the court at the time that the bankruptcy is declared, the litigation procedures shall be interrupted until such litigation is taken over by the bankruptcy trustee or the bankruptcy procedure is completed. <*Amended by Act No. 11828, May 28, 2013*>

(2) The provisions of Article 347 shall apply mutatis mutandis to cases under paragraph (1).

**Article 406-2 (Special Rules concerning Negation of Trust Deed)**

Where a debtor who is the truster is declared bankrupt, Article 113-2 shall mutatis mutandis apply to the negation of any trust deed which has been conducted by the debtor pursuant to the Trust Act. In such cases, "Article 100 (1)," "property of the debtor," and "public-interest creditor" shall be deemed "Article 391", "bankruptcy estate," and "bankruptcy estate creditor", respectively.

**Article 407 (Reacquisition of Assets Not Belonging to Debtor)**

A declaration of bankruptcy shall not affect rights to reacquire from the bankruptcy estate any assets that do not belong to the debtor.

**Article 407-2 (Special Rules concerning Right of Re-acquisition in Bankruptcy Procedures for Trustee)**

(1) Where a trustee is declared bankrupt after a trust has been established pursuant to the Trust Act, the right to reacquire the trust property shall be exercised by the new trustee or the administrator of trust property.

(2) Where a trust is terminated, any person who acquires ownership in the trust property pursuant to Article 101 of the Trust Act shall exercise the right prescribed in paragraph (1).

**Article 408 (Reacquisition of Sold Goods in Transit)**

(1) When the seller ships out goods that are subject to purchase and sells them to a buyer who is declared bankrupt before the latter pays the total purchase price of such goods and takes the delivery of such goods at their destination, the former may reacquire such goods: Provided, That the same shall not apply to cases where the trustee in bankruptcy pays the total purchase price therefor and then claims delivery of such goods.

(2) The provisions of paragraph (1) shall not exclude the application of the provisions of Article 335.

**Article 409 (Rights of Commission Agents to Reacquire)**

The provisions of Article 408 (1) shall apply mutatis mutandis to cases where any commission agent entrusted to purchase goods ships out such goods to any entrusting person.

**Article 410 (General Reacquisition Rights)**

(1) When the debtor transfers his/her assets that are subject to the reacquisition right before he/she is declared bankrupt, the holder of the reacquisition right may claim the transfer of the right to claim the payment of the benefits in return. The same shall apply to cases where the trustee in bankruptcy transfers assets that are subject to the reacquisition right.

(2) In cases under paragraph (1), when the trustee in bankruptcy has received payment of the benefits in return, the reacquisition right holder may claim the return of the assets that the trustee in bankruptcy takes as the benefits in return.

### Article 411 (Holders of Right to Foreclose Outside Bankruptcy)

A person who has any lien, pledge, mortgage, security right prescribed in the Act on Security over Movable Property, Claims, Etc., or right to lease on a deposit basis, over any property that belongs to the bankruptcy estate, shall, regardless of the bankruptcy procedure, have the right to foreclose outside bankruptcy, with respect to the property which is the object of the lien, etc. *<Amended by Act No. 10366, Jun. 10, 2010>*

### Article 412 (Exercise of Right to Foreclose Outside Bankruptcy)

The right to foreclose outside bankruptcy shall be exercised without resorting to bankruptcy procedures.

### Article 413 (Exercise of Bankruptcy Claims by Holders of Right to Foreclose Outside Bankruptcy)

A person who has the right to foreclose outside bankruptcy may exercise his/her right to foreclose outside bankruptcy as a bankruptcy creditor on the amount of a claim that can not be met by the exercise of the right to foreclose outside bankruptcy: Provided, That this shall not affect the exercise of the right as a bankruptcy creditor on the renounced amount of the claim on which the right to foreclose outside bankruptcy.

### Article 414 (Holders of Quasi-Right to Foreclosure Outside Bankruptcy)

(1) A person who has any pledge, mortgage, security right under the Act on Security over Movable Property, Claims, Etc. over any property of the debtor, which does not belongs to the bankruptcy estate, may exercise the pledge, etc. qua bankruptcy creditor, only to the extent of the amount of the claim that is not to be reimbursed by exercising the pledge, etc. *<Amended by Act No. 10366, Jun. 10, 2010>*

(2) The provisions concerning the right to foreclose outside bankruptcy shall apply mutatis mutandis to anyone who has the rights referred to in the provisions of paragraph (1).

### Article 415 (Housing Tenants, etc.)

(1) Any tenant given a confirmation date in a rental contract certificate after meeting the requirements for counterclaim provided for in the provisions of Article 3 (1) of the Housing Lease Protection Act shall be entitled to have his/her security deposit repaid preferentially over the subsequent creditors and other creditors from the proceeds of liquidation of the housing that belongs to the bankruptcy estate.

(2) Any tenant provided for in the provisions of Article 8 of the Housing Lease Protection Act shall be entitled to have his/her security deposit as provided for in the provisions of the same Article, repaid preferentially over other secured creditors from the proceeds of liquidation of the housing that belong to the bankruptcy estate. In such cases, the tenant shall meet the requirements for counterclaim referred to in

the provisions of Article 3 (1) of the Housing Lease Protection Act by the date a petition for bankruptcy is filed.

(3) The provisions of paragraphs (1) and (2) shall apply mutatis mutandis to tenants who meet the requirements for counterclaim referred to in the provisions of Article 3 of the Commercial Building Lease Protection Act and have the date of confirmation entered in the rental contract certificate and other tenants provided for in the provisions of Article 14 of the same Act.

**Article 416 (Rights of Setoff)**

When any bankruptcy creditor bears obligations for the debtor at the time that the debtor is declared bankrupt, such obligations may be offset without resorting to bankruptcy procedures.

**Article 417 (Setoff of Claims and Obligations Subject to Deadline and Conditions for Rescission, etc.)**

Even when the claim of any bankruptcy creditor is subject to deadline or subject to recession at the time that the debtor is declared bankrupt and the claim provided for in the provisions of Article 426, such claims may be offset. The same shall apply to cases where any obligation is subject to deadline and subject to rescission or to future claims.

**Article 418 (Offset of Condition Precedent Claim and Claim of Future)**

When anyone holding a condition precedent claim or future claim who fulfill his/her obligations, he/she may claim the depositing of the amount of the repayment within the limit of the amount of offset of the future claim.

**Article 419 (Offset of Claim Subject to Rescission)**

When anyone holding a claim subject to rescission who offsets such claim, he/she shall furnish security or make a deposit for the amount of offset.

**Article 420 (Setoff Amount of Automatic Claims)**

(1) When the claim of any bankruptcy creditor is an interest-free claim or a periodic payment claim, his/her claim may be offset within the limit of the amount obtained by deducting the portion falling under Article 446 (1) 5 through 7.

(2) The provisions of Articles 426 and 427 shall apply mutatis mutandis to the claims of bankruptcy creditors.

**Article 421 (Setoff of Rents, Security Deposits and Land Rents)**

(1) When the bankruptcy creditor is a tenant, his/her rents for the current term and the following term may offset one another at the time that the debtor is declared bankrupt. Where any security deposit exists, the same shall apply to rents thereafter.

(2) The provisions of paragraph (1) shall apply mutatis mutandis to land rents.

**Article 422 (Prohibition on Setoff)**

Setoff shall be prohibited in events falling under any of the following subparagraphs:

1. When a bankruptcy creditor bears obligations for the bankruptcy estate after the debtor is declared bankrupt;

2. When a bankruptcy creditor bears obligations for the debtor with knowledge that the debtor files an application for suspending payments or a petition for bankruptcy; Provided, That the same shall not apply to events falling under any of the following items:

    (a) When the bearing of obligations is based on statutory grounds;

    (b) When the bearing of obligations accrues before the bankruptcy creditor becomes aware of the fact that the debtor files an application for suspending payments or a petition for bankruptcy;

    (c) The bearing of obligations accrues one year prior to the date on which the debtor is declared bankrupt;

3. When a debtor to the debtor who is declared bankrupt acquires any bankruptcy claim from another person after he/she is declared bankrupt;

4. When a debtor to the debtor who is declared bankrupt acquires any bankruptcy claim with knowledge of the fact that the latter files an application for suspending payments and a petition for bankruptcy: Provided, That the same shall not apply to the events falling under any of the items of subparagraph 2.

### Article 423 (Bankruptcy Claims)

Any assets claim that accrues before the debtor is declared bankrupt shall be made a bankruptcy claim.

### Article 424 (Exercise of Bankruptcy Claims)

No bankruptcy claim shall not be exercised without resorting to bankruptcy procedures.

### Article 425 (Arrival of Repayment Period for Claims Subject to Deadline)

Claims subject to deadline shall be deemed as arising in the repayment period when bankruptcy is declared.

### Article 426 (Amount of Bankruptcy Claim of Non-Monetary Claims, etc.)

(1) When the purpose of any claim is not monetary and the amount of such claim is unclear or such claim is denominated in any foreign currency, the appraised amount of such claim at the time bankruptcy is declared shall become the sum of the bankruptcy claim.

(2) The provisions of paragraph (1) shall apply to events when the amount of the claim for the money payable by periodic installments or the period of existence are not confirmed.

### Article 427 (Bankruptcy Claim Sum of Conditional Claims, etc.)

(1) The total amount of conditional claims shall become the sum of the bankruptcy claim.

(2) The provisions of paragraph (1) shall apply mutatis mutandis to future claims on the debtor.

### Article 428 (Sum of Bankruptcy Claims Where Person Liable to Fulfill Total Amount of Obligations Declared Bankrupt)

Where multiple debtors are liable to fulfill the total amount of obligations, when all or some of such debtors are declared bankrupt, creditors may exercise their rights as bankruptcy creditors on the total amount of claims they hold when the debtors are declared bankrupt to each bankruptcy estate.

### Article 429 (Amount of Bankruptcy Claim Where Guarantor Declared Bankrupt)

When any guarantor is declared bankrupt, creditors may exercise their rights as bankruptcy creditors on the total amount of claim that he/she holds at the time that the guarantor is declared bankrupt.

**Article 430 (Persons Holding Rights to Claim Reimbursements in Future)**

(1) Where multiple debtors are liable to fulfill all obligations, when all or some of such debtors are declared bankrupt, persons who hold rights to future claims for reimbursements of on the debtors may exercise their rights as bankruptcy creditors on the total amount of such reimbursements on each bankruptcy estate: Provided, That the same shall not apply to events when the creditors exercise their rights as bankruptcy creditors on the total amount of their claims.

(2) In cases falling under the proviso to paragraph (1), anyone who holds the right to claim reimbursements pursuant to the provisions of paragraph (1) makes the repayment, he/she shall acquire rights as creditor according to the ratio of his/her repayment.

(3) The provisions of paragraphs (1) and (2) shall apply mutatis mutandis to the right to future claims for reimbursement that is held by any third person who furnishes any security on the debtor.

**Article 431 (Amount of Bankruptcy Claims When Multiple Persons Stand as Guarantees)**

The provisions of Articles 428, 429 and 430 (1) and (2) shall apply mutatis mutandis to the portion of the guarantee that multiple guarantors stand part of obligations.

**Article 432 (Bankruptcy of Partners with Unlimited Liability)**

When any partner who has unlimited liability for the obligations of any corporation is declared bankrupt, the creditors of such corporation may exercise their rights as bankruptcy creditors on the total amount of claims held by them at the time that he/she is declared bankrupt on the bankruptcy estate.

**Article 433 (Bankruptcy of Partners with Limited Liability)**

When any partner who has limited liability for the obligations of any corporation or such corporation is declared bankrupt, the creditors of such corporation shall not exercise their rights on the partner who has limited liability for the obligations of the corporation: Provided, That the corporation may exercise a claim to its investment as a bankruptcy claim.

**Article 434 (Bankruptcy of Inheritors)**

Where any inheritor is declared bankrupt, even when his/her assets are divided out, inheritance creditors and persons who take the legacy may exercise their rights as bankruptcy creditors on the total amount of their claims to the bankruptcy estate.

**Article 435 (Bankruptcy against Inherited Assets and of Inheritors)**

When any inherited assets and its inheritor are each subject to declaration of bankruptcy, inheritance creditors and persons who take the legacy may exercise their rights as bankruptcy creditors on the total amount of their claims to the bankruptcy estate.

**Article 436 (Qualified Acceptance of Inheritors)**

In cases under the provisions of Articles 434 and 435, when any inheritor who is declared bankrupt receives qualified acceptance, inheritance creditors and persons who take the legacy shall not exercise their rights as bankruptcy creditors on the inheritance assets of such inheritor. The same shall apply to cases where the effect of the qualified acceptance exists pursuant to the provisions of Articles 385 or 386 (1).

**Article 437 (Claims, etc. of Inheritors on Predecessors)**

When any inherited assets are subject to a declaration of bankruptcy, the inheritor thereof shall have the same rights as those of inheritance creditors on claims on the predecessor and any investment that is made in order to extinguish claims on the predecessor and obligations of the predecessor.

**Article 438 (Creditors of Inheritor)**

When any inherited assets are subject to a declaration of bankruptcy, the creditors of the inheritors thereof shall be prohibited from exercising their rights as bankruptcy creditors on the bankruptcy estate.

**Article 439 (Expenses Incurred from Participation in Bankruptcy Procedures)**

Expenses incurred from participation in bankruptcy procedures shall be covered by bankruptcy claims.

**Article 440 (Equal Repayments to Persons on Same Order)**

Claims for which repayments have to be made on the same order shall be repaid according to the ratio of the amount of such claims.

**Article 441 (Priority Bankruptcy Claims)**

Bankruptcy claims of general priority over the assets that belong to the bankruptcy estate shall take precedence over other claims.

**Article 442 (Calculation of Priority Right Period)**

Where priority rights exist on the amount of claims during a certain period, such period shall be calculated retroactively from the time bankruptcy is declared.

**Article 443 (Superiority of Inheritance Creditors)**

When inherited assets are made subject to a declaration of bankruptcy, the claims of inheritance creditors shall take precedence over the claims of persons who take the legacy.

**Article 444 (Ranking of Creditors Where Inheritor Declared Bankrupt)**

When any inheritor is declared bankrupt on the grounds of a petition for bankruptcy filed within the period during which the petition for bankruptcy is filed on the inherited assets, the claims of the inheritor as a creditor shall take precedence over claims of inheritance creditors and the person who takes the legacy on the inherited assets. The claims of the inheritance creditors and the claim of the person who takes the legacy shall take precedence over the claims of the creditors of the inheritor on the inherited assets.

**Article 445 (Ranking of Inherited Assets and Bankruptcy Estate of Inheritors)**

When inherited assets and any inheritor are subject to a declaration of bankruptcy, the claims of the creditors of the inheritor shall take precedence over the claims of inheritance creditors and the person who takes the legacy with respect to the bankruptcy estate of the inheritor.

**Article 446 (Subordinate Bankruptcy Claims)**

(1) Claims falling under any of the following items shall be made subordinate bankruptcy claims compared with other bankruptcy claims:

1. The interest that accrues after bankruptcy is declared;

2. The amount of compensation for loss and the penalties for failure to pay such amount after bankruptcy is declared;

3. Expenses incurred from participating in bankruptcy procedures;

4. Fines, penalties, expenses for criminal litigation costs, additional levies, and the administrative fines;

5. In cases of interest-free claims, the deadline for which arrives after bankruptcy is declared, the portion equivalent to the interest calculated by the account that makes the total amount of the principal calculated based the statutory interest from the time bankruptcy is declared until the deadline of the claim;

6. In cases of interest-free claims the deadline for which is not confirmed, the portion equivalent to the difference between the claim amount and the amount appraised at the time bankruptcy is declared;

7. In cases of periodic payment claims, the claim amount and period of existence of which are confirmed, when the portion equivalent to the total amount of interest calculated according to the provisions of subparagraph 5 concerning the periodic payments and the total principal calculated according to the provisions of the same subparagraph concerning the periodic payments exceeds the principal from which statutory interest equivalent accrues on the periodic payments.

(2) Any claim on which the debtor agrees with creditors to rank lower than that of other claims shall be ranked lower than that of other claims, as agreed.

**Article 447 (Means of Reporting Claims)**

(1) Every bankruptcy creditor shall report the matters falling under each of the following subparagraphs to the court within the period set by the court (hereinafter referred to as "reporting period") and submit evidential documents or certified copies and abridged copies thereof to the court:

1. The amount of claims and the grounds thereof;

2. When claims carry general priority rights, the rights thereof;

3. When the claims falling under any subparagraph of Article 446 (1) are included, the categorization thereof.

(2) The holder of the right to separate settlement shall report the amount of claims that cannot be repaid according to the purpose and exercise of such rights.

(3) When a lawsuit is pending bankruptcy claims at the time bankruptcy is declared, bankruptcy creditors shall report to the Court the parties, the name and the number of cases other than the matters referred to in each subparagraph of paragraph (1).

**Article 448 (Preparation of Table of Bankruptcy Creditors)**

(1) The court official of Grade V, etc. shall prepare a table of bankruptcy creditors in which the matters falling under each of the following subparagraphs are entered:

1. Names and domiciles of creditors;

2. The amount of claims and the grounds thereof;

3. General priority rights, if any;

4. When claims falling under any of the subparagraphs of Article 446 (1) are included, the categorization thereof;

5. The amount of claims reported by the holder of the right to separate settlement.

(2) The court official of Grade V, etc. shall deliver a certified copy of the table of bankruptcy creditors to the trustee in bankruptcy.

**Article 449 (Maintaining Table of Bankruptcy Creditors and Documents Concerning Claim Reports)**

(1) The court shall maintain a table of bankruptcy creditors and documents concerning claim reports in order for interested persons to inspect them.

(2) The court official of Grade V, etc. shall, upon receiving an application filed by any creditor deliver to him/her an abridged copy of the table of bankruptcy creditors concerning the claims of creditors.

**Article 450 (Inspection of Claims)**

The matters provided for in each subparagraph of Article 448 (1) with respect to reported claims shall be inspected on the date for claim inspection.

**Article 451 (Presence of Persons Concerned)**

(1) The debtor and the bankruptcy creditors who make the report or their agents may be present to state their opinions on the claim inspection date.

(2) The agents referred to in the provisions of paragraph (1) shall each submit to the court a written statement attesting to his/her agency authority.

**Article 452 (Presence of Trustees in Bankruptcy)**

No claims shall be inspected without the trustee in bankruptcy.

**Article 453 (Inspection of Claims Reported After Expiration of Report Period)**

(1) Claims that are reported after the expiration of the reporting period may be inspected on the general claim inspection date except when an objection is raised thereto by the trustee in bankruptcy and any bankruptcy creditor.

(2) When the trustee in bankruptcy or any bankruptcy creditor raises an objection, the court shall set a special date in order to conduct the claim inspection referred to in the provisions of paragraph (1). In this case, expenses necessary for the claim inspection shall be borne by bankruptcy creditors who report after the reporting period.

**Article 454 (Changes Causing Loss of Profits of Bankruptcy Creditors)**

The provisions of Article 453 shall apply mutatis mutandis to cases where the matters reported by bankruptcy creditors cause any changes that result in losses to the profits of other bankruptcy creditors after the reporting period.

**Article 455 (Report of Claims after General Date)**

The provisions of Article 453 (2) shall apply mutatis mutandis where any bankruptcy creditor reports claims after the general date on which the inspection of claims is conducted.

**Article 456 (Publication and Notification of Special Date)**

Any decision to set a special date on which claims are inspected shall be published and the trustees in bankruptcy, the debtor and the bankruptcy creditors who report their claims shall be notified of such special date.

**Article 457 (Change, etc. in Claim Inspection Date)**

The provisions of Article 456 shall apply mutatis mutandis to any change in a claim inspection date, the extension of a claim inspection and the continuation of claim inspection: Provided, That when the claim inspection date is declared, the notification and the publication therof need not be made.

**Article 458 (Confirmation of Claims)**

When the trustee in bankruptcy or any bankruptcy creditor does not raise any objection on the claim inspection date, the matters falling under each of the following subparagraphs shall be confirmed:

    1. The amount of claims;

    2. Priority rights;

    3. The categorization of the claims that fall under any of the subparagraphs of Article 446 (1).

**Article 459 (Entry of Inspection Results in Table of Bankruptcy Creditors)**

(1) The court official of Grade V, etc. shall enter the result of the claim inspection and any objections stated by the debtor in the table of bankruptcy creditors.

(2) The court official of Grade V, etc. shall enter the gist of the confirmation in the documents evidencing the claims and affix the court seal thereto.

**Article 460 (Effect of Entry of Confirmed Claims in Table of Bankruptcy Creditors on Bankruptcy Creditors)**

When confirmed claims are entered in the table of bankruptcy creditors, the entries thereof shall have the same effect as that of a confirmed judgment on all of the bankruptcy creditors.

**Article 461 (Notification of Objection Raised to Bankruptcy Claims)**

(1) Where any bankruptcy creditor fails to be present on the claim inspection date, when an objection is raised to claims, the court shall notify such bankruptcy creditor of the fact.

(2) The notification referred to in the provisions of paragraph (1) may be made by means of the mailing of the document.

**Article 462 (Judgment on Inspection Confirmation of Bankruptcy Claims)**

(1) When the trustee in bankruptcy or any bankruptcy creditor raises an objection to the contents of any bankruptcy claim reported in the course of bankruptcy claim inspection, the bankruptcy creditor who holds such bankruptcy claim (hereinafter referred to as "objection to claim") may file an application with the court for a final claim inspection judgment (hereinafter referred to as "final claim inspection judgment" in this Part) with all objectors as other parties: Provided, That the same shall not apply to cases under Articles 464 and 466.

(2) Whether any bankruptcy claim to which an objection is raised exists and the contents thereof shall be prescribed in the final claim inspection judgment.

(3) The court shall, when it gives the final claim inspection judgment, examine each person who raises an objection thereto.

(4) The court shall deliver the written decision of the final claim inspection judgment to each of the parties.

(5) The application referred to in the provisions of paragraph (1) shall be filed within one month from the general inspection date or the special inspection date set for the inspection of any bankruptcy claim to which an objection is raised.

**Article 463 (Appeal against Objection Raised to Final Claim Inspection Judgment)**

(1) Anyone who is dissatisfied with a final claim inspection judgment may file an appeal against such judgment within one month from the date on which he/she receives delivery of the written decision.

(2) The lawsuit referred to in the provisions of paragraph (1) shall be placed under the exclusive jurisdiction of the bankruptcy court.

(3) When the person who files the appeal referred to in the provisions of paragraph (1) is a bankruptcy creditor who holds claims to which an objection is raised, all of the objectors shall be adjoined as defendants and when the bankruptcy creditor is an objector, the bankruptcy creditor shall be adjoined as a defendant.

(4) When multiple lawsuits are pending on the same claim, the court shall merge the arguments therein.

(5) The judgment on the lawsuit referred to in the provisions of paragraph (1) shall authorize or amend the judgment referred to in the same paragraph except when the court dismisses the lawsuit on the grounds of unlawfulness.

**Article 464 (Takeover of Lawsuit on Claims to Which Objection Is Raised)**

Where any lawsuit is pending on the claims to which an objection is raised at the time bankruptcy is declared, when the creditor thereof seeks to have his/her right thereon confirmed, such creditor shall take over the lawsuit and ajoin all objectors as other parties.

**Article 465 (Restrictions on Grounds of Claims)**

Any bankruptcy creditor may file an application for a final claim inspection judgement on the matters entered in the table of the bankruptcy creditors pursuant to the provisions of Article 459 (1), may file the lawsuit provided for in the provisions of Article 463 (1) or may take over a lawsuit pursuant to the provisions of Article 464.

**Article 466 (Ways to Raise Objections to Claims with Right of Execution in Title)**

(1) Anyone who has an objection to the title of the execution right with the executory power and any claim on which a final judgment is given may raise an objection only by resorting to the same litigation procedures that the debtor can take.

(2) Where a lawsuit on the bankruptcy claim as provided for in the provisions of paragraph (1) is pending in the court at the time bankruptcy is declared, when any objector intends to raise the objection referred to in the same paragraph, such objector shall take over the litigation procedures with the bankruptcy creditor who holds the bankruptcy claim as other party.

(3) The provisions of Articles 463 (4) and 465 shall apply mutatis mutandis to the provisions of paragraphs (1) and (2).

**Article 467 (Entry of Lawsuit Result Confirming Bankruptcy Claim)**

The court official of Grade V, etc. shall, upon receiving an application filed by the trustee in bankruptcy or any bankruptcy creditor, enter the results of the lawsuit confirming a bankruptcy claim (when the lawsuit filed against the final claim inspection judgment is not filed, or is dismissed within the period provided for in the provisions of Article 463 (1), this refers to the contents of such judgment) in the table of bankruptcy creditors.

**Article 468 (Effect of Judgment, etc. on Lawsuit on Confirmation of Bankruptcy Claims)**

(1) The judgment on the lawsuit filed to seek the confirmation of bankruptcy claims shall take effect on all bankruptcy creditors.

(2) When any lawsuit against the final claim inspection judgment is not filed, or is dismissed within the period provided for in the provisions of Article 463 (1), such judgment shall have the same effect on all bankruptcy creditors as that of a final judgment.

**Article 469 (Refund of Litigation Costs)**

When the bankruptcy estate receives any award from the lawsuit (including a final claim inspection judgment) that results in confirming any bankruptcy claim, any bankruptcy creditor who claims an objection may claim a refund of litigation costs as an estate creditor within the limits of such award.

**Article 470 (Value of Subject Matter of Bankruptcy Claim Confirmation Lawsuit)**

The value of the subject matter of a lawsuit filed to confirm a bankruptcy claim shall be determined by the bankruptcy court on the basis of the amount scheduled for distribution.

**Article 471 (Report on Fines, etc.)**

(1) Anyone who holds a claim provided for in the provisons of Article 446 (1) 4 shall promptly report the amount and the grounds of such claim to the court.

(2) The provisions of Article 459 (1) shall apply mutatis mutandis to the claim that is reported pursuant to the provisions of paragraph (1).

**Article 472 (Administrative Trial or Administrative Litigation)**

(1) When the grounds of a claim reported pursuant to the provisions of Article 471 (1) is a disposition subject to administrative trial or administrative litigation, the court shall promptly notify the trustee in bankruptcy of the amount and the grounds of such claim.

(2) The provisions of Articles 466 through 468 shall apply mutatis mutandis to cases where the trustee in bankruptcy claims an objection.

**Article 473 (Scope of Estate Claims)**

Any of the following claims shall be made an estate claim: <*Amended by Act No. 10219, Mar. 31, 2010; Act No. 12595, May 20, 2014*>

1. A claim for trial costs brought against the joint interests of bankruptcy creditors;

2. A claim by which taxes are collectible pursuant to the National Tax Collection Act or the Framework Act on Local Taxes (including a claim by which taxes are collectible according to the example of collecting the national taxes, which takes priority over the general bankruptcy claims in collection, and subordinate claims provided for in the provisions of Article 446 shall be excluded): Provided, That

claims on grounds arising after bankruptcy is declared shall be limited to claims that accrue to the bankruptcy estate;

3. Expenses necessary for the management, conversion, and distribution of the bankruptcy estate;

4. Claims arising from acts performed by the trustee in bankruptcy for the bankruptcy estate;

5. Claims that accrue to the bankruptcy estate after bankruptcy is declared on the grounds of clerical work or unlawful profits;

6. Claims that accrue to the bankruptcy estate on the grounds of acts performed out of the need to deal with emergencies after the commission is terminated or the agency authority is terminated;

7. Claims held by the other party where the trustee in bankruptcy fulfills any obligation pursuant to the provisions of Article 335 (1);

8. Claims that accrue by the time when a bilateral contract is terminated on grounds of a declaration of bankruptcy;

9. Supporting money to the creditor and his/her dependents;

10. Wages, severance allowances, and disaster compensation for the debtor's employees;

11. Claims for a return of the deposit funds and personal identity guarantee funds of the debtor's employees, which have been created for any reason before the declaration of bankruptcy.

**Article 474 (Claim for Share of Legacy that is Sharable)**

When a trustee in bankruptcy claims the implementation of any shareable legacy, a claim that is entitled to any profit from any share of the legacy shall be made an estate claim within the limits of not exceeding the value of the subject matter of the legacy.

**Article 475 (Repayment of Estate Claims)**

Estate claims shall be met frequently without resorting to bankruptcy procedures.

**Article 476 (Preferential Repayments of Estate Claims)**

Estate claims shall be treated with greater preference than bankruptcy claims.

**Article 477 (Methods of Reimbursement in Cases of Insufficient Bankruptcy Estate)**

(1) Where it becomes clear that the value of the bankruptcy estate falls short of the total amount of estate claims to be reimbursed, the reimbursement for the estate claims shall be made in proportion to the unreimbursed amounts of claims, notwithstanding the priority provided for in other statutes: Provided, That this shall not affect the effect of any such lien, pledge, mortgage, security right under the Act on Security over Movable Property, Claims, Etc., and right to lease on a deposit basis, as established over the estate claims. *<Amended by Act No. 10366, Jun. 10, 2010>*

(2) Estate claims enumerated in the provisions of subparagraphs 1 through 7 and 10 of Article 473 shall take priority over other estate claims.?

**Article 478 (Mutatis Mutandis Application of Provisions Governing Bankruptcy Claims)**

(1) The provisions of Articles 425, 426 and 427 (1) shall apply mutatis mutandis to the estate claims provided for in the provisions of subparagraph 7 of Articles 473 and 474.

(2) When the estate claims provided for in the provisions of paragraph (1) are interest-free claims or the claims for cash payable by periodic installments, if such claims are the bankruptcy claims, the amount obtained by deducting the amount falling under the portion ranked lower than that of other bankruptcy claims pursuant to the provisions of Article 446 (1) 5 through 7 shall be made the value thereof.

### Article 479 (Possession and Management of Bankruptcy Estate)

The trustee in bankruptcy shall commence possession and management of the assets that belong to the bankruptcy estate immediately after he/she takes office.

### Article 480 (Seal)

(1) When it is deemed necessary, the trustee in bankruptcy may cause the court official of Grade V, etc., the executor or the notary public to place the assets that belongs to the bankruptcy estate under seal. In such cases, anyone who performs the sealing shall prepare an investigation record.

(2) The provisions of paragraph (1) shall apply mutatis mutandis to cases where the seal is removed.

### Article 481 (Closure of Assets Book)

The trustee in bankruptcy shall promptly close the book of the debtor's property after he/she is declared bankrupt and enter the gist of such closure on the book and subscribe his/her name and affix his/her seal to the book.

### Article 482 (Appraisal of Property's Value)

The trustee in bankruptcy shall appraise the value of all assets belonging to the bankruptcy estate at the time bankruptcy is declared. In this case, the debtor may be allowed to participate in the value appraisal.

### Article 483 (Preparation of Property Assets Inventory and Balance Sheet)

(1) The trustee in bankruptcy shall prepare an asset inventory and a balance sheet.

(2) The trustee in bankruptcy shall subscribe his/her name and affix his/her seal to certified copies of the asset inventory and the balance sheet and submit them to the court. The same shall apply to the inspection record concerning the seal.

(3) Interested persons may request an inspection of documents referred to in the provisions of paragraph (2).

### Article 484 (Management of Postal Items)

(1) The court may commission any postal administrative agency, transporter and other person to deliver postal items, telegrams and other goods in transit, each of which are destined for the debtor to the trustee in bankruptcy.

(2) The trustee in bankruptcy may open the postal items, telegrams and other goods referred to in the provisions of paragraph (1) after receiving them.

(3) The debtor may request for an inspection of the postal items, telegrams and other goods that the trustee in bankruptcy receives and request for delivery to him/her of any thing that is unrelated with the bankruptcy estate.

### Article 485 (Cancellation of Management of Postal Items)

(1) The court may, upon receiving an application filed by the debtor or the trustee in bankruptcy, cancel or change the commission provided for in the provisions of Article 484 (1).

(2) When a decision to revoke or terminate the bankruptcy is confirmed or it is decided to discontinue the bankruptcy, the court shall cancel the commission provided for in the provisions of Article 484 (1).

### Article 486 (Continuation of Business)

A trustee in bankruptcy may cause the debtor to continue his/her business after obtaining permission therefor from the court.

### Article 487 (Means of Safekeeping Valuable Goods)

Means of safekeeping currency, securities and other valuable goods shall be prescribed by the court.

### Article 488 (Report on History of Bankruptcy)

A trustee in bankruptcy shall report on circumstances that lead to the declaration of bankruptcy and the past and current status of the debtors and the bankruptcy estate at the first assembly of creditors.

### Article 489 (Matters on which Assembly of Creditors Resolves)

The assembly of creditors may resolve upon any of the following matters:

1. The discontinuation and the continuation of business;
2. Means of safekeeping valuable goods.

### Article 490 (Presentation of Assets Subject to Right to Separate Settlement)

(1) A trustee in bankruptcy may request the holder of the right to separate settlement to present the assets subject to his/her right.

(2) When the trustee in bankruptcy intends to appraise the property referred to in the provisions of paragraph (1), the holder of the right to separate settlement may refuse the former's wishes.

### Article 491 (Restrictions on Timing of Liquidation)

A trustee in bankruptcy shall be prohibited from liquidating assets belonging to the bankruptcy estate before the claim inspection date provided for in the provisions of Article 312 (1) 3 expires: Provided, That the same shall not apply to cases where an agreement is obtained from any audit committee member or permission therefor is obtained from the court.

### Article 492 (Acts Requiring Court Permission)

Where any trustee in bankruptcy intends to perform the act falling under any of the following subpragraphs, he/she shall obtain permission therefor from the court and when the audit committee is set up, he/she shall obtain agreement from any member of the audit committee: Provided, That the same shall not apply to cases where the value is not more than ten million won and that it falls short of the amount set by the court among the cases falling under subparagraphs 7 through 15:

1. The voluntary sale of goods concerning the real estate, any domestic ship and any foreign ship, the sale of which is required to be registered;
2. The voluntary sale of the mining concession, fishing rights, patent rights, utility model rights, design rights, trade mark rights, service mark rights and copyrights;

3. The transfer of a business;

4. The comprehensive sale of goods;

5. The borrowing of assets including funds;

6. The approval granted for renouncing inheritance provided for in the provisions of Article 386 (2), the approval granted for renouncing the general legacy provided for in the provisions of Article 387 and the renunciation of the specific legacy provided for in the provisions of Article 388 (1);

7. The voluntary sale of movable assets;

8. The transfer of bonds and securities;

9. A claim for the performance provided for in the provisions of Article 335 (1);

10. The filing of lawsuits (excluding any application filed for provisional disposition and provisional seizure);

11. A compromise;

12. The renunciation of rights;

13. Approval granted for estate claims, reacquisition rights and the right to separate settlement;

14. The retrieval of subject matter of the right to separate settlement;

15. The conclusion of any contract that results in burdening the bankruptcy estate;

16. Other acts prescribed by the court.

**Article 493 (Hearing of Debtor's Opinions)**

In cases under Article 492, the debtor may state his/her opinion to the trustee in bankruptcy.

**Article 494 (Order Given By Court to Suspend)**

Even when a trustee in bankruptcy performs acts provided for in the provisions of any subparagraph of Article 492 after obtaining agreement thereon from any member of the audit committee, the court may order the trustee in bankruptcy to discontinue performing any of such acts upon receiving an application field by the debtor or call an assembly of the creditors for a resolution on any of such acts.

**Article 495 (Protection of Bona Fide Third Parties)**

A violation by a trustee in bankruptcy of the provisions of Article 491 or 492 or a violation by a trustee in bankruptcy of an order issued under the provisions of Article 494 to suspend shall not be a valid defense against bona fide third parties.

**Article 496 (Means of Liquidation)**

(1) The conversion of rights to cash, the means of which are prescribed in the Civil Execution Act shall be governed by the Civil Execution Act.

(2) Notwithstanding the provisions of paragraph (1), a trustee in bankruptcy may perform the conversion to cash by other means including the transfer of a business after obtaining permission therefor from the court.

**Article 497 (Liquidation of Goods Subject to Right to Separate Settlement)**

(1) A trustee in bankruptcy may liquidate assets, which are subject to the right to separate settlement pursuant to the Civil Execution Act. In this case, the holder of the right to separate settlement shall not

oppose such liquidation.

(2) In cases under paragraph (1), when the amount to be paid to the holder of the right to separate settlement is not yet confirmed, a trustee in bankruptcy shall deposit the sum thereof separately. In this case, the right to separate settlement shall prevail over the sum.

**Article 498 (Designation of Disposal Period by Holder of Right to Separate Settlement)**

(1) When the holder of the right to separate settlement holds the right to dispose of good subject to the right to separate settlement without resorting to the matters that are prescribed by Acts, upon receiving an application filed by the trustee in bankruptcy, the court shall fix a period during which the holder of the right to separate settlement has to dispose of the subject matter.

(2) When the holder of the right to separate settlement fails to dispose of the subject matter during the period referred to in the provisions of paragraph (1), he/she shall lose the right referred to in the provisions of paragraph (1).

**Article 499 (Report on Current Status by Trustee in Bankruptcy)**

A trustee in bankruptcy shall report on the current status of the bankruptcy estate to the meeting of creditors or members of the audit committee under the conditions prescribed by the assembly of creditors.

**Article 500 (Claim for Return of Bailed Goods)**

(1) When the trustee in bankruptcy intends to request for the return of currency, securities and valuable goods, each of which are bailed, he/she shall obtain agreement thereon from member of the audit committee and when such member of the audit committee is absent, he/she shall obtain permission therefor from the court: Provided, That when any other resolution is passed at the meeting of creditors, their return shall be governed by such resolution.

(2) Where the trustee in bankruptcy violates the provisons of paragraph (1), when the depositee is bona fide and is not negligent, the repayment shall carry its effect.

(3) The provisions of paragraphs (1) and (2) shall apply mutatis mutandis to cases where the trustees in bankruptcy issue securities in order to cause the depositee to make payments or pay benefits.

**Article 501 (Liquidation of Corporate Bankruptcy Estate)**

The provisons of Article 258 of the Commercial Act shall apply mutatis mutandis where any corporation is declared bankrupt.

**Article 502 (Claim for Investments made by Anonymous Partners)**

Where the contract of an anonymous association is terminated on the grounds that any business operator is declared bankrupt, the trustee in bankruptcy may cause the members of such association to make fresh investment within the limitation of the amount of loss to be borne by the members of the anonymous association.

**Article 503 (Inheritor's Bankruptcy and Disposal of Inherited Assets)**

(1) When any inheritor makes a qualified acceptance or his/her assets are separated after he/she is declared bankrupt, the trustee in bankruptcy shall dispose of such inherited assets. The same shall apply to cases where the inheritor is declared bankrupt after the qualified acceptance is made and his/her assets are

divided.

(2) When the trustee in bankruptcy completes the disposal referred to in the provisions of paragraph (1), any residual assets shall be entered in the asset inventory and the balance sheet of the bankruptcy estate.

(3) The provisions of paragraphs (1) and (2) shall apply mutatis mutandis to cases where anyone who takes a general legacy is declared bankrupt.

### Article 504 (Mutatis Mutandis Provisions)

The provisions of Article 503 shall apply mutatis mutandis to cases where the effect of the qualified acceptance accrues pursuant to the provisions of Article 385 or 386.

### Article 505 (Timing of Distributing Dividends)

The trustee in bankruptcy shall distribute dividends without delay whenever the money therefor is available after the claim inspection date provided for in the provisions of Article 312 (1) 3 expires.

### Article 506 (Permission Necessary for Distributing Dividends)

When the trustee in bankruptcy intends to distribute dividends, he/she shall obtain permission therefor from the court: Provided, That agreement thereon shall be obtained from a member of the audit committee, when he/she is accessible.

### Article 507 (Preparation of Dividend Table)

(1) The trustee in bankruptcy shall prepare a dividend table in which the matters falling under each of the following subparagraphs are entered:

1. The names and domiciles of creditors who are entitled to the dividends;
2. The amount of claims included in the dividends;
3. The amount available for distributing dividends.

(2) The claims that are available for distributing dividends shall be categorized according to their priority rights. In this case, the claims with priority rights shall be entered in the dividend table according to their priority right ranking and the claims without priority rights shall be arranged into a ranking lower than that of other claims and then entered in the table.

### Article 508 (Submission of Dividend Tables)

The trustee in bankruptcy shall submit the dividend table to the court in order for interested persons to inspect them.

### Article 509 (Publication of Amount of Dividends)

The trustee in bankruptcy shall publish the total amount of claims included in the dividends and the amount of the dividends: Provided, That the same shall not apply to cases where the dividend table is corrected pursuant to the provisions of Articles 513 and 527.

### Article 510 (Publication of Discontinuation of Distributing Dividends)

When the court orders the discontinuation of a distribution of dividends pursuant to the provisions of Article 44 (1) on the grounds that an application is filed for commencing rehabilitation procedures, the court shall publish the gist thereof.

**Article 511 (Continuation of Procedures for Distributing Dividends and Publication Thereof)**

Where an order is given to discontinue the distribution of dividends pursuant to the provisions of Article 44 (1) 1, when a decision falling under any of the following subparagraphs is confirmed, the court shall continue the procedures for distributing dividends and publish the gist thereof:

1. A decision made to dismiss an application filed for commencing the rehabilitation procedures;

2. A decision made to discontinue rehabilitation procedures pursuant to the procedures under Articles 285 through 287;

3. A decision made not to grant authorization for a rehabilitation plan.

**Article 512 (Exclusion of Creditors and Holders of Rights to Separate Settlement with Objection to Dividends)**

(1) With respect to any claim to which an objection is raised, when any creditor fails to file an application with a trustee in bankruptcy for a final claim inspection judgment and a lawsuit pursuant to the provisions of Article 463 (1) or to attest the takeover of any lawsuit within 14 days from the date on which the dividends are published, he/she shall be excluded from receiving the dividends.

(2) When the holder of the right to separate settlement fails to attest to the commencement of a disposition of the objective of the right and to substantiate the amount of a claim that cannot be repaid on the grounds of such disposition, he/she shall be excluded from receiving dividends.

**Article 513 (Correction of Dividend Table)**

In cases falling under any of the following subparagraphs, the trustee in bankruptcy shall immediately correct the dividend table:

1. When the grounds for correcting the table of bankruptcy creditors accrues within the period during which the dividends are excluded;

2. When the attestant and the substantiation provided for in the provisions of Article 512 are made;

3. When the holder of the right to separate settlement expresses to the trustee in bankruptcy an intention to renounce his/her right and attests to the amount of claims that cannot not be repaid by the exercise of his/her right within the period during which dividends are excluded.

**Article 514 (Objection Raised to Dividend Table)**

(1) Any creditor may raise objections to the court with respect to the dividend table only within seven days after the lapse of the dividend exclusion period.

(2) When the court orders any correction of the dividend table, it shall retain the written decision in order for interested persons to inspect it. In this case, the appeal period shall be calculated from the date on which such written decision is retained in the court.

(3) An immediate appeal may be filed against the decision made by the court upon the application referred to in the provisions of paragraph (1). In this case, the appeal period when the court orders the correction of the dividend table shall be calculated from the date on which the written decision is retained in the court.

**Article 515 (Notification of Decision on Dividend Rates)**

(1) When an objection is raised after the lapse of the period provided for in the provisions of Article 514 (1), the trustee in bankruptcy shall promptly set the dividend rates after a decision is made on such objection and notify creditors who are entitled to the dividends of such dividend rates.

(2) When the dividend rates are set, approval thereof shall be obtained from the court: Provided, That agreement thereon shall be obtained from a member of the audit committee when he/she is accessible.

**Article 516 (Distribution of Dividends to Creditors with Condition for Recession)**

Anyone who holds the claims subject to recession shall not be entitled to the distribution of dividends unless he/she furnishes substantial security.

**Article 517 (Means of Distributing Dividends)**

(1) Bankruptcy creditors shall receive the distribution of their dividends at the place in which the trustee in bankruptcy performs his/her duties: Provided, That the same shall not apply to cases where any agreement is reached between the trustee in bankruptcy and the bankruptcy creditors with respect to the place in which they receive the distribution of such dividends.

(2) The trustee in bankruptcy shall, when he/she distributes dividends, enter the amount of dividends that are distributed in the table of bankruptcy creditors and the evidential document of claims and ascribe his/her name on, and affix his/her seal to such table and such evidential document.

**Article 518 (Preferential Distribution of Dividends to Persons Excluded from Previous Distribution of Dividends)**

When any creditor excluded from a previous distribution of dividends on the grounds of his/her failure to make the attestant and substantiation provided for in the provisions of Article 512 makes such attestant and substantiation within the dividend exclusion period in which he/she is excluded, he/she shall be preferentially entitled to the distribution of the same amount of dividends as that of the dividends that he/she was to take on the same order.

**Article 519 (Bailment of Proceeds of Dividends)**

The trustee in bankruptcy shall bail the dividend proceeds for claims falling under any of the following subparagraphs:

1. Claims to which an objection is raised pursuant to the provisions of Articles 462 through 464 or 466 and for which an application is filed for the final claim inspection judgment and a lawsuit is filed and the lawsuit is taken over;

2. Claims for which any administrative trial, lawsuit and objection procedures are pending before the notification of the dividend rates are made;

3. Claim amounts that are substantiated by the holder of the right to separate settlement pursuant to the provisions of Article 512 (2);

4. Condition precedent claims and future claims;

5. Claims subject to recession for which no security is offered pursuant to the provisions of Article 516.

**Article 520 (Permission for Final Dividends)**

Where the trustee in bankruptcy distributes final dividends, he/she shall obtain permission therefor from the court even if agreement is obtained form a member of the audit committee.

**Article 521 (Period During which Distribution of Final Dividends is Excluded)**

The period during which the distribution of final dividends must be excluded shall be set by the court within not less than 14 days to not more than 30 days from the date on which the distribution of dividends is published.

**Article 522 (Decision on Amount of Final Dividends and Notification Thereof)**

In the final dividends, the trustee in bankruptcy shall promptly set the amount of dividends for each of the creditors and notify the creditors of the amount of such dividends after any objections raised to the dividend table are settled.

**Article 523 (Exclusion of Condition-Precedent Creditors)**

When condition precedent claims or future claims cannot be exercised within the dividend exclusion period for the final dividends, the relevant creditors shall be excluded from the distribution of dividends.

**Article 524 (Payments to Creditors Subject to Recession)**

When conditions on the claims subject to recession are not met within the dividend exclusion period for the final dividends, any security provided pursuant to the provisions of Article 516 shall lose its effect and the sum bailed pursuant to the provisons of subparagraph 5 of Article 519 shall be paid to creditors. The same shall apply to the security furnished and the sum bailed pursuant to the provisions of Article 419.

**Article 525 (Exclusion of Holder of Right to Separate Settlement)**

When a holder of the right to separate settlement fails to express his/her intention to renounce his/her right to the trustee in bankruptcy and to attest of the amount of claims that cannot be repaid by the exercise of his/her right within the dividend exclusion period, he/she shall be excluded from the distribution of dividends.

**Article 526 (Distribution of Bailment Funds)**

The sum bailed for creditors who are excluded from the distribution of dividends pursuant to the provisions of Article 523 or 525 shall be distributed to other creditors. The same shall apply to the sum bailed pursuant to the provisions of Article 418.

**Article 527 (Correction of Dividend Table if New Assets)**

When any assets are found to exist, which are to be appropriated for new dividends, before the notification of the dividend amount is mailed out, the trustee in bankruptcy shall correct the dividend table without delay.

**Article 528 (Deposit of Dividend Sum)**

The trustee in bankruptcy shall deposit the dividend amount falling under any of the following subparagraphs for creditors:

    1. A dividend sum bailed pursuant to the provisions of subparagraph 1 or 2 of Article 519;

    2. A dividend sum on any claim for which an administrative trial, lawsuit or objection procedures are still pending before the notification of the dividend amount is mailed out;

3. A dividend sum that remains unpaid to creditors.

## Article 529 (Accounting Report at Assembly of Creditors)

An assembly of creditors called to deliberate on the accounting report shall pass a resolution concerning the disposal of the assets that are not liquidated after the trustee in bankruptcy recognizes it as being valueless.

## Article 530 (Decision and Publication of Bankruptcy Termination)

When the assembly of creditors is closed, the court shall decide on the termination of bankruptcy and publish the main passage of such decision and the summary of the grounds thereof.

## Article 531 (Publication of Additional Dividends and Notification of Dividend Sum)

(1) When any new assets are found to be appropriated for dividends after the dividend sum is notified, the trustee in bankruptcy shall further distribute dividends after obtaining permission therefor from the court. The same shall apply to cases where any new assets are found to be appropriated to dividends after the termination of bankruptcy.

(2) When the trustee in bankruptcy obtains permission to make additional dividends, he/she shall promptly publish the dividend sum and then set the dividend sum for each creditor and notify such creditors thereof.

## Article 532 (Standards for Additional Dividends)

The additional dividends shall be made according to the dividend table prepared for final dividends.

## Article 533 (Accounting Report)

(1) When the trustee in bankruptcy distributes additional dividends, he/she shall promptly prepare an accounting report and obtain authorization thereon from the court.

(2) An immediate appeal may be filed against the authorization referred to in the provisions of paragraph (1).

## Article 534 (Estate Creditors Unknown to Trustees in Bankruptcy)

Any estate creditor who is not known to the trustee in bankruptcy before the dividend rates or dividend amounts are notified is not entitled to the repayment of any dividends.

## Article 535 (Effect On Confirmed Claims of Debtor Declared Bankrupt and Entered in Table of Bankruptcy Creditors)

(1) When the debtor fails to state any objection to confirmed claims on the claim inspection date, his/her entry in the table of bankruptcy creditors shall have the same effect as that of final judgment on a debtor who is declared bankrupt.

(2) Any creditor may perform the compulsory execution according to entry in the table of bankruptcy creditors after the termination of bankruptcy. In this case, the provisions of Articles 2 through 18, 29, and 28 through 55 of the Civil Execution Act shall apply mutatis mutandis to such creditor.

## Article 536 (Application Filed for Restoration)

(1) When the debtor fails to be present on the claim inspection date on grounds for which he/she is not responsible, he/she may file an application with the bankruptcy court for his/her restoration in order to supplement his/her objection later within seven days from the date on which such grounds cease to arise.

(2) The court shall deliver the application for restoration to the creditor of claims to which the debtor raises an objection by its authority.

(3) When the court permits the restoration, the court's act shall have the same effect as that of an objection that is stated by the debtor on the claim inspection date. In this case, the court official of Grade V, etc. shall enter the objection in the table of bankruptcy creditors.

(4) An immediate appeal may be filed against any judgment on the application filed for restoration provided for in the provisions of paragraph (1).

### Article 537 (Residual Inherited Assets)

When inherited property are subject to a declaration of bankruptcy, any inheritance creditor and any person who takes the legacy who are excluded from final dividends may exercise their rights on any residual assets.

### Article 538 (Application Filed for Discontinuation of Bankruptcy by Way of Agreement)

(1) In cases falling under either of the following subparagraphs, the court may decide to discontinue a bankruptcy upon receiving an application therefor from the debtor:

1. The debtor obtains an agreement from all bankruptcy creditors who report their claims within the claim report period provided for in the provisions of Article 447;

2. If the debtor fails to obtain the agreement referred to in the provisions of subparagraph 1, he/she takes security from the bankruptcy estate after obtaining an agreement thereon from other bankruptcy creditors.

(2) The court shall determine whether the agreement of creditors is necessary for unconfirmed claims. The same shall apply to cases whether any security offered to any bankruptcy creditor is substantial.

(3) An immediate appeal may be filed against the determination referred to in the provisions of paragraph (1).

### Article 539 (Application Filed by Corporation, etc for Discontinuing Bankruptcy)

(1) The application filed by any corporation for discontinuing the bankruptcy thereof shall require agreement from all of its directors.

(2) The application for discontinuing the bankruptcy regarding any inherited assets shall be filed by the inheritor. In this case, where there are multiple inheritors, agreement from each of them is required.

### Article 540 (Application Filed for Discontinuing Bankruptcy and Corporate Continuation)

When any corporation that has been declared bankrupt intends to file an application for discontinuing its bankruptcy, any incorporated association shall take the same procedures for its continuation as those for making an amendment in the articles of association. Any incorporated estate shall take the procedures for its continuation after obtaining permission therefor from the competent administrative agency, respectively.

### Article 541 (Submission of Written Verification)

When an application is filed for discontinuing a bankruptcy, a written statement attesting to the fulfillment of application requirements shall be submitted.

**Article 542 (Publication of Applications for Discontinuing Bankruptcies and Keeping of Documents)**

The court shall publish the gist of the applications filed for discontinuing bankruptcies and keep documents concerning the applications in order for interested persons to peruse them.

**Article 543 (Objections Raised by Creditors)**

(1) Any bankruptcy creditor may raise objections to the court with respect to any application filed for discontinuing the bankruptcy within 14 days from the date on which the publication provided for in the provisions of Article 542 is made.

(2) Any bankruptcy creditor who makes a report before the period referred to in the provisions of paragraph (1) lapses may file an application with the court for objecting to any application filed for discontinuing the bankruptcy.

**Article 544 (Hearing of Opinions of Persons Concerned)**

The court shall hear the opinions of the debtor, the trustee in bankruptcy and the bankruptcy creditor who raises an objection about whether the requirements necessary for a decision to discontinue the bankruptcy are met after the lapse of the period provided for in the provisions of Article 543 (1).

**Article 545 (Discontinuation of Bankruptcy for Lack of Funding)**

(1) When the bankruptcy estate is recognized as being unable to appropriate funds incurred in the bankruptcy procedures after it is declared bankrupt, the court shall decide to discontinue its bankruptcy by its inherent jurisdiction or upon receiving an application filed by the trustee in bankruptcy. In such cases, the court shall hear the opinion of the assembly of creditors.

(2) The provisions of paragraph (1) shall not apply to cases where a prepaid amount is sufficient to appropriate funds for expenses incurred in the bankruptcy procedures.

(3) An immediate appeal may be filed against the decision referred to in the provisions of paragraph (1).

**Article 546 (Publication of Decision to Discontinue Bankruptcy)**

When the court decides to discontinue any bankruptcy, it shall publish the main passage of the decision and the summary of reasons thereof.

**Article 547 (Repayment and Deposit of Estate Claims)**

When a decision to discontinue the bankruptcy is confirmed, the trustee in bankruptcy shall repay the estate claims and with respect to any claim to which an objection is raised, the trustee in bankruptcy shall deposit such claim for creditors.

**Article 548 (Mutatis Mutandis Provisions)**

(1) The provisions of Article 535 shall apply mutatis mutandis to cases where a decision to discontinue the bankruptcy is confirmed.

(2) The provisions of Article 567 shall apply mutatis mutandis to cases where a corporate debtor is dissolved on the grounds of a decision to terminate or discontinue the bankruptcy.

**Article 549 (Requirements for Summary Bankruptcy)**

(1) When the amount of assets that belong to the bankruptcy estate are recognized as being 500 million won or less, the court shall declare the bankruptcy estate bankrupt and determine the summary bankruptcy

thereof.

(2) In cases under paragraph (1), the court shall publish the main passage of the summary bankruptcy decision in addition to the matters referred to in each subparagraph of Article 313 (1) and enter it in the written statement referred to in the provisions of paragraph (2) of the same Article.

**Article 550 (Decision on Summary Bankruptcy in Course of Bankruptcy Procedures)**

(1) When the amount of assets belonging to the bankruptcy estate in the process of the bankruptcy are found to be 500 million won or less, the court may decide on a summary bankruptcy for it by its inherent jurisdiction or upon receiving an application filed by interested persons.

(2) When the court decides on summary bankruptcy pursuant to the provisions of paragraph (1), it shall publish the main passage of the decision and deliver a written statement in which the main passage of such decision is entered to the trustee in bankruptcy, any member of the audit committee, each creditors and the debtor each of whom is known.

**Article 551 (Cancellation of Summary Bankruptcy)**

When the amount of the assets belonging to the bankruptcy estate are found to be, or to exceed 500 million in the process of summary bankruptcy procedures, the court may decide to cancel the summary bankruptcy by its inherent jurisdiction or upon receiving an application filed by interested persons. In this case, the provisions of Article 550 (2) shall apply mutatis mutandis thereto.

**Article 552 (Combination of Date of Assembly of Creditors and Claim Inspection Date)**

In cases of summary bankruptcy procedures, the date on which the first assembly of creditors is held and the date on which claims are inspected shall be combined, except when there are circumstances that make this impracticable.

**Article 553 (Nonestablishment of Audit Committee)**

In cases of summary bankruptcy, no audit committee shall be established.

**Article 554 (Decision in Lieu of Resolution of Assembly of Creditors)**

In cases of summary bankruptcy procedures, the decision made by the court shall be substituted for the resolution passed at the assembly of creditors, except for the resolution passed at the first assembly of creditors and the resolution passed at the assembly of creditors on the claim inspection and the accounting report.

**Article 555  (One-Time Distribution of Dividends)**

In cases of summary bankruptcy procedures, the distribution of dividends shall be made once, and the final distribution of dividends shall be governed by the provisions regarding the distribution of dividends: Provided, That additional dividends may be distributed.

**Article 556 (Application for Immunity)**

(1) An individual debtor may file an application with the court for his/her immunity within one month after the date on which the declaration of his/her bankruptcy is confirmed from the date on which a petition of his/her bankruptcy is filed.

(2) When the debtor is unable to file an application for his/her immunity referred to in the provisions of paragraph (1) on grounds for which he/she is not responsible, he/she may file an application for his/her immunity within 30 days from the date on which such grounds cease to arise.

(3) Where the debtor files a petition for bankruptcy, the debtor shall be deemed to file an application for his/her immunity and also to file the petition for bankruptcy, excepting cases where he/she expresses his/her intention to oppose such petition and such application.

(4) When an application is filed for any immunity, no application may also be filed for discontinuing the bankruptcy pursuant to the provisions of Article 538.

(5) When an application is filed for discontinuing the bankruptcy pursuant to the provisions of Article 538, no application for immunity may be filed before a decision to dismiss the application filed for discontinuing the bankruptcy is confirmed.

(6) The application for immunity shall be accompanied by the list of creditors: Provided, That when it is not possible to submit the list of creditors with the application for immunity, the grounds therefor shall be substantiated and then the list of creditors shall be promptly submitted.

(7) Where it is deemed that the application for the immunity has been filed pursuant to the provisions of paragraph (3), the list of creditors that is submitted pursuant to the provisions of Article 302 (2) 1 shall be deemed the list of creditors referred to in the provisions of paragraph (6).

**Article 557 (Suspension of Compulsory Execution)**

(1) When an application is filed for immunity, a decision to discontinue bankruptcy is confirmed or it is decided to terminate bankruptcy, any compulsory execution based on bankruptcy claims, any provisional seizure or any provisional disposition on the debtor's assets shall be barred until a judgment on the application filed for immunity is confirmed and the compulsory execution, provisional seizure or provisional disposition on the debtor's assets, which have already been performed before the debtor is declared bankrupt, shall be suspended.

(2) When a decision for immunity is confirmed, the procedures suspended pursuant to the provisions of paragraph (1) shall lose their effect.

**Article 558 (Examination of Debtor)**

(1) When anyone who files an application for immunity is declared bankrupt, the court may examine the debtor on the date that it has set.

(2) When the court decides to set the date pursuant to the provisions of paragraph (1), it shall publish such date and notify such decision to the trustee in bankruptcy and bankruptcy creditors, each of whom are scheduled to receive the immunity and are known to the court.

(3) The provisions of paragraph (2) shall apply mutatis mutandis to any change in the date as well as the extension and the continuation of the questioning referred to in the provisions of paragraph (1).

(4) The provisions of the proviso to Article 457 shall apply mutatis mutandis to the decision referred to in the provisions of paragraphs (2) and (3).

(5) The date referred to in the provisions of paragraph (1) and the date on which the assembly of creditors is held and on which the claims are inspected may be combined.

**Article 559 (Grounds for Dismissing Application Filed for Immunity)**

(1) In the events falling under any of the following subparagraphs, the court may dismiss any application filed for immunity:

    1. When the debtor fails to qualify himself as entitled to file any application;

    2. When an application filed for bankruptcy procedures for the debtor is dismissed;

    3. When the debtor fails to prepay for expenses for the bankruptcy procedures;

    4. When the application is not bona fide.

(2) The debtor whose application for immunity is declined pursuant to the provisions of paragraph (1) shall be prohibited from re-filing an application for immunity under the same bankruptcy.

(3) An immediate appeal may be filed against the decision referred to in the provisions of paragraph (1).

**Article 560 (Inspection Report by Trustees in Bankruptcy)**

The court may order the trustee in bankruptcy to inspect whether grounds for refusing to permit immunity exist and to report the results thereof on the examination date provided for in the provisions of Article 558.

**Article 561 (Keeping of Documents, etc, concerning Application for Immunity)**

The court shall keep documents falling under both of the following subparagraphs in order for inspection by interested persons to peruse them:

    1. Documents concerning application for immunity;

    2. Documents concerning the reports of trustees in bankruptcy.

**Article 562 (Objection to Application for Immunity)**

(1) Any prosecutor, trustee in bankruptcy or bankruptcy creditor who is entitled to the effect of immunity may raise any objections to the court regarding the application for immunity within 30 days (where the examination date is not set, the date that is set by the court) from the examination date provided for in the provisions of Article 558: Provided, That when any justifiable grounds exist, the court may extend the period upon receiving an application therefor.

(2) When an objection is raised pursuant to the provisions of paragraph (1), the grounds for not permitting the immunity provided for in the provisions of each subparagraph of Article 564 (1) shall be substantiated.

**Article 563 (Hearing of Opinion about Objections)**

When an objection is raised pursuant to the provisions of Article 562 (1), the court shall hear the opinions of the debtor and the person who has raised such objection.

**Article 564 (Immunity Granted)**

(1) The court shall grant immunity except in the events falling under any of the following subparagraphs:

    1. When it is recognized that an act falling under the offense of Articles 650, 651, 653, 656 or 685 is perpetrated by the debtor;

    2. When the debtor, notwithstanding the grounds of his/her bankruptcy within one year before he/she is declared, acquires any assets through credit transaction by deceit, and concealing the fact in order to

prevent other persons from recognizing such fact;

3. When the debtor submits a falsified list of creditors and other falsified application documents to the court or falsely states the current holding of his/her assets to the court;

4. When seven years have yet to lapse for the debtor from the date on which a decision to grant him/her immunity is confirmed where he/she receives immunity pursuant to this Article before he/she files an application for the immunity, or when five hears have yet to lapse for the debtor from the date on which a decision to grant him/her immunity is confirmed where he/she receives immunity pursuant to the provisons of Article 624;

5. When the debtor violates his/her duties prescribed by this Act;

6. When the debtor is found to drastically decrease the value of his assets by excessive waste money, gambling or speculation or to incur excessive indebtedness.

(2) Even where the grounds for not granting immunity referred to in any subparagraph of paragraph (1) exist, the court may grant immunity taking into account the circumstances and other situations that result in the debtor's bankruptcy.

(3) The court shall, when it decides to grant immunity, publish the main passage of the decision and the gist of the grounds therefor. In this case, no delivery need be made.

(4) An immediate appeal may be filed against any decision on regarding grant immunity.

### Article 565 (Timing of Effect of Decision to Grant Immunity)

The effect of immunity shall arise only after a decision to grant such immunity is confirmed.

### Article 566 (Effect of Immunity)

The debtor who has been granted immunity shall be exempted from the liabilities for his/her all debts to bankruptcy creditors, except for the dividends according to the bankruptcy procedures: Provided, That the debtor shall not be exempted from liabilities with respect to any of the following claims: *<Amended by Act No. 9935, Jan. 22, 2010>*

1. Taxes;

2. Fines, minor fines, criminal litigation costs, additional collection charges, and administrative fines;

3. Compensation for damages caused by any illegal act which the debtor commits intentionally;

4. Compensation for damages caused by any illegal act of the debtor of, by gross negligence, inflicting harm on the life and body of any other person;

5. The wages, severance allowances, and compensations for disaster of the debtor's employees;

6. The deposit funds and personal identity guarantee funds of the debtor's employes;

7. Claims which a debtor has maliciously omitted from the list of creditors: Provided, That the same shall not apply to a creditor of the claims who is aware of the fact that the debtor has been declared bankrupt;

8. Expenses that the debtor is to pay, as a fosterer or a person under obligation to support;

9. Principal and interest of students loans to be reimbursed after their employment under the Special Act on Income Contingent Loan.

**Article 567 (Effect on Guarantor, etc.)**

The immunity shall not affect the rights that are held by creditors on guarantors of the debtor and any other persons who bear obligations together with the debtor and any security that is furnished for any bankruptcy creditor.

**Article 568 (Entry of Decision to Grant Immunity)**

The clerk, etc, of the court shall, when a decision to grant immunity is confirmed, enter the gist of the confirmation of such decision in the table of bankruptcy creditors if such table is in existence.

**Article 569 (Revocation of Immunity)**

(1) When the debtor is convicted of fraudulent bankruptcy and is given a final verdict provided for in the provisions of Article 650, the court may decide to revoke his/her immunity by its authority or upon receiving an application filed by bankruptcy creditors. The same shall apply to cases where the debtor receives immunity by means of illegality, and so bankruptcy creditors file an application for the revocation of his/her immunity within one year after the debtor is granted such immunity.

(2) An immediate appeal may be filed against the decision referred to in the provisions of paragraph (1).

**Article 570 (Hearing of Opinions about Revocation of Immunity)**

The court shall hear opinions of the debtor and applicants before it grants a judgment on the revocation of the debtor's immunity.

**Article 571 (Timing for Effect of Decision to Revoke Immunity)**

The effect of a decision to revoke immunity shall accrue after such decision is confirmed.

**Article 572 (Priority Rights of New Creditors)**

When immunity is revoked, anyone who holds claims on grounds that accrue from between the time immunity is granted and the time such immunity is revoked shall entitled to greater preference for repayments than other creditors.

**Article 573 (Entry of Decision to Revoke Immunity)**

Where a decision to revoke immunity is confirmed. the court official of Grade V, etc. shall, if they have the table of bankruptcy creditors, enter the gist of the confirmation of the decision to cancel the immunity in such table.

**Article 574 (Obligatorily Restoration)**

(1) A debtor who is declared bankrupt shall be restored, when he/she falls under any of the following subparagraphs:

1. When a decision to grant immunity is confirmed;

2. When a decision to discontinue the bankruptcy based on the application filed pursuant to the provisions of Article 538 is confirmed;

3. When the debtor for whom 10 years have lapsed without being convicted of fraudulent bankruptcy and being given a final verdict pursuant to the provisions of Article 650 after he/she is declared bankrupt.

(2) When a decision to cancel immunity is confirmed, the restoration referred to in the provisions of paragraph (1) 1 shall lose its effect in the future.

**Article 575 (Restoration by Application)**

(1) When the debtor who is subject to a declaration of bankruptcy that cannot be restored pursuant to the provisions of Article 574 is exempted from his/her responsibility for the whole of his/her obligations by means of repayments and other methods, the bankruptcy court shall decide to restore the debtor upon receiving an application filed by the debtor who is declared bankrupt.

(2) When the debtor who is declared bankrupt files an application for his/her restoration, he shall submit a written statement attesting to the exemption of his/her responsibility.

(3) An immediate appeal may be filed against the decision referred to in the provisions of paragraph (1).

**Article 576 (Publication of Application for Restoration)**

Upon receiving an application for restoration, the court shall publish the gist thereof and retain documents concerning the application in it in order for interested persons to inspection.

**Article 577 (Objection Raised to Application for Restoration)**

(1) Any bankruptcy creditor may file with the court an objection to the application for restoration within 3 months from the date on which the publication provided for in the provisions of Article 576 is made.

(2) When the objection is filed pursuant to the provisions of paragraph (1), the court shall hear the opinions of the debtor who is declared bankrupt and the bankruptcy creditor who files such objection.

**Article 578 (Timing of Effect of Decision on Restoration)**

A decision on the restoration shall take effect after such decision is confirmed.

**Article 578-2 (Scope of Application)**

Except as otherwise expressly provided for in this Chapter, the provisions of the Chapters 1 through 7 of Part 3 shall apply to the bankruptcy regarding limited-liability trust property.

**Article 578-3 (Persons Who Have Right to File Petition for Bankruptcy)**

(1) Any trust creditor, beneficiary, trustee, administrator of trust property, or liquidating trustee under Article 133 of the Trust Act may file a petition for bankruptcy regarding limited-liability trust property.

(2) Where any trust creditor or beneficiary files a petition for bankruptcy, he/she shall clarify the existence of his/her trust claims or entitlement to benefits and the facts leading to bankruptcy.

(3) Where several trustees or administrators of trust property exist, they shall clarify the facts leading to bankruptcy, unless all the trustees or administrators of trust property file a petition for bankruptcy.

(4) A petition for bankruptcy regarding limited-liability trust property may be filled until the transfer of any residual property has been completed after the termination of the trust.

**Article 578-4 (Grounds for Bankruptcy)**

(1) Where it is impossible to make payments by means of the limited-liability trust property alone, the court shall, upon petition, declare bankruptcy by decision.

(2) Where a trustee interrupts to make payments to trust creditors or beneficiaries, it shall be presumed that it is impossible to make payments by means of the limited-liability trust property.

(3) Where it is impossible to fully reimburse trust creditors or beneficiaries for debts from the proceeds of the limited-liability trust property, the court may, upon petition, declare bankruptcy by decision.

**Article 578-5 (Notification, etc. of Bankruptcy of Trust Property)**

(1) Where a court has declared bankruptcy regarding limited-liability trust property, it shall notify the competent administrative agency thereof, if the project, which is the object of the limited-liability trust property, has been granted permission from the administrative agency.

(2) Where a decision to cancel or discontinue the bankruptcy regarding limited-liability trust property is finally confirmed, or where a decision to complete bankruptcy has been made, the court shall give notification in the same manner as provided in paragraph (1), if the project, which is the object of the limited-liability trust property, has been granted permission from the administrative agency.

(3) Where bankruptcy regarding limited-liability trust property has been declared, the provisions of Articles 23 through 27 shall apply mutatis mutandis to the commission, etc. of registration.

**Article 578-6 (Arrest of Trustee, etc. of Trust Declared Bankrupt)**

(1) Where a court has declared bankruptcy with regard to the limited-liability trust property, it may issue an order for arrest of any of the following persons, if deemed necessary:

    1. The trustee or the administrator of trust property;

    2. The legal representative of the trustee;

    3. The manager of the trustee;

    4. The director of a corporate trustee.

(2) Where a petition for bankruptcy regarding limited-liability trust property has been filed, the court may issue an order for arrest of any person falling under any of the subparagraphs of paragraph (1) upon request by any interested person or ex officio, even before the declaration of bankruptcy.

(3) Article 319 (2) and (3) shall apply mutatis mutandis to the arrest under paragraphs (1) and (2).

**Article 578-7 (Duty of Trustee, etc. of Trust Declared Bankrupt to Provide Explanations)**

(1) Where bankruptcy regarding limited-liability trust property has been declared, each person who falls under any of the subparagraphs of Article 578-6 (1) shall provide a necessary explanation regarding the bankruptcy, upon request by the bankruptcy trustee, a member of the audit committee, or the assembly of creditors.

(2) Paragraph (1) shall apply mutatis mutandis to persons who have been eligible to serve as any person falling under any of the subparagraphs of Article 578-6 (1).

**Article 578-8 (Preservative Measures before Declaration of Bankruptcy)**

(1) Upon request by any interested person or ex officio, a court may issue an order for provisional seizure, provisional disposition, or any other necessary preservative measure in relation to the limited-liability trust property, even before it declares bankruptcy regarding the limited-liability trust property.

(2) Article 323 (2) through (5) shall apply mutatis mutandis to court judgements made under paragraph (1).

(3) Where a preservative measure under paragraph (1) has been taken against any such right belonging to the limited-liability trust property as is registered, Article 24 (1) shall apply mutatis mutandis to the commission of registration on the preservative measure.

### Article 578-9 (Preservative Measures on Property of Trustee, etc.)

(1) Where a court has declared bankruptcy regarding the limited-liability trust property, it may, if deemed necessary, take a preservative measure in relation to any property of the trustee, previous trustee, administrator of trust property, examiner, or liquidating trustee under Article 133 of the Trust Act (hereinafter referred to as "trustee, etc."), upon request by the bankruptcy trustee or ex officio, in order to preserve any claim for damages based on any liability of the trustee, etc.

(2) The provisions of Article 351 (2) through (7) shall apply mutatis mutandis to the preservative measures prescribed in paragraph (1).

(3) Where any preservative measure is taken, Article 24 (1) shall apply mutatis mutandis to the commission of registration or register on such measure.

### Article 578-10 (Judgement of Investigating and Confirming Claims for Damages, etc. against Trustee, etc.)

(1) Where bankruptcy regarding limited-liability trust property has been declared, if deemed necessary, the court may, upon request by the bankruptcy trustee or ex officio, make a judgement to investigate and verify whether any claim for damages based on any liability of the trustee, etc. exist as well as the details of such claim.

(2) Article 352 (2) through (9), and Articles 353 and 354 shall apply mutatis mutandis to the judgements for investigation and confirmation under paragraph (1).

### Article 578-11 (Bankruptcy Trustee)

Where bankruptcy regarding limited-liability trust property has been declared, any of the following powers may be exercised only by the bankruptcy trustee:

1. A claim for restitution, etc. under Article 43 of the Trust Act;
2. A cancellation under Article 75 (1) 2 of the Trust Act;
3. A request for an injunction under Article 77 of the Trust Act;
4. A claim for compensation under Article 121 of the Trust Act (limited to a claim against beneficiary).

### Article 578-12 (Bankruptcy Estate)

Where bankruptcy regarding limited-liability trust property has been declared, such property shall become the sole property of the bankruptcy estate.

### Article 578-13 (Negation in Limited-liability Trust)

Where bankruptcy regarding limited-liability trust property has been declared, "debtor" shall be construed as "trustee or administrator of trust property" in applying Articles 391 through 392, 398 and 499.

### Article 578-14 (Right of Reacquisition in Limited-Liability Trust)

Where bankruptcy regarding limited-liability trust property has been declared, "property not belonging to the debtor" referred to in Article 407 and "debtor" referred to in Article 410 shall be construed as

"property not belonging to the trust property" and "trustee or administrator of trust property", respectively, in applying Articles 407 and 410.

**Article 578-15 (Value of Bankruptcy Claims in Cases of Bankruptcy of Trust Property)**

(1) Where bankruptcy regarding limited-liability trust property has been declared, the trust creditor, beneficiary, or trustee may exercise the right as a bankruptcy creditor against the bankruptcy estate, for the amount prescribed according to the following categorization:

1. The trust creditor or beneficiary: the total amount of trust claims, or beneficiary claims under Article 62 of the Trust Act, which are held by the creditor or beneficiary at the time of the declaration of bankruptcy;

2. The trustee: the total amount of claims for the trust property.

(2) Where bankruptcy regarding limited-liability trust property has been declared, a person who holds any claim under Article 118 (1) of the Trust Act may, for the total amount of such claims, exercise the right as a bankruptcy creditor against the bankruptcy estate of the trustee.

**Article 578-16 (Order of Priority of Bankruptcy Claims in Cases of Bankruptcy regarding Trust Property)**

(1) Where bankruptcy regarding limited-liability trust property has been declared, trust claims shall take priority over beneficiary claims under Article 62 of the Trust Act.

(2) Claims which the trustee or administrator of trust property, and creditors (including beneficiaries) decide to subordinate to the other claims in the bankruptcy procedure for limited-liability trust property, shall be deemed subordinate to the other claims, as so decided.

**Article 578-17 (Special Rules concerning Discontinuation of Bankruptcy)**

A petition for discontinuation of bankruptcy regarding limited-liability trust property shall be filed by the trustee or administrator of trust property. In such cases, if several trustees or administrators of trust property exist, unanimous consent shall be required thereby.

**Article 579 (Definition of Terms)**

The terms used in this procedure shall be defined as follows: <*Amended by Act No. 9924, Jan. 1, 2010; Act No. 10366, Jun. 10, 2010; Act No. 12153, Jan. 1, 2014*>

1. The term "individual debtor" means a salaried income earner or operating income earner who bears debts of not more than the amount falling under any of the following items, for whom there exists or is likely to exist any cause leading to the bankruptcy:

(a) One billion won, in cases of individual rehabilitation claims which are guaranteed by any lien, pledge, mortgage, right to property transferred for security, right of provisional registered security, security right under the Act on Security over Movable Property, Claims, Etc., right to lease on a deposit basis, or priority right;

(b) Five hundred million won, in cases of other individual rehabilitation claims which do not fall under item (a);

2. The term "salaried income earner" means an individual who is expected to obtain salary, annuity, or any other regular and fixed income similar thereto;

3. The term "operating income earner" means an individual who is expected to obtain real estate rental income, business income, agricultural income, forestry income, and other similar income continuously and repeatedly in the future;

4. The term "disposable income" means the remaining amount calculated by deducting the amounts of items (b) through (d) from the amount of item (a):

(a) The aggregate amounts of the salary, annuity, real estate rental income, business income, agricultural income, forestry income, and all kinds of reasonably expected other incomes;

(b) The amount of income tax, per capital portion of resident tax, individual local income tax, social health insurance contribution, and other similar incomes, as prescribed by Presidential Decree;

(c) The amount of living costs necessary for keeping a life worthy of human being of a debtor and his/her dependents, determined by the court in comprehensive consideration of the minimum cost of living published under the provisions of Article 6 of the National Basic Living Security Act, the age of the debtor, the age and number of his/her dependents, residential district, prices situation, and other necessary matters;

(d) Expenses necessary for managing, preserving, and continuing the business of the debtor, if he/she is engaged in business.

### Article 580 (Individual Rehabilitation Estate)

(1) The assets falling under both of the following subparagraphs shall belong to the individual estate:

1. All assets held by the debtor at the time that it is decided to commence individual rehabilitation procedures for him/her and the claims to be exercised by the debtor in the future on the grounds that arise before it is decided to commence such individual rehabilitation procedures;

2. The assets and income acquired by the debtor in the process of the individual rehabilitation procedures.

(2) The debtor shall be entitled to manage and dispose of the individual estate: Provided, That the same shall not apply where it is prescribed otherwise in the authorized repayment plan.

(3) The provisions of Article 383 shall apply mutatis mutandis to the individual rehabilitation estate referred to in the provisions of paragraph (1) 1. In such cases, "bankruptcy estate" shall be deemed "individual rehabilitation estate," "bankruptcy declaration" shall be deemed "decision to commence individual rehabilitation procedures," and "bankruptcy procedures" shall be deemed "individual rehabilitation procedures," respectively.

(4) With respect to assets exempted pursuant to the provisions of paragraph (3), the compulsory execution, provisional seizure or provisional disposition based on individual rehabilitation claims shall not be performed until a decision to discontinue the individual rehabilitation procedures or a decision on immunity is confirmed.

**Article 581 (Individual Rehabilitation Claims)**

(1) Any claim on assets that accrue from causes due to the debtor before it is decided to commence individual rehabilitation procedures shall be made individual rehabilitation claims.

(2) The provisions of Articles 425 through 433, 439, 442 and 446 shall apply mutatis mutandis to individual rehabilitation claims. In such cases, "bankruptcy declaration" shall be deemed "decision to commence individual rehabilitation procedures," "bankruptcy estate" shall be deemed "individual rehabilitation estate," "bankruptcy claims" shall be "individual rehabilitation claims," "bankruptcy creditors" shall be deemed "individual rehabilitation creditors," "amount of bankruptcy claims" shall be deemed "amount of individual rehabilitation claims" and "bankruptcy procedures" shall be deemed "individual rehabilitation procedures," respectively.

**Article 582 (Repayment of Individual Rehabilitation Claims)**

With respect to individual rehabilitation claims that are entered in the list of individual rehabilitation creditors, any act extinguishing such claims by repaying for them or being repaid for them shall be prohibited from being performed without resorting to the repayment plan.

**Article 583 (Individual Rehabilitation Estate Claims)**

(1) Any of the following claims shall be deemed the individual rehabilitation estate claims: <*Amended by Act No. 8138, Dec. 30, 2006; Act No. 8829, Dec. 31, 2007; Act No. 9346, Jan. 30, 2009; Act No. 10219, Mar. 31, 2010*>

1. Claims for remuneration and expenses of the rehabilitation commissioner;

2. Any of the following claims, which may be collected in accordance with the National Tax Collection Act or the Framework Act on Local Taxes;

   (a) Withholding taxes;

   (b) Value-added tax, individual consumption tax, and liquor tax;

   (c) Local taxes to be collected and payed by any person liable for extraordinary collection;

   (d) Educational tax, and special tax for rural areas to be levied and collected in the same manner as taxes are collected pursuant to the provisions of items (a) through (c);

3. Wages, severance allowances, and disaster compensations of the debtor's employees;

4. Claims of return for the deposit funds and personal identity guarantee funds of the debtor's employees, which have been created for any reason before the decision of the commencement of the individual rehabilitation procedure after filing a petition therefor;

5. Claims which are created from borrowing of funds, purchase of materials, or other inevitable acts indispensable for the continuation of the business, which are performed by the debtor with permission from the court before the decision on the commencement of individual rehabilitation procedure, after filing an application for such commencement;

6. Inevitable expenses to be payed for the debtor, except as otherwise provided for in subpragraphs 1 through 5.

(2) The provisions of Articles 475 and 476 shall apply mutatis mutandis to individual rehabilitation estate claims. In such cases, "estate claim", "bankruptcy procedure", and "bankruptcy claim" shall be deemed "individual rehabilitation claim", "individual rehabilitation procedure", and "individual rehabilitation claim", respectively.

**Article 584 (Negation Right)**

(1) Section 2 of Chapter III, Part III shall apply mutatis mutandis to individual rehabilitation procedures.

(2) The right to set aside shall be exercised by the debtor.

(3) The court may order the debtor to exercise his/her right to set aside by its inherent jurisdiction or upon receiving an application filed by any creditor or any rehabilitation commissioner.

(4) Any rehabilitation commissioner may participate in the exercise of the right to set aside.

(5) The right to set aside shall not be exercised one year has lapsed from the date on which it is decided to commence individual rehabilitation procedures. The same shall apply where five years have lapsed from the date on which an act provided for in any subparagraph of Article 391 is performed.

**Article 585 (Reacquisition Right)**

The provisions of Articles 407 through 410 shall apply mutatis mutandis to individual rehabilitation procedures. In such cases, "bankruptcy estate" shall be deemed "individual rehabilitation estate" and "bankruptcy declaration" shall be deemed "decision to commence individual rehabilitation procedures," respectively.

**Article 586 (Right to Foreclose Outside Bankruptcy)**

The provisions of Articles 411 through 415 shall apply mutatis mutandis to individual rehabilitation procedures. In this case, "bankruptcy estate" shall be deemed "individual rehabilitation estate," "bankruptcy declaration" shall be deemed" decision to commence individual rehabilitation procedures," respectively.

**Article 587 (Offset Right)**

The provisions of Articles 416 through 422 shall apply mutatis mutandis to individual rehabilitation procedures. In such cases, "bankruptcy petition" shall be deemed "application for commencement of individual bankruptcy procedures", "bankruptcy estate" shall be deemed "individual rehabilitation estate" and "bankruptcy declaration" shall be deemed "decision to commence individual rehabilitation procedure", respectively.

**Article 588 (Holder of Right to File Application for Commencement of Individual Bankruptcy Procedures)**

Any individual debtor may file an application with the court for commencing individual rehabilitation procedures.

**Article 589 (Written Application for Commencement of Individual Rehabilitation Procedure)**

(1) An application for commencement of the individual rehabilitation procedure shall be filed in writing, by specifying any of the following matters:

1. The name, resident registration number, and domicile of the debtor;

2. The purport and cause of the petition;

3. The property and liabilities of the debtor.

(2) The written application prescribed in the provisions of paragraph (1) shall be accompanied by any of the following documents:

1. A list of the individual rehabilitation creditors (referring to a list in which the names and domiciles of creditors and the cause and amount of claims are specified);

2. A list of property;

3. A list of the debtor's incomes and expenses;

4. Materials proving that the debtor is a salaried income earner or operating income earner;

5. A written statement;

6. Relevant documents, if the debtor has ever filed an application for rehabilitation, reconciliation, or individual rehabilitation within ten years before the application day;

7. Other documents specified by the Rule of the Supreme Court.

(3) Deleted. <by Act No. 12595, May 20, 2014>

### Article 589-2 (Modification of List of Individual Rehabilitation Creditors)

(1) A debtor may modify or correct matters entered in the list of individual rehabilitation creditors before a decision to commence the individual rehabilitation procedures is made.

(2) Notwithstanding paragraph (1), where a creditor has discovered any matter omitted or misrepresented in the list of individual rehabilitation creditors for any other reasons unattributable to the creditor, he/she may modify the list with permission from the court, even after the commencement of the individual rehabilitation procedure has been decided: Provided, That this shall not apply after a decision to authorize the reimbursement plan.

(3) Where a debtor files an application for the permission of modification of the list of individual rehabilitation creditors with the court pursuant to the main sentence of paragraph (2), he/she shall submit a reimbursement plan reflecting such modification without delay. If the debtor fails to submit the reimbursement plan, the court may refuse to permit the modification of the list of individual rehabilitation creditors.

(4) Where any matter entered in the list of individual rehabilitation creditors is modified pursuant to the main sentence of paragraph (2), the court shall set the period for filing an objection against the modified matter and make a public announcement of the period, and shall also serve on individual rehabilitation creditors who are known to the debtor and the court, a document stating such period and the modified list of individual rehabilitation creditors: Provided, That the court may not make such announcement or service, where no individual rehabilitation creditor is adversely affected by such modification or where any justifiable reason exists that such modification is deemed not contrary to the will of any individual rehabilitation creditor thus adversely affected.

**Article 590 (Prepayment of Expenses)**

When an application is filed for commencing individual rehabilitation procedures, the amount of expenses necessary for such procedures that is prescribed by the Rule of the Supreme Court shall be prepaid.

**Article 591 (Report on Accounting, etc.)**

The court and any rehabilitation commissioner may request the debtor at any time to report on his/her revenues and expenditure of funds and his/her assets work, and if it is deemed necessary, may inspect the current status of his/her assets, request any correction and take other appropriate steps.

**Article 592 (Preservation Disposition)**

(1) The court may conduct provisional seizure, provisional disposal and necessary preservation disposition of the debtor's assets by its inherent jurisdiction or upon receiving an application filed by interested persons before a decision is made to commence individual rehabilitation procedures.

(2) The court may alter or rescind the decision referred to in the provisions of paragraph (1).

(3) An immediate appeal may be filed against the decision referred to in the provisions of paragraphs (1) and (2).

(4) The immediate appeal referred to in the provisions of paragraph (3) shall not have the effect of suspending any execution.

**Article 593 (Order for Suspension)**

(1) Where an application for the commencement of individual rehabilitation procedures has been filed, the court may, if deemed necessary, order the suspension or prohibition of the procedures or any of the following acts, upon request by any interested person or ex officio, until a decision on such application is made: <Amended by Act No. 10219, Mar. 31, 2010>

1. The rehabilitation procedure or bankruptcy procedure for the debtor;

2. The compulsory execution, provisional seizure, or provisional execution conducted against any business and property of the debtor on the basis of individual rehabilitation claims therefor;

3. The creation of a security right for any business and property of the debtor, and any auction thereof for the exercise, etc. of the security right;

4. The acts of receiving or requiring reimbursement with respect to any individual rehabilitation claim: Provided, That any litigation act shall be excluded;

5. The disposition for arrears taken in accordance with the National Tax Collection Act or the Framework Act on Local Taxes, the disposition for arrears taken in accordance with the example of collecting a national tax (including the example of a disposition on national taxes or local taxes in arrears; hereinafter the same shall apply), or the disposal of any goods which are offered as a guarantee for tax liability. In such cases, the opinion of a person authorized to collect taxes shall be heard.

(2) The prescriptions shall not proceed during the period in which a disposition under the provisions of paragraph (1) 5 is under suspension.

(3) Where an application for the commencement of individual rehabilitation procedures is rejected, the procedures suspended pursuant to the provisions of paragraph (1) shall proceed.

(4) If any considerable ground exists, a court may cancel or alter an order for suspension or prohibition prescribed in the provisions of paragraph (1), upon request by any interested person or ex officio. In such cases, the court may require any security to be offered.

(5) Articles 45 through 47 shall apply mutatis mutandis to the individual rehabilitation procedures.

**Article 594 (Withdrawal of Application to Commence Individual Rehabilitation Procedures)**

The debtor may withdraw an application for commencement of individual bankruptcy procedures before a decision is made to commence such individual rehabilitation procedures: Provided. That the debtor may withdraw his/her application after obtaining permission therefor from the court after he/she takes the preservation disposition provided for in the provisions of Article 592 or the suspension order provided for in the provisions of Article 593.

**Article 595 (Grounds for Dismissal of Applications Filed to Commence Individual Rehabilitation Procedures)**

In any of the following cases, the court may dismiss any application filed for commencement of individual rehabilitation procedures:

1. When a debtor fails to qualify himself/herself as one entitled to file the application;

2. When a debtor fails to submit any documents falling under any item of Article 589 (2), prepares and submits a falsified document and fails to meet the deadline for submission as set by the court;

3. When a debtor fails to pay for expenses necessary for the procedures;

4. When a debtor fails to meet the deadline for submitting a draft repayment plan;

5. When a debtor receives immunity (including a immunity pursuant to a bankruptcy procedures) within five years before the date on which an application is filed for such immunity;

6. When resorting to individual rehabilitation procedures is not compatible with the general profits of creditors;

7. When the application is not bona fide and delays the procedures without justifiable grounds therefor.

**Article 596 (Decision To Commence Individual Rehabilitation Procedures)**

(1) The court shall decide whether to commence individual procedures within one month from the date on which an application therefor is filed.

(2) The court shall prescribe the matters falling under each of the following subparagraphs at the time that it decides to commence the individual rehabilitation procedures:

1. The period during which objections may be raised to individual rehabilitation claims (hereinafter referred to as "objection period"). In this case, the period shall range from not less than two weeks to not more than two weeks from the date on which it is decided to commence the individual rehabilitation procedures;

2. The date on which the assembly of individual rehabilitation creditors is to be held. In this case, this shall be a period ranging from not less than two weeks to not more than one month between such date and the end of the objection period.

(3) The court may extend the date and the period referred to in each item of paragraph (2) on the grounds of special circumstance.

(4) When a decision is made pursuant to the provisions of paragraph (1), the date and time shall be entered in a written decision.

(5) The decision referred to in the provisions of paragraph (1) shall take effect from the time it is made.

**Article 597 (Publication and Delivery of Commencement Publication)**

(1) When the court decides to commence individual rehabilitation procedures, it shall publish without delay the matters falling under each of the following items:

    1. The main passage of the written decision to commence individual rehabilitation procedures;

    2. The objection period is raised to them;

    3. The gist that any individual rehabilitation creditor may file an application for a final claim inspection judgment on the details of claims that are held by him/her and other individual rehabilitation creditors within the objection period;

    4. The date on which the assembly of individual rehabilitation creditors is held.

(2) The court shall deliver a written statement in which the matters falling under each of the following items are entered, the list of individual rehabilitation creditors and the draft repayment plan:

    1. The debtor;

    2. The individual rehabilitation creditors who are known;

    3. Persons who hold the debtor's assets or bear obligations for the debtor for whom the individual rehabilitation procedures commence.

(3) The provisions of paragraphs (1) and (2) shall apply to cases where any change occurs in the matters referred to in paragraph (1) 2 and 4 and the provisions of paragraph (2) shall apply to cases where the draft repayment plan is amended.

**Article 598 (Immediate Appeal Filed against Judgment on Commencement of Individual Rehabilitation Procedures)**

(1) An immediate appeal may be filed against any judgment on the application filed for commencing individual rehabilitation procedures.

(2) The provisions of Articles 592 and 593 shall apply mutatis mutandis to cases where the immediate appeal referred to in the provisions of paragraph (1) is filed against a decision to dismiss the application filed for commencing individual rehabilitation procedures.

(3) The immediate appeal referred to in the provisions of paragraph (1) shall not have the effect of suspending any execution.

(4) When the procedures of such immediate appeal are in violation of this Act and it is recognized that the immediate appeal is groundless, the appellate court shall dismiss or decline such immediate appeal.

(5) When any such immediate appeal is deemed justifiable, the appellate court shall revoke the original decision and remand the case to the court of origin.

**Article 599 (Cancellation of Decision to Commence Individual Rehabilitation Procedures)**

When a decision to cancel the decision to commence individual rehabilitation procedures is confirmed, the court shall promptly publish the main passage of such decision and deliver the purport of such decision to the persons falling under each of the following subparagraphs:

1. The debtor;

2. Each of the individual rehabilitation creditors who are known;

3. Persons who hold the debtor's assets or bear obligations for the debtor for whom the individual rehabilitation procedures commence.

**Article 600 (Suspension, etc. of other Procedures)**

(1) Where a decision to commence the individual rehabilitation procedures has been made, any of the following procedures or acts shall be suspended or prohibited: Provided, That the procedures or acts falling under subparagraphs 2 through 4 shall be suspended or prohibited only on the basis of any claim entered in the list of creditors: <Amended by Act No. 10219, Mar. 31, 2010>

1. The rehabilitation procedure or bankruptcy procedure for the debtor;

2. The compulsory execution, provisional seizure, or provisional execution conducted against any property belonging to the individual rehabilitation estate on the basis of individual rehabilitation claims;

3. All acts of receiving or requiring reimbursement for individual rehabilitation claims: Provided, That any litigation act shall be excluded;

4. A disposition for arrears taken in accordance with the National Tax Collection Act or the Framework Act on Local Taxes, a disposition for arrears taken according to the example of collecting a national tax (including the example of a disposition on national taxes or local taxes in arrears; hereinafter the same shall apply), or a disposal of any goods which are offered as a guarantee for tax liability.

(2) Where a decision to commence the individual rehabilitation procedures has been made, the creation of a security right, or auction therefor to exercise a security rights, shall be suspended or prohibited until the earlier of the date on which the authorization of a reimbursement plan is determined or the date of confirmation of the discontinuation of the individual rehabilitation procedure.

(3) Where any considerable ground exists, a court may order the continuation or cancellation of any procedure or disposition which has been suspended pursuant to the provisions of paragraph (1) or (2), upon request by any interested person or ex officio: Provided, That the court may order that a security be offered, in cases of cancelling the disposition.

(4) The prescription shall not proceed during the period in which the disposition cannot be taken, or is suspended, pursuant to the provisions of paragraph (1) or (2).

**Article 601 (Appointment and Dismissal)**

(1) Upon request by any interested person or ex officio, the court may appoint any of the following persons as a rehabilitation commissioner: <Amended by Act No. 10303, May 17, 2010>

1. Members of the Custodial Committee;

2. Court officials of Grade V, etc.;

3. Persons who have qualification for attorney-at-law, certified public account, or certified judicial scrivener;

4. Persons who have experience of working as court official or prosecution administrative officer of Grade VII or higher;

5. Persons having experience of working at a bank provided for in the Banking Act, who are adequate to the position of the rehabilitation commissioner;

6. Persons working or having experience of working for an institution or organization which performs functions such as credit management-related education and counselling of debtors, debts adjustment affairs for their credit restoration, etc., who are adequate to the position of rehabilitation commissioner;

7. Persons whose qualifications are equivalent to those of the persons falling under any of subparagraphs 1 through 6, who are adequate to the position of the rehabilitation commissioner.

(2) Where any considerable ground exists, the court may, upon request by any interested person or ex officio, dismiss any rehabilitation commissioner.

(3) If deemed necessary, a rehabilitation commissioner may appoint at least one representative on own his/her responsibility in order to perform his/her duties.

(4) The appointment of the rehabilitation commissioner' representative under the provisions of paragraph (3) shall be permitted by the court.

(5) The rehabilitation commissioner's representative may conduct all acts other than judicial acts or litigation, on behalf of the rehabilitation commissioner.

**Article 602 (Work of Rehabilitation Commissioners)**

(1) Every rehabilitation commissioner shall perform the work falling under each of the following subparagraphs under the court's supervision:

1. The inspection of the debtor's assets and income;

2. The application filed for exercising the right to set aside and participation in the procedures thereof;

3. Holding assemblies of individual rehabilitation creditors;

4. Other work prescribed by statutes or the court.

(2) Upon receiving an order issued by the court and a request from any rehabilitation commissioner, the debtor shall provide explanation regarding his/her assets and income, his/her repayment plan and other necessary matters.

**Article 603 (Confirmation of Individual Rehabilitation Claims)**

(1) In cases falling under either of the following subparagraphs, claims entered in the list of individual rehabilitation creditors shall be confirmed as they are entered therein:

1. Where any creditor who is entered in the list of individual rehabilitation creditors fails to file an application for a final judgment on the inspection of individual rehabilitation claims within the objection period provided for in the provisions of Article 596 (2) 1;

2. Where any application filed for a final judgment on the inspection of individual rehabilitation claims is dismissed.

(2) When the claims referred to in the provisions of paragraph (1) are confirmed, the court official of Grade V, etc. shall prepare a table of the individual rehabilitation claims in which the matters falling under each of the following subparagraphs are entered:

1. The name and domicile of the debtor;

2. The details and grounds of the claims.

(3) Where the confirmed individual rehabilitation claims are entered in the table of individual rehabilitation claims, their entry in the table shall have the same effect as that of a final judgment on all of the individual rehabilitation creditors.

(4) When a decision to discontinue individual rehabilitation procedure is confirmed, the individual rehabilitation creditors may perform compulsory execution on the debtor based on the table of individual rehabilitation creditors.

(5) The provisions of Article 255 (3) shall apply mutatis mutandis to cases under paragraph (4).

**Article 604 (Judgment for Examination and Confirmation of Individual Rehabilitation Claims)**

(1) An individual rehabilitation creditor who has an objection to any content of the list of individual rehabilitation creditors, may raise an objection in writing within the objection period under Article 589-2 (4) or Article 596 (2) 1. In cases of admitting the allegations in such objection, a debtor may modify the list of individual rehabilitation creditors with permission from the court. In such cases, the court may not make a decision with respect to the application for the judgement for examination and confirmation. *<Amended by Act No. 12595, May 20, 2014>*

(2) Where an objection is raised against any right on which a lawsuit is already pending in the court, a judgement for examination and confirmation shall not be applied for separately, and such pending lawsuit shall, by modifying its content, be changed into a lawsuit for examination and confirmation of individual rehabilitation claims.

(3) In cases falling under paragraph (1), if an individual rehabilitation creditor files an application for judgement for examination and confirmation of individual rehabilitation claims with respect to the details of his/her individual rehabilitation claims, such application shall be filed against a debtor, and if the individual rehabilitation creditor files such application with respect to the details of a claim of any other individual rehabilitation creditor, the application shall be filed against the debtor and other creditors.

(4) A person who files an application for judgement for examination and confirmation of individual rehabilitation claims, shall, in advance, pay expenses for procedures determined by the court. Where such expenses are not paid in advance, the application shall be rejected.

(5) After examining interested persons,?the court shall make a judgment for examination and confirmation of individual rehabilitation claims, and in such decision, it shall confirm whether or not there exist any rehabilitation claim against which an objection has been raised, or the details of such claim.

(6) In cases of making a decision under the provisions of paragraph (5), the court shall deliver a written decision to the parties concerned.

**Article 605 (Appeal against Final Inspection Judgment on Individual Rehabilitation Claim)**

(1) Anyone who is dissatisfied with a final inspection judgment on an individual rehabilitation claim may file an appeal against such final judgment within one month from the date on which he/she receives delivery of the written final judgment thereon. In this case, the lawsuit against such final judgment shall be exclusively put under the jurisdiction of the individual rehabilitation court (referring to the district court in which the individual rehabilitation case is pending; hereinafter the same shall apply).

(2) Arguments against the lawsuit referred to in the provisions of paragraph (1) shall be submitted after the lapse of one month from the date on which the delivery of the written judgment referred to in the provisions of paragraph (1) is received. When multiple appeals are pending on the same claim, the court may combine the arguments thereon.

(3) The judgment on the appeal referred to in the provisions of paragraph (1) shall authorize or amend the judgment of the same paragraph, except when the appeal is dismissed on the grounds of unlawfulness.

**Article 606 (Entry of Result of Appeal on Confirmation of Individual Rehabilitation Claims, etc.)**

Upon receiving an application filed by the debtor, any rehabilitation commissioner or any individual rehabilitation creditor, the court official of Grade V, etc. shall prepare a table of individual rehabilitation creditors in which the matters falling under each of the following subparagraphs are entered:

1. The result of the final inspection judgment on the individual rehabilitation claim;

2. The result of the lawsuit filed against the final inspection judgment on the individual rehabilitation claim;

3. The result of the lawsuit filed against the final inspection judgment on the individual rehabilitation claim, other than the result of the final judgment on the individual rehabilitation claim referred to in the provisions of subparagraphs 1 and 2.

**Article 607 (Effect of Judgment in Lawsuit on Confirmation of Individual Rehabilitation Claims)**

(1) A judgment in a lawsuit on confirmation of individual rehabilitation claims shall have effect on all of individual rehabilitation creditors.

(2) When any appeal against the final judgment on an individual rehabilitation claim inspection is not filed within the period provided for in the provisions of Article 605 (1) or is dismissed, the judgment shall have the same effect as that of the final judgment on all of the individual rehabilitation creditors.

**Article 608 (Refund of Litigation Costs)**

When any profit accrue to the debtor's assets on the byway of the lawsuit filed for the confirmation of individual rehabilitation claims, any individual rehabilitation creditor who files such lawsuit may claim a reimbursement of litigation costs as an individual rehabilitation creditor within the limit of the profit that accrues.

**Article 609 (Value of Subject Matter of Lawsuit Filed for Confirmation of Individual Rehabilitation Claims)**

The value of the subject matter of a lawsuit filed for the confirmation of individual rehabilitation claims shall be determined by the individual rehabilitation court based on the estimated amount of the profit that accrues according to the repayment plan.

**Article 609-2 (Change of Name of Creditor)**

(1) A person who acquires any credit which is entered in the list of individual rehabilitation creditors may file an application for change of the name of creditor.

(2) A person who intends to change the name of creditor under paragraph (1), shall submit to the court an application stating any of the following matters and the document evidencing his/her acquisition of the individual rehabilitation credit, or a copy or abstract thereof:

    1. The name or title, and address, of the person who intends to change the name of creditor, and of his/her representative;

    2. The place of notification or delivery (limited to a place within the territory of the Republic of Korea), telephone number, and other contact details;

    3. The right acquired, and the date and ground for acquisition thereof.

**Article 610 (Submission and Revision of Draft Repayment Plan)**

(1) The debtor shall submit a draft repayment plan within 14 days from the date on which an application is filed for commencing individual rehabilitation procedures: Provided, That when the court recognizes that justifiable grounds exist, it may extend the period.

(2) The debtor shall be prohibited from revising the draft repayment plan before it is authorized.

(3) The court may order the debtor to revise the draft repayment plan by its inherent jurisdiction or upon receiving an application filed by interested persons.

(4) When the revision order is given pursuant to the provisions of paragraph (3), the debtor shall revise the draft repayment plan within the deadline set by the court.

(5) The provisions of Article 597 (2) shall apply mutatis mutandis to cases where the draft repayment plan is revised pursuant to the provisions of paragraphs (2) and (3).

**Article 611 (Contents of Repayment Plan)**

(1) The matters falling under each of the following subparagraphs shall be prescribed in the repayment plan:

    1. Matters concerning the assets and income furnished for repaying obligations;

    2. Matters concerning the repayment of the total amount of individual rehabilitation estate claims and individual rehabilitation claims with general priority rights;

    3. Matters concerning the repayment of all or a part of the individual rehabilitation claims entered in the list of individual rehabilitation creditors.

(2) The matters falling under each of the following subparagraphs may be prescribed in the repayment plan:

    1. The categorization of individual rehabilitation claims into groups;

2. The purpose for the use of property that exceed the estimated amount in the repayment plan;

3. Matters concerning restrictions on the right to manage and dispose of assets that belong to the individual rehabilitation estate after the repayment plan is authorized;

4. Other matters necessary to coordinate the debtor's obligations.

(3) When claims are categorized into groups in the repayment plan, any claims that are categorized into the same group shall be handled equally: Provided, That the same shall not apply to cases where agreement is obtained from individual rehabilitation creditors who suffer disadvantages or the amount of the individual rehabilitation claim is minimal.

(4) The repayment plan shall contain terms that require the commencement of repayments within one month from the date on which the repayment plan is authorized and periodic repayments: Provided, That the same shall not apply to cases where permission therefor is obtained from the court.

(5) The repayment period set in the repayment plan shall not exceed five years from the date on which the repayment commences.

(6) When it is deemed necessary, the court may order personal and impersonal securities to be furnished in order to implement the repayment plan.

**Article 612 (Invalidation of Preferential Benefits)**

The act of giving special profits to some individual rehabilitation creditors without resorting to the repayment plan, in the name of the debtor or in the name of any third person shall be made invalid.

**Article 613 (Assembly of Individual Rehabilitation Creditors)**

(1) The court shall notify the debtor, individual rehabilitation creditors and rehabilitation commissioners of the date on which an assembly of individual rehabilitation creditors is held and a summary of the repayment plan.

(2) The debtor shall be present at the assembly of individual rehabilitation creditors and explain the repayment plan at the request of any individual rehabilitation creditor.

(3) The assembly of individual rehabilitation creditors shall be presided over by the court.

(4) When any rehabilitation commissioner is selected and appointed, the court may cause such rehabilitation commissioner to preside over the assembly of individual rehabilitation creditors.

(5) Any individual rehabilitation creditor may state his/her objection to the repayment plan at the assembly of individual rehabilitation creditors.

**Article 614 (Whether to Authorize Repayment Plan)**

(1) When no individual rehabilitation creditor or no rehabilitation commissioner states his/her objection to the repayment plan and all of the requirements falling under each of the following subparagraphs are met, the court shall decide to authorize the repayment plan: Provided, That the same shall not apply to cases where any individual rehabilitation creditor or any rehabilitation commissioner does not comply with an order given to revise the draft repayment plan pursuant to the provisions of Article 610 (3):

1. The repayment plan is to conform with the provisions of the Act;

2. The repayment plan is to be fair, equitable and implementable;

3. The payable expenses, fees and other amounts are to be paid before the repayment plan is authorized;

4. The total amount to be repaid for the rehabilitation claims that are appraised as of the date on which the repayment plan is authorized is to exceed the total amount of dividends that the debtor is to take at the time that he/she enters into bankruptcy; Provided, That the same shall not apply to cases where agreement thereon is obtained from creditors.

(2) When any individual rehabilitation creditor or any rehabilitation commissioner states an objection, the court may decide to authorize the repayment plan only when the requirements falling under each of the following subparagraphs are met in addition to the requirements referred to in each subparagraph of paragraph (1):

1. The total repayment amount for individual rehabilitation creditors who state their objections, which is appraised as of the date on which it is decided to authorize the repayment plan is not to be smaller than the total amount of dividends that are distributed to the debtor at the time the debtor enters into bankruptcy;

2. The whole of the disposable income that the debtor can receive during the repayment period that is set according to the repayment plan from the first repayment date is to be used for repayments according to the repayment plan;

3. The total amount of repayments for individual rehabilitation claims, which is appraised as of the date on which it is decided to authorize the repayment plan, is not to be smaller than the amount falling under each of the following items within the scope not exceeding 30 million won:

(a) Where the total amount of individual rehabilitation claims appraised as of the date on which it is decided to authorize the repayment plan is not more than 50 million won, the amount obtained by multiplying 5/100 by the total amount;

(b) Where the total amount of individual rehabilitation claims appraised as of the date on which it is decided to authorize the repayment plan is not less than 50 million won, the amount obtained by adding one million won to the amount obtained by multiplying 3/100 by the total amount.

(3) The court shall decide on the draft repayment plan and publish the main passage of such decision, a summary of the grounds and a summary of the repayment plan. In this case, the delivery thereof need not be made.

### Article 615 (Effect of Authorizing Repayment Plan)

(1) The repayment plan shall take effect from the time it is decided to authorize the repayment plan: Provided, That any change in rights according to the repayment plan shall not accrue until the immunity decision is confirmed.

(2) When it is decided to authorize the repayment plan, all of the assets that belong to the individual rehabilitation estate shall revert to the debtor: Provided, That the same shall not apply to cases where the repayment plan is differently prescribed in the process of deciding on and authorizing the repayment plan.

(3) When it is decided to authorize the repayment plan, rehabilitation procedures and bankruptcy procedures, the compulsory execution, provisional seizure or provisional disposition, any of which are suspended pursuant to the provisions of Article 600 shall lose their effects: Provided, That the same shall not apply to cases where the repayment plan is prescribed differently in the process of deciding to authorize the repayment plan.

**Article 616 (Special Rules Concerning Assignment Order)**

(1) When it is decided to authorize the repayment plan, the assignment order that is confirmed before the individual rehabilitation procedures commence with respect to pay, pensions, salary, bonuses and wage claims the character of which is similar to the former of the debtor shall lose its effect on the portion of the labor that is provided after it is decided to authorize the repayment plan.

(2) The amount of claims that cannot be repaid to all creditors on the grounds of a decision made to authorize the repayment plan shall be made individual rehabilitation claims.

**Article 617 (Performance of Repayments)**

(1) The debtor shall deposit the money for rehabilitation commissioners, which is to be repaid to individual rehabilitation creditors according to the repayment plan authorized.

(2) Individual rehabilitation creditors shall be paid the amount that is deposited pursuant to the provisions of paragraph (1) by rehabilitation commissioners. Where any individual rehabilitation creditor is not paid the amount, rehabilitation commissioners shall entrust the amount for such individual rehabilitation creditor.

(3) The provisions of paragraphs (1) and (2) shall not apply to cases where any rehabilitation commissioner is not selected and appointed and the repayment plan is prescribed differently in the process of authorizing the repayment plan.

**Article 618 (Immediate Appeal Filed against Decision on Repayment Plan)**

(1) An immediate appeal may be filed against a decision on a repayment plan.

(2) The provisions of Article 247 (3) through 7 shall apply mutatis mutandis to an immediate appeal filed against a decision on whether to authorize the repayment plan.

**Article 619 (Revision of Repayment Plan after Authorization Thereof)**

(1) The debtor, any rehabilitation commissioner and individual rehabilitation creditor may submit a draft change for the authorized repayment plan before the repayment is completed according to the repayment plan.

(2) The provisions of Articles 597 (2), 611, 613, 614, 615 (1) and 617 shall apply mutatis mutandis to any draft change in the repayment plan referred to in the provisions of paragraph (1).

**Article 620 (Discontinuation of Individual Rehabilitation Procedures Prior to Authorization of Repayment Plan)**

(1) In the events falling under either of the following subparagraphs, the court shall decide to discontinue individual rehabilitation procedures by its inherent jurisdiction or upon receiving an application filed by interested persons:

    1. When the facts falling under subparagraphs 1 and 5 of Article 595 are obviously disclosed at the time individual rehabilitation procedures commence;

    2. When it is impossible to authorize the draft repayment plan submitted by the debtor.

(2) The court may, In the events falling under either of the following subparagraphs, the Court may decide to discontinue the individual rehabilitation procedures by its inherent jurisdiction:

    1. When the procedures fall under subparagraph 2 of Article 595;

    2. When the debtor fails to be present or to provide an explanation pursuant to the provisions of Article 613 (2) without any justifiable grounds thereof or provides any false explanation.

**Article 621 (Discontinuation of Individual Rehabilitation Procedures after Repayment Plan Authorized)**

(1) In the events falling under any of the following subparagraphs, the court shall decide to discontinue the individual rehabilitation procedures by its inherent jurisdiction or upon receiving an application filed by interested persons:

    1. When a decision not to grant immunity is confirmed;

    2. When it is clearly obvious that the debtor is unable to implement the authorized repayment plan; Provided, That the same shall not apply where the debtor is granted decision on immunity under Article 624 (2);

    3. When the debtor fails to implement the authorized repayment plan by concealing his/her assets and income or by means of illegality.

(2) The discontinuation of the individual rehabilitation procedures referred to in the provisions of paragraph (1) shall not affect any repayment that has already been made and any effect that has accrued pursuant to the provisions of this Act.

**Article 622 (Publication of Decision to Discontinue Individual Rehabilitation Procedures)**

The court shall, when it decides to discontinue the individual rehabilitation procedures, publish the main passage of such decision and a summary of the grounds thereof. In this case, no delivery thereof need be made.

**Article 623 (Immediate Appeal Filed Against Discontinuation of Individual Rehabilitation Procedures)**

(1) An immediate appeal may be filed against the discontinuation of individual rehabilitation procedures.

(2) The provisions of Articles 247 (4) through (7) shall apply mutatis mutandis to the immediate appeal filed against the discontinuation of individual rehabilitation procedures.

**Article 624 (Immunity Decision)**

(1) When the debtor completes his/her repayments according to the repayment plan, the court shall decide to grant immunity to him/her by its inherent jurisdiction or upon receiving an application filed by the parties.

(2) Even if the debtor fails to complete repayments according to the repayment plan, when the requirements falling under each of the following items are met, the court may decide to grant him/her immunity after hearing the opinions of interested persons:

1. The debtor's failure to complete his/her repayments is to be due to the grounds for which he/she is not responsible;

2. The amount that is repaid to individual rehabilitation creditors by the date on which it is decided to grant the debtor immunity is to exceed the amount of dividends the debtor takes in the bankruptcy procedures where the debtor files an application for bankruptcy procedures;

3. Any change in the repayment plan is to be impossible.

(3) Notwithstanding the provisions of paragraphs (1) and (2), in cases falling under any of the following subparagraphs, the court may decide not to grant immunity:

1. Where the debtor holds any individual rehabilitation claim that is not entered in the list of individual rehabilitation creditors, due to the debtor's bad faith, by the time when it is decided to grant him/her immunity;

2. Where the debtor fails to fulfill his/her obligations prescribed by this Act.

(4) The court shall, when it decides to grant immunity, publish the main passage of such decision and a summary of the grounds thereof. In this case, delivery need not be made.

**Article 625 (Effect of Decision to Grant Immunity)**

(1) The effect of any decision to grant immunity shall accrue only after such decision is confirmed.

(2) The debtor who is granted immunity shall be exempted from responsibility for his/her obligations to individual rehabilitation creditors, except for the repayments that are made according to the repayment plan: Provided, That the debtor shall not be exempted from his/her responsibility for claims falling under any of the following subparagraphs:

1. Claims not entered in the list of individual rehabilitation creditors;

2. Claims for tax, etc. as provided for in the provisions of Article 583 (1) 2;

3. Claims for any fines, penalties, any criminal litigation costs, any additional charges and any administrative fines;

4. Claims for the compensation for losses caused by the debtor's deliberate and illegal conduct;

5. Claims for the compensation for losses caused by the debtor's illegal conduct and gross negligence that combine to result in harm to the life and to the body of other persons;

6. Claims for any wages, severance pay and disaster compensation of the debtor's workers;

7. Claims for any rentals and any personal identity guarantee money of the debtor's workers;

8. Claims for reimbursement of expenses the debtor must bear in raising and supporting his/her family.

(3) The immunity shall not affect the rights held by individual rehabilitation creditors on the debtor's guarantors and other persons who bear obligations jointly with the debtor and security furnished for individual rehabilitation creditors.

**Article 626 (Cancellation of Immunity)**

(1) When the debtor is granted immunity by fraudulent and illegal means, the court may revoke his/her immunity by its inherent jurisdiction or upon receiving an application filed by interested persons. In this case, the court shall examine interested persons.

(2) The application referred to in the provisions of paragraph (1) shall be filed within one year from the date on which a decision to grant immunity is confirmed.

**Article 627 (Immediate Appeal Filed against Decision on Immunity)**

An immediate appeal may be filed against any decision to grant immunity and any decision to cancel immunity.

**Article 628 (Definitions)**

The definition of terms used in this Part shall be as follows:

1. The term "foreign bankruptcy procedures" means rehabilitation procedures, bankruptcy procedures, individual rehabilitation procedures and other procedures similar thereto for each of which applications are filed for any foreign courts (including authorities corresponding thereto; hereinafter the same shall apply) and provisional procedures;

2. The term "domestic bankruptcy procedures" means rehabilitation procedures, bankruptcy procedures or individual rehabilitation procedures for each of which applications are filed with the courts of the Republic of Korea;

3. The term "approval for foreign bankruptcy procedures" means approval for the grounds on which a disposition for support is taken pursuant to this Part in the Republic of Korea for foreign bankruptcy procedures;

4. The term "support procedures" means procedures for a judgment on an application filed for approval of foreign bankruptcy procedures and for the disposition taken to support such foreign bankruptcy procedures for a debtor's business and assets in the Republic of Korea;

5. The term "representative of foreign bankruptcy procedures" means the person who is recognized by any foreign court as the manager or representative of foreign bankruptcy procedures;

6. The term "international bankruptcy custodian" means the person who is given all or a part of the authority by the court to liquidate a debtor's assets, to distribute dividends or to manage or dispose of a debtor's business and assets in support of foreign bankruptcy procedures.

**Article 629 (Scope of Application)**

(1) The provisions of this Part shall apply to cases falling under any of the following items:

1. Where a representative of foreign bankruptcy procedures seeks any approval or support from a court of the Republic of Korea in connection with foreign bankruptcy procedures;

2. Where a representative of a foreign bankruptcy procedures files an application with a court of the Republic of Korea for domestic bankruptcy procedures or participates in domestic bankruptcy procedures that are in progress;

3. Where any custodian, any trustee in bankruptcy, the debtor and any other person who obtains permission from the court, etc. participates in the procedures of any foreign court and seeks approval and support from any foreign court while carrying out activities overseas;

4. Where domestic bankruptcy procedures and foreign bankruptcy procedures for the same debtor are jointly and simultaneously pending in a court of the Republic of Korea and any foreign court and

coordination between the two procedures is required.

(2) Matters not prescribed in this Part shall be governed by the provisions of other Parts of this Act.

## Article 630 (Jurisdiction)

Cases concerning approval of, and support for foreign bankruptcy procedures shall be placed under the exclusive jurisdiction of the collegiate division of the Seoul Central District Court: Provided, That when it is deemed necessary to ensure the efficient implementation of the procedures and to protect the rights of interested parties, the Seoul Central District Court may transfer such cases to the competent court provided for in the provisions of Article 3 at the time it decides to approve the foreign bankruptcy procedures or after it decides to approve such foreign bankruptcy procedures by its inherent jurisdiction or upon receiving an application filed by the parties.

## Article 631 (Application Filed for Approving Foreign Bankruptcy Procedures)

(1) Where the debtor has his/her place of business, his/her office or his/her domicile in a nation in which an application is filed for foreign bankruptcy procedures, the representative of such foreign bankruptcy procedures may file an application accompanied by a written statements falling under each of the following subparagraphs with the court for approving the foreign bankruptcy procedures. In this case, written statements prepared in any foreign language shall be accompanied by translations of such statements:

1. A written statement concerning the legal basis and a summary of the overall foreign bankruptcy procedures;

2. A written statement attesting to the commencement of the foreign bankruptcy procedures;

3. A written statement attesting to the qualification and authority of the representative of the foreign bankruptcy procedures;

4. A written statement concerning the main points of the foreign bankruptcy procedures for which an application is filed for their approval (including statements of creditors, the debtor and interested parties);

5. A written statement concerning all other foreign bankruptcy procedures over the debtor, which are known to the representative of the foreign bankruptcy procedures.

(2) When the details referred to in each item of paragraph (1) are altered after an application is filed for approving the foreign bankruptcy procedures, the applicant shall promptly submit a written statement in which altered matters are entered to the court.

(3) When the application referred to in the provisions of paragraph (1) is filed, the court shall promptly publish a summary of such application.

(4) The provisions of Articles 37 and 39 shall apply mutatis mutandis to the application referred to in the provisions of paragraph (1).

## Article 632 (Decision to Approve Foreign Bankruptcy Procedures)

(1) Upon receiving an application filed for approving foreign bankruptcy procedures, the court shall decide whether to approve them within one month from the date on which such application is filed.

(2) In cases falling under any of the following subparagraphs, the court shall dismiss an application filed for approving foreign bankruptcy procedures:

    1. Where expenses determined by the court are not prepaid;

    2. Where each written statement provided for in each subparagraphs of Article 631 (1) is not submitted or the establishment and contents of any such written statement is not bona fide;

    3. Where approving the foreign bankruptcy procedures is contrary to the good public morals and social order of the Republic of Korea.

(3) When it is decided to approve foreign bankruptcy procedures, the court shall publish the main passage of such decision and a summary of the grounds therefor and deliver a written decision to the applicant.

(4) An immediate appeal may be filed against a decision on an application filed for approving foreign bankruptcy procedures.

(5) The immediate appeal referred to in the provisions of paragraph (4) shall not have the effect of suspending any execution.

**Article 633 (Effect of Approval for Foreign Bankruptcy Procedures)**

A decision to approve foreign bankruptcy procedures shall not affect the commencement or the proceeding of procedures pursuant to this Act.

**Article 634 (Application by Representative of Foreign Bankruptcy Procedures for Commencing Domestic Bankruptcy Procedures, etc.)**

When foreign bankruptcy procedures are approved, the representative of the foreign bankruptcy procedures may file an application for commencement of domestic bankruptcy procedures or participate in domestic bankruptcy procedures that are in progress.

**Article 635 (Order, etc. Prior to Approval)**

(1) After an application is filed for foreign bankruptcy procedures, the court may order measures to be taken, as provided for in the provisions of Article 636 (1) 1 through 3 up until when a decision is made on the application for such procedures by its inherent jurisdiction or upon receiving an application filed by the representative of foreign bankruptcy procedures.

(2) The provisions of paragraph (1) shall apply mutatis mutandis to cases where an immediate appeal is filed against a decision made to dismiss an application for commencement of foreign bankruptcy procedures.

(3) The court may alter or rescind the disposition referred to in the provisions of paragraphs (1) and (2).

(4) An immediate appeal may be filed against the decision referred to in the provisions of paragraphs (1) through (3).

(5) The immediate appeal referred to in the provisions of paragraph (4) shall not have the effect of suspending any execution.

**Article 636 (Support for Foreign Bankruptcy Procedures)**

(1) The court may make a decision falling under any of the following subparagraphs in order to protect the debtor's business and assets or the creditors' profits at the time that it approves the foreign bankruptcy

procedures or after approving the foreign bankruptcy procedures by its inherent jurisdiction or upon receiving an application filed by interested persons:

    1. The suspension of a lawsuit involving the debtor's business and assets and procedures belonging to any administrative agency;

    2. The suspension or prohibition of compulsory execution, an auction for the exercise of security rights, provisional seizure, provisional disposition and preservation procedures with respect to the debtor's business and assets;

    3. Prohibition of the debtor's repayment or of the disposal of the debtor's assets;

    4. The selection and appointment of international bankruptcy custodians;

    5. Other dispositions necessary to preserve the debtor's business and assets and to protect the profits of creditors.

(2) When the court makes the decision referred to in the provisions of paragraph (1), it shall take into account the profits of creditors, the debtor and other interested persons.

(3) When the support application referred to in the provisions of paragraph (1) is contrary to the good public morals and social order of the Republic of Korea, the court shall decline such support application.

(4) When the court decides to alter or rescind the prohibition order referred to in the provisions of paragraph (1) 2, it shall publish the main passage of such decision and deliver a written decision to the representative of the foreign bankruptcy procedures and the applicant.

(5) When the prohibition order referred to in the provisions of paragraph (1) is given, the prescription of the claims to the debtor shall not expire until the date on which two months have lapsed from the day following the date on which such prohibition order loses its effect.

(6) The court may, if it is deemed necessary, alter or rescind the decision referred to in the provisions of paragraph (1) by its inherent jurisdiction or upon receiving an application filed by interested persons.

(7) When it is deemed necessary, the court may order the cancellation of procedures that are suspended pursuant to the provisions of paragraph (1) 2 by its inherent jurisdiction or upon receiving an application filed by interested persons.

(8) An immediate appeal may be filed against the decision referred to in the provisions of paragraphs (1), (6) and (7).

(9) The immediate appeal referred to in the provisions of paragraph (8) shall not have the effect of suspending any execution.

### Article 637 (International Bankruptcy Custodians)

(1) Where any international bankruptcy custodian is selected and appointed, the authority to perform the debtor's business and manage and dispose of the debtor's assets shall be vested exclusively in such international bankruptcy custodian.

(2) Where any international custodian intends to dispose of the debtor's assets, or remove the debtor's assets from the Republic of Korea, liquidate the debtor's assets, distribute dividends and perform any act that is prescribed by the court, such international custodian shall obtain permission therefor from the court.

(3) The provisions of Section 1 of Chapter II of Part II and Section 1 of Chapter II of Part III shall apply mutatis mutandis to every international custodian.

**Article 638 (Simultaneous Proceedings of Domestic Bankruptcy Procedures and International Bankruptcy Procedures)**

(1) Where domestic bankruptcy procedures and foreign bankruptcy procedures proceed simultaneously for the same debtor, the court may decide on, alter or revoke the support provided for in the provisions of Articles 635 and 636, which focuses on domestic bankruptcy procedures.

(2) An immediate appeal may be filed against the decision referred to in the provisions of paragraph (1).

(3) The immediate appeal referred to in the provisions of paragraph (2) shall not have the effect of suspending any execution.

**Article 639 (Multiple International Bankruptcy Procedures)**

(1) When an application is filed for approving multiple international bankruptcy procedures for the same debtor, the court shall conduct a combined hearing thereon.

(2) When approval is granted for multiple international bankruptcy procedures for the same debtor, the court may decide on which are to be the main foreign bankruptcy procedures taking into account the location of the debtor's principal place of business and the scope, etc. of measures taken to protect creditors in order to ensure the efficient progression of support procedures.

(3) The court may decide on or change the support, provided for in the provisions of Article 636 for the main foreign bankruptcy procedures.

(4) If it is deemed necessary, the court may change the main foreign bankruptcy procedures referred to in the provisions of paragraph (2).

(5) An immediate appeal may be filed against the decision referred to in the provisions of paragraphs (2) through (4).

(6) The immediate appeal referred to in the provisions of paragraph (5) shall not have the effect of suspending any execution.

**Article 640 (Authority for Custodians to Carry Out Activities Overseas)**

Any custodian and any trustee in bankruptcy of domestic bankruptcy procedures and any other person who obtains permission from the court, shall have the authority to carry out activities overseas for domestic bankruptcy procedures under the conditions prescribed by the relevant foreign legislation.

**Article 641 (Cooperation)**

(1) The court shall cooperate with any foreign court and the representative of foreign bankruptcy procedures with respect to the matters falling under each of the following subparagraphs in order to ensure the smooth and fair execution of domestic bankruptcy procedures, foreign bankruptcy procedures or between multiple foreign bankruptcy procedures that are proceeding over the same debtor and other debtors related with the former:

1. The exchange of opinions;

    2. The management and supervision of the debtor's business and assets;

    3. The coordination of the progression of multiple procedures;

    4. Other necessary matters.

(2) The court may exchange information and opinions directly with any foreign court or the representative of foreign bankruptcy procedures in order for the cooperation referred to in the provisions of paragraph (1).

(3) Any custodian and any trustee in bankruptcy who are in charge of domestic bankruptcy procedures may exchange information and opinions with any foreign court or the representative of foreign bankruptcy procedures under the court's supervision.

(4) Any custodian and any trustee in bankruptcy in charge of domestic bankruptcy procedures may reach an agreement with any foreign court or the representative of foreign bankruptcy procedures on the coordination of bankruptcy procedures after obtaining permission therefor from the court.

### Article 642 (General Rules Governing Dividends)

Where domestic bankruptcy procedures, foreign bankruptcy procedures or multiple foreign bankruptcy procedures for a common debtor are in progress, any creditor who receives repayment from the foreign bankruptcy procedures or debtor's overseas assets shall not be entitled to take any dividend or any repayment from the domestic bankruptcy procedures until such time as other creditors who belong to the same group and the same ranking as the group and the ranking of the former receive the same percentage of repayment.

### Article 643 (Offense of Fraudulent Rehabilitation)

(1) Where a debtor performs any of the following acts with the aim of seeking profits for himself/herself or any other persons and causing loss to creditors, and a decision to commence rehabilitation procedures for the debtor is confirmed, the debtor shall be punished by imprisonment with labor for not more than ten years or by a fine not exceeding 100 million won:

    1. Destroying and concealing his/her assets or disposing of his/her assets in a manner that is disadvantageous to rehabilitation creditors, rehabilitation secured creditors, shareholders and equity right holders;

    2. Falsely increasing the debtor's obligations;

    3. Failing to prepare the commercial book, the preparation of which is mandatory under the provisions of relevant Acts, failing to enter the current state of the debtor's assets in the commercial book, falsely entering any matter in the commercial book and destroying and concealing the commercial book;

    4. Filing an application for commencement of the rehabilitation procedures with the primary aim of evading the punishment provided for in the Illegal Check Control Act.

(2) Where any of the following persons performs an act falling under any subparagraph of paragraph (1) with the aim of seeking profit for himself or any other person and causing loss to creditors, and a decision to commence rehabilitation procedures for the debtor is confirmed, the person shall be punished by imprisonment with labor for not more than five years or by a fine not exceeding 50 million won:

  1. The debtor's legal representative;

  2. The director of the debtor who is a corporation;

  3. The debtor's manager.

(3) Where the debtor performs any of the following acts with the aim of seeking profit for himself or any other person and causing loss to creditors, and a decision to commence rehabilitation procedures for the debtor is confirmed, the debtor shall be punished by imprisonment with labor for not more that five years or by a fine not exceeding 50 million won:

  1. Concealing or destroying assets or disposing of the assets in a manner that is disadvantageous to creditors;

  2. Falsely increasing the debtor's obligations.

### Article 644 (Offense of Fraudulent Rehabilitation Committed by Third Person)

Where any person other than persons specified in the provisions of Article 643 commits any of the following acts and a decision to commence rehabilitation procedures for the debtor is confirmed, such person shall be punished by imprisonment with labor for not more than five years or by a fine not exceeding 50 million won:

  1. An act specified in any subparagraph of Article 643 (1);

  2. Falsely exercising any right that person does not hold as a rehabilitation creditor, a rehabilitation secured creditor, a shareholder, or an equity right holder with intent to make a profit for him/herself or any other person or to inflict harm on creditors.

### Article 645 (Offense of Rehabilitation Bribery)

(1) Where any of the Custodial Committee, inspector, rehabilitation commissioner, preservative custodian, custodian (including any international bankruptcy custodian provided for in the provisions of Article 637), adviser, manager, preservative manager or any agent of the rehabilitation commissioner gives or accepts, solicits or promises any bribe in connection with the performance of his/her duties, he/she shall be punished by imprisonment with labor for not more than five years or by a fine not exceeding 50 million won. The same shall apply to cases where the person falling under any of the following subparagraphs gives, accepts, solicits or promises any bribe in connection with the resolution of an assembly of interested persons:

  1. A rehabilitation creditor, rehabilitation secured creditor, shareholder and an equity right holder;

  2. A proxy commissioner or an agent of the person referred to in the provisions of subparagraph 1;

  3. An officer or an employee of the person referred to in the provisions of subparagraph 1.

(2) Where any custodian (including any international bankruptcy custodian provided for in the provisions of Article 637), preservative custodian, inspection commissioner or rehabilitation commissioner is a corporation, if any officer or any employee who performs the duties of the custodian, preservative custodian, inspection commissioner or the rehabilitation commissioner gives, accepts, solicits or promises any bribe in connection with the performance of such duties, such officer and such employee shall be punished by imprisonment with labor for not more than five years or by a fine not exceeding 50 million

won. The same shall apply to cases where the custodian, preservative custodian or inspection commissioner is a corporation, any officer or any employee thereof the custodian, preservative custodian or inspection commissioner to give, accept, solicit or promise any bribe in connection with their duties.

(3) In cases falling under paragraphs (1) and (2), any bribe that is given or accepted by any corporation or any third person with knowledge of its purpose shall be confiscated.

### Article 646 (Offense of Rehabilitation Bribery)

Any person who promises, gives or expresses the intention of giving the bribe provided for in the provisions of Article 645 (1) or (2) shall be punished by imprisonment with labor for not more than five years or by a fine not exceeding 50 million won.

### Article 647 (Offense of Violating Prohibition on Management Participation)

Any person who is selected and appointed as a director or the chief executive officer of the debtor in violation of the provisions of Article 284 after the rehabilitation procedures are completed shall be punished by imprisonment with labor for not more than three years or by a fine not exceeding 30 million won.

### Article 648 (Offense of Performing Act without Permission)

(1) Where any custodian, trustee in bankruptcy (including any international bankruptcy custodian provided for in the provisions of Article 637) or any preservative custodian performs an act the performance of which requires the court's permission, without obtaining such permission, the actor shall be punished by imprisonment with labor for not more than three years or by a fine not exceeding 30 million.

(2) Where any custodian or any preservative custodian makes a false report to the court or fails to make the accounting report provided for in the provisions of Article 84 (1) without justifiable grounds thereof, he/she shall be punished by imprisonment with labor for not more than one year or by a fine not exceeding ten million won.

### Article 649 (Offense of Refusing to Make Reports and Refusing Inspection)

Any of the following persons shall be punished by imprisonment with labor for not more than one year or by a fine not exceeding ten million won:

1. A custodian or trustee in bankruptcy who refuses, evades or impedes submitting materials provided for in the provisions of Article 22 (3) or submits false materials without justifiable grounds thereof;

2. A debtor who refuses, evades or impedes submitting materials provided for in the provisions of Article 34 (3) without justifiable grounds thereof;

3. A person who refuses, evades or impedes making the report provided for in the provisions of Article 79 (1) (including cases where the provisions are applied mutatis mutandis under Article 88) or who makes a false report without justifiable grounds thereof;

4. A debtor who refuses, evades, or impedes the inspection provided for in the provisions of Article 79 (1) (including cases where the provisions are applied mutatis mutandis under Article 88) without justifiable grounds thereof;

5. A debtor who refuses to comply with a request for a report, inspection or correction or makes a false report without justifiable grounds thereof.

**Article 650 (Offense of Fraudulent Bankruptcy)**

(1) Where a debtor commits any of the following offenses, regardless of whether it is committed before or after the declaration of his/her bankruptcy, with the aim of pursuing his/her own or any other person's interests or causing loss to a creditor, and his/her bankruptcy is declared final by the court, he/she shall be punished by imprisonment with labor for not more than ten years, or by a fine not exceeding 100 million won:

1. Concealing or damaging any property belonging to the bankruptcy estate, or disposing of any such property in a manner disadvantageous to any of the creditors;

2. Falsely increasing a burden of the bankruptcy estate;

3. Failing to prepare a commercial book as prescribed by the provisions of any Act, failing to enter related matters in the commercial book enough to understand the current status of his/her property, entering false facts in the commercial book, or concealing or damaging such commercial book;

4. Forging, concealing, or damaging the book that is closed by a court official of Grade V, etc.

(2) Where the trustee, administrator of trust property, legal representative of the trustee, manager of the trustee, or director of a corporate trustee commits any offense falling under any of the subparagraphs of paragraph (1), regardless of whether it is committed before or after the declaration of bankruptcy, with the aim of pursuing his/her or any other person's interests, or causing harm to creditors, and the bankruptcy regarding limited-liability trust property is declared final, he/she shall be punished by imprisonment with labor for not more than ten years or by a fine not exceeding 100 million won. *<Newly Inserted by Act No. 11828, May 28, 2013>*

**Article 651 (Offense of Negligent Bankruptcy)**

(1) Where a debtor commits any of the following offenses, regardless of whether it is committed before or after he/she is declared bankrupt, and his/her bankruptcy is declared final by the court, he/she shall be punished by imprisonment with labor for not more than five years or by a fine not exceeding 50 million won:

1. Purchasing goods in a credit transaction and then disposing of them in conspicuously disadvantageous terms and conditions, with the aim of delaying the declaration of his/her bankruptcy;

2. Offering any security or extinguishing any debt in order to grant extraordinary benefits to any particular creditor, despite being aware of the fact that any ground for his/her bankruptcy exists, which does not constitute the debtor's obligation, or the manner and timing of which also do not constitute his/her obligation;

3. Failing to prepare a commercial book as prescribed by the provisions of any Act, failing to enter related matters in the commercial book specifically enough to understand the current status of his/her property, entering false facts in the commercial book, or concealing or damaging such commercial book;

4. Forging, concealing, or damaging any book that is closed by a court official of Grade V, etc. pursuant to the provisions of Article 481.

(2) Where a trustee, administrator of trust property, legal representative of the trustee, manager of the trustee, director of a corporate trustee commits any offense falling under any of the subparagraphs of paragraph (1), regardless of whether it is committed before or after the declaration of bankruptcy, and bankruptcy regarding the limited-liability trust property is declared final, he/she shall be punished by imprisonment with labor for not more than five years or by a fine not exceeding 50 million won. *<Newly Inserted by Act No. 11828, May 28, 2013>*

### Article 652 (Offense of Fraudulent Bankruptcy and Negligence Bankruptcy by Person in Certain Position)

When any of the following persons conducts an offense provided for in the provisions of Articles 650 and 651 and the debtor's bankruptcy is declared final, he/she shall be governed by the precedent under Articles 650 and 651. The same shall apply to the inheritor and his/her legal representative and manager in cases of bankruptcy regarding inherited assets:

1. The legal representative of a debtor;
2. The director of a corporate debtor;
3. The manager of a debtor.

### Article 653 (Offense of Non-Compliance with Order for Arrest)

Where a person who has been issued with the order for arrest under Articles 319, 320, 322, and 578-6, knowingly escapes with the aim of delaying the bankruptcy procedure or evading the execution of such arrest, he/she shall be punished by imprisonment with labor for not more than one year or by a fine not exceeding ten million won. *<Amended by Act No. 11828, May 28, 2013>*

### Article 654 (Offense of Fraudulent Bankruptcy by Third Person)

Where a person who is neither a debtor nor a person specified in any subparagraph of Article 652 commits an act specified in any subparagraph of Article 650 with intent to make a profit for him/herself or for any other person or to inflict harm on creditors or falsely exercises a right as a bankruptcy creditor for a benefit of his/her own or any other person, irrespective of whether such act is committed before or after the bankruptcy is declared, and the bankruptcy of a debtor is declared final, the person who commits such act shall be punished by imprisonment with labor for not more than ten years or by a fine not exceeding 100 million won.

### Article 655 (Offense of Bankruptcy Bribery)

(1) Where any trustee in bankruptcy (including any international bankruptcy custodian provided for in the provisions of Article 637) or any audit committee gives, accepts, solicits, or promises any bribe in connection with his/her duties, he/she shall be punished by imprisonment with labor for not more than five years or by a fine not exceeding 50 million won. The same shall apply where any of the following persons gives, accepts, solicits, or promises any bribe in connection with the resolution of an assembly of creditors:

1. A bankruptcy creditor;

2. An agent of the bankruptcy creditor;

3. A director of the bankruptcy creditor.

(2) In cases falling under paragraph (1), the bribe that is given or accepted by the offender or any third person being aware of the fact shall be confiscated. When the confiscation thereof is not possible, the value thereof shall be levied in addition thereto.

**Article 656 (Offense of Bankruptcy Bribery)**

Anyone who promises or gives any bribe, or expresses an intention to give any bribe to any of the following persons shall be punished by imprisonment with labor for not more than three years or by a fine not exceeding 30 million won:

1. A trustee in bankruptcy (including any international trustee in bankruptcy provided for in the provisions of Article 637);

2. An audit committee;

3. A bankruptcy creditor;

4. An agent of the bankruptcy creditor;

5. A director of the bankruptcy creditor.

**Article 657 (Offense of Using Results of Assets Inquiry for Other Purposes)**

Any person who uses the results of the assets inquiry provided for in the provisions of Article 29 (1) for any purpose other than that of inspecting the debtor's assets for rehabilitation procedures, bankruptcy procedures, or individual rehabilitation procedures shall be punished by imprisonment with labor for not more than two years or by a fine not exceeding 20 million won.

**Article 658 (Offense of Violation of Explanation Duty)**

Where a person who has a duty of explanation pursuant to the provisions of Articles 321 and 578-7 fails to give such explanations, or gives false explanations without any justifiable reason, he/she shall be punished by imprisonment with labor for not more than one year or by a fine not exceeding ten million won.
*<Amended by Act No. 11828, May 28, 2013>*

**Article 659 (Overseas Offense)**

(1) The provisions of Articles 645 and 655 shall also apply to any person who commits an offense provided for in the corresponding provisions in any country other than the Republic of Korea.

(2) The offenses provided for in the provisions of Articles 646 and 656 shall be punished according to the precedent under Article 5 of the Criminal Act.

**Article 660 (Administrative Fines)**

(1) Where the head of any public institution, financial institution, or organization, etc. who receives any inquiry pursuant to the provisions of Article 29 (1) refuses to submit materials without justifiable grounds therefor or submits false materials, he/she shall be punished by an administrative fine not exceeding five million.

(2) Where any of the following persons commits an act of violating any order given by the court pursuant to the provisions of Article 258 (1) or (2), he/she shall be punished by an administrative fine not exceeding five million won:

    1. A debtor, director, or manager of any newly incorporated company;

    2. A rehabilitation creditor, rehabilitation secured creditor, shareholder, equity right holder, and person who bears any obligations or furnishes any security for rehabilitation.

(3) A person who commits an act of collection on an individual debtor who has the immunity provided for in the provisions of Article 251, 556 or 625 based on immune claims by means of compulsory execution, provisional seizure, or provisional disposition, despite being aware of his/her immunity, shall be punished by an administrative fine not exceeding five million won.

ADDENDA

**Article 1 (Enforcement Date)**

This Act shall enter into force beginning on the date on which one year lapses after its promulgation.

**Article 2 (Repeal of Acts)**

The Company Reorganization Act, the Composition Act, the Bankruptcy Act and the Individual Debtor Rehabilitation Act shall be repealed.

**Article 3 (Transitional Measures Following Repeal of Company Reorganization Act, Composition Act, Bankruptcy Act and Individual Debtor Rehabilitation Act)**

A case of reorganization for which an application is filed for commencing reorganization procedures pursuant to the former Company Reorganization Act, a case of composition for which an application is filed for commencing composition procedures pursuant to the former Composition Act, a case of bankruptcy for which a petition for bankruptcy is filed pursuant to the former Bankruptcy Act and a case of individual rehabilitation for which an application is filed for commencing individual rehabilitation procedures pursuant to the former Individual Debtor Rehabilitation Act at the time this Act enters into force shall be respectively governed by the former Company Reorganization Act, the former Composition Act, the former Bankruptcy Act and the former Individual Debtor Rehabilitation Act.

**Article 4 (Transitional Measure concerning Penalty Provisions)**

The application of the penalty provisions to any act that is performed prior to this Act enters into force shall be governed by the former provisions and when the commission of any individual offense across the time committed before and after this Act enters into force, such offense shall be deemed committed before this Act enters into force.

**Article 5 Omitted.**

**Article 6 (Relationship with other Statutes)**

Where other statutes cite the previous Company Reorganization Act, Composition Act, Bankruptcy Act, and Individual Debtor Rehabilitation Act or their provisions at the time this Act enters into force and

when the provisions falling under the cited provisions exist in this Act, this Act or the relevant provisions of this Act shall be deemed to have been cited in lieu of the previous provisions.

ADDENDUM <*Act No. 7892, Mar. 24, 2006*>

This Act shall enter into force on April 1, 2006.

ADDENDA <*Act No. 7894, Mar. 24, 2006*>

(1) (Enforcement Date) This Act shall enter into force on the date of its promulgation.

(2) Omitted.

ADDENDA <*Act No. 7895, Mar. 24, 2006*>

(1) (Enforcement Date) This Act shall enter into force on the date of its promulgation.

(2) Omitted.

ADDENDA <*Act No. 8138, Dec. 30, 2006*>

**Article 1 (Enforcement Date)**

This Act shall enter into force on January 1, 2007. (Proviso Omitted.)

**Articles 2 through 6 Omitted.**

ADDENDA <*Act No. 8635, Aug. 3, 2007*>

**Article 1 (Enforcement Date)**

This Act shall enter into force one year and six months after the date of its promulgation. (Proviso Omitted.)

**Articles 2 through 44 Omitted.**

ADDENDA <*Act No. 8814, Dec. 27, 2007*>

(1) (Enforcement Date) This Act shall enter into force on the date of its promulgation.

(2) Omitted.

ADDENDA <*Act No. 8829, Dec. 31, 2007*>

**Article 1 (Enforcement Date)**

This Act shall enter into force on January 1, 2008.

**Articles 2 through 12 Omitted.**

ADDENDA <*Act No. 8863, Feb. 29, 2008*>

**Article 1 (Enforcement Date)**

This Act shall enter into force on the date of its promulgation.

**Articles 2 through 5 Omitted.**


ADDENDA <*Act No. 9346, Jan. 30, 2009*>

**Article 1 (Enforcement Date)**

This Act shall enter into force on January 1, 2016.

**Articles 2 and 3 Omitted.**


ADDENDA <*Act No. 9804, Oct. 21, 2009*>

(1) (Enforcement Date) This Act shall enter into force on the date of its promulgation.

(2) (Transitional Measures) The previous provisions shall apply in cases of the borrowing of funds performed by the custodian for the debtor's work and property after commencement of rehabilitation procedure prior to this Act enters into force, the borrowing of funds and procurement of materials performed by the debtor or preservation custodian with permission from the court before commencement of claim or rehabilitation procedure after an application is filed therefor, and other claims that arise due to activities inevitably required to continue the debtor's business.

ADDENDA <*Act No. 9924, Jan. 1, 2010*>

**Article 1 (Enforcement Date)**

This Act shall enter into force on January 1, 2010.

**Articles 2 through 7 Omitted.**


ADDENDA <*Act No. 9935, Jan. 22, 2010*>

**Article 1 (Enforcement Date)**

This Act shall enter into force on the date of its promulgation.

**Articles 2 and 3 Omitted.**


ADDENDA <*Act No. 10219, Mar. 31, 2010*>

**Article 1 (Enforcement Date)**

This Act shall enter into force on January 1, 2011.

**Articles 2 through 12 Omitted.**


ADDENDA <*Act No. 10281, May 14, 2010*>

**Article 1 (Enforcement Date)**

This Act shall enter into force six months after the date of its promulgation.

**Article 2 Omitted.**

ADDENDA <*Act No. 10303, May 17, 2010*>

**Article 1 (Enforcement Date)**

This Act shall enter into force six months after the date of its promulgation. (Proviso Omitted.)

**Articles 2 through 10 Omitted.**

ADDENDA <*Act No. 10366, Jun. 10, 2010*>

**Article 1 (Enforcement Date)**

This Act shall enter into force two years after the date of its promulgation.

**Articles 2 through 4 Omitted.**

ADDENDA <*Act No. 10682, May 19, 2011*>

**Article 1 (Enforcement Date)**

This Act shall enter into force on the date of its promulgation.

**Articles 2 and 3 Omitted.**

ADDENDA <*Act No. 11828, May 28, 2013*>

**Article 1 (Enforcement Date)**

This Act shall enter into force six months after the date of its promulgation. (Proviso Omitted.)

**Articles 2 (Applicability)**

This Act shall apply beginning with the first rehabilitation or bankruptcy cases which are filed after this Act enters into force.

ADDENDA <*Act No. 12153, Jan. 1, 2014*>

**Articles 1 (Enforcement Date)**

This Act shall apply on January 1, 2014. (Proviso omitted)

**Articles 2 through 19 Omitted.**

ADDENDA <*Act No. 12591, May 20, 2014*>

**Article 1 (Enforcement Date)**

This Act shall enter into force on the date of its promulgation.

**Articles 2 through 4 Omitted.**

ADDENDA <*Act No. 12595, May 20, 2014*>

**Article 1 (Enforcement Date)**

This Act shall enter into force six months after the date of its promulgation.

**Article 2 (Transitional Measures)**

With respect to an application for commencement of rehabilitation procedures, petition for bankruptcy, or application for commencement of individual rehabilitation procedures which has been filed before this Act enters into force, the former provisions shall apply.

