**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| TOSHIBA SAMSUNG STORAGE | ) | Case No. 16-<u>11602</u> (    ) |
| TECHNOLOGY KOREA CORPORATION, | ) | |
| | ) | |
| Debtor in a Foreign Proceeding.[1] | ) | |
| | ) | |

**DECLARATION OF DAE SUNG CHO IN SUPPORT OF**
**(I) VERIFIED CHAPTER 15 PETITION; (II) MOTION OF FOREIGN**
**REPRESENTATIVE FOR ENTRY OF PROVISIONAL AND FINAL RELIEF IN AID OF**
**FOREIGN MAIN PROCEEDING; AND (III) CERTAIN RELATED RELIEF**

I, Dae Sung Cho, pursuant to 28 U.S.C. § 1746, hereby submit this declaration (the "<u>Declaration</u>") under penalty of perjury under the laws of the United States as follows:

1.      I am the chief executive officer and the duly appointed foreign representative (the "<u>Foreign Representative</u>") of Toshiba Samsung Storage Technology Korea Corporation ("<u>TSST-K</u>" or the "<u>Debtor</u>") in connection with the pending proceeding (the "<u>Korean Proceeding</u>") filed under the Debtor Rehabilitation and Bankruptcy Act in the Seoul Central District Court (the "<u>Korean Court</u>") in Seoul, Republic of Korea ("<u>Korea</u>").

2.      On June 16, 2016, the Korean Court entered the institution order, a translated copy of which is attached hereto as Exhibit A (the "<u>Korean Commencement Order</u>"), which, among other things, appointed me as the custodian of the Debtor.

3.      I submit this Declaration in support of the following motions and other documents submitted by the Foreign Representative concurrently herewith (collectively, the "<u>First Day Pleadings</u>"): (a) the verified chapter 15 petition of the Debtor (the "<u>Petition</u>"); (b) the

---

[1]      The last four digits of Toshiba Samsung Storage Technology Korea Corporation's Business Registration Number are 7441.   The Debtor's main corporate and mailing address is 88 Suwon-ro, Yeongtong-gu 14th Flr., Bldg #102, Digital Empire 2, Suwon-si, Gyeonggido, 443-734.

*Motion of Foreign Representative for Entry of Provisional and Final Orders Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to Sections 362, 365, 1517, 1519, 1520, 1521, and 105(a) of the Bankruptcy Code* (the "Recognition and Relief Motion"); and (c) the *Motion of Foreign Representative for Entry of an Order (I) Specifying Form and Manner of Service of Notice Pursuant to Sections 1515 and 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002 and 9007, and (II) Scheduling Hearing* (the "Notice Procedures Motion").   I am authorized by the Debtor to submit this Declaration on its behalf in support of the First Day Pleadings.

4.         In my role as the chief executive officer and Foreign Representative of the Debtor, I have become familiar with the Debtor's business, day-to-day operations, and financial affairs, and I have been closely involved in the Debtor's restructuring efforts.   I am an individual over the age of 18 and, if called upon, could and would testify to the facts set forth in this Declaration.   Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information supplied to me by members of the Debtor's management and professionals, learned from my review of relevant documents, or my opinion based upon my experience and knowledge of the Debtor's industry, operations, and financial condition.

## BACKGROUND

5.         TSST-K is a Korea-based subsidiary of Toshiba Samsung Storage Technology Corporation ("TSST") that is engaged in the business of research & development ("R&D"), manufacture, sale, export/import and provision of operation and maintenance technology services for optical disc devices ("ODD"), and the application of equipment and related parts.   As described below, TSST is a Japanese corporation established as a joint venture

2

between Korea's Samsung Electronics Co., Ltd. ("SEC") and Toshiba Corporation of Japan ("Toshiba"), with 50.1% of its outstanding shares held by Toshiba.   A significant number of the Debtor's products are sold to SEC and its affiliated companies.

### A.   Overview of the ODD Market

6.        ODD are disk drives that use laser light or electromagnetic waves within or near the visible light spectrum as part of the process of reading or writing data to or from optical discs, and are commonly used in computers to read software and consumer media distributed on CD/DVD-ROM computer drivers to record discs for archival and data exchange purposes.

7.        Beginning in the early 2000s and until the latter part of the 2000s, the Debtor and its competitors in the ODD industry reported huge profits, due to factors such as (i) an increased demand for new personal computers including netbooks and other electronic devices incorporating ODD, (ii) the development of next generation ODD supporting DVDs, and (iii) the exit of a leading developer and manufacturer of high-performance ODD from the market for consumer CD and DVD products in 2007.

8.        However, in the latter part of the 2000s, CD-ROM technology began to give way to high-capacity, small, and comparably inexpensive USB flash drives in laptop computers.   At the same time, the global personal computer industry has been in on a downward trend since 2000 as smartphones, tablets and similar products became increasingly popular worldwide.   Moreover, cloud computing and storage solutions provide users with various capabilities to store and process their data in third-party hosted data centers.   Each of these factors has contributed to a decline in the optical storage disc market.   However, there remains a market for ODD as it offers higher data reliability than USB memory devices.   ODD is

particularly preferred in installing operating systems, as operating systems are not easy to boot from USB devices.

### B. Overview of the Debtor's Business and Business Performance

9.      In March 1994, the Debtor began operations as a CD-ROM R&D team in the audio visual department of SEC.   The Debtor enjoyed significant growth in a short period of time, emerging as a global leader in the highly-competitive optical storage industry.   By 2000, the Debtor was ranked second in market share with sale revenue of $1.5 billion (USD). However, despite its strong sales, the Debtor's profitability suffered due to the fact that it was required to pay a substantial portion of its revenue to Toshiba as royalties for patents incorporated in the components of ODD developed by SEC's CD-ROM division.   At the time, Toshiba did not have facilities available to manufacture ODD on its own.   Therefore, in 2004, SEC and Toshiba agreed to establish a joint venture company in Japan, TSST, and establish a wholly-owned subsidiary in Korea, TSST-K, in order to improve cost-competitiveness without having to continue to pay royalties.

10.      Since its incorporation in 2004, TSST-K has offered the most competitive optical storage products and total solutions to the market based on its source technology and global marketing capability.   The Debtor enjoyed an average annual growth of 20% and built a strong market base (70% market share) in a short period of time.   Indeed, from April 2009 to March 2010, the Debtor achieved all-time high annual sales of Korean Won ("KRW") 2.1 trillion (approximately $1.8 billion U.S. using the exchange rate as of the date of the Debtor's Application with the Korean Court).   After its peak sales performance in 2010, both revenue and profits began to decline as global demand in the optical storage disc market declined due to the rapid adoption of new technologies.   From April 2012 to March 2013, the

4

Debtor's sales dropped below KRW 1 trillion to KRW 996.8 billion (approximately $853 million U.S. as of the Application date) with the operating loss of KRW 75.8 billion (approximately $65 million U.S. as of the Application date) and a net loss of KRW 70.2 billion (approximately $60 million U.S. as of the Application date).   After years of disappointing performance, SEC and Toshiba decided to exit the ODD business in March 2014.   In connection with its exit from the ODD business, SEC and Toshiba provided TSST-K with KRW 80 billion (approximately $68 million U.S. as of the Application date) as working capital and sold all of its equity interests in the Debtor.   In April 2014, SEC and Toshiba sold TSST's 49.9% stake in the Debtor for KRW 5 billion (approximately $4.3 million U.S. as of the Application date) to Optis Co., Ltd. ("Optis"), a Korean manufacturer that made products for the Debtor under contract.

11.       As a result, the Debtor established a plan to re-achieve an annual sale target of KRW 1 trillion (approximately $855 million U.S. as of the Application date) by 2020 and to transform itself into an integrated electronic part supplier through mergers & acquisitions and product diversification.   Prior to the Application Date, the Debtor ceased the manufacture and sale of the ODD devices.

12.       TSST-K has four wholly-owned subsidiaries (the "Non-Debtor Subsidiaries") that are not debtors in the Korean Proceeding: (i) Hajen; (ii) TSST Global, Inc.; (iii) TSST Networks, Inc.; and (iv) KEAS, Inc.   As the first step in its diversification plan, the Debtor acquired Hajen, an automotive audio and speaker manufacturer in Korea.   The Debtor has also established TSST Global, Inc. (engaged in the manufacture and sale of portable batteries) and TSST Networks, Inc. (engaged in the manufacture and sale of IP cameras), and acquired KEAS, Inc. (engaged in the manufacture and sale of Bluetooth speakers) in order to enter into the portable battery and Bluetooth speaker businesses—products that are becoming

essential peripheral devices in connection with the explosive growth of worldwide smartphone market.   TSST-K either acquired or established each of the Non-Debtor Subsidiaries from April-September 2014.

13.    TSST-K is headquartered in Suwon, Korea.  As of the Petition Date, the Debtor employed 274 employees. Of the 274 employees, 176 are members of a labor union (the "TSST Labor Union"), which is organized under the Korean Confederation of Trade Unions, and acts as the sole representative of the Debtors' employees.

14.    As of the date of the Debtor's Application for Commencement of the Rehabilitation Procedures (the "Application"), filed with the Korean Court on May 12, 2016, the Debtor's total assets were approximately, KRW 64,762,374,176 (approximately $55 million U.S. as of the Application date).

15.    The Debtor's intellectual property rights constitute a significant portion of its intangible assets.   As of the Petition Date, the Debtor owns 1568 patents and 85 trademarks in the United States, Korea, Japan and China.

16.    As of the date of the Application, the Debtor's total liabilities were KRW 91,163,265,057 (approximately $78 million U.S. as of the Application date), which consist of rehabilitation claims (analogous to prepetition "unsecured" claims under the Bankruptcy Code) in the amount of KRW 89,907,390,961 (approximately $77 million U.S.) (which consists of KRW 40,664,071,008 for trade payables, KRW 1,350,925,004 for other payables, KRW 44,631,121,972 for accrued expenses, KRW 3,544,318 for withholdings, and KRW 3,257,728,659 for convertible bonds) and common interest claims (analogous to priority or administrative claims under the Bankruptcy Code) in the amount of KRW 1,255,874,096

6

(approximately $1 million U.S.) (including accumulated retirement benefits and deposits received less retirement insurance deposits and transfer from national pension).

**C.  Pre-Petition Litigation**

17.    As of the Petition Date, TSST-K is a party to the following patent related proceedings for infringement of intellectual property rights pending in the United States District Court for the District of Delaware, the United States Court of Appeals for the Federal Circuit, and before the Patent Trial and Appeal Board:

| Case No. | C.A. No. 12-1063 (LPS) (CJB) |
|---|---|
| Plaintiffs | LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC., |
| Defendant | TOSHIBA SAMSUNG STORAGE TECHNOLOGY KOREA CORPORATION, |
| Jurisdiction | THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE |
| Patent No. | US 7380159, US 7380178, US 6477126 |

| Case No. | 15-1822, 15-1823 |
|---|---|
| Plaintiffs | LG ELECTRONICS, INCORPORATED |
| Defendant | TOSHIBA SAMSUNG STORAGE TECHNOLOGY KOREA CORPORATION, |
| Jurisdiction | U.S. Court of Appeals for the Federal Circuit |
| Patent No. | US 6477126, US US6101162 |

| Case No. | C.A. No. 15-691-LPS-CJB |
|---|---|
| Plaintiffs | TOSHIBA SAMSUNG STORAGE TECHNOLOGY KOREA CORPORATION, |
| Defendant | LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC., |
| Jurisdiction | THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE |
| Patent No. | US RE43106, US 7367037, US 6721110, US 6785065 |

| Case No. | IPR2015-01653, IPR2015-01659, IPR2015-01642, IPR2015-01644 |
|---|---|
| Plaintiffs | LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC., |
| Defendant | TOSHIBA SAMSUNG STORAGE TECHNOLOGY KOREA CORPORATION |
| Jurisdiction | Patent Trial and Appeal Board |

| Patent No. | US RE43106, US 7367037, US 6721110, US 6785065 |
|---|---|

18.        Also as of the Petition Date, the Debtor is a named defendant in the following antitrust proceedings pending in the United States, Canada, the European Union and Taiwan:

| Case Name or Description | Case No. | Court |
|---|---|---|
| In re Optical Disk Drive Products Antitrust Litigation | 3:10-md-2143 RS | Northern District of California, USA |
| State of Florida, Office of the Attorney General, Dept. of Legal Affairs v. Hitachi-LG Data Storage, Inc., et al. | 3:13-cv-01877 RS | Northern District of California, USA |
| Dell Inc., et al. v. Hitachi-LG Data Storage, Inc., et al. | 3:13-cv-03350 RS | Northern District of California, USA |
| Hewlett-Packard Co. v. Toshiba Corp., et al. | 3:13-cv-05370 RS | Northern District of California, USA |
| Ingram Micro Inc., et al. v. LG Electronics, Inc., et al. | 3:13-cv-05372 RS | Northern District of California, USA |
| Acer Inc., et al. v. Lite-On IT Corp., et al. | 3:13-cv-04991 RS | Northern District of California, USA |
| Siegel v. Sony Corp., et al. | 3:15-cv-3248 RS | Northern District of California, USA |
| Kravitz v. Sony Corp., et al. | 3:15-cv-6325 RS | Northern District of California, USA |
| European Commission Antitrust Proceedings | Case Comp 39639; Case T-8/16 | European Commission; General Court of the European Union |
| Brazil Antitrust Proceedings | 08012.001395/2011-00; 08012.011403/2011-18 | Conselho Administrativo de Defesa Econômica (CADE) |
| The Fanshawe College of Applied Arts and Technology v. Sony Optiarc, Inc., et al. | 1501/10CP | Ontario Superior Court of Justice, Canada |
| Neil Godfrey v. Sony Corp., Inc., et al. | S-106462 | Supreme Court of British Columbia, Canada |
| Donald Woligroski v. Sony Corp., Inc., et al. | CI 11-01-73945 | Winnipeg Court of Queen's Bench, Canada |
| Carlos Fogelman v. Sony Corp., Inc., et al. | 500 06-000504-106 | Province of Quebec, District of Montreal Superior Court, Canada |

## **REQUESTS FOR RECOGNITION AND RELATED RELIEF**

19.     In addition to the above facts, the factual bases for relief under each of these motions are set forth below.  I believe, after consultation with counsel, that the relief requested by each of the motions is necessary to maximize value for all of the Debtor's creditors through the Korean Proceeding, protect the Debtor's assets in the U.S., and properly administer this proceeding.

### **A.  Recognition and Relief Motion**[2]

20.     Contemporaneously herewith, the Foreign Representative filed the Recognition and Relief Motion, seeking (a) entry of a provisional order (the "Provisional Order") (i) enforcing in the United States, on an interim basis, the Korean Commencement Order, by applying sections 362 and 365(e) of the Bankruptcy Code in this chapter 15 case on an interim basis pursuant to sections 1519(a)(3), 1521(a)(7), and 105(a) of the Bankruptcy Code, and granting such other and further relief as the Court deems just and proper; and (b) a final order (the "Final Order"), after notice and a hearing: (i) granting the chapter 15 petition in this case and recognizing the Korean Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code, (ii) giving full force and effect in the U.S. to the Korean Commencement Order, including any and all extensions or amendments thereof authorized by the Korean Court and extending the protections of the Korean Commencement Order to the Debtor on a final basis, (iii) applying section 365 of the Bankruptcy Code in this chapter 15 case on a final basis

---

[2]     Capitalized terms used but not defined in this section have the meanings ascribed to them in the Recognition and Relief Motion.

pursuant to section 1521 of the Bankruptcy Code, and (iv) granting such other and further relief as the Court deems just and proper.

21.     As detailed in the Recognition and Relief Motion, I believe there is a compelling case for recognition of the Korean Proceeding as a foreign main proceeding.   I have been advised by counsel that the Korean Proceeding is a "foreign proceeding" and that I am a "foreign representative," as those terms are defined in the Bankruptcy Code.   I have been further advised that this case was duly and properly commenced by filing the Petition accompanied by all fees, documents, and information required by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, including (a) a corporate ownership statement; (b) list containing (i) the names and addresses of all persons or bodies authorized to administer foreign proceedings of the Debtor, (ii) all parties to litigation pending in the U.S. in which the Debtor is a party at the time of the filing of the Petition, and (iii) all entities against whom provisional relief is being sought; (c) a statement identifying all foreign proceedings with respect to the Debtor that are known to the Foreign Representative; and (d) a copy of the Korean Commencement Order.

22.     I can attest that the Korean Proceeding is pending in Korea and that Korea is the center of the Debtor's main interests.   As set forth above, the Debtor's headquarters is located in Suwon, Korea.   All corporate-level decision-making and corporate administrative functions affecting the Debtor is centralized in Suwon, the Debtor's management team is based in Suwon, it is incorporated under the laws of Korea, and its employees work in Korea.

23.     I have been advised that, upon commencement of the Korean Proceeding and entry of the Korean Commencement Order, all of the Debtor's creditors were stayed from taking any enforcement actions against the Debtor and its assets, wherever located. Nonetheless, I believe there is a risk that certain of the Debtor's creditors assert that they are not

subject to the jurisdiction of the Korean Court and may attempt to take enforcement actions in the U.S.  To protect against this risk, the Foreign Representative has filed the Recognition and Relief Motion seeking a final order (i) granting recognition of the Korean Proceeding, (ii) giving full force and effect in the U.S. to the Korean Commencement Order, and (iii) applying sections 362 and 365 of the Bankruptcy Code to this chapter 15 case.  I have been advised that the entry of the Final Order granting the requested relief would, among other things, extend the protections of the stay to TSST-K's assets located in the U.S and prevent contract counterparties from modifying or terminating U.S.-based contracts.

24.    On a final basis, TSST-K must have certainty that contract counterparties will not terminate or exercise remedies under their agreements, will continue performing thereunder, and will be subject to and bound by any decision by the Debtor to affirm or disclaim such agreements.  I can attest that, without the preservation of its contractual relationships, the Debtor may lose the benefit of these agreements, litigation may ensue, and counterparties may obtain unfair advantages over other creditors.

25.    Counsel has advised me that the final relief requested in the Recognition and Relief Motion is not available until this Court grants the Final Order recognizing the Korean Proceeding and that, in the interim, in this chapter 15 case there is no automatic stay or other specific protections in the U.S. for TSST-K's U.S. assets (other than the stay under the Korean Commencement Order).  Therefore, in addition to the Final Order, the Debtor is seeking on an interim basis, an order applying sections 362 and 365(e) to ensure that parties do not continue litigation against the Debtor and creditors do not attempt to bring any enforcement action against the Debtor or attempt to terminate or modify their contracts as a result of the commencement of the Korean Proceeding or this chapter 15 case.

26.     As noted above and in the Recognition and Relief Motion, the Debtor has assets in the U.S., including valuable patents governed by U.S. law and contracts with U.S. companies.   I have been advised that unless the Provisional Order is granted and all creditors are enjoined, the Debtor faces the risk that creditors may take actions to recover against its U.S. assets, as well as the risk that contract counterparties may attempt to terminate or modify pre-petition contracts governed by U.S. law.   I submit that if creditors unilaterally pursue collection or enforcement efforts, or continue litigation against the Debtor, such actions could diminish the value of the Debtor's assets and cause significant delay and disruption to the Debtor's restructuring process.   Without the protections afforded by sections 362 and 365(e) of the Bankruptcy Code, the Debtor may lose valuable rights and benefits thereunder.   Accordingly, I submit that the interim relief requested in the Recognition and Relief Motion is necessary to protect against the disruption to business operations and interference with reorganization efforts that would result from such attempted exercise of remedies or cessation of performance by contract counterparties and others.

27.     In contrast, I believe that the Debtor's creditors and other stakeholders will suffer little, if any, harm as a result of the requested provisional relief as such relief will merely preserve the status quo during the short time necessary for the Court to rule on the Petition.   Indeed, I understand that a stay of all litigation enforcement actions against the Debtor already exists under Korean law.   I believe that granting the request for provisional relief will benefit the Debtor's creditors and stakeholders because it will ensure that the value of the Debtor's assets and business are preserved and maximized for the benefit of all stakeholders.

28.     Finally, as described in the Recognition and Relief Motion, and as discussed with counsel, I understand and believe that recognizing the Korean Proceeding as a

foreign main proceeding and granting the relief requested therein on a final basis is consistent with the purposes of chapter 15 of the Bankruptcy Code and U.S. public policy.   Therefore, I believe that the provisional and final relief requested in the Recognition and Relief Motion is necessary and appropriate and is in the best interests of the Debtor, its creditors and other parties in interest.

### B.  Notice Procedures Motion[3]

29.      The Foreign Representative has also filed the Notice Procedures Motion seeking the entry of an order approving (a) the form of notice (the "Recognition Hearing Notice") of (i) the filing of the Petition and certain related pleadings, including the Recognition and Relief Motion, (ii) the entry of the Provisional Order recognizing and enforcing in the United States, on an interim basis, the Korean Commencement Order, and granting other relief sought in the Recognition and Relief Motion, (iii) the deadline to object to the Petition and the Court's entry of the proposed Final Order, and (iv) the hearing for the Court to consider the Petition and the relief requested in the Recognition and Relief Motion on a final basis (the "Recognition Hearing"); (b) the manner of service of the Recognition Hearing Notice; and (c) the manner of service on the Master Service List of any pleadings filed in this chapter 15 case.

30.      I can attest that the Debtor has numerous domestic potential creditors, litigation parties, and other parties in interest, all of whom need to be provided with, among other things, notice of the Provisional Order, the proposed Final Order, the Recognition Objection Deadline, and the Recognition Hearing.   Under the facts and circumstances of the Debtor's chapter 15 case, I submit that service of the Recognition Hearing Notice in the manner proposed

---

[3]      Capitalized terms used but not defined in this section have the meanings ascribed to them in the Notice Procedures Motion.

in the Notice Procedures Motion will provide those parties identified as the Notice Parties in the Notice Procedures Motion with due and sufficient notice of the relief requested in the Recognition and Relief Motion and associated objection deadline and hearing dates.

31.      Furthermore, I believe that service by the Foreign Representative of all pleadings that it files in these cases by international or U.S. mail, first class postage prepaid, on the Master Service List is an efficient and effective way to provide notice to such key parties in these cases and the Korean Proceeding.   At the same time, I believe that it will not overburden the Debtor with the significant costs associated with copying and mailing all the various documents filed in this case to the entire matrix of putative creditors and other parties.

32.      Therefore, I believe that the relief requested in the Notice Procedures Motion is necessary and appropriate and is in the best interests of the Debtor, its creditors and other parties in interest.

## CONCLUSION

33.      Based on the foregoing, I believe that the relief being requested at the outset of this chapter 15 case is well justified, necessary under the circumstances, in the best interests of the Debtor and its creditors, and should be granted.

34.      I certify pursuant to 28 U.S.C. § 1746 under penalty of perjury under the laws of the U.S. that the foregoing is true and correct to the best of my knowledge, information, and belief, and that the copy of the Korean Commencement Order attached hereto as **Exhibit A** is a true and correct copy of the same as entered by the Korean Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: July 5, 2016

By:   */s/ Dae Sung Cho*
Name: Dae Sung Cho
Title:   Foreign Representative of Toshiba Samsung Storage Technology Korea Corporation

10205458.3