**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| TOSHIBA SAMSUNG STORAGE | ) | Case No. 16-11602 (    ) |
| TECHNOLOGY KOREA CORPORATION, | ) | |
| | ) | |
| Debtor in a Foreign Proceeding. [1] | ) | |
| | ) | |

**MOTION OF FOREIGN REPRESENTATIVE FOR ENTRY OF PROVISIONAL AND
FINAL ORDERS GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING
AND CERTAIN RELATED RELIEF PURSUANT TO SECTIONS 362, 365, 1517,
1519, 1520, 1521, AND 105(a) OF THE BANKRUPTCY CODE**

Dae Sung Cho, is the duly appointed foreign representative (the "Foreign

Representative") of Toshiba Samsung Storage Technology Korea Corporation ("TSST-K" or the

"Debtor") in connection with the pending proceeding (the "Korean Proceeding") filed under the

Debtor Rehabilitation and Bankruptcy Act in the Seoul Central District Court (the "Korean

Court") in Seoul, Republic of Korea ("Korea"). The Foreign Representative has commenced this

chapter 15 case ancillary to the Korean Proceeding by the filing of (i) the verified chapter 15

petition for recognition under chapter 15 of the Bankruptcy Code (the "Petition"), with

accompanying documentation, pursuant to sections 1504 and 1515 of title 11 of the United States

Code (as amended, the "Bankruptcy Code") and rule 1007 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"). In support of this Motion, the Foreign Representative

refers the Court to the statements and arguments contained in the (a) *Declaration of Hyojong*

*Choi in Support of Verified Petition Under Chapter 15 for Recognition of Foreign Main*

*Proceeding* (the "Choi Declaration"), and (b) *the Declaration of Dae Sung Cho in Support of*

---

[1]     The last four digits of Toshiba Samsung Storage Technology Korea Corporation's Business
Registration Number are 7441. The Debtor's main corporate and mailing address is 88 Suwon-
ro, Yeongtong-gu 14th Flr., Bldg #102, Digital Empire 2, Suwon-si, Gyoenggido, 443-734.

*Verified Petition and Related Relief* (the "Sung Declaration," and collectively, with the Choi Declaration, the "Declaration in Support"), which have been filed contemporaneously herewith and are incorporated herein by reference, and further respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware,* dated as of February 29, 2012. This case has been properly commenced pursuant to 11 U.S.C. § 1504 by the filing of a petition for recognition of the Korean Proceeding pursuant to 11 U.S.C. § 1515 of title 11 of the Bankruptcy Code.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules"), the Foreign Representative consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

## BACKGROUND

4. The Court is respectfully referred to the Declaration in Support for a description of the Korean Proceeding and the Debtor's activities, business, corporate organization, capital structure, and circumstances leading to the filing of the chapter 15 case.

## RELIEF REQUESTED

5. Pursuant to sections 362, 365, 1517, 1519, 1520, 1521, and 105(a) of the Bankruptcy Code, the Foreign Representative seeks (a) entry of a provisional order (the

"Provisional Order") (i) enforcing in the United States, on an interim basis, the commencement order issued on June 16, 2016 (the "Korean Commencement Order") by the Korean Court and the stay under Korean law, by applying sections 362 and 365(e) of the Bankruptcy Code in this chapter 15 case on an interim basis pursuant to sections 1519(a)(3), 1521(a)(7), and 105(a) of the Bankruptcy Code, and granting such other and further relief as the Court deems just and proper; and (b) a final order (the "Final Order"), after notice and a hearing (i) granting the chapter 15 petition in this case and recognizing the Korean Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code, (ii) giving full force and effect in the United States of America (the "U.S.") to the Korean Commencement Order, including any and all extensions or amendments thereof authorized by the Korean Court and extending the protections of the Korean Commencement Order to the Debtor on a final basis, (iii) applying section 365 of the Bankruptcy Code in this chapter 15 case on a final basis pursuant to section 1521 of the Bankruptcy Code, and (iv) granting such other and further relief as the Court deems just and proper.

6.      A proposed form of order approving the relief requested herein on an interim basis is annexed hereto as **Exhibit A** (the Provisional Order) and, pending a final hearing on the Motion, on a final basis as **Exhibit B** (the Final Order).

## BASIS FOR RELIEF

7.      As discussed in the Declaration in Support, and similar to the protection provided to a debtor under U.S. bankruptcy law, upon commencement of the Korean Proceeding, all of TSST-K's creditors were stayed from taking litigation actions against TSST-K and its assets, wherever located pursuant to Article 59 of the Republic of Korea's Debtor Rehabilitation and Bankruptcy Act (the "DRBA").  Notwithstanding the worldwide application of the stay

imposed by the Korean Proceeding, there is a risk that TSST-K's creditors may attempt to take enforcement actions in the U.S.  To protect against this risk, the Foreign Representative commenced this chapter 15 case and, by this Motion, is seeking a final order (i) granting recognition of the Korean Proceeding, (ii) giving full force and effect in the U.S. to the Korean Commencement Order, and (iii) applying section 365 of the Bankruptcy Code to this chapter 15 case.  The entry of a final order granting such relief would, among other things, extend the protections of the stay to TSST-K's assets located in the U.S., prevent contract counterparties from modifying or terminating U.S.-based contracts, and permit the enforcement in the U.S. of claims and liens granted to the lenders providing TSST-K with postpetition financing.

8.      Because such relief is not automatically available until this Court grants a final order (after notice and a hearing) recognizing the Korean Proceeding, in the interim, there is no automatic stay or other protections in the U.S.  Therefore, in addition to the final order, TSST-K is seeking, on an interim basis, an order applying sections 362 and 365(e) to ensure that creditors do not attempt to bring any enforcement action against TSST-K or attempt to terminate or modify their contracts as a result of the commencement of the Korean Proceeding.

## I.      The Korean Proceeding Is Entitled to Recognition as a Foreign Main Proceeding

9.      Pursuant to this Motion, the Foreign Representative seeks, pursuant to sections 1517 and 1520 of the Bankruptcy Code, recognition and enforcement of the Korean Commencement Order.  The Korean Proceeding is entitled to recognition as a "foreign main proceeding" under chapter 15 of the Bankruptcy Code because, among other things:

a.      the Korean Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code because the Korean Proceeding is in a jurisdiction where the Debtor maintains the center of its main interests;

b.      the Foreign Representative is a "person" within the meaning of section 101(41) of the Bankruptcy Code and a "foreign

representative" within the meaning of section 101(24) of the
Bankruptcy Code;

c.     the Petition was filed in accordance with sections 1504 and 1509
of the Bankruptcy Code; and

d.     the Petition meets the requirements of sections 1504 and 1515 of
the Bankruptcy Code.

**A.    This Case Concerns a "Foreign Proceeding"**

10.    The Korean Proceeding is a "foreign proceeding" within the meaning of

section 101(23) of the Bankruptcy Code, which provides, in pertinent part, that:

> The term "foreign proceeding" means a collective judicial or
> administrative proceeding in a foreign country, including an
> interim proceeding, under a law relating to insolvency or
> adjustment of debt in which proceeding the assets and affairs of the
> debtor are subject to control or supervision by a foreign court, for
> the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).  These requirements are satisfied by the Korean Proceeding.

11.    First, the Korean Proceeding is a collective judicial proceeding in Korea

related to insolvency for the purpose of "reorganization."   As set forth in the Declaration in

Support, the Debtor commenced the Korean Proceeding because it is "impossible for Debtor to

repay its obligations as they become due and payable," which the Korean Court confirmed in its

order.  *See* Korean Commencement Order, at 3.   Additionally, courts in the United States

regularly recognize rehabilitation proceedings under Korea's DRBA as qualifying as foreign

proceedings under the Bankruptcy Code.  *See In re Daebo International Shipping Co.,* Case No.

15-10616 (MEW), D.I. 53 (Bankr. S.D.N.Y. May 8, 2015); *In re Pantech Co., Ltd.,* Case No. 14-

70482 (LRC), D.I. 31 (Bankr. N.D. Ga. Dec. 18, 2014); *In re STX Pan Ocean Co., Ltd.,* Case No.

13-12046 (SCC), D.I 44 (Bankr. S.D.N.Y. July 10, 2013); *In re Daewoo Logistics Corp.,* Case

No. 09-15558 (CGM), D.I. 17 (Bankr. S.D.N.Y. Oct. 21, 2009).   Accordingly, it cannot be

seriously disputed that the Korean Proceeding qualifies as a foreign proceeding under the definition set forth in section 101(23) of the Bankruptcy Code.

### B.    These Cases were Commenced by a "Foreign Representative"

12.    This chapter 15 case was commenced by the duly-appointed "foreign representative" of the Debtor within the meaning of section 101(24) of the Bankruptcy Code. That section defines a "foreign representative," in pertinent part, as a "person or body… authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding."  11 U.S.C. § 101(24).  In this case, the Foreign Representative was appointed and authorized by the Korean Court to act as the Debtor's foreign representative in accordance with the DRBA. *See* Korean Commencement Order, at 1.

13.    Given the Foreign Representative's appointment as the custodian of the Debtor in the Korean Commencement Order, he qualifies as a "foreign representative" of the Debtor.  The Court is entitled to presume that the representative identified in the Korean Commencement Order is a "foreign representative" under section 1516(a) of the Bankruptcy Code.  Accordingly, the Foreign Representative is a proper "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code.

### C.    These Cases were Properly Commenced under Chapter 15

14.    The Foreign Representative duly and properly commenced the chapter 15 case, as required by sections 1504 and 1509 of the Bankruptcy Code, by filing the Petition for recognition of a foreign proceeding under section 1515(a) accompanied by all documents and information required by section 1515(b) and (c).  *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 374 B.R. 122, 127 (Bankr. S.D.N.Y. 2007), *aff'd*, 389 B.R.

325 (S.D.N.Y. 2008) ("A case under chapter 15 is commenced by a foreign representative filing a petition for recognition of a foreign proceeding under section 1515 of the Bankruptcy Code."). Because the Foreign Representative has satisfied the requirements set forth in section 1515 of the Bankruptcy Code, he has properly commenced this chapter 15 case.

<blockquote><b>D.    The Korean Proceeding Should be Recognized as a Foreign Main Proceeding</b></blockquote>

15.    The Korean Proceeding should be recognized as a "foreign main proceeding," as defined in sections 101(23) and 1502(4) of the Bankruptcy Code.  A foreign proceeding will be recognized as a foreign main proceeding if "it is pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1517(b)(1).  Bankruptcy Code section 1516 establishes a rebuttable presumption that the debtor's registered office is the debtor's center of main interests ("<u>COMI</u>").  *See* 11 U.S.C. § 1516.  When considering a debtor's COMI, courts may consider the analogous concept of an entity's "principal place of business" or "nerve center."  *Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 132 n.10 (2d Cir. 2013). As such, courts will look to factors such as the location of the debtor's headquarters, the location of those who actually manage the debtor, and the location of the debtor's primary assets, among other things, to determine the foreign debtor's COMI.  *Id*. at 130.

16.    The above factors conclusively support a finding that the Debtor's COMI is Korea.  The Debtor's headquarters is located in Suwon, Korea.  All corporate-level decision-making and corporate administrative functions affecting the Debtor is centralized in Suwon, the Debtor's management team is based in Suwon, it is incorporated under the laws of Korea, and its employees work in Korea.  As such, the Korean Bankruptcy Proceeding constitutes a foreign main proceeding.

### E.    The Foreign Representative is Entitled to an Order Granting Recognition

17.    As evidenced above, the Korean Proceeding is a "foreign main proceeding" within the meaning of section 1502 of the Bankruptcy Code, the Foreign Representative applying for recognition is a "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code, and the Petition meets the requirements of section 1515 of the Bankruptcy Code.  Section 1517(a) of the Bankruptcy Code provides, in pertinent part, that "[s]ubject to section 1506, after notice and a hearing, an order recognizing a foreign proceeding shall be entered if - (1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502; (2) the foreign representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515.  11 U.S.C. §1517(a); *see also* H.R. Rep. 109-31(I), 109 Cong., Sess. 2005, *reprinted in* 2005 U.S.C.C.A.N. 88, 169 at 175 (noting, in enacting chapter 15, that the "decision to grant recognition is not dependent upon any findings about the nature of the foreign proceedings of the sort previously mandated by section 304(c) of the Bankruptcy Code.  The requirements of this section, which incorporates the definitions in section 1502 and sections 101(23) and (24), are all that must be fulfilled to attain recognition").  The Foreign Representative submits that recognizing the Korean Proceeding as a foreign main proceeding is consistent with the purpose of chapter 15 and U.S. public policy.  Accordingly, the Foreign Representative respectfully submits that the Court should enter an Order recognizing the Korean Proceeding as a "foreign main proceedings" pursuant to the Bankruptcy Code.

## II.    Additional Relief Pursuant to Section 1521 Is Warranted and Appropriate

18.    The Foreign Representative also seeks an order applying section 365 of the Bankruptcy Code in this chapter 15 case on a final basis pursuant to section 1521 of the

Bankruptcy Code to enable TSST-K to maintain key contracts and prevent counterparties from exercising insolvency-related termination provisions.

19.    In addition to the relief automatically provided by section 1520 of the Bankruptcy Code upon recognition of a foreign main proceeding, the Foreign Representative requests additional relief pursuant to section 1521 of the Bankruptcy Code to protect TSST-K's assets and its creditors' interests.  Section 1521 of the Bankruptcy Code provides, in relevant part, that the court may grant a foreign representative "any appropriate relief," including "any relief that may be available to a trustee," subject to certain limitations (which do not apply here) where necessary to effectuate the purpose of chapter 15 and to protect the debtor's assets and creditors' interests. 11 U.S.C. § 1521(a)(7). Accordingly, pursuant to section 1521(a)(7) of the Bankruptcy Code, the Foreign Representative requests that the Court extend the protections afforded by section 365 of the Bankruptcy Code to the Debtor.

20.    Section 365 is a fundamental provision under the Bankruptcy Code that enables a debtor to preserve valuable commercial relationships, including preventing counterparties from attempting to terminate their contracts or halt performance as a result of the debtor's insolvency.  *See In re Woskob*, 305 F.3d 177, 184-85 (3d Cir. 2002) (explaining that section 365 invalidates provisions of law or contract which specify that a bankruptcy filing per se will terminate or modify the contract); *In re DBSI, Inc*., 409 B.R. 720, 728 (Bankr. D. Del. 2009). It also enables a debtor to assume contracts that are beneficial and valuable, but reject those that are burdensome.  *See In re Fleming Companies, Inc*., 499 F.3d 300, 304 (3d Cir. 2007) (stating that section 365 allows a trustee to "to maximize the value of the debtor's estate by assuming executory contracts . . . that benefit the estate and rejecting those that do not"). Application of section 365 in this chapter 15 case is necessary to protect against the disruption to

business operations and interference with reorganization efforts that would result from any attempt by a contract counterparty to exercise remedies or cease performance under any executory agreement with the Debtor.

21.     As set forth in the Declaration in Support, a number of TSST-K's customers are in the U.S. and have contracts that may be governed by the laws of the U.S. Although contract counterparties, including those whose contracts are governed by U.S. law, are subject to the jurisdiction of the Korean Court and bound by the Korean Commencement Order, out of an abundance of caution and in order to fully protect the Debtor's rights, the Foreign Representative seeks an order applying section 365 of the Bankruptcy Code in this chapter 15 case.

22.     TSST-K must have certainty that U.S. contract counterparties will not terminate or exercise remedies under their prepetition agreements and will continue performing thereunder.  Without the preservation of its contractual relationships, TSST-K may lose the benefit of these agreements, litigation may ensue, and counterparties may obtain unfair advantages over other creditors.  On these facts, application of section 365 of the Bankruptcy Code is warranted in this chapter 15 case, similar to how it has been granted in other chapter 15 cases.  *See, e.g., Essar Steel Algoma Inc*., Case No. 15-12271-BLS, D.I. 30 (Bankr. D. Del. Nov. 10, 2015).

## III.     Provisional Relief Within the Scope of Section 1519 of the Bankruptcy Code Is Necessary and Appropriate Under the Circumstances

23.     By this Motion, the Foreign Representative seeks entry of an interim order enforcing the Korean Commencement Order by making sections 362 and 365(e) of the Bankruptcy Code applicable in this chapter 15 case on a provisional basis pending entry of the Final Order.  As noted above, application of both the automatic stay, which protections should be

coextensive with the stay provided in the Korean Commencement Order, and section 365(e) is crucial to prevent irreparable injury to the value of TSST-K's assets.

24.    Pursuant to section 1517, an order recognizing a foreign proceeding may only be entered after notice and a hearing. 11 U.S.C. § 1517(a).  Pursuant to Bankruptcy Rule 2002(q), the notice period must be at least 21 days.  Fed. R. Bankr. P. 2002(q).  Upon recognition of a proceeding as a foreign main proceeding, among other things, section 362 (the automatic stay) applies. 11 U.S.C. § 1520(a)(1).  Absent provisional relief, there is no stay applicable in the U.S. during the period between filing the chapter 15 petition and entry of the recognition order.  Therefore, interim relief is necessary to protect TSST-K and its assets from diminution in value caused by collection or enforcement efforts of creditors prior to the disposition of the Petition.  This includes (i) staying the commencement or continuation of actions against TSST-K and its assets under section 362 and (ii) ensuring that contract counterparties continue performing by enforcing section 365(e) of the Bankruptcy Code.  Accordingly, certain provisional relief is necessary.

### A.    Provisional Relief Is Available

25.    Section 1519(a)(3) of the Bankruptcy Code authorizes the Court to grant, on a provisional basis, any relief available pursuant to section 1521(a)(7). 11 U.S.C. § 1519(a)(3).  As noted above, section 1521(a)(7) provides that the Court may grant a foreign representative any relief available to a trustee, subject to certain exceptions not relevant here.  11 U.S.C. § 1521(a)(7).  The automatic stay of section 362 is an essential feature of the Bankruptcy Code that clearly falls within this provision.  The same is true with respect to section 365(e). Moreover, the relief authorized by the Korean Commencement Order and under Korean law is substantially similar to the relief available to a trustee under the Bankruptcy Code.  In addition,

section 105(a) of the Bankruptcy Code further allows the Court to "issue any order . . . necessary or appropriate to carry out the provisions of [title 11]." 11 U.S.C. § 105(a).

      26.     Courts within this jurisdiction frequently grant provisional relief similar to that which is sought herein, including recognition and enforcement of an order entered in the foreign proceeding and application of sections 362 and 365(e) of the Bankruptcy Code. *See, e.g., Essar Steel Algoma Inc.*, Case No. 15-12271 (BLS), D.I. 30 (Bankr. D. Del. Nov. 10, 2015) (order granting provisional relief, including recognition and enforcement of the initial order entered in a foreign proceeding, and application of section 362, 364(e) and 365(e)); *In re Lone Pine Res. Inc.*, Case No. 13-12487 (BLS), D.I. 64 (Bankr. D. Del. Oct., 24, 2013) (order granting provisional relief, including recognition and enforcement of the initial order entered in a foreign proceeding, and application of section 362); *In re Catalyst Paper Corp.*, Case No. 12-10221 (PJW), D.I. 22 (Bankr. D. Del. Jan. 19, 2012) (order granting provisional relief, including application of sections 362 and 365(e)); *In re Arctic Glacier Int'l Inc.*, Case No. 12-10605 (KG), D.I. 28 (Bankr. D. Del. Feb. 23, 2012) (order granting provisional relief, including recognition and enforcement of the initial order entered in a foreign proceeding, and application of section 362, 364(e) and 365(e)); *In re Elpida Memory, Inc.*, Case No. 12-10947 (CSS), D.I. 25 (Bankr. D. Del. Mar. 21, 2012) (order granting provisional relief, including application of section 362); *In re Cinram Int'l Inc.*, Case No. 12-11882 (KJC), D.I. 30 (Bankr. D. Del. June 26, 2012) (order granting provisional relief, including recognition and enforcement of the initial order entered in a foreign proceeding, protections provided by section 364(e) and application of sections 362 and 365(e)); *In re Angiotech Pharm. Inc.*, Case No. 11-10269 (KG), D.I. 26 (Bankr. D. Del. Jan. 31, 2011) (order granting provisional relief, including application of section 362 and 365(e)); *In re*

*MAAX Corp.*, Case No. 08-11443 (CSS), D.I. 22 (Bankr. D. Del. July 14, 2008) (order granting provisional relief, including section 365(e)).

27.     Additionally, this interim application of the automatic stay is commonly granted in other Chapter 15 cases with Korean debtors subject to insolvency proceedings under the DRBA.  *See In re Daebo International Shipping Co.*, Case No. 15-10616 (MEW), D.I. 21 (Bankr. S.D.N.Y. March 19, 2015); *In re STX Pan Ocean Co., Ltd.*, Case No. 13-12046 (SCC), D.I 30 (Bankr. S.D.N.Y. July 10, 2013); *In re Daewoo Logistics Corp.*, Case No. 09-15558 (CGM), D.I. 15 (Bankr. S.D.N.Y. September 24, 2009).

### B.    Provisional Relief Is Necessary to Prevent Irreparable Harm and Is Consistent with Public Interest

28.     Relief pursuant to section 1519 of the Bankruptcy Code is available where the foreign representative can satisfy the standard for injunctive relief. 11 U.S.C. § 1519(e); *In re Innua Canada Ltd.*, No. 09-16362, 2009 WL 1025088, at *3 (Bankr. D.N.J. Mar. 25, 2009). In the Third Circuit, the factors considered for injunctive relief include (i) it has a likelihood of success on the merits; (ii) it will suffer irreparable harm if the requested injunction is denied; (iii) granting preliminary relief will not result in greater harm to the nonmoving party; and (iv) the public interest favors such relief.  *U.S. v. Bell*, 414 F.3d 474, 478 n.4 (3d Cir. 2005) (citing *ACLU of N.J. v. Black Horse Pike Reg'l Bd. of Educ.*, 84 F.3d 1471, 1477 n.2 (3d Cir. 1996)); *see also Rogers v. Corbett*, 468 F.3d 188, 192 (3d Cir. 2006) (citations omitted); *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citations omitted).   The Foreign Representative submits that this standard is satisfied here and, therefore, the Debtor is entitled to the requested provisional relief pursuant to section 1519 of the Bankruptcy Code, including entry of the Provisional Order.

1.     **There Is a Substantial Likelihood of Recognition of the Korean Proceeding as a Foreign Main Proceeding and Application of Requested Additional Bankruptcy Code Provisions**

29.     There is a compelling case for recognition of the Korean Proceeding as a foreign main proceeding.  It is clear that the Korean Proceeding is a "foreign main proceeding" and Mr. Cho is a "foreign representative" as those terms are defined in the Bankruptcy Code.  In addition, the chapter 15 case was duly and properly commenced by filing the verified chapter 15 petition accompanied by all fees, documents, and information required by the Bankruptcy Code and the Bankruptcy Rules.  Upon recognition of the Korean Proceeding as a foreign main proceeding, section 362 of the Bankruptcy Code will automatically apply in this chapter 15 case pursuant to section 1520(a)(1) of the Bankruptcy Code.  11 U.S.C. § 1520(a)(1).  Moreover, the application of section 365(e) on an interim basis, preventing contract counterparties from terminating their prepetition contracts with TSST-K and staying all litigation, is entirely consistent with the injunctive relief afforded by the automatic stay under section 362.  Furthermore, similar relief has been granted in other chapter 15 cases with Korean debtors, as noted above.  Accordingly, it is likely that TSST-K will receive final approval of all of the relief requested on an interim basis.

2.     **TSST-K Will Suffer Irreparable Harm Absent Provisional Relief**

30.     Application of provisional relief pursuant to sections 362 and 365(e) of the Bankruptcy Code in this case is critical to the prevention of irreparable damage to TSST-K's reorganization proceeding in Korea.  This chapter 15 case was commenced for the purpose of obtaining the assistance of this Court in respect of the Korean Proceeding to give effect in the U.S. to the Korean Commencement Order, and other orders, of the Korean Court.  Although the Korean Commencement Order implements a stay preventing parties from taking actions against

TSST-K and its assets wherever located, TSST-K has assets in the U.S. that may be subject to enforcement actions by certain creditors and litigants that may not believe they are bound by the Korean Commencement Order.[2]  *See In re Daebo Int'l Shipping Co.*, 543 B.R. 47, 54 (Bankr. S.D.N.Y. 2015) (holding that "the Court finds that under Korean law the stay order plainly was intended to have worldwide effect . . . .  Korean law (and the stay order) are clear, and it is consistent with the purpose of Chapter 15 to give effect to them.")

31.    As noted in the Declaration in Support, TSST-K has assets in the U.S., including valuable contracts with U.S. companies.  Counterparties to various contracts with TSST-K may take the position that the commencement of the Korean Proceeding and/or chapter 15 case is an event of default giving rise to a right to terminate or modify such contracts.  In addition, TSST-K is subject to a multitude of litigation in the U.S. and certain litigants may continue actions in the U.S., straining the Debtor's ability to reorganize under Korean law. Unless the Provisional Order is granted and all creditors and litigants are enjoined, TSST-K faces the risk that litigants may take enforcement actions against TSST-K's assets, as well as the risk that contract counterparties may attempt to terminate prepetition contracts.  If creditors unilaterally pursue collection or enforcement efforts, such actions could diminish the value of TSST-K's assets and cause significant delay and disruption to TSST-K's restructuring process. The relief requested herein is necessary to protect against these risks.  The purpose of chapter 15 is to provide such protection by, among other things, ensuring that all of a debtor's creditors are enjoined from taking action against the debtor's assets, thereby preventing some creditors from getting an unfair advantage over others.  *See* 11 U.S.C. § 1501.

---

[2]    The Foreign Representative reserves all rights and remedies with respect to any party that takes action against the Debtor or its assets inconsistent with the Korean Commencement Order and Korean law.

32.     Courts regularly recognize the need to provide provisional relief in order to ensure the orderly distribution of a debtor's assets in a single proceeding, and prevent piecemeal enforcement against a debtor's assets across multiple jurisdictions. *See, e.g., Essar Steel Algoma Inc.*, Case No. 15-12271 (BLS), D.I. 30 (Bankr. D. Del. Nov. 10, 2015); *In re Daebo International Shipping Co.*, Case No. 15-10616 (MEW), D.I. 21 (Bankr. S.D.N.Y. March 19, 2015); *In re Lone Pine Res. Inc.*, Case No. 13-12487 (BLS), D.I. 64 (Bankr. D. Del. Oct., 24, 2013); *In re STX Pan Ocean Co., Ltd.*, Case No. 13-12046 (SCC), D.I 30 (Bankr. S.D.N.Y. July 10, 2013); *In re Catalyst Paper Corp.*, Case No. 12-10221 (PJW), D.I. 22 (Bankr. D. Del. Jan. 19, 2012); *In re Arctic Glacier Int'l Inc.*, Case No. 12-10605 (KG), D.I. 28 (Bankr. D. Del. Feb. 23, 2012); *In re Elpida Memory, Inc.*, Case No. 12-10947 (CSS), D.I. 25 (Bankr. D. Del. Mar. 21, 2012); *In re Cinram Int'l Inc.*, Case No. 12-11882 (KJC), D.I. 30 (Bankr. D. Del. June 26, 2012); *In re Angiotech Pharm. Inc.*, Case No. 11-10269 (KG), D.I. 26 (Bankr. D. Del. Jan. 31, 2011); *In re Daewoo Logistics Corp.*, Case No. 09-15558 (CGM), D.I. 15 (Bankr. S.D.N.Y. September 24, 2009); *In re MAAX Corp.*, Case No. 08-11443, D.I. 22 (CSS) (Bankr. D. Del. July 14, 2008).  The provisional relief requested herein is necessary on an immediate basis to protect against potential destruction of asset value, disruption to business operations, and interference with reorganization efforts that would result from TSST-K's liquidity constraints and the exercise of remedies by lenders, contract counterparties, and others pending entry of the Final Order.  Absent this relief, TSST-K and its creditors may suffer irreparable harm.

### 3.     Provisional Relief Will Benefit Creditors

33.     In contrast to the hardships described above, preservation of the status quo through imposition of the automatic stay and prevention of contract termination while the Foreign Representative and TSST-K undertake the reorganization process in the Korean Proceeding will not prejudice creditors.  Indeed, creditors as a whole will benefit from such

relief.  The relief requested in this Motion is intended to be temporary, extending only through the disposition of the petition for recognition.  Granting the request for provisional relief actually will benefit TSST-K's creditors because it will ensure the value of TSST-K's assets is preserved, protected, and maximized for the benefit of and fair distribution to all creditors.

### 4.        Public Interest Favors Granting Provisional Relief

34.        As noted above, the requested interim relief is consistent with the policies underlying the Bankruptcy Code, including the provision of a breathing spell for a debtor and the equitable treatment of all creditors.  Additionally, granting the requested relief is in the public interest because it will facilitate TSST-K's efforts to complete a court-supervised restructuring for the benefit of its creditors and other stakeholders (including those in the U.S.).  *See Rehabworks, Inc. v. Lee (In re Integrated Health Servs., Inc.),* 281 B.R. 231, 239 (Bankr. D. Del. 2002) ("In the context of a bankruptcy case, promoting a successful reorganization is one of the most important public interests."); *Am. Film Techs, Inc. v. Taritero (In re Am. Film Techs., Inc.),* 175 B.R. 847, 849 (Bankr. D. Del. 1994) ("It is 'one of the paramount interests' of this court to assist the Debtor in its reorganization efforts.") (*quoting Gathering Rest., Inc. v. First Nat'l Bank of Valparaiso (In re Gathering Rest., Inc.),* 79 B.R. 992, 1001 (Bankr. N.D. Ind. 1986)). Moreover, granting the provisional relief is in the public interest because it promotes cooperation between jurisdictions in cross-border insolvencies, which is an express purpose of chapter 15 of the Bankruptcy Code.  11 U.S.C. § 1501(a).

35.        For the reasons set forth herein, the Foreign Representative respectfully requests that, pending the hearing on the Final Order, the Provisional Order be approved in all respects and that the terms and provisions of the Provisional Order be implemented and that, after the Final Hearing, the Final Order be approved in all respects and the terms and provision of the Final Order be implemented.  As noted above, this Court and others have frequently

granted requests for similar provisional relief in chapter 15 cases.  *See, e.g., Essar Steel Algoma Inc*., Case No. 15-12271 (BLS), D.I. 30 (Bankr. D. Del. Nov. 10, 2015); *In re Daebo International Shipping Co*., Case No. 15-10616 (MEW), D.I. 21 (Bankr. S.D.N.Y. March 19, 2015); *In re Lone Pine Res. Inc*., Case No. 13-12487 (BLS), D.I. 64 (Bankr. D. Del. Oct., 24, 2013); *In re STX Pan Ocean Co., Ltd*., Case No. 13-12046 (SCC), D.I 30 (Bankr. S.D.N.Y. July 10, 2013); *In re Catalyst Paper Corp*., Case No. 12-10221 (PJW), D.I. 22 (Bankr. D. Del. Jan. 19, 2012); *In re Arctic Glacier Int'l Inc*., Case No. 12-10605 (KG), D.I. 28 (Bankr. D. Del. Feb. 23, 2012); *In re Elpida Memory, Inc*., Case No. 12-10947 (CSS), D.I. 25 (Bankr. D. Del. Mar. 21, 2012); *In re Cinram Int'l Inc*., Case No. 12-11882 (KJC), D.I. 30 (Bankr. D. Del. June 26, 2012); *In re Angiotech Pharm. Inc*., Case No. 11-10269 (KG), D.I. 26 (Bankr. D. Del. Jan. 31, 2011); *In re Daewoo Logistics Corp*., Case No. 09-15558 (CGM), D.I. 15 (Bankr. S.D.N.Y. September 24, 2009); *In re MAAX Corp*., Case No. 08-11443, D.I. 22 (CSS) (Bankr. D. Del. July 14, 2008).

## CONCLUSION

36.    The Foreign Representative respectfully submits that the Korean Proceeding should be recognized as a foreign main proceeding, it is appropriate to apply sections 365 in this chapter 15 case, and the provisional relief requested herein is necessary to prevent harm to TSST-K and its assets and, therefore, should be approved.

## NOTICE

37.    The Foreign Representative shall provide notice of the Motion to the following parties, or their counsel, if known: (i) all persons or bodies authorized to administer foreign proceedings of the Debtor; (ii) all entities against whom provisional relief is being sought pursuant to section 1519 of the Bankruptcy Code, including, but not limited to, all known

creditors of the Debtor in the United States; (iii) all parties to litigation pending in the United States to which the Debtor is a party at the time of the filing of the Petition; (iv) the Office of the United States Trustee for the District of Delaware and; (v) all other parties which have requested notice in this case as of the date of such service.  The Foreign Representative proposes to further notify all creditors and parties in interest of the filing of the chapter 15 petition and the Foreign Representative's request for entry of the Final Order in the form and manner set forth in the Motion of Foreign Representative for Entry of Order Scheduling Hearing and Specifying Form and Manner of Service of Notice Pursuant to Sections 1515 and 105(a) of Bankruptcy Code and Bankruptcy Rules 2002 and 9007, which was filed concurrently herewith. In light of the nature of the relief requested, the Foreign Representative submits that no further notice is required.

WHEREFORE, the Foreign Representative respectfully requests that the Court:  (a) enter the Provisional Order, substantially in the form attached hereto as **Exhibit A**; (b) enter the Final Order, upon notice and a hearing, substantially in the form attached hereto as **Exhibit B**; and (c) grant such other and further relief as it deems just and proper.

Dated: Wilmington, Delaware
      July 5, 2016

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Curtis S. Miller*
Curtis S. Miller (No. 4583)
Daniel B. Butz (No. 4227)
Tamara K. Minott (No. 5643)
1201 N. Market St., 16th Flr.
PO Box 1347
Wilmington, DE 19899-1347
Telephone (302) 658-9200
Facsimile (302) 658-3989
cmiller@mnat.com
dbutz@mnat.com
tminott@mnat.com

*Attorneys for the Foreign Representative*

10205516.2