**EXHIBIT B**

**Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 15 |
| ) | |
| TOSHIBA SAMSUNG STORAGE ) | Case No. 16-11602 (   ) |
| TECHNOLOGY KOREA CORPORATION, ) | |
| ) | **Re D.I.** _____ |
| Debtor in a Foreign Proceeding.¹ ) | |
| ) | |

**FINAL ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING
AND CERTAIN RELATED RELIEF PURSUANT TO SECTIONS 362, 365, 1517, 1519,
1520, 1521, AND 105(a) OF BANKRUPTCY CODE**

Upon the motion (the "Motion")² of Dae Sung Cho, the duly appointed foreign representative (the "Foreign Representative") of Toshiba Samsung Storage Technology Korea Corporation ("TSST-K" or the "Debtor"), for entry of provisional and final (this "Order") orders pursuant to sections 362, 365, 1517, 1519, 1520, 1521, and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"): (i) enforcing in the United States (the "U.S."), on an interim basis, the initial order issued by the Korean Court (the "Korean Commencement Order"), by applying sections 362 and 365(e) of the Bankruptcy Code in this chapter 15 case on an interim basis pursuant to sections 1519(a)(3), 1521(a)(7), and 105(a) of the Bankruptcy Code, and granting such other and further relief as this Court deems just and proper; and (b) a final order after notice and a hearing (i) granting the petition in this case and recognizing the Korean Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code, (ii) giving full force and effect in the U.S. to the Korean Commencement Order, including any and all extensions, amendments and/or supplements thereto authorized by the Korean Court and

---

<sup>1</sup>   The last four digits of Toshiba Samsung Storage Technology Korea Corporation's Business Registration Number are 7441. The Debtor's main corporate and mailing address is 88 Suwon-ro, Yeongtong-gu 14th Flr., Bldg #102, Digital Empire 2, Suwon-si, Gyoenggido, 443-734.

<sup>2</sup>   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

extending the protections of this Order to TSST-K on a final basis, (iii) applying section 365 of the Bankruptcy Code in this chapter 15 case on a final basis pursuant to section 1521 of the Bankruptcy Code, and (iv) granting such other and further relief as this Court deems just and proper, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 109 and 1501, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and TSST-K having consented to the Court's authority to enter a final order consistent with Article III of the U.S. Constitution; and venue being proper before this Court pursuant to 28 U.S.C. § 1410; and due and proper notice of the provisional relief sought in the Motion having been provided; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Declaration in Support, and the verified chapter 15 petition, filed contemporaneously with the Motion, the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the provisional relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor

**THIS COURT HEREBY FINDS AND DETERMINES THAT**:

   A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy

Procedures (the "Bankruptcy Rules") made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

   B. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.

   C. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

   D. Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

   E. The Korean Proceeding is a "foreign proceeding" pursuant to section 101(23) of the Bankruptcy Code.

   F. The Foreign Representative is the duly appointed "foreign representative" of TSST-K within the meaning of section 101(24) of the Bankruptcy Code.

   G. This chapter 15 case was properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

   H. The Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 2002(q).

   I. The Korean Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

   J. Korea is the center of main interests of each of the Debtors, and accordingly, the Korean Proceeding is a "foreign main proceeding" as defined in section 1502(4)

of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

  K. The Foreign Representative is entitled to all the relief available pursuant to section 1520 of the Bankruptcy Code including, without limitation, application of the automatic stay pursuant to section 362 of the Bankruptcy Code.

  L. The Foreign Representative is further entitled to application of section 365 pursuant to section 1521 of the Bankruptcy Code.

  M. The Foreign Representative has demonstrated that application of section 365 of the Bankruptcy Code, as made applicable by sections 1521(a)(7) and 105(a) of the Bankruptcy Code, is necessary to provide TSST-K with the ability to assume or reject a contract or compel a contract counterparty to perform under a contract and that, absent protections pursuant to section 365, there is a material risk that one or more of its contract counterparties may terminate agreements or discontinue performance on the incorrect assumption that it is not bound by any decision made in the Korean Proceeding and any such termination or discontinuance of performance could impose severe economic consequences on TSST-K and will interfere with reorganization efforts.

  N. The relief granted herein in necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the U.S., and warranted pursuant to section 1517, 1520, and 1521 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

  1. The verified chapter 15 petition and the Motion are granted as set forth herein.

2. The Korean Proceeding is granted recognition as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

3. The Korean Commencement Order, including any extensions, amendments, or modifications thereto, is hereby enforced on a final basis and given full force and effect in the U.S. (except as otherwise expressly provided herein).

4. All relief afforded foreign main proceedings pursuant to section 1520 of the Bankruptcy Code is hereby granted to the Korean Proceeding, TSST-K, and the Foreign Representative as applicable.

5. Sections 362 and 365 of the Bankruptcy Code shall hereby apply with respect to TSST-K and the property of TSST-K that is within the territorial jurisdiction of the U.S.; provided, however, that, for the avoidance of doubt, such stay shall not apply to inter partes review case nos. IPR2015-01653, IPR2015-01659, IPR2015-01642, IPR2015-01644, pending in the Patent Trial and Appeal Board of the United States Patent and Trademark Office.  All entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than (x) the Foreign Representative and its expressly authorized representatives and agents are hereby enjoined from:

   a) execution against any of TSST-K's assets;

   b) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim, including without limitation any and all unpaid judgments, settlements, or otherwise against TSST-K in the U.S.;

   c) taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against TSST-K or any of its property;

   d) transferring, relinquishing, or disposing of any property of TSST-K to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative;

    e)     commencing or continuing an individual action or proceeding concerning TSST-K's assets, rights, obligations, or liabilities; and

    f)     terminating contracts or otherwise accelerating obligations or exercising remedies thereunder *provided*, in each case, that such injunction shall be effective solely within the territorial jurisdiction of the U.S.

6. Subject to sections 1520 and 1521 of the Bankruptcy Code, the Korean Proceeding and the Korean Commencement Order, and the transactions consummated or to be consummated thereunder, shall be granted comity and given full force and effect in the U.S. to the same extent that they are given effect in Korea, and each is binding on all creditors of TSST-K and any of their successors and assigns.

7. Pursuant to section 1521(a)(6) of the Bankruptcy Code, all prior relief granted to TSST-K or the Foreign Representative by this Court pursuant to section 1519(a) of the Bankruptcy Code shall be extended and the Provisional Order shall remain in full force and effect, notwithstanding anything to the contrary contained therein.

8. Notwithstanding anything to the contrary contained herein, this Order shall not be construed as (a) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed pursuant to section 362 of the Bankruptcy Code, or (b) staying the exercise of any rights that section 362(o) of the Bankruptcy Code does not allow to be stayed.

9. The Foreign Representative, TSST-K, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

10. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12. The Foreign Representative, TSST-K and/or each of their successors, representatives, advisors, or counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

13. A copy of this Order, confirmed to be true and correct, shall be served, within three business days of entry of this Order, by facsimile, electronic mail, or U.S. or international first class mail, upon all persons or bodies authorized to administer foreign proceedings of TSST-K, all entities against whom provisional relief was granted pursuant to section 1519 of the Bankruptcy Code, all parties to litigation pending in the U.S. in which any of the Debtors were a party at the time of the filing of the verified chapter 15 petition, the Office of the U.S. Trustee for the District of Delaware, and such other entities as this Court may direct. Such service shall be good and sufficient service and adequate notice for present purpose.

14. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: Wilmington, Delaware
_____, 2016

_____
UNITED STATES BANKRUPTCY JUDGE