IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 15 |
| | ) |
| TOSHIBA SAMSUNG STORAGE | ) Case No. 16-11602 (   ) |
| TECHNOLOGY KOREA CORPORATION, | ) |
| | ) |
| Debtor in a Foreign Proceeding.[1] | ) |
| | ) |

**MOTION OF FOREIGN REPRESENTATIVE FOR ENTRY OF AN ORDER
(I) SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE
PURSUANT TO SECTIONS 1515 AND 105(a) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 2002 AND 9007, AND (II) SCHEDULING HEARING**

Dae Sung Cho, is the duly appointed foreign representative (the "Foreign Representative") of Toshiba Samsung Storage Technology Korea Corporation ("TSST-K" or the "Debtor") in connection with the pending proceeding (the "Korean Proceeding") filed under the Debtor Rehabilitation and Bankruptcy Act in the Seoul Central District Court in Seoul, Korea (the "Korean Court"). The Foreign Representative has commenced this chapter 15 case ancillary to the Korean Proceeding by the filing of (i) the verified chapter 15 petition for recognition under chapter 15 of the Bankruptcy Code (the "Petition"), with accompanying documentation, pursuant to sections 1504 and 1515 of title 11 of the United States Code (as amended, the "Bankruptcy Code").

By this Motion, the Foreign Representative requests, pursuant to sections 105(a), 1514, and 1515 of the Bankruptcy Code and Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the entry of an order in the form annexed hereto as **Exhibit A** (the "Proposed Order") (a) approving the form of the proposed notice,

---

[1] The last four digits of Toshiba Samsung Storage Technology Korea Corporation's Business Registration Number are 7441. The Debtor's main corporate and mailing address is 88 Suwon-ro, Yeongtong-gu 14th Flr., Bldg #102, Digital Empire 2, Suwon-si, Gyoenggido, 443-734.

attached to the Proposed Order as Exhibit 1 (the "Recognition Hearing Notice"), of (i) the filing of the Petition and certain related pleadings, including the *Motion of Foreign Representative for Entry of Provisional and Final Orders Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to Sections 362, 365, 1517, 1519, 1520, 1521, and 105(a) of the Bankruptcy Code* (the "Recognition and Relief Motion"), (ii) the Court's entry of a provisional order (the "Provisional Order") enforcing in the United States, on an interim basis, the interim order issued on June 16, 2016 by the Korean Court (the "Korean Commencement Order"), and granting other relief sought in the Recognition and Relief Motion, (iii) the deadline to object to the Petition and the Court's entry of a final order (the "Final Order") granting the relief sought in the Recognition and Relief Motion on a final basis (the "Recognition Objection Deadline"), and (iv) the hearing for the Court to consider the Petition and the relief sought in the Recognition and Relief Motion on a final basis (the "Recognition Hearing"); (b) approving the manner of service of the Recognition Hearing Notice; (c) approving the manner of service on the Master Service List (as defined below) of any pleadings that the Foreign Representative files in this chapter 15 case; and (d) granting certain related relief.

In support of this Motion, the Foreign Representative refers the Court to the statements and arguments contained in the (a) *Declaration of Hyojong Choi in Support of Verified Petition Under Chapter 15 for Recognition of Foreign Main Proceeding* (the "Choi Declaration"), (b) *the Declaration of Dae Sung Cho in Support of Verified Petition and Related Relief* (the "Sung Declaration," and collectively, with the Choi Declaration, the "Declaration in Support"), and (c) the Recognition and Relief Motion, which were filed contemporaneously herewith and are incorporated herein by reference.

2

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this District pursuant to 28 U.S.C. § 1410(1) and (3). The statutory predicates for the relief requested herein are sections 105(a), 1514, and 1515 of the Bankruptcy Code and Bankruptcy Rules 2002 and 9007.

**BACKGROUND**

2.  The Court is respectfully referred to the Recognition and Relief Motion for a description of the Korean Proceeding and the Debtor's activities, business, corporate organization, capital structure, and circumstances leading to the filing of the chapter 15 case.

**RELIEF REQUESTED**

3.  The Foreign Representative seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) approving the form of the Recognition Hearing Notice, (b) approving the manner of service of the Recognition Hearing Notice, (c) approving the manner of service on the Master Service List (as defined below) of any pleadings that the Foreign Representative files in this chapter 15 case; and (d) granting certain related relief.

   A.  **Recognition Hearing Notice**

4.  Pursuant to Bankruptcy Rule 2002(q), the Foreign Representative proposes to serve the Petition, the Recognition Hearing Notice, the Recognition and Relief Motion (including the proposed Final Order), and the Provisional Order by domestic or international U.S. mail, first-class postage prepaid within five (5) business days of the entry of the Proposed Order, or as soon thereafter as is reasonably practicable, on the following parties and their counsel, if known (collectively, the "Notice Parties"): (i) all persons or bodies

authorized to administer foreign proceedings of the Debtor; (ii) all entities against whom provisional relief is being sought pursuant to section 1519 of the Bankruptcy Code, including, but not limited to, all known creditors of the Debtor in the United States; (iii) all parties to litigation pending in the United States to which the Debtor is a party at the time of the filing of the Petition; (iv) the Office of the United States Trustee for the District of Delaware and; (v) all other parties which have requested notice in this case as of the date of such service.

5. The Recognition Hearing Notice will: (a) notify the Notice Parties of the filing of the Petition and certain related pleadings pursuant to chapter 15 of the Bankruptcy Code; (b) include a copy of the Petition, the Recognition and Relief Motion (including the proposed Final Order), and the Provisional Order; and (c) set forth the Recognition Objection Deadline and the date and time of the Recognition Hearing.

B. **Notice of Appearance**

6. In the event that any party files a notice of appearance in this chapter 15 case subsequent to the Foreign Representative's initial service of the Recognition Hearing Notice as provided for above, but prior to the Recognition Hearing, the Foreign Representative will serve the Recognition Hearing Notice on such party within five (5) business days of the filing of such notice of appearance to the extent the Foreign Representative has not already done so.

C. **Master Service List**

7. The Foreign Representative proposes to serve all pleadings that it files in this case by domestic or international U.S. mail, first-class postage prepaid, on the following parties, or their counsel, if known: (i) all persons or bodies authorized to administer foreign proceedings of the Debtor; (ii) parties that have appeared in the Korean Proceeding as of the date of service of the relevant pleading; (iii) the Office of the United States Trustee for the District of Delaware; (iv) the Office of the Delaware Secretary of State; (v) the Internal Revenue Service;

4

(vi) the Securities and Exchange Commission; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Master Service List").

## BASIS FOR RELIEF

### A.   Scope, Form, and Manner of Notice

8.    Bankruptcy Rule 2002(q)(1) provides that 21 days' notice of a hearing on a petition for recognition of a foreign proceeding must be given to "the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under § 1519 of the [Bankruptcy] Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct."  Fed. R. Bankr. P. 2002(q)(1).

9.    Bankruptcy Rules 2002(m) and 9007, in turn, provide that when notice is to be given under the Bankruptcy Rules, the court may enter orders designating the form and manner in which such notice shall be given.  Fed. R. Bankr. P. 2002(m) and 9007.  Further, section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by the Foreign Representative.  *See* 11 U.S.C. § 105(a) (stating that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]").

10.   Under the facts and circumstances of TSST-K's chapter 15 case, the Foreign Representative submits that service of the Recognition Hearing Notice in the manner proposed herein will provide the Notice Parties with due and sufficient notice of the relief requested in the Recognition and Relief Motion and related objection deadline and hearing date. The Notice Parties will include all parties contained on the list compiled by the Foreign Representative in accordance with and pursuant to Bankruptcy Rule 1007(a)(4), which list shall be filed with the Court.

5

11. Service by the Foreign Representative of all pleadings that it files in this chapter 15 case by domestic or international U.S. mail, first class postage prepaid, on the Master Service List is an efficient and effective way to provide notice to such key parties in this case and the Korean Proceeding. At the same time, it will not over-burden the Foreign Representative with the significant costs associated with copying and mailing all of the various documents filed in this case to the entire matrix of putative creditors and other parties.

12. Accordingly, the Foreign Representative respectfully requests that the Court declare that service to the Notice Parties of the Recognition Hearing Notice, including the Petition, the Recognition and Relief Motion (including the proposed Final Order), and the Provisional Order, as proposed herein, is due and sufficient notice and constitutes adequate service on all interested parties of the filing of the Petition, the Recognition and Relief Motion, the Court's entry of the Provisional Order, and the proposed Final Order.

B. **Objections or Responses to the Chapter 15 Petition**

13. The Foreign Representative further requests that the Court also require that any objections or responses to the Petition must be made pursuant to the Bankruptcy Code, the local rules of the Court, and the Bankruptcy Rules and in writing describing the basis therefore, which objection or response must be filed with the Office of the Clerk of the Court, 824 Market Street, Third Floor, Wilmington, Delaware 19801, and served upon counsel for the Foreign Representative so as to be received by July 19, 2016, at 4:00 p.m. (ET). Notices to counsel for the Foreign Representative should be addressed to Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., 16th Flr., PO Box 1347, Wilmington, DE 19899-1347 Attention: Curtis S. Miller and Daniel B. Butz.

14. Bankruptcy Rule 1011(b) provides, among other things, that a party objecting to a petition to commence a proceeding under chapter 15 of the Bankruptcy Code has

21 days from the date of service of the summons to respond thereto. Fed. R. Bankr. P. 1011(b). The Foreign Representative believes that the reference to a "summons" in Bankruptcy Rule 1011(b) is inapplicable because the summons requirement of Bankruptcy Rule 1011 does not apply to petitions for recognition of foreign main proceedings in this case. *See* Fed. R. Bankr. P. 1010 (providing that "[o]n the filing of an involuntary petition for recognition of a foreign nonmain proceeding, the clerk shall forthwith issue a summons for service.")  Accordingly, the Foreign Representative requests the Court to declare that no summons is required under Bankruptcy Rule 1011(b).

### C. Hearing on the Chapter 15 Petition

15. The Foreign Representative respectfully requests that a hearing to consider the Petition be scheduled at a time during the week of July 25, 2016, or at a time convenient for the Court and the parties, in accordance with Bankruptcy Rule 2002(q).

### D. Waiver of Requirements of Section 1514(c) of the Bankruptcy Code

16. The Foreign Representative respectfully requests that the Court waive the requirements of section 1514(c) of the Bankruptcy Code, which provides that when "a notification of commencement of a case is to be given to foreign creditors, such notification shall (1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim; [and] (2) indicate whether secured creditors need to file proofs of claim . . . ." 11 U.S.C. § 1514(c).  This section does not apply because no claims process is contemplated in the chapter 15 case.

17. The Court has granted requests for similar relief under section 1514(c) in other chapter 15 cases. *See, e.g.*, *In re Essar Steel Algoma, Inc.*, No. 15-12271 (BLS) (Bankr. D. Del. Nov. 10, 2015) [D.I. 34] (order stating that all notice requirements specified in section 1514 of the Bankruptcy Code are waived or otherwise deemed inapplicable to the chapter 15 cases); *In*

*re Energy Coal S.P.A.*, No. 15-12048 (LSS) [D.I. 25] (Bankr. D. Del. Oct. 8, 2015) (same); *In re Zodiac Pool Solutions SAS*, No. 14-11818 (KJC) (Bankr. D. Del. Aug. 1, 2014) [D.I. 19] (order stating that all notice requirements specified in section 1514(c) of the Bankruptcy Code are waived); *In re Essar Steel Algoma, Inc.*, 14-11730 (Bankr. D. Del. July 17, 2014) [D.I. 30] (order stating that all notice requirements specified in section 1514(c) are waived or otherwise deemed inapplicable to the chapter 15 cases); *In re Loan Pine Res. Inc.*, No. 13-12487 (BLS) (Bankr. D. Del. Sept. 26, 2013) [D.I. 17] (same); *In re Arctic Glacier Int'l Inc.*, No. 12-10605 (KG) (Bankr. D. Del. Feb. 23, 2012) [D.I. 30] (same); *In re Angiotech Pharm. Inc.*, No. 11-10269 (KG) (Bankr. D. Del. Jan. 31, 2011) [D.I. 25] (same); *In re MAAX Corp.*, No. 08-11443 (CSS) (Bankr. D. Del. July 15, 2008) [D.I. 21] (order waiving all notice requirements specified in section 1514(c) of the Bankruptcy Code).

18.    To the extent there is a claims process established in the Korean Proceeding, the Foreign Representative will comply with any relevant orders issued by the Korean Court with respect to providing notice of any applicable deadlines or procedures for the filing of claims.

## NOTICE

19.    The Foreign Representative requests that the Court grant this Motion without notice to creditors.  The Foreign Representative will serve notice of the signed order on the Notice Parties in accordance with the procedures set forth in this Motion.  In light of the nature of the relief requested, the Foreign Representative submits and requests that this Court hold that no further notice is required.

WHEREFORE, the Foreign Representative respectfully requests that the Court enter the Proposed Order, attached hereto as **Exhibit A**: (a)(i) approving the form of the Recognition Hearing Notice, (ii) approving the manner of service of the Recognition Hearing Notice, and (iii) approving the manner of service on the Master Service List (as defined below) of any pleadings that the Foreign Representative files in this chapter 15 case and (b) grant such other and further relief as the Court deems just and proper.

Dated: July 5, 2016
      Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

   */s/ Curtis S. Miller*
Curtis S. Miller (No. 4583)
Daniel B. Butz (No. 4227)
Tamara K. Minott (No. 5643)
1201 N. Market St., 16th Flr.
PO Box 1347
Wilmington, DE 19899-1347
Telephone (302) 658-9200
Facsimile (302) 658-3989
cmiller@mnat.com
dbutz@mnat.com
tminott@mnat.com

*Attorneys for the Foreign Representative*

10205469.3