IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 15 |
| ) | |
| TOSHIBA SAMSUNG STORAGE ) | Case No. 16-11602 (CSS) |
| TECHNOLOGY KOREA CORPORATION, ) | |
| ) | Re D.I. 4 |
| Debtor in a Foreign Proceeding.[1] ) | |
| ) | |

**PROVISIONAL ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF PURSUANT TO SECTIONS 362, 365, 1517, 1519, 1520, 1521, AND 105(a) OF BANKRUPTCY CODE**

Upon the motion (the "Motion")[2] of Dae Sung Cho, the duly appointed foreign representative (the "Foreign Representative") of Toshiba Samsung Storage Technology Korea Corporation ("TSST-K" or the "Debtor"), for entry of provisional (this "Order") and final orders pursuant to sections 362, 365, 1517, 1519, 1520, 1521, and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"): (i) enforcing in the United States (the "U.S."), on an interim basis, the initial order issued by the Korean Court (the "Korean Commencement Order"), by applying sections 362 and 365(e) of the Bankruptcy Code in the chapter 15 case on an interim basis pursuant to sections 1519(a)(3), 1521(a)(7), and 105(a) of the Bankruptcy Code, and granting such other and further relief as this Court deems just and proper; and (b) a final order after notice and a hearing (the "Final Order") (i) granting the petition in this case and recognizing the Korean Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code, (ii) giving full force and effect in the U.S. to the Korean Commencement Order, including any and all extensions, amendments and/or supplements thereto authorized by the Korean Court

---

[1] The last four digits of Toshiba Samsung Storage Technology Korea Corporation's Business Registration Number are 7441. The Debtor's main corporate and mailing address is 88 Suwon-ro, Yeongtong-gu 14th Flr., Bldg #102, Digital Empire 2, Suwon-si, Gyoenggido, 443-734.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

and extending the protections of this Order to TSST-K on a final basis, (iii) applying section 365 of the Bankruptcy Code in this chapter 15 case on a final basis pursuant to section 1521 of the Bankruptcy Code, and (iv) granting such other and further relief as this Court deems just and proper, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 109 and 1501, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and TSST-K having consented to the Court's authority to enter a final order consistent with Article III of the U.S. Constitution; and venue being proper before this Court pursuant to 28 U.S.C. § 1410; and due and proper notice of the provisional relief sought in the Motion having been provided; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Declaration in Support, and the verified chapter 15 petition, filed contemporaneously with the Motion, the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the provisional relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

    A.  The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy

Procedures (the "<u>Bankruptcy Rules</u>") made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.

C.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

D.  Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

E.  The Foreign Representative has demonstrated a substantial likelihood of success on the merits that (a) the Korean Proceeding is a "foreign main proceeding" as that term is defined in section 1502(4) of the Bankruptcy Code, (b) the Foreign Representative is a "foreign representative" as that term is defined in section 101(24) of the Bankruptcy Code, (c) all statutory elements for recognition of the Korean Proceeding are satisfied in accordance with section 1517 of the Bankruptcy Code, (d) upon recognition of the Korean Proceeding as a foreign main proceeding, section 362 of the Bankruptcy Code will automatically apply in this chapter 15 case pursuant to section 1520(a)(1) of the Bankruptcy Code, and (e) that application of section 365(e) on an interim basis to prevent contract counterparties from terminating their prepetition contracts with TSST-K is entirely consistent with the injunctive relief afforded by the automatic stay under section 362.

F.  The Foreign Representative has demonstrated that (a) the commencement or continuation of any proceeding or action in the U.S. against TSST-K and its business and all

of its assets should be stayed pursuant to sections 1519, 1521, and 105(a) of the Bankruptcy Code, which protections, in each case, shall be coextensive with the provisions of section 362 of the Bankruptcy Code, to permit the fair and efficient administration of the Korean Proceeding for the benefit of all stakeholders, and (b) the relief requested in the Motion will neither cause an undue hardship nor create any hardship to parties in interest that is not outweighed by the benefits of the relief granted herein.

G. The Foreign Representative has demonstrated that without the protection of sections 362 and 365(e) of the Bankruptcy Code, there is a material risk that counterparties to certain of TSST-K's contracts and litigants may take the position that the commencement of the Korean Proceeding or this chapter 15 case allows them to terminate such contracts or continue litigation in the U.S.. Such would severely impair TSST-K's restructuring efforts and result in irreparable damage to TSST-K's business and the value of TSST-K's assets, and substantial harm to TSST-K's creditors and other parties in interest.

H. The Foreign Representative has demonstrated that absent the relief granted herein, there is a material risk that one or more parties in interest will take action against TSST-K or its assets. As a result, TSST-K may suffer immediate and irreparable injury, loss, or damage for which there is no adequate remedy at law and therefore it is necessary that this Court grant the relief requested in the Motion without prior notice to parties in interest or their counsel. Further, unless this Order is entered, TSST-K's assets could be subject to efforts by creditors to control, possess, or execute upon such assets and such efforts could result in TSST-K suffering immediate and irreparable injury, loss or damage by, among other things, creditors (a) interfering with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, and (b) interfering with or undermining the success of the Korean Proceeding.

I.  The Foreign Representative has demonstrated that no injury will result to any party that is greater than the harm to TSST-K's business, assets, and property in the absence of the relief requested in the Motion.

J.  TSST-K's creditors will not suffer any significant harm by the requested provisional relief, as the relief will merely preserve the status quo during the short time necessary for the Court to rule on the verified chapter 15 petition. The provisional relief sought will benefit TSST-K's creditors because it will ensure the value of TSST-K's assets are preserved, protected and maximized for the benefit of all creditors.

K.  The interests of the public and public policy of the U.S. will be served by entry of this Order.

L.  The Foreign Representative and TSST-K are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The Motion is granted as set forth herein.

2.  The Korean Commencement Order is hereby given full force and effect on an interim basis, including, without limitation, staying the commencement or continuation of any actions against TSST-K or its assets (except as otherwise expressly provided herein), and shall be given full force and effect in the U.S. until otherwise ordered by this Court.

3.  While this Order is in effect, the Foreign Representative and TSST-K are entitled to the full protections and rights pursuant to section 1519(a)(1), which protections shall be coextensive with the provisions of section 362 of the Bankruptcy Code, and this Order shall operate as a stay of any execution against TSST-K's assets within the territorial jurisdiction of the U.S. (except as otherwise expressly provided herein); provided, however, that, for the

avoidance of doubt, such stay shall not apply to inter partes review case nos. IPR2015-01653, IPR2015-01659, IPR2015-01642, IPR2015-01644, pending in the Patent Trial and Appeal Board of the United States Patent and Trademark Office.

4. While this Order is in effect, pursuant to sections 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code, sections 362 and 365(e) of the Bankruptcy Code are hereby made applicable in this case to TSST-K and the property of TSST-K within the territorial jurisdiction of the U.S.; provided, however, that, for the avoidance of doubt, such stay shall not apply to inter partes review case nos. IPR2015-01653, IPR2015-01659, IPR2015-01642, IPR2015-01644, pending in the Patent Trial and Appeal Board of the United States Patent and Trademark Office. Specifically, all entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representative and its expressly authorized representatives and agents are hereby enjoined from:

  a)  execution against any of TSST-K's assets;

  b)  the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim, including without limitation any and all unpaid judgments, settlements, or otherwise against TSST-K in the U.S.;

  c)  taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against TSST-K or any of its property;

  d)  transferring, relinquishing, or disposing of any property of TSST-K to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative;

  e)  commencing or continuing an individual action or proceeding concerning TSST-K's assets, rights, obligations, or liabilities; and

  f)  terminating contracts or otherwise accelerating obligations or exercising remedies thereunder *provided*, in each case, that such injunction shall be effective solely within the territorial jurisdiction of the U.S.

5. Notwithstanding anything to the contrary contained herein, this Order shall not be construed as (a) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed pursuant to section 362 of the Bankruptcy Code, or (b) staying the exercise of any rights that section 362(o) of the Bankruptcy Code does not allow to be stayed.

6. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, made applicable to these proceedings pursuant to Bankruptcy Rule 7065, no notice to any person is required prior to entry and issuance of this Order. Pursuant to Bankruptcy Rule 7065, the provisions of Federal Rule of Civil Procedure 65(c) are hereby waived, to the extent applicable.

7. The Foreign Representative, TSST-K, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

8. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: Wilmington, Delaware
July 6, 2016

UNITED STATES BANKRUPTCY JUDGE