## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TOSHIBA SAMSUNG STORAGE<br>TECHNOLOGY KOREA CORPORATION,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 16-11602 (CSS)<br><br>**Proposed Hearing Date: 07/27/2016 at 10:00 a.m. (ET)**<br>**Proposed Obj. Deadline: 07/26/2016 at 12:00 p.m. (ET)** |

## MOTION OF LG ELECTRONICS, INC. AND LG ELECTRONICS U.S.A., INC. FOR RELIEF FROM PROVISIONAL STAY AND ANY SUBSEQUENT STAY, INCLUDING THE AUTOMATIC STAY

LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC. (collectively, "LG"), by their undersigned counsel, hereby move for relief from the provisional stay in the Provisional Recognition Order (defined below) and any subsequent stay that may arise upon recognition of a foreign proceeding, including the automatic stay pursuant to Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of this Court, and any other applicable law and rules. LG seeks this relief to continue prosecuting the action it commenced in 2012 against debtor Toshiba Samsung Storage Technology Korea Corporation's ("TSST-K" or "Debtor") to recover for ongoing infringements of LG's patents, now pending as *LG Electronics, Inc., et al. v. Toshiba Samsung Storage Technology Korea Corporation*, in Civil Action No. 12-1063–LPS-CJB (the "Pending Action") in the United States District Court for the District of Delaware (the "District Court"); but not to enforce any judgment for damages that may arise therefrom.

In support thereof, LG respectfully represents as follows:

## I.    JURISDICTION

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Provisional Recognition Order (D.I. 9).

2.    Venue over this case and this Motion is proper in this judicial district pursuant to 28 U.S.C. § 1410.

3.    As the statutory predicate for the relief sought herein includes Section 362(d) of the Bankruptcy Code, this is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

## II.    FACTS

### A.    TSST-K's Insolvency Proceedings

4.    TSST-K filed an application to commence a corporate rehabilitation proceeding in the Seoul Central District Court in South Korea on or about May 12, 2016 (*see* D.I. 3 at ¶ 9). The Korean Court entered an order approving the application and commencing a reorganization proceeding on June 16, 2016.  *Id.*

5.    TSST-K commenced this case by filing a Chapter 15 petition for relief on July 5, 2016.    Concurrently therewith, Dae Sung Cho of TSST-K filed the *Motion of Foreign Representative for Entry of Provisional and Final Orders Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to Sections 362, 365, 1517, 1519, 1520, 1521, and 105(a) of the Bankruptcy Code* (D.I. 5) (the "Recognition Motion").    The Court held a preliminary hearing on said motion the following morning.

6.    On July 6, 2016, the Court granted the Recognition Motion on a provisional basis pursuant to that certain *Provisional Order Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to Section 362, 365, 1517, 1520, 1521, and 105(a) of Bankruptcy Code* (D.I. 9) (the "Provisional Recognition Order"), and set a hearing on the Recognition Motion for July 27, 2016 (D.I. 10).    The Recognition Motion requests, among

other things, that the Court impose, on a final basis, a stay pursuant to Bankruptcy Code Section 362 (D.I. 5, Ex. B ¶ 5).

7.      To the extent applicable to it, LG seeks relief from the stay provided in the Provisional Recognition Order, and any other stay that may be imposed, for the reasons set forth below, and requests that  the Court  waive the provisions of Bankruptcy Rule 4001(a)(3) that would otherwise stay the effectiveness of the Court's ruling for 14 days.

**B.      LG's Pending Patent Litigation Against TSST-K**

8.      LG is the Plaintiff in the Pending Action against TSST-K.  The action was initiated by LG filing a complaint on August 22, 2012, and the action has been pending for almost four years.  A copy of the complaint is attached as Exhibit 1 to the Declaration of Jenny L. Colgate (the "Colgate Dec."), filed herewith.

9.      The Pending Action seeks to recover for TSST-K's continued use of LG's patented technology after expiration of the appurtenant license.  TSST-K continues to use the technology without paying royalties.  *Id.* at ¶ 45.

10.      All fact discovery was scheduled to close on November 4, 2016.  *See* Colgate Dec., Exhibit 2.  Much of the discovery has already been conducted.  Specifically, the deadlines for "Initial Discovery in Patent Litigation" (paragraph 4 of the Delaware Default Standard for Discovery) have passed, including the exchange of infringement contentions and invalidity contentions.  *See* Colgate Dec., ¶¶ 20-35.  Each side has served and responded to written discovery (*id.*); substantial document production has occurred (the substantial completion deadline was March 10, 2016) (*id.*, Ex. 2); numerous third party subpoenas have been served (*id.* at 23, 27-29 & 32-33 ); a Rule 30(b)(6) deposition of TSST-K has been noticed and pending since February 29, 2016 (*id.* at ¶¶ 25 ); and the parties have produced a large number of

documents (*id.* at ¶¶ 43-44). Indeed, TSST-K has produced 269,980 pages of documents, and LG has produced 28,322 pages, for a total of approximately 300,000 pages. *Id.* at ¶¶ 43-44. A discovery dispute teleconference had been set for July 13, 2016, to resolve a number of discovery issues relating to TSST-K's document production and written discovery responses. *Id.* at ¶ 36.

11.    The parties were on the eve of a claim construction hearing (also known as a *Markman* hearing[1]) —a critical phase in a patent-infringement case—when the Debtor's Chapter 15 filing intervened. Terms for claim construction were exchanged on April 25, 2016. *Id.* at ¶ 31. The joint claim construction chart was filed on May 9, 2016. *Id.* at ¶ 34. Initial claim construction briefs and technology tutorials were due on July 15, 2016. *Id.*, Ex. 3. Responsive claim construction briefs were due on August 17, 2016. *Id.*

12.    The upcoming schedule for claim construction hearing and trial was as follows:

| Event | Date |
|---|---|
| Claim Construction Hearing | September 7, 2016 |
| Pretrial Conference | July 28, 2017 |
| Trial | August 14, 2017 |

*Id.*, Exhibits 2 and 3.

13.    The Pending Action has been delayed several times, as noted by the District Court. In particular, on June 9, 2016, the District denied the Debtor's motion for an interim stay ahead of filing a chapter 15 petition and held that that the "status of litigation" factor disfavors a

---

[1] The *Markman* hearing derives its name from the U.S. Supreme Court's decision in *Markman v. Westerview Instruments, Inc.*, 517 U.S. 370 (1996). There, the Supreme Court settled the question of who, as between judges or juries, should decide the meaning and bounds of the patents (*i.e.*, the patent claims as filed in the U.S. Patent and Trademark Office) at issue in the case. The Supreme Court ruled that judges are best suited to construing the meaning of the patent claims. The construction of the patent claims is a critical predicate to a trial for patent infringement, which remains triable to a jury. For purposes of the claim construction hearing, it has become customary that the parties will furnish the judge with short tutorials on the technology of the patents involved.

8710602/

stay.  The court cited a previous order denying another motion to stay, in which "the Court repeatedly noted the delay that LG has faced in this case proceeding forward with their infringement claims."  *Id.* at ¶ 40.

14.    This Chapter 15 case was commenced only ten days prior to the deadline to submit initial claim construction briefs, which built upon prior discovery and efforts, discussed above.  *Id.*, Ex. 3.  It was commenced only eight days prior to a judicial teleconference to resolve various lingering discovery disputes.  *Id.* at ¶ 36.

15.    LG expended considerable resources in undertaking such discovery and efforts as well as preparing its claim construction brief and technology tutorial, which were being readied when this case was commenced. *Id.* at ¶ 39.  In addition, LG's counsel was in the process of preparing a motion to approve a request for international judicial assistance in procuring evidence (known as "letters rogatory") when this case filed, to obtain testimony and the production of documents from certain non-debtor individuals and entities.  *Id.* at ¶ 38.

16.    On July 14, 2016, the District Court vacated the Scheduling Order *sua sponte*. *Id.* at ¶ 37.  *See also* https://ecf.ded.uscourts.gov/, civil docket for case no. 12-cv-01063-LPS, D.I. 159.

17.    Nevertheless, the Pending Action remains ready for claim construction, and nearly ready for trial.  Upon entry of an order granting relief from the automatic stay, LG will move for relief in the District Court, to reinstate the Scheduling Order or otherwise to reestablish the original or similar dates and deadlines as were provided therein.

18.    There is a related action brought by the Debtor against LG, namely *Toshiba Samsung Storage Technology Korea Corporation v. LG Electronics, Inc., et al.*, in the District Court (Civil Action No. 15-691-LPS-CJB) (the "Related Action"), and it is *not* stayed.  The

8710602/

Related Action asserts essentially the same claims that TSST-K asserted as counterclaims in its answer to the complaint in the Pending Action.  *See* Colgate Dec. ¶¶ 15-19.

19.    It will be most efficient to hear all related claims in a single forum.

## III.    ARGUMENT

### A.    THERE IS CAUSE TO LIFT THE PRELIMINARY AND AUTOMATIC STAYS BECAUSE THE PENDING ACTION WAS ON THE EVE OF A CLAIM CONSTRUCTION HEARING

20.    There is cause to lift the stays because the Pending Action was on the eve of a claim construction hearing when this Chapter 15 case intervened, among other factors. Bankruptcy Code Section 362(d)(1) provides that relief from the automatic stay "shall" be granted "for cause."  11 U.S.C. § 362(d)(1).  The court may grant relief from stay for cause when it is necessary to allow litigation in a nonbankruptcy court.  3 COLLIER ON BANKRUPTCY ¶ 362.07[3][a] (Alan N. Resnick & Henry J. Sommer eds. 16th ed.).  Congress has stated:

> [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

*In re Santa Clara County Fair Ass'n, Inc.*, 180 B.R. 564, 566-567 (9th Cir. BAP 1995), *quoting* S.Rep. No. 989, 95th Cong., 2d Sess. 50, reprinted in 1978 U.S.C.C.A.N. 5787, 5836 ("Congress' above-quoted language does not imply that the debtor can use the bankruptcy forum to defer or deflect resolution of claims against it by another forum with proper jurisdiction.").

21.    If there is cause to lift the stay, then relief is mandatory.  If a creditor makes a *prima facie* showing of cause, then the burden of proof shifts to the debtor.  11 U.S.C. § 362(g). "The party opposing relief has the burden of proof to show that it is entitled to continuation of the stay."  *In re 234-6 West 22nd St. Corp.*, 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

22.    The Bankruptcy Code does not define "cause."  "Courts are to determine 'cause'

8710602/

based on the totality of the circumstances in each particular case." *In re Energy Future Holdings Corp.*, 533 B.R. 106, 117 (Bankr. D. Del. 2015), *aff'd,* No. CV 15-620 RGA, 2016 WL 627343 (D. Del. Feb. 16, 2016)*, citing In re Wilson,* 116 F.3d 87, 90 (3d Cir.1997).

23.     "Courts in this district have found that cause may exist to lift the stay when a party seeks to continue prepetition litigation that is pending against a debtor in another forum." *In re F-Squared Inv. Mgmt., LLC*, 546 B.R. 538, 548 (Bankr. D. Del. 2016) (granting stay relief), *citing In re Rexene Products Co.*, 141 B.R. 574, 576 (Bankr. D.Del. 1992).

24.     "The factors courts generally use in determining whether cause exists are: (1) whether any great prejudice to either the bankrupt estate or the debtor will result from a lifting of the automatic stay; (2) whether the hardship to the non-bankrupt party by maintenance of the automatic stay considerably outweighs the hardship to the debtor; and (3) the probability of the creditor prevailing on the merits." *In re Energy Future Holdings Corp.*, 533 B.R. at 117, *citing In re Downey Fin. Corp.,* 428 B.R. 595, 609 (Bankr. D.Del. 2010); *see also In re F-Squared Inv. Mgmt.,* 546 B.R. at 548.

25.     "This Court has also considered general policies underlying the automatic stay when deciding whether to grant a motion to lift the stay." *In re SCO Group, Inc.*, 395 B.R. 852, 857 (Bankr. D. Del. 2007) (granting stay relief).   For example, in one recent case, the court took into account the purpose of the automatic stay as being: "to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor." *Tribune Media Services, Inc.   v. Beatty* (*In re Tribune Co.*), 418 B.R. 116, 127 (Bankr. D. Del. 2009) (granting stay relief), *citing Rexene*, 141 B.R. at 576.   In the *SCO Group* case, the court took into account a longer list of

policies, as identified by the Second Circuit, that might be implicated:

> 1) whether relief would result in a partial or complete resolution of the issues; 2) lack of any connection with or interference with the bankruptcy case; …; 4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; …7) whether litigation in another forum would prejudice the interests of other creditors; …; 10) the interests of judicial economy and the expeditious and economical resolution of litigation; 11) whether the parties are ready for trial in the other proceeding; and 12) impact of the stay on the parties and the balance of the harms.

*In re SCO Group,* 395 B.R. at 857, citing *In re Sonnax Indus., Inc. v. Tri Component Prods.*

*Corp.,* 907 F.2d 1280, 1287 (2d Cir.1990).

26.    There is cause to lift the stay in this case, as follows:

(1)    <u>No great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit</u>.

27.    At this late stage in the litigation, it will be most efficient to proceed with the Pending Action in District Court. Moreover, by reason of the District Court's expertise in patent matters and experience with the case, it will benefit the estate to have the claim liquidated in that forum. It is important to note that the District Court is not geographically remote from the within proceedings. The claims must be determined in some forum, and it will be more inefficient and expensive for this Court to oversee duplicative discovery and hear the claims afresh. The estate will suffer no significant harm by continuing with the Pending Action.

28.    Having all patent matters decided by the District Court will result in complete resolution of the issues. It is important to recall that the Related Action is not stayed, and trying all related claims in the same forum will be most efficient. By contrast, having some issues resolved there and some in this Court will result in piecemeal litigation, duplication of efforts, unnecessary expense, waste of judicial resources as well as a risk of inconsistent findings of fact and rulings.

29.    The Pending Action will not interrupt the Debtor's operations or reorganization.

8710602/

On the contrary, a speedy resolution in District Court will liquidate LG's claims and facilitate an orderly restructuring.

30.     To a substantial degree, the remaining discovery needed is to be obtained from non-debtor third parties; that would not pose a burden on the Debtor.

31.     Accordingly, this set of factors militates in favor of relief from the automatic stay.

> (2) <u>The hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship of the debtor.</u>

32.      Further delays and the unnecessary costs of re-starting in a new forum will seriously prejudice LG.  As discussed above, the Debtor has already established a pattern of delay before the District Court.  Moreover, duplicative discovery, wasted effort and waste of judicial resources are likely to result from re-starting the litigation before the Court.  By contrast, the estate will suffer no significant harm by continuing with the Pending Action.

33.      There is cause to lift the stay where, as here, the debtor is using its assets to infringe upon a patent held by a non-debtor.  In fact, the automatic stay does not protect a debtor's unlawful use of assets to infringe upon a third party's rights in intellectual property. *Bambu Sales, Inc. v. Sultana Crackers, Inc.*, 683 F.Supp. 899, 917 (E.D.N.Y. 1988) (the Bankruptcy Code "should not be used as a shield behind which a debtor may sustain the misappropriation of a trade name….").

34.      The automatic stay does not protect a debtor's unlawful use of assets to infringe upon the patent rights of another.[2]  TSST-K's continued use of LG's patented technology

---

[2] Bankruptcy Code Section 362(a)(3)'s prohibition against exercising control over the debtor's property does not bar injunctive relief prohibiting infringement of a nondebtor's intellectual property rights. *Dominic's Restaurant of Dayton, Inc. v. Mantia*, 683 F.3d 757, 761 (6th Cir. 2012) ("The automatic bankruptcy stay protects interests in a debtor's property, not tortious uses of that property by the debtor."); *see also Larami Ltd. v. Yes! Entm't Corp.*, 244 B.R. 56, 59-60 (D.N.J. 2000) (automatic stay permits entry

without paying reasonable royalties is an ongoing harm.  The Pending Action is to halt the ongoing harm.  The Pending Action is well under way and was on the eve of a critical phase when the within case was commenced.  Delays entailed by restarting litigation here would subject LG to additional harm.

35.     Patent litigation is highly specialized, and the District Court of Delaware is particularly adept at determining patent disputed.  The District Court has established practices and procedures to facilitate the resolution of complex patent disputes, including claim construction.  Although the District Court is not technically a specialized tribunal, its substantial experience with patent litigation means that withdrawing the action from that court would pose a substantial hardship.

36.     There is no indication that litigation in another forum will prejudice the interests of other TSST-K creditors.  The interests of judicial economy and the expeditious and economical resolution of litigation support relief from stay.

37.     The parties are ready for the claim construction hearing in the other proceeding.  When this Chapter 15 case was commenced, the matter was well on its way to trial; but more acutely, the claim-construction phase of the patent litigation was imminent; this is a critical and often outcome-determinative juncture in patent infringement litigation.

38.     LG has a right to a jury trial and has demanded a jury trial.   This Court cannot hold jury trials.  While the trial in District Court was scheduled to be held in 2017, this action is already four years old, and it would be prejudicial to delay it further.

39.     Insofar as the Related Action is not stayed, and may move forward, LG's claims in the Pending Action represent counterclaims that would serve as a setoff against any claims of

---

of injunction against patent infringement).  Just as the automatic stay does not apply to injunctive relief against patent infringement, there is cause to lift the automatic stay where the debtor is infringing upon a third party's patent rights.  Here, TSST-K is infringing upon LG's patents.

the Debtor in the Related Action that may be successful.  Setoff rights are protected under

Bankruptcy Code Section 553.  But relief from stay is required for LG to effectuate its right of

setoff.  *See  In re ABC Learning Centres Ltd.*, 445 B.R. 318, 338 (Bankr. D. Del. 2010), *on

reconsideration in part* (Jan. 21, 2011), *subsequently aff'd,* 728 F.3d 301, 338 (3d Cir. 2013).

LG would be prejudiced severely by being denied this right.

40.     By contrast to the numerous factors strongly supporting relief from the

automatic stay, TSST-K can point to no significant detriment likely to result from hearing all

patent claims in the District Court.  The cost and effort of litigating in District Court is likely to

be less than re-starting litigation here and, in any case, such costs and efforts are not likely to be

extreme as the District Court is not geographically remote.  The expense of defending an action

in another forum does not greatly prejudice the estate. "Ordinarily, litigation costs to a

bankruptcy estate do not compel a court to deny stay relief."  *In re Santa Clara County Fair

Ass'n, Inc.*, 180 B.R. 564, 566 (9th Cir. BAP 1995) (collecting cases).  "[The debtor] would not

be greatly prejudiced by granting [the creditor] relief since it would have to defend itself in either

forum."  *Id.* 567.  Moreover, no legitimate interest of the Debtor will be harmed by enjoining it

from further illegal uses of LG's intellectual property.

41.     Accordingly, this group of factors militates strongly in favor of relief from the

automatic stay.

(3)     The creditor has a probability of prevailing on the merits

42.     With respect to the probability of success on the merits, "the required showing

on a motion for relief from stay is 'very slight.' " *In re F-Squared Inv. Mgmt., LLC*, 546 B.R. at

549.

43.     LG is likely to prevail on the merits because the claim language of the patents-

8710602/

in-suit mirrors the DVD-RAM standards and the accused products are standard-compliant. TSST-K was previously licensed to practice the patents-in-suit; it did not renew the license when it expired at the end of 2010. "Even a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case." *ABC Learning Centres*, 445 B.R. at 338.

44.    Furthermore, a "creditor is entitled to seek relief from the automatic stay in order to assert its setoff rights." *In re ABC Learning Centres Ltd.*, 445 B.R. at 338. In *ABC Learning Centres*, the court granted an Australian debtor's petition for recognition of a foreign main proceeding and also granted a creditor's motion for relief from the automatic stay to proceed to judgment on its breach of contract action pending in Arizona as it constituted a counterclaim to the debtor's pending Nevada lawsuit against the creditor. *Id.* at 323 & 336-339. The court held that the creditor's potential hardship considerably outweighed the debtor's because maintaining the stay would frustrate the creditor's right to setoff. *Id.* at 337-338; *see also In re Countryside Manor, Inc.*, 188 B.R. 489, 491 (Bankr. D.Conn. 1995) (Creditors "cannot be forced to file a claim in the bankruptcy court…. Refusal to lift the stay prejudices the [creditors] and is inequitable because they will be unable to assert their claim in state court."); *In re Millsap*, 141 B.R. 732, 733 (Bankr. D.Idaho 1992) (creditor entitled "in most instances as a matter of right" to relief from stay to assert counterclaim in debtor-initiated nonbankruptcy proceeding).

45.    Here, LG will need to assert TSST-K's liability in the Pending Action as a counterclaim against TSST-K in its Related Action.

46.    Accordingly, these considerations militate in favor of relief from the automatic stay. In light of the foregoing, LG requests that the Court grant LG relief from any stays imposed in this case so that LG may prosecute the Pending.

## B. THERE IS CAUSE TO WAIVE THE STAY UNDER BANKRUPTCY RULE 4001(a)(3)

47.     LG further requests a waiver of the 14-day stay of any order granting the relief requested herein, as provided in Bankruptcy Rule 4001(a)(3).  The dates and deadlines provided in the Scheduling Order are approaching.  LG will need to move quickly to reestablish those dates and deadlines.  LG would be significantly prejudiced by a 14-day delay.  By contrast, TSST-K has long been aware of said dates and deadlines, and it will not be significantly prejudiced by waiver of the 14-day stay.

## IV.     PRAYER FOR RELIEF

WHEREFORE, LG prays for entry of an order:

1.     Granting LG relief from all provisional stays and eventual stays, including the stays provided in the Provisional Recognition Order and Bankruptcy Code Section 362, to prosecute the Pending Action;

2.     Providing that LG may prosecute the Pending Action to judgment but not enforce any judgment for damages against the estate without approval of this Court; and

3.     For such other and further relief as is appropriate under the circumstances.

Respectfully submitted this 21st day of July, 2016.

**MORRIS JAMES LLP**

/s/ Eric J. Monzo
Eric J. Monzo (DE Bar No. 5214)
Douglas N. Candeub (DE Bar No. 4211)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19801-1494
Telephone: (302) 888-6800
Facsimile:  (302) 571-1750
E-mail: emonzo@morrisjames.com
        dcandeub@morrisjames.com

-and-

**MACDONALD FERNANDEZ LLP**
Reno F.R. Fernandez III (*pro hac vice* pending)
221 Sansome Street, Third Floor
San Francisco, CA  94104
Telephone: (415) 362-0449
Facsimile:  (415) 394-5544

*Counsel to LG Electronics, Inc. and*
*LG Electronics U.S.A., Inc.*
Of Counsel:

**ROTHWELL, FIGG, ERNST & MANBECK, P.C**
Jenny L. Colgate
607 14th Street, N.W., Suite 800
Washington, DA  20005
Telephone: (202) 783-6040
Facsimile:  (202) 783-6031

8710602/