## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>TOSHIBA SAMSUNG STORAGE<br>TECHNOLOGY KOREA CORPORATION,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 16-11602 (CSS)<br><br>**Proposed Hearing Date: 07/27/2016 at 10:00 a.m. (ET)**<br>**Proposed Obj. Deadline: 07/26/2016 at 12:00 p.m. (ET)** |

**MOTION OF LG ELECTRONICS, INC. AND LG ELECTRONICS U.S.A.,
INC. FOR ORDER SHORTENING NOTICE OF HEARING ON THEIR
MOTION FOR RELIEF FROM PROVISIONAL STAY AND ANY
SUBSEQUENT STAY, INCLUDING THE AUTOMATIC STAY**

COME NOW LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC. (collectively, "LG"), moving for entry of an order shortening time for service of the notice of hearing on their *Motion for Relief From Provisional Stay and Any Subsequent Stay, Including the Automatic Stay*, filed herewith (the "Motion"), requesting relief to continue prosecuting that certain action against Debtor Toshiba Samsung Storage Technology Korea Corporation ("TSST-K") seeking to recover for ongoing infringement of LG's patents now pending as *LG Electronics, Inc., et al. v. Toshiba Samsung Storage Technology Korea Corporation*, United States District Court for the District of Delaware (Case No. 12-1063 (LPS) (CJB)) (the "Pending Action"), but not to enforce any judgment for damages arising therefrom, and respectfully represents as follows:

### I.    JURISDICTION

1.       This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Provisional Recognition Order (defined below). Venue over this case and this Motion is proper in this judicial district pursuant to 28 U.S.C. §§ 1410. The statutory predicates for the relief requested herein are Section 105 of Title 11 of the United States

Code (the "Bankruptcy Code"), Rules 2002(a) and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(c) and (e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## II.    BACKGROUND

2.    TSST-K filed an application to commence a corporate rehabilitation proceeding in the Seoul Central District Court in South Korea on or about May 12, 2016 (*see* D.I. 3 at ¶ 9). The Korean Court entered an order approving the application and commencing a reorganization proceeding on June 16, 2016 (*id.*).

3.    TSST-K commenced the within case by filing a Chapter 15 petition on July 5, 2016. Concurrently therewith, Dae Sung Cho of TSST-K filed the *Motion of Foreign Representative for Entry of Provisional and Final Orders Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to Sections 362, 365, 1517, 1519, 1520, 1521, and 105(a) of the Bankruptcy Code* (D.I. 5) (the "Recognition Motion"). The Court held a preliminary hearing on said motion the following morning.

4.    On July 6, 2016, the Court granted the motion on a provisional basis pursuant to that certain *Provisional Order Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to Section 362, 365, 1517, 1520, 1521, and 105(a) of Bankruptcy Code* (D.I. 9) (the "Provisional Recognition Order") and set a hearing on the Recognition Motion for July 27, 2016 (D.I. 10) (the "Recognition Hearing"). The Recognition Motion requests, among other things, that the Court impose, on a final basis, a stay pursuant to Bankruptcy Code Section 362 (D.I. 5, Ex. B ¶ 5).

5.    As set forth more fully in the accompanying Motion, LG seeks relief from the

stay provided in the Provisional Recognition Order, and any other stay that may be imposed, to continue with the Pending Action.

6.      The parties were on the eve of a claim construction hearing (also known as a *Markman* hearing) —a critical phase in a patent-infringement case—when this Chapter 15 case intervened.  The Pending Action has been delayed several times, as specifically noted by the District Court.

7.      On July 14, 2016, the District Court vacated its scheduling order *sua sponte*. Nevertheless, the Pending Action remains ready for claim construction and, after discovery is completed, trial.  Upon entry of an order granting relief from the automatic stay, LG will move for relief from the aforesaid order vacating the Scheduling Order and otherwise request that the original dates and deadlines provided therein be reinstated, or similar dates and deadlines be established.

8.      This motion is supported by the Motion as well as the Declaration of Jenny L. Colgate filed in support thereof.  For further particulars, reference is made thereto.

### III.      RELIEF REQUESTED

9.      LG requests entry of an order, substantially in the form attached hereto as Exhibit A, (a) shortening the period for notice of hearing such that the Motion may be heard at the Recognition Hearing and (b) requiring any objection to the Motion to be filed so as to be received by July 26,  2016 at noon (EDT).

### IV.      GROUNDS FOR RELIEF

10.      There is cause to shorten time as requested.  Local Rule 9006-1(c) requires that all motion papers be filed and served at least 18 days (21 days if service is by first class mail; 19 days if service is by overnight  delivery) prior to a hearing date scheduled for such

motion, unless approval of shortened notice is granted by the Court pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006-1(e). This Court may shorten such notice periods for cause. "[W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). Cause to shorten time exists by virtue of the District Court's recent vacating of its scheduling order, the need to act quickly to reestablish and preserve the vacated hearing and trial dates, as well as the need to have the Motion heard within the timeframe provided in Bankruptcy Code Section 362(e)(1).

11.     The District Court's recent vacating of its scheduling order creates urgency. LG will need to move quickly for relief from the order vacating the scheduling order or otherwise request that the original dates and deadlines, or similar dates and deadlines, be reestablished. As time passes, hearing and trial dates will become unavailable. Accordingly, there is cause to shorten time. LG will be prejudiced by delay.

12.     By contrast, the Debtor will not be prejudiced by shortening the time to hear the Motion.

13.     Moreover, Section 362(e)(1) of the Bankruptcy Code compels motions for relief from the automatic stay to be heard within thirty days because such stay is terminated within that time period unless the Court, "after notice and a hearing, orders such stay continued in effect" pending the conclusion of a final hearing, if one is necessary. *See* 11 U.S.C. § 362(e)(1). Further, Local Rule 4001-1(b)[1] provides that a movant may "notice its

---

[1] Although Local Rule 4001-1(b) is not expressly made applicable to chapter 15 cases, the thirty-day timeframe outlined in section 362(e)(1) of the Bankruptcy Code does apply, and the purpose of the local rule is served by applying it broadly and consistently. Nevertheless, LG reserves its right to contend that

motion for the earliest omnibus hearing date" in accordance with Local Rule 9006-1(c) and, if such date is not within thirty days of the filing of the motion, "the movant is deemed to have consented to the stay remaining in effect until such time the motion can be heard." Fed. R. Bankr. P. 4001-1(b).

14.     LG does not consent to the stay remaining in effect past thirty days.  The next hearing date in this case is the Recognition Hearing on July 27, 2016, six  days from the date hereof.  Any later hearing date, which has yet to be scheduled, may be outside the thirty-day time limit.

15.     Additionally, other interested parties are or may be having similar stay relief motions heard at the Recognition Hearing, and it would benefit all concerned to have these litigation-related motions heard at the same time as the determination whether to recognize the Debtor's foreign insolvency proceeding.

## V.     NOTICE

16.     In accordance with Local Rule 4001-1(a), notice of this Motion has been given, by e-mail, hand delivery, overnight mail or express mail, to (a) the Debtor; (b) the Office of the United States Trustee for the District of Delaware; and (c) those parties requesting notice pursuant to Bankruptcy Rule 2002.

## VI.     PRAYER FOR RELIEF

WHEREFORE, LG prays for entry of an order substantially in the form of the proposed order attached hereto as Exhibit A:

1.     Shortening the period for notice of hearing on the Motion such that it may be heard at the Recognition Hearing;

---

the local rule does not apply in chapter 15.

2.      Requiring that any objection to the Motion be filed so as to be received by July 26 at noon (EDT); and

3.      For such other and further relief as is appropriate in the premises.

Respectfully submitted this 21st day of July, 2016.

**MORRIS JAMES LLP**

/s/ Eric J. Monzo
Eric J. Monzo (DE Bar No. 5214)
Douglas N. Candeub (DE Bar No. 4211)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19801-1494
Telephone: (302) 888-6800
Facsimile:  (302) 571-1750
E-mail: emonzo@morrisjames.com
        dcandeub@morrisjames.com

-and-

**MACDONALD FERNANDEZ LLP**
Reno F.R. Fernandez III (*pro hac vice* pending)
221 Sansome Street, Third Floor
San Francisco, CA  94104
Telephone: (415) 362-0449
Facsimile:  (415) 394-5544

*Counsel to LG Electronics, Inc. and*
*LG Electronics U.S.A., Inc.*

Of Counsel:

**ROTHWELL, FIGG, ERNST & MANBECK, P.C**
Steven Lieberman
Joo Mee Kim
Jenny L. Colgate
607 14th Street, N.W., Suite 800
Washington, DA  20005
Telephone: (202) 783-6040
Facsimile:  (202) 783-6031