IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:*<br><br>NEWSAT LIMITED, *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 15-10810 (LSS)<br><br>(Jointly Administered)<br><br>Re: Docket No. 9, 21 & 66 |

**ORDER GRANTING PROVISIONAL RELIEF**
**PURSUANT TO SECTION 1519 OF THE BANKRUPTCY CODE**

The *Emergency Motion for Temporary Restraining Order, and After Notice and a Hearing, a Preliminary Injunction, Pursuant to Sections 1519, 105(a), 362 and 365 of the Bankruptcy Code* (the "**Motion**") was brought by Stephen James Parbery and Marcus William Ayres, of PPB Advisory in Sydney, Australia, the duly appointed and acting joint and several administrators (the "**Administrators**") and foreign representatives of NewSat Limited, NSN Holdings Pty Ltd, NewSat Services Pty Ltd., Jabiru Satellite Holdings Pty Ltd., NewSat Space Resources Pty Ltd., NewSat Networks Pty Ltd., and Jabiru Satellite Ltd. (collectively, the "**NewSat Debtors**") in administration proceedings (together, the "**Australian Proceeding**") under Australia's *Corporations Act 2001* (Cth), as amended, subject to the supervision of the Federal Court of Australia and the Supreme Court of New South Wales.

On April 24, 2015 Arianespace S.A. filed a limited objection to the relief requested in the Motion (the "**Arianespace Limited Objection**") [Docket No. 30] and Lockheed Martin Corporation filed an objection to the relief requested in the Motion (the "**Lockheed Martin Objection**")[Docket No. 34]. On April 28, 2015, General Dynamics SATCOM Technologies, Inc.

---

[1] The last four digits of the Australian Company Number for each debtor follow in parentheses: NewSat Limited (7303); NSN Holdings Pty Ltd. (3263); NewSat Services Pty Ltd. (8708); Jabiru Satellite Holdings Pty Ltd. (7800); NewSat Space Resources Pty Ltd. (9943); NewSat Networks Pty Ltd. (4994); and Jabiru Satellite Ltd. (7365).

01:16960754.4

appeared in court and objected to the relief requested in the Motion (the "**General Dynamics Objection**," and together with the Arianespace Limited Objection and the Lockheed Martin Objection, the "**Objections**").

The Court held hearings to consider the relief requested in the Motion and the Objections on April 28, 2015 and May 1, 2015 (the "**May 1st Hearing**"). At the May 1 Hearing, the Court was advised that the Lockheed Martin Objection and the General Dynamics Objection had been resolved on the terms set forth on the record of the May 1st Hearing.

The Court heard additional argument of counsel on the record at the May 1st Hearing with respect to the Motion and the Arianespace Limited Objection; and the Court having ruled on the Motion at the May 1st Hearing; and the court having made findings of fact and conclusions of law on the record at the May 1st Hearing based on the record before it and solely for purposes of determining whether the provisional relief sought was appropriate, which findings of fact and conclusions of law are incorporated herein by reference as if written fully herein; and for the reasons set forth on the record of the May 1st Hearing;

**IT IS HEREBY ORDERED that:**

1. 11 U.S.C. §§ 361, 362, 365, and 552, each in its entirety, shall apply in these cases. 11 U.S.C. § 506(c) shall also apply in these cases.

2. The non-debtor parties to executory contracts do not have to perform any work for the NewSat Debtors between the date of this Order and any order entered on the Verified Petition for Recognition, and the failure to do so shall not constitute a default under their respective contracts or subject such parties to damages under those contracts for their failure to perform work during this period.

3.    With respect to Arianespace S.A., contempt of court (as differentiated from enforcement of sections 362 and 365 to the extent applicable to Arianespace) will not be available relief as it relates to the TRO or this Order.

Dated: Wilmington, Delaware
       May __, 2015

Laurie Selber Silverstein
United States Bankruptcy Judge