**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 15 |
| | ) |
| TOSHIBA SAMSUNG STORAGE | ) Case No. 16-11602 (CSS) |
| TECHNOLOGY KOREA CORPORATION, | ) |
| | ) **Re: Docket No. 79** |
| Debtor in a Foreign Proceeding.¹ | ) |
| | ) |
| | ) |
| In re: | ) |
| | ) |
| DELL INC., AND | ) District Court Case No. 1:16-cv-00671-LPS |
| DELL PRODUCTS, L.P., | ) |
| | ) |
| Appellants | ) |
| | ) |
| v. | ) Bankruptcy Case No. 16-11602 (CSS) |
| | ) BAP No. 16-40 |
| | ) |
| TOSHIBA SAMSUNG STORAGE | ) |
| TECHNOLOGY KOREA CORPORATION, | ) |
| | ) |
| Appellee | ) |
| | ) |

**MOTION OF DELL INC. AND DELL PRODUCTS L.P. FOR CERTIFICATION
OF DIRECT APPEAL TO THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT PURSUANT TO 28 U.S.C. § 158(d)(2)**

Dell Inc. and Dell Products L.P. (together, "**Dell**"), by and through its undersigned

counsel, hereby move this Court (the "**Certification Motion**") for entry of an order pursuant to

28 U.S.C. § 158(d)(2) and rule 8006 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**") certifying for direct appeal to the United States Court of Appeals for the

Third Circuit (the "**Third Circuit**") the *Order Denying the Relief Requested in the Stay Relief*

---

¹     The last four digits of Toshiba Samsung Storage Technology Korea Corporation's Business Registration Number are 7441. The Debtor's main corporate and mailing address is 88 Suwon- ro, Yeongtong-gu 14th Flr., Bldg #102, Digital Empire 2, Suwon-si, Gyoenggido, 443-734.

*Motions* [D.I. 79] (the "**Stay Relief Order**")[2] entered on July 27, 2016.  Pursuant to Bankruptcy

Rule 8006(b) this appeal is considered to be pending in the Bankruptcy Court until thirty days

after the filing of the Notice of Appeal on August 4, 2016.  Under Bankruptcy Rule 8006(d), the

Bankruptcy Court may consider the Certification Motion until September 6, 2016, and thereafter

only the District Court can consider the Certification Motion.  Fed. R. Bankr. P. 8006(b), (d).

## I.    QUESTION PRESENTED FOR CERTIFICATION

1.    Whether the Bankruptcy Court erred as a matter of law in holding that section 362

of title 11 of the United States Code operates as a stay to prohibit Appellants, as plaintiffs in

pending multi-district antitrust litigation, from seeking fact discovery depositions from the

chapter 15 debtor and certain of its employees or former employees for use against non-debtor

defendants in the antitrust litigation.

## II.    SUMMARY OF THE ARGUMENT

2.    Toshiba Samsung Storage Technology Korean Corporation ("**TSST-K**" or the

"**Debtor**") has been a defendant in multi-district antitrust litigation, as a result of its alleged

participation in a price fixing conspiracy.  TSST-K filed a rehabilitation proceeding in South

Korea on May 12, 2016, and, on July 5, 2016, TSST-K sought recognition of that proceeding

under chapter 15 in the U.S. Bankruptcy Court for the District of Delaware (the "**Bankruptcy**

**Court**").  Final recognition of the foreign proceeding, and therefore the benefits of the stay

imposed by section 362 of title 11 of the United States Code (the "**Bankruptcy Code**"), was

granted on July 27, 2016.  Dell acknowledges that any litigation against TSST-K is stayed, and

---

[2]    In Accordance with Bankruptcy Rule 8006(f)(2)(E), a copy of the Stay Relief Order is included as Exhibit A.  There is a related appeal of the bankruptcy court's *Final Order Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to Sections 362, 365, 1517, 1519, 1520, 1521, and 105(a) of the Bankruptcy Code* [D.I. 70] (the "**Recognition Order**") that the Appellants requested be consolidated with the instant appeal (D.I. 6 in 16-cv-670 and 16-cv-671) and will file a parallel motion for certification.  This related appeal has been docketed in the district court as District Court Case No. 16-670.

Dell is not requesting, and has not requested, stay relief to pursue antitrust claims against TSST-K.

3.      Before the Bankruptcy Court, Dell argued that the stay imposed by section 362 of the Bankruptcy Code, made applicable to this chapter 15 case by section 1520 of the Bankruptcy Code, does not stay Dell's ability to obtain fact discovery from TSST-K or its current or former employees in pursuit of claims against other defendants in the antitrust litigation.   The Bankruptcy Court rejected Dell's arguments, overruling Dell's objection to any recognition order that would preclude such discovery and denying Dell's motion for relief from stay.  In its oral rulings, the Bankruptcy Court specified that the discovery sought by Dell was stayed by virtue of the Recognition Order and the Stay Relief Order.

4.      Certification for direct appeal of the Stay Relief Order is appropriate in accordance with 28 U.S.C. § 158(d)(2)(A) because (a) there is no controlling authority in the Third Circuit or the U.S. Supreme Court on the question of whether taking fact discovery depositions from a debtor, chapter 15 or otherwise, and certain of its current and former employees for use against non-debtor defendants in pending litigation in which the debtor is a party, but which is stayed as to the debtor, is barred by section 362 of the Bankruptcy Code, and (b) the legal issue presented is a matter of public importance because of its impact on the efficient operation of the judicial system.  All reported case law that has addressed this issue holds that such discovery does not violate the automatic stay.

### III.      BACKGROUND AND REQUESTED RELIEF

5.      Dell is a plaintiff in one of several antitrust cases filed against TSST-K and others.  A competitor of TSST-K, Hitachi-LG Data Storage, Inc. ("**HLDSI**"), pled guilty in federal court to fixing the prices of Optical Disk Drives ("**ODDs**") with other ODD suppliers in

violation of U.S. antitrust laws.[3]  Dell's antitrust claims against TSST-K and others have been

pending since May 2013 and the parties are currently engaged in fact discovery.  The antitrust

cases are consolidated in the United States District Court for the Northern District of California

under Multi-District Litigation Case Number 3:10-md-02143-RS (the "**Antitrust MDL**")

conducted by United States District Court Judge Richard Seeborg and United States Magistrate

Judge Joseph Spero.

6.      TSST-K filed an application to commence a corporate rehabilitation proceeding

(the "**Korean Proceeding**") in the Seoul Central District Court in South Korea (the "**Korean**

**Court**") on or about May 12, 2016.  *See* D.I. 3 at ¶ 9.  The Korean Court entered an order

approving the application and commencing the Korean Proceeding on June 16, 2016.  *Id.*

7.      TSST-K filed the above-captioned Chapter 15 case on July 5, 2016 (the "**Petition**

**Date**") when Dae Sung Cho (the "**Foreign Representative**") of TSST-K filed the *Motion of*

*Foreign Representative for Entry of Provisional and Final Orders Granting Recognition of*

*Foreign Main Proceeding and Certain Related Relief Pursuant to Sections 362, 365, 1517, 1519,*

---

[3]      On November 8, 2011, the United States of America and ODD manufacturer HLDSI entered a plea agreement in *United States v. Hitachi-LG Data Storage, Inc.*, No. CR11-00724-RS (N.D. Cal.).  HLDSI is a joint venture between Hitachi, Ltd. and LG Electronics, Inc.  As its full name reflects, TSST-K began as a joint venture between Toshiba Corporation ("**Toshiba**") and Samsung Electronics Co., Ltd. ("**Samsung**").  In the plea agreement, HLDSI admitted that it had engaged in felonious price-fixing conduct with co-conspirators in violation of Section 1 of the Sherman Act.  In the plea agreement HLDSI admitted that, between approximately June 2004 and September 2009, HLDSI employees engaged in bid rigging and price fixing in the ODD industry, one purpose of which was "to rig ODD procurement events hosted by Dell."  The United States agreed not to prosecute most HLDSI employees, but explicitly carved out Young Keun Park, Sang Hun Kim, Sik Hur (aka Daniel Hur), and Woo Jin Yang (aka Eugene Yang), each of whom subsequently pled guilty to ODD-related antitrust violations and served jail time for their criminal violations.  *United States v. Young Keun Park*, No. CR11-00911 (N.D. Cal.); *United States v. Yang*, No. CR12-00309 (N.D. Cal.); *United States v. Kim*, No. CR11-00912 (N.D. Cal.); *United States v. Hur*, No. CR11-00913 (N.D. Cal.).  TSST-K and its related entities such as antitrust defendants Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., and Toshiba Corporation were directly and integrally involved in the actual antitrust conspiracy to which HLDSI pled guilty.  TSST Corp. and Toshiba are represented by the same counsel as TSST-K in the antitrust case, Latham & Watkins LLP.

1520, 1521, and 105(a) of the Bankruptcy Code (D.I. 5) (the "**Recognition Motion**").   The

Bankruptcy Court held a hearing on the Recognition Motion the following morning.

8.      At the July 6, 2016 hearing, the Bankruptcy Court granted the Recognition

Motion on a provisional basis (D.I. 9) (the "**Provisional Recognition Order**") and set a hearing

on the Recognition Motion for July 27, 2016 (D.I. 10) (the "**Recognition Hearing**").   The

Provisional Recognition Order imposed, on a provisional basis, a stay per section 362 of the

Bankruptcy Code.  D.I. 5, Ex. B ¶ 5; D.I. 9.

9.      Dell understood this provisional stay, and any such stay granted on a final basis,

to bar Dell from pursuing claims against the Debtor, but to not impair Dell's ability to pursue

claims against non-debtors.  However, based on positions taken by the Debtor in correspondence,

Dell filed the *Motion of Dell Inc. and Dell Products L.P. for Relief from the Provisional Stay in

the July 6, 2016 Order and any Subsequent Stay that May Arise Upon Final Recognition of a

Foreign Proceeding Including the Automatic Stay* (the "**Stay Relief Motion**") and the *Limited

Objection of Dell Inc. and Dell Products L.P. to the Motion of Foreign Representative for Entry

of Provisional and Final Orders Granting Recognition of Foreign Main Proceeding and Certain

Related Relief Pursuant to Sections 362, 365, 1517, 1519, 1520, 1521, and 105(a) of the

Bankruptcy Code (D.I. 5)* (the "**Recognition Objection**") in order to establish that Dell could

pursue discovery from TSST-K on claims against non-debtors.[4]

---

[4]      The defendants in the Antitrust MDL other than TSST-K are:  Toshiba Samsung Storage Technology
Corp., Toshiba America Information Systems, Inc., Toshiba Corporation, Hitachi-LG Data Storage, Inc., Hitachi-LG
Data Storage Korea, Inc., NEC Corporation, Koninklijke Philips N.V., Lite-On IT Corp. of Taiwan, Philips & Lite-
On Digital Solutions Corp., Philips & Lite-On Digital Solutions U.S.A., Inc., Sony Corp., Sony Optiarc America,
Inc., Sony Optiarc, Inc., BenQ Corp., BenQ America Corp., LG Electronics, Inc., LG Electronics USA, Inc.,
Hitachi, Ltd., Panasonic Corp., Panasonic Corp. of North America, Pioneer Electronics (USA) Inc., Pioneer North
America, Inc., Pioneer Corp., Pioneer High Fidelity Taiwan Co., Ltd., TEAC Corp., TEAC America, Inc., Samsung
Electronics Co. Ltd., Samsung Electronics America, Inc., Quanta Storage Inc., and Quanta Storage America Inc.

       The remaining plaintiffs in the Antitrust MDL in addition to Dell are:  Acer Inc., Acer America Corp.,
Gateway, Inc., Gateway U.S. Retail, Inc. f/k/a eMachines, Inc., HP Inc., Ingram Micro Inc., Synnex Corporation,

10.    The Bankruptcy Court heard the objection to the Recognition Motion, among

other matters, at the July 27, 2016 hearing.

11.    The Bankruptcy Court overruled the Recognition Objection, holding:

I find and I'll say why in a second. *But I find that the discovery currently being pursued by Dell and any of the parties to the MDL proceeding against TSST-K and its current or former employees is subject to the automatic stay under Section 362 of the Bankruptcy Code, and by extension 1520 of the Code applying to the Foreign Debtor and Foreign Representative. And as a result, that discovery cannot go forward absent an order relieving those parties from the automatic stay.*

And I say that for the following reasons. First, I think that it is highly significant that TSST-K remains a Defendant and a party to the MDL proceedings. And that the discovery sought prepetition under the MDL procedural order and sought to be continued on a post-petition basis was discovery under the context of party discovery, not third party discovery.

And as a result, the normal protections, limitations and procedural requirements of pursuing true third party discovery against TSST-K and its current and former employees are not present to protect those parties and persons from the rigors of United States discovery. And the due process protections, et cetera that usually applies to third parties are not available.

I don't believe that this is a technical argument in any way. I think it's highly significant that TSST-K remains a Defendant. I think it's highly significant that the procedures being instituted to seek discovery against TSST-K and its current and former employees are through the procedures and by, in their source, the presence of . . . TSST-K as a Defendant.

In my mind that clearly implicates the automatic stay. And any discovery being sought in this manner is a violation of the automatic stay. Now, I'm not sure I embrace with quite the vigor of some of my colleagues on the Federal Bench the concept that true third party discovery does not implicate the automatic stay.

I would certainly take issue what I think Judge Easterbrook was doing and what really Dell and the others are seeking to do here, which is sort of deem party discovery as third party discovery and somehow put a gloss of third party protection on discovery that's really party related discovery to somehow deem

---

Alfred H. Siegel (as Trustee for the Circuit City Stores, Inc. Liquidating Trust), Peter Kravitz (as Trustee for the RSH Liquidating Trust), the State of Florida, and the Indirect Purchaser Plaintiff Certified Class (c/o Hagens Berman Sobol Shapiro LLP).

that discovery to be true third party discovery and not implicate the automatic stay.

Clearly, discovery being sought here in its current context, you can't make that distinction or find a distinction because of the scope of the discovery as it has to be provided under the procedural order and the lack of true third party protections in the discovery that's being sought.

I also don't think you can draw a distinction between the discovery sought against TSST-K and the individuals, even though the individuals are not Foreign Debtors and they're not parties to the Chapter 15 case. Because clearly the discovery being sought against those third parties -- excuse me, against those individuals is in the context of their position and standing, vis-à-vis, TSST-K as Defendant as opposed to a true third party discovery being sought of foreign individuals, and all, of course, the procedural niceties and protections that are implicated in seeking that kind of discovery.

So I don't think it's, frankly, a close call here. I think the arguments are creative, but ultimately they fail based on the fundamental fact that TSST-K is a Defendant.  And the additional fact that the discovery being sought really relates to and arises from TSST-K's position as a Defendant. So that discovery implicates the automatic stay and cannot go forward under Section 1520, absent a further order of the Court granting relief from the automatic stay, which we'll obviously turn to in a few moments.

. . . .

In making this ruling, I'm not, as I said, previously providing any gloss on the automatic stay because TSST-K is a Foreign Debtor. I believe that the stay is either applicable or not applicable, at least in the context of 1520 and 362. So I'm applying, I think, the same standards I would apply to a domestic debtor who was seeking to stop discovery based on the fact that there's a Debtor in this case and the application of automatic stay.

I will say this I don't know and won't decide at this time whether simply dismissing TSST-K in and of itself is sufficient to remove the discovery being sought from TSST-K and its current and former employees from the reach of the automatic stay. Because even if dismissed from the action and this is why -- by the way, this is why it doesn't matter that Dell hasn't filed a claim in Korea.

Even if they were to be dismissed from the action or no claims were filed against TSST-K, the scope of the discovery, the procedure for discovery, the way the discovery is proceeding arises under the MDL's procedures orders from the fact that, at least some time, if not currently, TSST-K was a Defendant.

So it's not -- even if TSST-K was dismissed or if I were to give effect to the fact they haven't filed a claim in Korea to still allow this discovery to continue in its current form and under its current procedures would implicate the stay because

7

you don't get to invoke that method. You don't get to invoke those procedures. You don't get to invoke that scope if you're not a party. So it all flows from the fundamental fact that the Foreign Debtor is a party to the MDL.

So based on that ruling and the clarification that Mr. Werkheiser mentioned in connection with the relief being sought under the recognition order, the proviso we discussed earlier about 1521, I will overrule the objection of Dell and grant final recognition of the foreign proceeding and enter a final recognition order.

Tr. of Hrg. July 27, 2016 at 73:16–77:21. (emphasis added).[5]

12.     The above ruling that the automatic stay applied to the fact discovery being sought by Dell was the foundation for the order denying relief from the automatic stay. *See* Tr. of Hrg. July 27, 2016 at 73:16–73:23; 155:1–158:17.

13.     Dell filed its Notice of Appeal from the Stay Relief Order on August 4, 2016 in accordance with Bankruptcy Rules 8002 and 8003.  D.I. 81.[6]

14.     Dell now moves to have its appeal from the Stay Relief Order be certified for direct appeal to the Third Circuit pursuant to 28 U.S.C. § 158(d)(2).

## IV.    BASIS FOR REQUESTED RELIEF

15.     Orders of Bankruptcy Courts can be directly appealed to the Circuit Court if certain statutory criteria are met.  Section 158(d)(2) of title 28 of the United States Code provides in relevant part

(A)  The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court. . . acting on . . . the request of a party . . . certify[ies] that—

(i)  the . . . order . . . involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the

---

[5]     In accordance with Bankruptcy Rule 8006(f)(2)(E), a copy of the July 27, 2016 hearing transcript is attached hereto as Exhibit B.

[6]     This complies with the requirement of Bankruptcy Rules 8006(a)(2), and 8006(a)(3), leaving only the certification requested in this Motion required in order for such certification to be effective.

Supreme Court of the United States, **_or_** involves a matter of public importance; . . .

and if the court of appeals authorizes the direct appeal of the . . . order[.]

28 U.S.C. § 158(d)(2)(A) (emphasis added; alterations added).

16.     Certification is mandatory where any of the statutory conditions exist.  28 U.S.C. § 158(d)(2)(B) ("If the bankruptcy court . . . determines that a circumstance specified in clause (i)(ii) or (iii) of subparagraph (A) exists . . . then the bankruptcy court *shall* make the certification described in subparagraph (A).") (emphasis added).[7]

17.     The U.S. District Court for the District of Delaware (the "**District Court**") has explained that "[t]he two primary goals behind the direct certification process are (i) to provide a quicker and less costly means of resolving significant issues that are inevitably bound for the court of appeals, and (ii) to facilitate the development of more binding precedents in bankruptcy law."  *In re IMMC Corp.*, Case No. 15-1043, 2016 WL 2899247, *6 (D. Del. May 17, 2016) (internal citation omitted).[8]

18.     The legislative history also confirms that Congress intended the law to facilitate circuit court guidance on pure questions of law.   "Among the reasons for the direct appeal amendment was widespread unhappiness at the paucity of settled bankruptcy law precedent."

---

[7]     In *In re Nortel Networks Inc.*, Consolidated Appeals Case Nos. 15-196, 197, 586, 622, 623, 624, 627, 628, 635, 636, 699, (D. Del. May 17, 2016) the District Court certified the issues before it for direct appeal to the Third Circuit after the Bankruptcy Court had declined to do so.  In *In re Tribune Media Company,* Case No. 15-1116 (D. Del. April 12, 2016) the District Court certified the issues before it for direct appeal to the Third Circuit after the Bankruptcy Court had declined to do so finding that there was no controlling decision by the Third Circuit of the Supreme Court, and that "[c]ertification is mandatory where a single condition is satisfied under 28 U.S.C. § 158(d)(2)(B)."

[8]     The legislative history of Section 158(d)(2) reflects that Congress enacted this appellate procedure (new, in the 2005 BAPCPA revisions) to address problems related to the "time and cost factors attendant to the [previous] appellate system" and the fact that "decisions rendered by the district court as well as the appellate panel are generally not binding and lack stare decisis value."  H. Rep. No. 109-31, Pt. 1, 109th Cong., 1 St. Sess. 148–49 (2005).

*Weber v. United States Tr.*, 484 F.3d 154, 158 (2d Cir. 2007) citing (H. Rep. No. 109-31, Pt. 1, 109th Cong., 1 St. Sess. 148–49 (2005)).

19.    Here, Third Circuit review of the Stay Relief Order satisfies two of the conditions for certification—(a) it involves a question of law to which there is no controlling decision of the Third Circuit or the U.S. Supreme Court; and (b) it involves a matter of public importance.

### A. *The Recognition Order and the Stay Relief Order Involve a Question of Law to which there is No Controlling Decision of the Third Circuit or the U.S. Supreme Court.*

20.    In denying Dell's Stay Relief Motion, the Bankruptcy Court held that section 362 of the Bankruptcy Code prohibits a litigant from pursuing fact discovery from a debtor and its current and former employees for use against non-debtor defendants in pending litigation.  *See* Tr. of Hrg. July 27, 2016 at 73:16–77:21; 155:1–158:17.[9]

21.    There is no law in the Third Circuit or the U.S. Supreme Court on this question. All other reported decisions have disagreed with the Bankruptcy Court's ruling.  *See Groner v. Miller (In re Miller)*, 262 B.R. 499, 503–07 (B.A.P. 9th Cir. 2001) ("Information is information, and we believe the discovery of it as part of the development of a case against non-debtor parties is permissible, even if that information could later be used against the party protected by the automatic stay.")*; Kenoyer v. Cardinale (In re Kenoyer)*, 489 B.R. 103, 115–16 (Bankr. N.D. Cal. 2013) ("the more plausible interpretation is that it is permissible for a plaintiff to elicit testimony from a debtor which not only is relevant to claims asserted against a non-debtor, but also may be damaging to the debtor in a subsequent proceeding, as long as one purpose—out of perhaps many—of eliciting the testimony is to build a case against a non-debtor."); *In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.*, 140 B.R. 969, 977–79 (N.D. Ill.

---

[9]    *See* Exhibit B attached hereto.

1992) (Easterbrook, J. of the Seventh Circuit, sitting by designation) (the debtor should be treated "as if [it] were no longer a party to the litigation" but rather "as if [it] were an interested non-litigant."); *In re Alem*, No. 13-00119, 2013 WL 4840486, at *2 (Bankr. D.D.C. Sep. 11, 2013) ("Although it would violate the automatic stay of 11 U.S.C. § 362(a)(1) for the Movants to subpoena the debtor in his capacity as a party-defendant to the Superior Court litigation, § 362 does not bar litigants from serving a subpoena on and deposing a debtor in his capacity as a non-party witness, even if the debtor happens also to be a defendant in a related action that has been stayed as to the debtor under § 362(a)(1)."); *Peter Rosenbaum Photography Corp. v. Otto Doosan Mail Order Ltd.*, No. 04 C 0767, 2004 WL 2973822, at *2–*3 (N.D. Ill. Nov. 30, 2004); *In re Hillsborough Holdings Corp.*, 130 B.R. 603, 604 (Bankr. M.D. Fla. 1991) (Paskay, J.) (same in the context of antitrust litigation).

22.    The legal standard for certification is met because there is no controlling authority on the issue in the Third Circuit; the record reflects that the Bankruptcy Court did not cite any case law contrary to the cases cited above to support its ruling.

**B.  *The Recognition Order and the Stay Relief Order Involve a Matter of Public Importance.***

23.    The District Court has recognized that the "public importance" standard for certification is met if the issue involved "transcend[s] the litigants and involves[s] a legal question, the resolution of which will advance the cause of jurisprudence to a degree that is usually not the case."  *In re IMMC Corp.*, Case No. 15-1043, 2016 WL 356026 *6 (D. Del. Jan. 28, 2016) (internal citation omitted).[10]  An appeal may "involve a matter of public importance"

---

[10]    The copy of *In re IMMC Corp.* reported by the Westlaw cite indicates that the initial certification decision was issued by "Kevin J. Carey, United States District Judge."  This is not correct as a review of the case on the district court's docket indicates that it was issued by United States District Judge Gregory M. Sleet on January 28,

either because "it involves important legal issues or important practical ramifications." *In re Qimonda AG*, 470 B.R. 374, 386 (E.D. Va. 2012); *see also In re Pacific Lumber Co.*, 584 F.3d 229, 241-42 (5th Cir. 2009); *In re Turner*, 574 F.3d 349, 351 (7th Cir. 2009).

24.     This appeal meets the "public importance" standard for certification in addition to the fact that there is no controlling authority on the question being appealed.  Appeal of the Stay Relief Order involves legal issues of public importance because defining the scope of the automatic stay, and establishing that it does not apply to fact discovery from a debtor for use against other defendants in a case stayed as to the debtor, is essential to the smooth and proper functioning of the federal judicial system.  It is appropriate to stay a case as to a debtor; it is inappropriate and prejudicial to prevent litigants from obtaining fact evidence from a debtor for use against non-debtor defendants, particularly in the context of a multi-defendant conspiracy.

25.     Additionally, the Bankruptcy Court is one of the most active commercial courts in the United States and thus the unusual expansion of the automatic stay in this case to bar fact discovery from a debtor for use against non-debtor defendants has wide-reaching ramifications, making this a matter of public importance.

### V.  NOTICE OF MOTION AND NO PRIOR REQUEST

26.     Dell has provided notice of this Motion to the Debtor and other interested parties, as identified in the certificate of service filed herewith, which conforms with Bankruptcy Rule 8006(c)(1).  Fed. R. Bankr. P. 8006(f)(2).

27.     No prior request for the relief sought in this Motion has been made to this or any other court.

---

2016, nine days after the answering and reply briefs were docketed in the district court after having initially been filed in the bankruptcy court.

## **CONCLUSION**

For the foregoing reasons, Dell respectfully requests the entry of an order certifying the Stay Relief Order for a direct appeal to the Third Circuit pursuant to section 158(d)(2) of title 28 of the United States Code.

RLF1 15030661v.1

Respectfully submitted this 16th day of August, 2016.

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Joseph C. Barsalona II*
John H. Knight (No. 3848)
Paul N. Heath (No. 3704)
Joseph C. Barsalona II (No. 6102)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

ALSTON & BIRD LLP
Grant T. Stein (admitted *pro hac vice*)
Sage M. Sigler (admitted *pro hac vice*)
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

*Counsel to Dell Inc. and Dell Products L.P.*