IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TOSHIBA SAMSUNG STORAGE<br>TECHNOLOGY KOREA CORPORATION,<br><br>            Debtor in a Foreign Proceeding.[1] | Chapter 15<br><br>Case No. 16-11602 (CSS)<br><br>Obj. Deadline:  TBD<br>Hearing:  November 4, 2016, at 11:00 a.m. (ET) |

**LIQUIDATING TRUSTEES' MOTION TO**
**<u>TERMINATE RECOGNITION AND DISMISS</u>**

Pursuant to sections 105, 305, and 1517 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"),  movants Alfred H. Siegel, the duly appointed trustee for the Circuit City Stores, Inc. Liquidating Trust (the "<u>Circuit City Liquidating Trustee</u>"), and Peter Kravitz, the duly appointed trustee for the RSH Liquidating Trust (the "<u>Radio Shack Liquidating Trustee</u>," and, together with the Circuit City Liquidating Trustee, the "<u>Liquidating Trustees</u>"), respectfully request entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>**, (i) terminating the recognition granted by the *Final Order Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to Sections 362, 365, 1517, 1519, 1520, 1521, and 105(a) of [the] Bankruptcy Code* [Docket No. 70] (the "<u>Final Recognition Order</u>") and the *Provisional Order Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to Sections 362, 365, 1517, 1519, 1520, 1521, and 105(a) of [the] Bankruptcy Code* [Docket No. 9] (the "<u>Provisional Recognition Order</u>," and together with the Final Recognition Order, the

---

[1]  The last four digits of Toshiba Samsung Storage Technology Korea Corporation's Business Registration Number are 7441.  The Debtor's main corporate and mailing address is 88 Suwon-ro, Yeongtong-gu 14th Flr., Bldg #102, Digital Empire 2, Suwon-si, Gyoenggido, 443-734.

"Recognition Orders") of the foreign main proceeding involving Toshiba Samsung Storage Technology Korea Corporation ("TSST-K" or the "Debtor") on account of the dismissal by the Seoul Central District Court in South Korea (the "Korean Court") of the corporate rehabilitation proceeding (the "Korean Proceeding") that gave rise to the Recognition Orders, *see Notice of Change of Status Pursuant to 11 U.S.C. § 1518(1) Concerning the Debtor's Foreign Proceeding* [Docket No. 143] (the "First Notice") & Exhibit A thereto (the "Dismissal Order"); *Second Notice of Change of Status Pursuant to 11 U.S.C. § 1518(1) Concerning the Debtors Foreign Proceeding and Request for a Status Conference* [Docket No. 147] (the "Second Notice"), and (ii) dismissing this chapter 15 case.

## Jurisdiction

1. Jurisdiction to grant the relief requested herein exists pursuant to 28 U.S.C. §§ 157 and 1334 and paragraph 16 of the Final Recognition Order, which retains in this Court "exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement" of the Final Recognition Order.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1410.

3. The statutory and rule predicates for the relief requested herein are Bankruptcy Code sections 105, 305, and 1517.

## Background

4. On July 5, 2016 (the "Petition Date"), the above-captioned chapter 15 case was commenced with the *Motion of Foreign Representative for Entry of Provisional and Final Orders Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to Sections 362, 365, 1517, 1519 1520, 1521, and 105(a) of the Bankruptcy Code* [Docket No. 5] (the "Recognition Motion"), filed by Dae Sung Cho (the "Foreign Representative").

2

5. The Recognition Motion was based on TSST-K's commencement of the Korean Proceeding in the Korean Court on May 12, 2016, which the Korean Court approved on June 16, 2016. The Korean Proceeding that formed that basis for the Recognition Motion bore Case Number *2016 Hoehap 100090* (the "100090 Case"). *See* Dismissal Order (English Translation) at 1.

6. On July 27, 2016, the Court held an evidentiary hearing (the "July 27th Hearing") on, *inter alia*, the Recognition Motion. At the conclusion of the July 27th Hearing, the Court entered the Final Recognition Order, which granted the Recognition Motion on a final basis. The Liquidating Trustees filed no opposition to the Recognition Motion and took no appeal from the Final Recognition Order.

7. On September 29, 2016, the Debtor notified this Court that the Korean Court had dismissed the 100090 Case, and advised that the Foreign Representative and the Debtor were considering whether to appeal the Dismissal Order. *See* First Notice at 2. The Debtor advised that an appeal of the Dismissal Order would, under Korean law, stay the effectiveness of the Dismissal Order.

8. On October 14, 2016, the Debtor notified this Court that neither the Foreign Representative nor the Debtor had appealed the Dismissal Order, and that as a result, the Korean Court had "sua sponte entered a notice of decision declaring TSST-K bankrupt and appointing Byung Kook Oh as receiver." Second Notice at 2 (defined terms omitted). The Debtor further advised that "[t]he Receiver is presently in control of TSST-K and its assets" and that "the Foreign Representative no longer has the authority to act on behalf of TSST-K in connection with this Chapter 15 case …." *Id*. at 2–3. The order appended as Exhibit B to the Second Notice

3

references both the 100090 Case, which it refers to as the "Rehabilitation," and a new Case Number *2016 Hahap 118* (the "118 Case"), which it refers to as the "Bankruptcy."

9.  The Debtor's Second Notice also advises that a new rehabilitation case has been filed in Korea, this time in a different court. The order appended as Exhibit C to the Second Notice references new Case Number *2016 Hoehap 10045* (the "10045 Case"). An interrogation of the Debtor by this second court has been scheduled for October 21, 2016.

### Relief Requested

10. In light of the Dismissal Order entered by the Korean Court and the decision by the Foreign Representative and the Debtor not to appeal the Dismissal Order, the Liquidating Trustees request termination of the recognition granted by the Recognition Orders and dismissal of this chapter 15 case.

### Basis for Relief

11. Chapter 15 of the Bankruptcy Code allows United States courts to afford appropriate relief ancillary to a foreign proceeding. The term "ancillary," the first word in the statute's title ("Ancillary and Other Cross-Border Cases"), presupposes the existence of a primary foreign proceeding in the first instance. *Cf. Central Virginia Community College v. Katz*, 546 U.S. 356, 371–72 (2006) (describing the historic role of ancillary *in personam* proceedings in furtherance of bankruptcy courts' primary *in rem* jurisdiction). Thus, Bankruptcy Code section 1515(a) permits a foreign representative to seek "recognition of a foreign proceeding in which the foreign representative **has been appointed**," *i.e.*, in the past tense.

12. This Court's Final Recognition Order granted recognition of a particular Korean proceeding – the 100090 Case. But the 100090 Case no longer exists, and will never again exist. The court in which the 100090 Case was pending dismissed the proceeding, and neither the Foreign Representative nor the Debtor appealed that dismissal. The court thereafter ordered a

4

bankruptcy (the 118 Case) and appointed a receiver, in what appears to be analogous to the conversion of a chapter 11 reorganization case to a chapter 7 liquidation under the Bankruptcy Code (other than the 118 Case being a new and different case than the 100090 Case, as indicated by the new case number and the reference to the 100090 Case being the "Rehabilitation" – which was dismissed).  And just as a chapter 11 trustee or debtor-in-possession is displaced by a chapter 7 trustee upon conversion, the Foreign Representative is by his own admission without authority to take further actions on behalf of the Debtor.

13. The full and final conclusion of the 100090 Case by the Korean Court brings into play Bankruptcy Code section 1517(d), which provides:

> The provisions of this subchapter do not prevent modification or termination of recognition if it is shown that the grounds for granting it were fully or partially lacking *or have ceased to exist*, but in considering such action the court shall give due weight to possible prejudice to parties that have relied upon the order granting recognition.  A case under this chapter may be closed in the manner prescribed under section 350.  [Emphasis added.]

14. Given the Dismissal Order and the considered decision by the Foreign Representative and the Debtor not to appeal the Dismissal Order, the grounds for granting recognition have now ceased to exist and the party that sought entry of the Final Recognition Order (the Foreign Representative) no longer has authority under Korean law to take action on behalf of the Debtor.  This development is of jurisdictional significance.  *See, e.g.*, *Astrazeneca AB v. UFCW (In re Nexium Antitrust Litig.)*, 777 F.3d 9, 31–32 (1st Cir. 2015) (holding that "standing is an 'indispensable part' of any case that must be present at every stage of the case"). It is possible that the receiver appointed by the Korean Court in the 118 Case, or a new foreign

5

representative that may later be appointed by a different court in the 10045 Case, may at some point elect to seek recognition under Chapter 15. This Court can address any such request if, as, and when it may be made. Until that time, however, there is no basis for the continuation of a proceeding (this chapter 15 case) that is ancillary to a foreign proceeding (the 100090 Case) that no longer exists and will never again exist.

15. This Court can and should terminate recognition pursuant to Bankruptcy Code sections 105(a) and 1517(d). Further, without a primary foreign proceeding to which this chapter 15 case may properly serve as an ancillary proceeding, the Court should dismiss this chapter 15 case. Bankruptcy Code section 305(a)(2) authorizes the Court to "dismiss a case under this title … at any time if … a petition under section 1515 for recognition of a foreign proceeding has been granted; and … the purposes of chapter 15 of this title would be best served by such dismissal …." The purposes of chapter 15 are cooperation between U.S. and foreign courts, legal certainty, fair and efficient administration, protection and maximization of value, and reorganization of troubled enterprises. *See* 11 U.S.C. § 1501(a). With the Korean Court having determined that the 100090 Case should be dismissed, and with that determination having become final by virtue of the Foreign Representative's and the Debtor's considered decision not to take an appeal, the purposes of chapter 15 are best served by dismissal.

## Notice

16. Notice of this Motion will be provided to: (a) the Office of the United States Trustee; (b) counsel to the Debtor; and (c) those persons who have previously requested notice pursuant to Bankruptcy Rule 2002.

## No Prior Request

17. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Liquidating Trustees respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems appropriate.

Dated:  October 18, 2016     PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Richard M. Pachulski (CA Bar No. 90073)
Laura Davis Jones (DE Bar No. 2436)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email: rpachulski@pszjlaw.com
          ljones@pszjlaw.com
          pkeane@pszjlaw.com

     -and-

KLEE, TUCHIN, BOGDANOFF & STERN LLP
Michael L. Tuchin (admitted pro hac vice)
Robert J. Pfister (admitted pro hac vice)
Jonathan M. Weiss (admitted pro hac vice)
1999 Avenue of the Stars
Thirty-Ninth Floor
Los Angeles, CA 90067
Telephone:  (310) 407-4000
Facsimile:  (310) 407-9090
Email: mtuchin@ktbslaw.com
          rpfister@ktbslaw.com
          jweiss@ktbslaw.com

Counsel to Circuit City Liquidating Trustee and Radio Shack Liquidating Trustee